1  Craig R. Bockman (State Bar No. 105485)
   crbockman@jonesbell.com
2  Fredrick A. Rafeedie (State Bar No.138422)
   farafeedie@jonesbell.com
3  **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
   601 South Figueroa Street, Suite 3460
4  Los Angeles, California 90017-5759
   Telephone:   (213) 485-1555
5  Facsimile:   (213) 689-1004

6  Attorneys for Defendants Stuart Elster,
   Aaron Elster, 8615 Long Beach Blvd., LLC,
7  7607 St. Bernard, LLC, 1132 West Edgeware, LLC,
   2001 West 60th Street, LLC, Leon Elster, Inc., and
8  Leon Elster, Inc. Defined Benefit Pension Plan

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11  LEON ELSTER, an individual, on behalf      **Case No.**   2:22-cv-5728
    of himself and of all other shareholders of
12  the LEON ELSTER, INC., a California
    Corporation
13
                Plaintiff,                      **NOTICE OF REMOVAL**
14                                             **UNDER 28 U.S.C. § 1441(a)**
    v.
15
    STUART ELSTER, in individual;
16  AARON ELSTER, an individual; LEON
    ELSTER, INC., a California corporation;
17  8615 LONG BEACH BLVD, LLC, a
    California limited liability company; 7607
18  ST. BERNARD, LLC, a California
    limited liability company; 1132 WEST
19  EDGEWARE, LLC, a California limited
    liability company; 2001 WEST 6OTH ST,
20  LLC, a California limited liability
    company; ADMINISTRATOR FOR
21  LEON ELSTER, INC. DEFINED
    BENEFIT PENSION PLAN; and ALL
22  PERSONS UNKNOWN, CLAIMING
    ANY LEGAL OR EQUITABLE RIGHT,
23  TITLE, ESTATE, LIEN, OR INTEREST
    IN THE PROPERTY DESCRIBED IN
24  THE COMPLAINT ADVERSE TO
    LEON ELSTER, INC'S TITLE, OR ANY
25  CLOUD ON LEON ELSTER, INC'S
    TITLE THERETO; and DOES 1-100,
26
                Defendants.
27

28

- 1 -

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants Stuart Elster, Aaron Elster, 8615 Long Beach Blvd., LLC, 7607 St. Bernard, LLC, 1132 West Edgeware, LLC, 2001 West 60th Street, LLC, Leon Elster, Inc., and the Leon Elster, Inc. Defined Benefit Pension Plan hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. 1441(a), and 1446, and state as follows:

1.  This removal involves an action that was filed in the Superior Court of the State of California, County of Los Angeles, entitled *Leon Elster, et al. v. Stuart Elster, et al.*, case number 21STCV25835, on July 14, 2021.  True and correct copies of the Plaintiff's Complaint (Exhibit A), subsequent amended complaints and the process, pleadings, and orders filed in the Superior Court in the action are attached hereto.

2.  On July 18, 2022, Plaintiff caused to be filed a Second Amended Complaint (Exhibit B) in which he first named as a defendant the Leon Elster, Inc. Defined Benefit Pension Plan.

3.  On July 18, 2022, the summons and Second Amended Complaint were served on counsel for Defendants.

4.  Plaintiff's Second Amended Complaint asserts claims relating to and seeking the recovery of personal and real properties in which the Leon Elster, Inc. Defined Benefit Pension Plan (the Pension Plan) holds an interest as assets of the Pension Plan.  Plaintiff's Second Amended Complaint names the Pension Plan as a defendant against whom Plaintiff is asserting claims to ownership in the subject properties based on alleged breaches of duties by the Pension Plan and its fiduciaries.   The Pension Plan is an employee benefit plan under ERISA that was formed by Leon Elster, Inc. Plaintiff's Second Amended Complaint alleges that the assets and properties that are at issue, including those properties and assets in which the Pension Plan owns an interest as assets of the Pension Plan for the benefit of plan participants, properly belong to Plaintiff and/or to Leon Elster, Inc., which is the sponsor of the Pension Plan.  By his

Second Amended Complaint, Plaintiff is seeking to recover title to the properties and assets at issue for himself and for Leon Elster, Inc. to the exclusion of the other owners, including the Pension Plan.  Plaintiff's Second Amended Complaint alleges that any transfers of any ownership in such properties by Leon Elster, Inc. and by Stuart Elster, the administrator of the Pension Plan, including any transfers of any ownership interests that were made to the Pension Plan, were improper and, therefore, void.

5.      By virtue of the filing of the Second Amended Complaint, this action is now a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a) in that it arises under the Employee Retirement Income Security Act (ERISA). Plaintiff's claims alleged in the Second Amended Complaint against the Pension Plan and its fiduciary, Stuart Elster, arise under 29 U.S.C. § 1132(a) in that Plaintiff's claims seek relief on behalf of himself as an ERISA plan beneficiary or participant for: (1) to obtain equitable relief that seeks to enforce the provisions of ERISA pursuant to 29 U.S.C. § 1132(a)(3)(b); and (2) to obtain relief under section 29 U.S.C. § 1109 as provided for under 29 U.S.C. § 1132(a)(2) in that Plaintiff is asserting claims against the Pension Plan and its fiduciary, Stuart Elster, for alleged breaches of their responsibilities, obligations, or duties imposed upon ERISA fiduciaries, seeking to hold the Plan and its fiduciary liable to make good to the Pension Plan alleges losses to the Pension Plan that Plaintiff alleges resulted from such breaches.

## **REMOVAL IS TIMELY**

6.      Plaintiff effected service of the Second Amended Complaint as to defendant the Leon Elster, Inc. Defined Benefit Pension Plan on July 18, 2022.

7.      Defendants' Notice of Removal is filed on this day, which is less than 30 days after the Pension Plan received a copy of the Second Amended Complaint and summons thereon setting forth for the first time claims asserted against the Pension Plan under ERISA.

NOTICE OF REMOVAL

## REMOVAL TO THIS DISTRICT IS PROPER

8.     Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed is within this District.

9.     All defendants have joined in this removal.

## JURISDICTION

10.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the  . . . defendants . . . ."

11.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

12.     This action arises under 29 U.S.C. § 1132(a)(3)(b) and 29 U.S.C. § 1132(a)(2).

## NOTICE TO PLAINTIFF AND STATE COURT

13.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

## COPY OF STATE COURT FILE ATTACHED

14.     Pursuant to 28 U.S.C. § 1446(a), copies of the complaints and the process, pleadings, and orders filed in the Superior Court in the action are attached hereto.

DATED:  August 11, 2022          **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
Craig R. Bockman


By:_____*/S/ Craig R. Bockman*_____
       CRAIG R. BOCKMAN
Attorneys for Defendants Stuart Elster, Aaron Elster, 8615 Long Beach Blvd., LLC, 7607 St. Bernard, LLC, 1132 West Edgeware, LL, 2001 West 60th Street, LLC, Leon Elster, Inc., and Leon Elster, Inc. Defined Benefit Pension Plan

- 4 -

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 09:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
*(AVISO AL DEMANDADO):* LEON ELSTER, INC., a California corporation; 8615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST. LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>LA CA 90012 | 21STCV25835 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Glaubiger, Esq. (176019)        818.725.9711        818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* | 07/14/2021 | Clerk, by *(Secretario)* | M. Barel | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [   ] as an individual defendant.
2. [✗] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):*

   under: [✗] CCP 416.10 (corporation)        [  ] CCP 416.60 (minor)
   [  ] CCP 416.20 (defunct corporation)      [  ] CCP 416.70 (conservatee)
   [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
   [  ] other *(specify):*

4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 08:55 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| |
|---|
| FOR COURT USE ONLY |
| (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
**(AVISO AL DEMANDADO):** LEON ELSTER, INC., a California corporation; 8615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST. LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>LA CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV25835** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Glaubiger, Esq. (176019)          818.725.9711      818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: | Clerk, by | M. Barel | , Deputy |
|---|---|---|---|
| *(Fecha)* 07/14/2021 | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/16/2021 08:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
**(AVISO AL DEMANDADO):** LEON ELSTER, INC., a California corporation; 8615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD. LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST. LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br>(El nombre y dirección de la corte es:) | **CASE NUMBER:** <br>(Número del Caso): <br>**21STCV25835** |
|---|---|

LOS ANGELES SUPERIOR COURT
111 N. Hill Street
111 N. Hill Street
LA CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David Glaubiger, Esq. (176019)          818.725.9711          818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: <br>(Fecha) | 07/14/2021 | Clerk, by <br>(Secretario) | M Barel | , Deputy <br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served


[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use <br>Judicial Council of California <br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |  Legal <br>Solutions <br>® Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 09:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
*(AVISO AL DEMANDADO):* LEON ELSTER, INC., a California corporation; 8615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST, LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
  Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> LOS ANGELES SUPERIOR COURT <br> 111 N. Hill Street <br> 111 N. Hill Street <br> LA CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> 21STCV25835 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
David Glaubiger, Esq. (176019)        818.725.9711      818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

 Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 07/14/2021 | Clerk, by _____ M Barel _____, Deputy <br> *(Secretario)*                          *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL] 

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
⊕ Plus

Code of Civil Procedure §§ 412.20, 465

Electronically FILED by Superior Court of California, County of Los Angeles on 0??????? ?????M Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
*(AVISO AL DEMANDADO):* LEON ELSTER, INC., a California corporation; 5615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST, LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
111 N. Hill Street
111 N. Hill Street
LA CA 90012

**CASE NUMBER:**
*(Número del Caso):*
21STCV25835

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Glaubiger, Esq. (176019)     818.725.9711     818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

**DATE:** 07/14/2021     Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*     Clerk, by _____ M. Barel _____, Deputy
     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under:  ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/19/2021 ... by Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
*(AVISO AL DEMANDADO):* LEON ELSTER, INC., a California corporation; 5615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST, LLC, a California limited liability company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY
CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES SUPERIOR COURT
111 N. Hill Street
111 N. Hill Street
LA CA 90012

**CASE NUMBER:**
*(Número del Caso):*
21STCV25835

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Glaubiger, Esq. (176019)        818.725.9711        818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

Sherri R. Carter Executive Officer / Clerk of Court

**DATE:**
*(Fecha)* 07/14/2021

Clerk, by ___ M Barel ___, Deputy
(Secretario)                    (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 09:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

21STCV25835

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
*(AVISO AL DEMANDADO):* LEON ELSTER, INC., a California corporation; 8615 LONG BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001 WEST 60TH ST, LLC, a California limited liability company; and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster, , an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>LA CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV25835 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Glaubiger, Esq. (176019)          818.725.9711     818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

| DATE:<br>*(Fecha)* 07/14/2021 | Sherri R. Carter Executive Officer / Clerk of Court |
| | Clerk, by _____ M. Barel _____ , Deputy |
| | *(Secretario)*                        *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1


[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

EXHIBIT A



21STCV25835

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 09:32 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Cler

1  David Glaubiger, Esq. SBN 176019
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire Street, Suite 112
   Chatsworth, CA 91311
3  Tel: (818) 725-9711
   Fax: (818) 725-9712
4
   Attorneys for plaintiff Leon Elster
5

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  LEON ELSTER, an individual, on behalf of          ) LASC Case No. 21STCV25835
    himself and of all other shareholders of the      )
11  LEON ELSTER, INC., a California                    ) [Unlimited Jurisdiction Matter]
    Corporation,                                       )
12                                                     ) VERIFIED COMPLAINT FOR INJUNCTIVE
                                                       ) RELIEF AND DAMAGES:
13           Plaintiff,                                 )
                                                       ) 1. BREACH OF FIDUCIARY DUTY;
14  vs.                                                ) 2. BREACH OF FIDUCIARY DUTY;
                                                       ) 3. APPOINTMENT OF RECEIVER;
15                                                     ) 4. ACCOUNTING;
    STUART ELSTER, an individual; AARON               ) 5. UNJUST ENRICHMENT;
16  ELSTER, an individual; LEON ELSTER,               ) 6. CANCELLATION OF INSTRUMENT;
    INC., a California corporation; 8615 LONG         ) 7. INSPECTION OF BOOKS AND
17  BEACH BLVD, LLC, a California limited             ) RECORDS;
    liability company; 7607 ST. BERNARD, LLC,        ) 8. WASTE OF CORPORATE ASSETS;
18  a California limited liability company; 1132      ) 9. QUIET TITLE;
    WEST EDGEWARE, LLC, a California                  ) 10. CONVERSION
19  limited liability company; 2001 WEST 60TH         ) 11. VIOLATION OF PENAL CODE §496
    ST, LLC, a California limited liability           ) 12. CLAIM AND DELIVERY
20  company; and ALL PERSONS UNKNOWN,                 )
    CLAIMING ANY LEGAL OR EQUITABLE                   )
21  RIGHT, TITLE, ESTATE, LIEN, OR                    )
    INTEREST IN THE PROPERTY                          )
22  DESCRIBED IN THE COMPLAINT                        )
    ADVERSE TO LEON ELSTER, INC'S                     )
23  TITLE, OR ANY CLOUD ON LEON                       )
    ELSTER, INC'S TITLE THERETO; and                  )
24  DOES 1-100.                                        )
             Defendants.                               )
25                                                     )
                                                       )
26                                                     )

27

28

-1-

Verified Complaint

EXHIBIT A

1    Plaintiff LEON ELSTER on behalf of himself and of all other shareholders of the LEON

2  ELSTER, INC., complains and alleges as follows:

3                                    **PARTIES**

4        1.      Plaintiff Leon Elster ("plaintiff") is a resident of the County of Los Angeles,

5  California. Plaintiff is informed and believes that he holds 1.35% of the outstanding shares of

6  Leon Elster, Inc. and is a minority shareholder.

7        2.      Defendant Leon Elster, Inc. (the Corporation), sued herein as a nominal

8  defendant, is a corporation duly organized and existing under the laws of the State of California,

9  and is engaged in the business of real estate and property management with its principal

10  executive office located in the County of Los Angeles, California. Plaintiff is informed and

11  believes the Corporation has issued 300,000 outstanding shares of common stock that is

12  distributed among its shareholders.

13        3.      Defendant Stuart Elster (Stuart) is a resident of Los Angeles County, California.

14  According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13,

15  2020, Stuart is Chief Executive Officer and Director of Leon Elster, Inc. On information and

16  belief, plaintiff alleges Stuart, as an individual, holds 11.49% of outstanding shares of Leon

17  Elster, Inc.

18        4.      Defendant Aaron Elster (Aaron) is a resident of Los Angeles County, California.

19  According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13,

20  2020, Aaron is Secretary, Chief Financial Officer, Agent for Service of Process and Director of

21  Leon Elster, Inc. Aaron is also successor trustee of the Leon Elster Family Trust (the "Trust").

22  On information and belief, plaintiff alleges the Trust holds 52% of the outstanding shares of

23  Leon Elster, Inc. In addition, on information and belief, plaintiff alleges Aaron holds 2.03% of

24  outstanding shares of Leon Elster, Inc. Thus, Aaron is the majority and controlling shareholder.

25        5.      According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed

26  December 22, 2020, there has been no change to Statement of Domestic Stock Corporation of

27  Leon Elster, Inc. filed March 13, 2020.

28

---

-2-

Verified Complaint

EXHIBIT A

6.     Plaintiff is informed and believes Leon Elster, Inc. has three directors: (1) Stuart, (2) Aaron and (3) Fern Elyse Tobin.

7.     Plaintiff is informed and believes and thereon alleges that Defendants Stuart, Aaron and Leon Elster, Inc. are, and at all times herein mentioned were, the alter egos of each other and that there exists, and at all times here mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and Aaron used assets of Leon Elster, Inc. for their personal uses and caused assets of Leon Elster, Inc. to be transferred between each other without adequate consideration, and withdrew funds from the bank accounts of Leon Elster, Inc. for the indiscriminate use by Stuart and/or Aaron for their personal use. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate existence of Defendants Stuart, Aaron and Leon Elster, Inc. should be disregarded as such adherence would permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8.     Defendant 8615 Long Beach Blvd, LLC ("LBB") is a limited liability company existing under the laws of the State of California with its principal place of business in Los Angeles County. According to state records, Stuart organized and created LBB in July 2020 and is the managing member. Plaintiff has never received an interest of any kind in LBB.

9.     Plaintiff is informed and believes and on said information and belief alleges that Defendants Stuart and LBB are, and at all times herein mentioned were, the alter egos of each other and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and LBB caused assets to be transferred between each other and to themselves without adequate consideration.  Plaintiff is further informed and believes and on said information and belief alleges that there exists, and at all times herein mentioned existed, a unity of interest and ownership between these defendants such that any individuality and separateness between said Defendants has ceased, and Stuart and LBB are the alter egos of each other. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate

-3-

Verified Complaint

EXHIBIT A

1    existence of Stuart and LBB should be disregarded as such adherence would permit an abuse of

2    the corporate privileges and would sanction fraud and promote injustice.

3         10.    Defendant 7607 St. Bernard, LLC ("SBLLC") is a limited liability company

4    existing under the laws of the State of California with its principal place of business in Los

5    Angeles County. According to state records, Stuart organized and created SBLLC in September

6    2017 and is the managing member. Plaintiff has never received an interest of any kind in

7    SBLLC.

8         11.    Plaintiff is informed and believes and on said information and belief alleges that

9    Defendants Stuart and SBLLC are, and at all times herein mentioned were, the alter egos of each

10   other and there exists, and at all times herein mentioned has existed, a unity of interest and

11   ownership between these Defendants such that any separateness has ceased to exist in that

12   Defendants Stuart and SBLLC caused assets to be transferred between each other and to

13   themselves without adequate consideration.  Plaintiff is further informed and believes and on

14   said information and belief alleges that there exists, and at all times herein mentioned existed, a

15   unity of interest and ownership between these defendants such that any individuality and

16   separateness between said Defendants has ceased, and Stuart and SBLLC are the alter egos of

17   each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

18   the separate existence of Stuart and SBLLC should be disregarded as such adherence would

19   permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

20        12.    Defendant 1132 West Edgeware, LLC ("WELLC") is a limited liability company

21   existing under the laws of the State of California with its principal place of business in Los

22   Angeles County. According to state records, Stuart organized and created WELLC in July 2020

23   and is the managing member. Plaintiff has never received an interest of any kind in WELLC.

24        13.    Plaintiff is informed and believes and on said information and belief alleges that

25   Defendants Stuart and WELLC are, and at all times herein mentioned were, the alter egos of

26   each other and there exists, and at all times herein mentioned has existed, a unity of interest and

27   ownership between these Defendants such that any separateness has ceased to exist in that

28   Defendants Stuart and WELLC caused assets to be transferred between each other and to

-4-

Verified Complaint

EXHIBIT A

1   themselves without adequate consideration. Plaintiff is further informed and believes and on

2   said information and belief alleges that there exists, and at all times herein mentioned existed, a

3   unity of interest and ownership between these defendants such that any individuality and

4   separateness between said Defendants has ceased, and Stuart and WELLC are the alter egos of

5   each other. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

6   the separate existence of Stuart and WELLC should be disregarded as such adherence would

7   permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8          14.     Defendant 2001 West 60th St, LLC ("2001 West") is a limited liability company

9   existing under the laws of the State of California with its principal place of business in Los

10  Angeles County. According to state records, Stuart organized and created 2001 West in July

11  2020 and is the managing member. Plaintiff has never received an interest of any kind in 2001

12  West.

13         15.     Plaintiff is informed and believes and on said information and belief alleges that

14  Defendants Stuart and 2001 West are, and at all times herein mentioned were, the alter egos of

15  each other and there exists, and at all times herein mentioned has existed, a unity of interest and

16  ownership between these Defendants such that any separateness has ceased to exist in that

17  Defendants Stuart and 2001 West caused assets to be transferred between each other and to

18  themselves without adequate consideration. Plaintiff is further informed and believes and on

19  said information and belief alleges that there exists, and at all times herein mentioned existed, a

20  unity of interest and ownership between these defendants such that any individuality and

21  separateness between said Defendants has ceased, and Stuart and 2001 West are the alter egos of

22  each other. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

23  the separate existence of Stuart and 2001 West should be disregarded as such adherence would

24  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

25         16.     Defendants DOES 1 through 100, inclusive, are sued herein under fictitious

26  names. Their true names and capacities, whether individual, corporate, associate or otherwise,

27  are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will

28  amend this complaint by inserting their true names and capacities herein. Plaintiff is informed

-5-

Verified Complaint

EXHIBIT A

and believes, and thereon alleges, that each Defendant designated as "DOE" is legally
responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as
herein alleged were proximately caused by those Defendants. Each reference in this complaint to
a specifically named Defendant refers also to all Defendants sued under fictitious names.

17.     Plaintiff is informed and believes and thereon alleges that at all times herein
mentioned, all Defendants were the agents, employees, representatives, and/or servants of each
of the other Defendants, and in doing the things hereafter alleged, were acting within the scope
and course of their authority as such agents, employees, servants, and/or representatives, and
with the permission and consent of each of the other Defendants.

18.     Plaintiff is informed and believes and thereon alleges defendants aided and
abetted each other in the commission of the torts alleged herein in that: (a) each knew the others'
conduct constituted a breach of duty and gave substantial assistance or encouragement to the
other to so act and/or (b) each gave substantial assistance to the other in accomplishing a tortious
result and that his or her own conduct, separately considered, constituted a breach of duty to
Plaintiff and Leon Elster, Inc. Further, Plaintiff is informed and believes that defendants did the
things herein alleged pursuant to and in furtherance of a conspiracy to perpetrate a fraud against
Plaintiff and Leon Elster, Inc., as alleged herein. In furtherance thereof, defendants, and each,
cooperated with one another and/or lent aid and encouragement to one another, and/or ratified
and adopted the acts of the other persons and/or entities involved in the conspiracy. Defendants,
and each, understood that both their purpose and their methods of achieving this purpose were
unlawful and would result in injury to Plaintiff and Leon Elster, Inc., and agreed and understood
that each would act in concert with the others to achieve this purpose. Plaintiff is informed and
believes that defendants, and each of them, received, accepted, enjoyed and have been unjustly
enriched by receiving the benefits provided by plaintiff and Leon Elster, Inc. without paying
reasonable value therefore.

19.     Jurisdiction is premised on the fact that the harms and obligations sued upon
herein were incurred and occurred in the County of Los Angeles.

-6-

Verified Complaint

EXHIBIT A

20.     Plaintiff, as a shareholder in Leon Elster, Inc., is compelled to bring this action for the benefit of Leon Elster, Inc. in order to protect the rights of shareholders in the corporation. Plaintiff did not make a demand on Leon Elster, Inc.'s board of directors pursuant to California Corporations Code Section 800 because such demand would have been futile.

21.     If plaintiff is successful in the action, the recovery will be of substantial benefit to all shareholders of Leon Elster, Inc., and such action is necessary and proper to protect the interests of Leon Elster, Inc. and its shareholders.

## FACTUAL ALLEGATIONS

22.     Plaintiff is informed and believes that Stuart and Aaron caused Leon Elster, Inc. to convey Leon Elster, Inc.'s interest in the following properties without adequate consideration:

|    | Property Address | Date of Transfer | Buyer |
|----|------------------|------------------|-------|
| 1. | 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

23.     Plaintiff is informed and believes that following the above-identified conveyances, defendants Stuart and Aaron caused notification to be provided to each of the tenants leasing portions of the above-identified properties to stop making their lease payments to Leon Elster, Inc and to begin making their lease payments to the respective new 'buyer entity'.

---

[1] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit A - Grant Deed).
[2] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit B - Grant Deed).
[3] According to the Grant Deed dated October 21, 2017, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit C - Grant Deed).
[4] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit D - Grant Deed).

Verified Complaint

EXHIBIT A

1   Plaintiff is further informed and believes that all such entities were mere conduits for Stuart and

2   Aaron to funnel monies otherwise belonging to Leon Elster, Inc.

3         24.     As evidenced by the grant deeds by which Stuart and Aaron caused Leon Elster,

4   Inc. to convey its interest in the above-identified properties, Leon Elster, Inc. did not receive any

5   consideration in exchange for such properties.

6         25.     Plaintiff is informed and believes that, unbeknownst to plaintiff, in or about early

7   February 2021, defendants Stuart Elster and Aaron Elster gained access to plaintiff's offices

8   located at 9201 Wilshire Blvd., Suite 109, Beverly Hills, CA 90210. At that time, plaintiff is

9   further informed and believes that these defendants removed from these offices personal records

10   and property belonging to plaintiff. Such personal property is, among other things,

11            1.     Bakhu Holdings Corp. original share certificates representing 600,000

12               shares of Bakhu Stock. These shares are valued in excess of $1,500,000.

13               (Copies of the certificates are attached hereto as **Exhibit E**).

14            2.     Original Promissory Note and Deed of Trust issued to plaintiff by

15               borrower Mr. Eissa, Harcourt property.

16            3.     PRHL original share certificates representing 7,000,000 shares. These

17               shares are valued in excess of $30,000.

18   <div align="center">FIRST CAUSE OF ACTION</div>

19   <div align="center">(Breach of Fiduciary Duty - As against Stuart and Aaron and Does 1 through 10)</div>

20         26.     Plaintiff hereby incorporates the preceding paragraphs as though set forth in full

21   herein.

22         27.     Stuart and Aaron owed a fiduciary duty to Leon Elster, Inc. and its shareholders

23   based upon their positions as directors and officers. Additionally, Aaron, as majority shareholder,

24   owed a fiduciary obligation to minority shareholders, e.g. plaintiff.

25         28.     In doing the things herein alleged, Stuart and Aaron breached their respective

26   duties.

27         29.     Leon Elster, Inc. has been damaged in an amount to be determined at the time of

28   trial, but in excess of the jurisdictional limit.

<div align="center">-8-</div>

<div align="center">Verified Complaint</div>

<div align="center">EXHIBIT A</div>

30.    At the time Stuart and Aaron engaged in the offending conduct, as referenced herein, Stuart and Aaron were aware that such conduct constituted a disregard of the rights of Leon Elster, Inc. and the rights of its shareholders. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Plaintiff is informed and believes that Stuart and Aaron failed to make full disclosures to Leon Elster, Inc. and directly deprived Leon Elster, Inc. of revenues and/or forced Leon Elster, Inc. to incur unnecessary expenses to the benefit of Stuart and Aaron or companies owned or controlled by Stuart and Aaron, e.g. WELLC, SBLLC, etc., and to the detriment of Leon Elster, Inc and its shareholders. Stuart and Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Stuart and Aaron from undertaking such conduct in the future.

<div align="center">

SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty -- As against Aaron

and Does 11 through 20)

</div>

31.    Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

32.    Aaron, as majority shareholder, owed a fiduciary duty to plaintiff as minority shareholder.

33.    In doing the things herein alleged, Aaron breached this duty and acted to the detriment of plaintiff as minority shareholder.

34.    Plaintiff has been damaged in that Aaron caused Leon Elster, Inc. to be severely mismanaged to the point where Leon Elster, Inc.'s assets have been wasted and, as a result, plaintiff's shares have lost value.

35.    Plaintiff is informed and believes that Leon Elster, Inc.'s properties (as identified herein) had values in excess of $5,000,000.00. Plaintiff is further informed that Aaron has and is causing the improper diversion of rents otherwise due to Leon Elster, Inc. to himself, a relative of himself, or to a company owned or controlled by Aaron or a relative.

36.    In doing the things herein alleged, Aaron damaged plaintiff in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

<div align="center">

-9-

Verified Complaint

EXHIBIT A

</div>

37.     At the time Aaron engaged in the offending conduct, as referenced herein, Aaron was aware that such conduct constituted a disregard of plaintiff's rights as minority shareholder. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Aaron from undertaking such conduct in the future.

<div align="center">

**THIRD CAUSE OF ACTION**

(Appointment of Receiver-- As against Stuart, Leon Elster, Inc., Aaron

and Does 21 through 30)

</div>

38.     Plaintiff hereby incorporates paragraphs 1 through 37 as though set forth in full herein.

39.     Unless a Receiver is appointed to take over, preserve and manage the business and affairs of Leon Elster, Inc. and to preserve its property during the pendency of this action, Plaintiff will not receive the full benefit of his interest which Plaintiff believes is currently being wasted by the Defendants.

40.     Therefore, it is imperative this Court appoint a receiver to take over, preserve and manage the business and affairs of Leon Elster, Inc. pending resolution of this action. By reason of the said facts, Plaintiff prays that this Court appoint a receiver in accordance with Code of Civil Procedure Section 564 to take control of and manage Leon Elster, Inc.

41.     For the foregoing reasons, and in the aid of the receiver, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining Defendants, and DOES 1 through 200 inclusive, and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

(a) Interfering, hindering or molesting, in any manner whatsoever, the receiver in the performance of the receiver's duties;

(b) Demanding, collecting, receiving, or in any other way diverting and using any of the profits, income, issues, inventory, opportunity, payments and/or fixtures, emanating from Leon Elster, Inc. or any portion thereof;

<div align="center">

-10-

</div>

1        (c) Transferring, concealing, destroying, defacing or altering any of the

2    instruments, fixtures, equipment, inventory, documents, ledger cards, books,

3    records, printouts or other writings relating to LEI, or any portion thereof.

4                            <u>FOURTH CAUSE OF ACTION</u>

5          (Accounting -- As against Stuart, Aaron, Leon Elster, Inc.

6                 and Does 31 through 40)

7        42.    Plaintiff hereby incorporates paragraphs 1 through 39 as though set forth in full

8    herein.

9        43.    Defendants are in possession of Leon Elster, Inc.'s corporate books, records,

10   assets and accounts. The amount of Leon Elster, Inc.'s assets and liabilities are unknown to

11   Plaintiff and cannot be ascertained without an accounting.

12       44.    Plaintiff cannot determine his rights and obligations until such time as an

13   accounting has been performed.  This court can and should order such accounting.

14                           <u>FIFTH CAUSE OF ACTION</u>

15       (Unjust Enrichment -- As against Stuart, Aaron, Leon Elster, Inc.

16                and Does 41 through 50)

17       45.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

18       46.    Plaintiff is informed and believes defendants benefited from the conveyance of

19   the above-mentioned properties pursuant to their unlawful and improper activities. Plaintiff is

20   informed and believes defendants continue to benefit from monies received for the rental of these

21   properties, or portions thereof.

22       47.    By furnishing these properties and rents, plaintiff was not acting as a gift giver

23   and defendants unlawfully accepted the benefits of that which plaintiff furnished.

24       48.    Plaintiff is informed and believes and thereon alleges that defendants have been

25   unjustly enriched. Therefore, it would be inequitable for defendants to be allowed to retain these

26   properties and monies without being ordered to return these monies to plaintiff, together with

27   interest thereon at the legal rate.

28

<div align="center">-11-</div>

<div align="center">Verified Complaint</div>

<div align="center">EXHIBIT A</div>

<div align="center">

SIXTH CAUSE OF ACTION

(Cancellation of Instrument -

Against Defendants and DOES 51 - 60)

</div>

49.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

50.     Plaintiff is informed and believes that each of the aforementioned properties was improperly and without consideration removed from the inventory of Leon Elster, Inc. and must be returned.

51.     The claims of defendants to these properties are without any right or merit. The claims are based upon false, fraudulent or otherwise defective instruments and recordings.

52.     The estate or interest claimed in the properties by defendants (or by anyone else claiming an interest under these defective instruments) is void. These defective instruments are a cloud on Leon Elster, Inc.'s title to these properties in that it they restrict Leon Elster, Inc.'s use, benefit and enjoyment of these properties, and hinder Leon Elster, Inc.'s right to unrestricted alienation of these properties.  If the defective instruments are not delivered and canceled, serious injury will result to Leon Elster, Inc.

<div align="center">

SEVENTH CAUSE OF ACTION

(Inspection of Books and Records - Cal. Corp. Code §1601 -

Against Defendants and DOES 61 - 70)

</div>

53.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

54.     As a shareholder of the corporation, Plaintiff is entitled to inspect corporate books and records pursuant to Cal. Corps. Code §1601, including, without limitation, those related to: the transactions which led to the conveyance of the aforementioned properties from Leon Elster, Inc. to the various entities, etc.

55.     Defendants have refused to allow Plaintiff or others to inspect and copy corporate records reasonably related to his interests as a shareholder. Accordingly, Plaintiff requests that defendants be ordered to allow Plaintiff to inspect and copy the corporate books and records.

<div align="center">

-12-

Verified Complaint

EXHIBIT A

</div>

<u>EIGHTH CAUSE OF ACTION</u>

(Waste of Corporate Assets - Against Stuart and Aaron and DOES 71 - 80)

56.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

57.     In their capacities as directors of Leon Elster, Inc., Stuart and Aaron have breached their duties to reasonably manage corporate assets and to avoid their waste and have wasted corporate assets by their actions as alleged above. Such conduct constituted fraudulent or dishonest acts or gross abuse of authority or discretion and waste of corporate assets, justifying removal of Stuart and Aaron as directors and justifying their being barred from reelection as directors for at least 10 years.

<u>NINTH CAUSE OF ACTION</u>

(Quiet Title - As Against All Defendants and DOES 81 - 90)

58.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

59.     Plaintiff asserts that Leon Elster, Inc. is the true owners of the real properties referenced above, not defendants.

60.     Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world alleging an interest adverse to that of Leon Elster, Inc. in addition to defendants. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in the aforementioned real properties.

61.     Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action.

<u>TENTH CAUSE OF ACTION</u>

(Conversion - As Against All Defendants and DOES 91 - 100)

62.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

63.     Plaintiff is informed and believes and thereon alleges that Defendants possess property which was fraudulently obtained and/or was converted as described herein.

64.     Defendants have intentionally interfered with and converted property which was rightfully owned by Plaintiff by converting it to their personal use.

-13-

EXHIBIT A

65.     Defendants' intentional interference and conversion has deprived Plaintiff of possession and use of the property.

66.     As a direct and proximate result of Defendants' wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be proven at the time of trial.

ELEVENTH CAUSE OF ACTION

(Violation of Penal Code §496 - As Against All Defendants and DOES 101 - 110)

67.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

68.     Penal Code Section 496(a) provides, in pertinent part, that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year. .. "

69.     By doing the things herein alleged, Defendants, and each of them, have violated California Penal Code Section 496(a). Per Penal Code §496(b)(c) plaintiff seeks a damage award of three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees.

TWELFTH CAUSE OF ACTION

(Claim and Delivery - As Against All Defendants and DOES 111 - 120)

70.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

71.     At all times herein mentioned, Plaintiff was, and still is, entitled to the possession of the property described above.

72.     In or around February 2021, Defendants, and each of them, wrongfully and without Plaintiffs consent, absconded with plaintiff's property.  Since that time, Defendants have been, and now are, in wrongful possession of plaintiff's property in violation of plaintiff's right to possession.

-14-

Verified Complaint

EXHIBIT A

73.     During, and as a proximate result of, Defendants' wrongful possession and retention of plaintiff's property, plaintiff has suffered damages according to proof.

74.     In taking, wrongfully possessing, and retaining plaintiff's property, Plaintiff is informed and believes that the conduct of Defendants, and each of them, was willful and was intended to cause injury to Plaintiff in that the activities of the Defendants were fraudulent and committed with malice. Plaintiff is therefore entitled to an award of punitive damages pursuant to California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.     For judgment quieting Leon Elster, Inc.'s fee simple title to the above-identified properties and that no other persons or entities have any right, title, or interest in any of those properties, or any improvements thereon.

2.     For damages for breach of fiduciary duty, subject to proof, but in an amount in excess of $5,000,000.00.

3.     Exemplary damages.

4.     For prejudgment interest, subject to proof.

5.     For the appointment of a receiver to take possession and charge of Leon Elster, Inc., and to conserve and manage Leon Elster, Inc. pending final adjudication of this action. Pursuant thereto, Plaintiff requests Defendants, and each of them, and anyone holding under said Defendants, be ordered to deliver possession of all business and banking records of Leon Elster, Inc. to the receiver forthwith. Plaintiff further requests this court authorize the receiver to do the following:

(a) Exclude said Defendants, and each of them, or anyone claiming under or through said Defendants, from the premises of these entities, or any portion thereof;

(b) Use, operate, manage, and control Leon Elster, Inc.;

(c) Care for, preserve, maintain and keep Leon Elster, Inc. profitable (asset recovery);

-15-

Verified Complaint

EXHIBIT A

(d) Incur all expenses necessary for the care, preservation and maintenance of Leon Elster, Inc.;

(e) Demand, collect and receive the accounts of Leon Elster, Inc.;

(f) Bring and prosecute all proper actions for the collection of accounts due to Leon Elster, Inc., and to bring and prosecute all proper actions for the protection of Leon Elster, Inc.;

(g) Employ agents or employees to operate and manage Leon Elster, Inc., if the Receiver shall deem the same necessary, and to pay the reasonable value of said services out of the receipts;

(h) Open up bank accounts as deemed necessary by the receiver in connection with the above--referenced duties;

(i) All other powers and duties referred to in this complaint, together with all other powers reasonably necessary to carry out the Receiver's duties and responsibilities;

(j) To borrow such funds from a lender or any other suitable bank or other financial institution or lender as may be necessary to satisfy the costs and expenses of the receivership, to the extent that the profits derived from Leon Elster, Inc. are insufficient to satisfy such costs and expenses, issue a Receiver's Certificate of Indebtedness evidencing the obligation of the receivership estate (and not the receiver individually) to repay such sums. The principal sum of each such certificate, together with reasonable interest thereon, shall be payable out of the next available funds that constitute profits.

6.      For costs and expenses incurred by the Receiver in the performance of the Receiver's duties, including, without limitation, Receiver's fees and charges, and reasonable attorneys' fees;

7.      For a temporary restraining order and for preliminary and permanent injunctions restraining and enjoining Defendants, and their servants, agents and employees, and others acting

-16-

Verified Complaint

EXHIBIT A

1 | in concert with them, and each of them, from engaging in, or performing, directly or indirectly,

2 | any or all of the following acts:

3 | (a) Interfering, hindering, or molesting in any manner whatsoever the Receiver in

4 | the performance of the Receiver's duties;

5 | (b) Demanding, collecting, receiving, or in any other way diverting or using any

6 | of the profits, income, issues, and/or payments emanating from or received by

7 | Leon Elster, Inc.;

8 | (c) Transferring, concealing, destroying or defacing all or altering any of the

9 | instruments, documents, ledger parts, books, records, printouts, or any other

10 | writings relating to Leon Elster, Inc.

11 |      8.    For an order requiring Defendants to provide Plaintiff with a full and complete

12 | accounting of all financial holdings, assets and liabilities of Leon Elster, Inc., and determining

13 | amounts due to shareholders, and that such amounts be paid together with interest thereon.

14 |      9.    For costs of suit incurred herein;

15 |     10.    For possession and return of the plaintiff's property identified herein; and,

16 |     11.    For such other and further relief as the court may deem just.

18 | Dated: July __13__, 2021          LAW OFFICES OF DAVID GLAUBIGER

20 | By _____

21 | David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

-17-

Verified Complaint

EXHIBIT A

<u>VERIFICATION</u>

I am plaintiff in this action. I have read the foregoing Complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe those matters to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   July 12, 2021

Leon Elster

-18-

Complaint re Derivative Action

EXHIBIT A

**EXHIBIT "A"**

RECORDING REQUESTED BY:

PROVIDENT TITLE
AND WHEN RECORDED MAIL TO:

2001 West 60th St LLC
c/o 11824 South Park Ave.
Los Angeles, CA 90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

### DOCUMENTARY TRANSFER TAX is $ -0-
### CITY DOCUMENTARY TRANSFER TAX: -0-

[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **2001 WEST 60th ST, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

An undivided 20% interest in and to Parcel "B" in the City of Los Angeles, as shown on Parcel Map L.A. No. 2131, filed in Book 31, Page 11 of Parcel Maps, in the office of the County Recorder of said County.

Also Known as: 2001 West 60th Street, Los Angeles, CA
AP#: 6001-013-010

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

*This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.*

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6001-013-010

**Signature Page**

DATED: February 5, 2021

LEON ELSTER, INC., a California corporation

by: _~~Stuart Elster~~_

Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF        Los Angeles
On        February 5, 2021
before me,        Eric Shewfelt
A Notary Public personally appeared
         Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~~Eric Shewfelt~~_

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT A

EXHIBIT "B"

EXHIBIT A

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

8615 Long Beach Blvd LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ 0
CITY DOCUMENTARY TRANSFER TAX: 0
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **8615 Long Beach Blvd LLC, a California limited liability company**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:

An undivided 7/8th interest in and to: Lot 155 and the East 40 feet of Lot 156 of Tract No. 3233, in the City of South Gate, County of Los Angeles, State of California, as per map recorded in Book 36, Page 70 of Maps,  in the office of the County Recorder of said County.

Also Known as: 8615 Long Beach Blvd., South Gate, CA  90280
AP#: 6204-018-002

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an
ACCOMMODATION ONLY. It has not
been examined as to its effect
upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6204-018-002

**Signature Page**

**DATED: February 5, 2021**

LEON ELSTER, INC., a California corporation

by: *[signature]*

Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF   Los Angeles
On   February 5, 2021
before me,   Eric Shewfelt
A Notary Public personally appeared
Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *[signature]*

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT A

**RECORDING REQUESTED BY:**
North American Title Company

**AND WHEN RECORDED MAIL TO:**

Leon Elster, Inc.
9201 Wilshire Blvd., Suite 109
Beverly Hills, CA 90210


06/16/2017
*20170668962*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 1495878 | Escrow No.: 133626-007 |
|---|---|

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

(72)

### DOCUMENTARY TRANSFER TAX is $2,365.00

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of South Gate AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Business Properties, LLC, an Oregon limited liability company**

hereby GRANT(s) to:

**Leon Elster, Inc., a California Corporation, as to an undivided 7/8th interest and Stuart A. Elster and Rachel Cherubin Elster, Trustees, Stuart A. Elster and Rachel Cherubin Elster Revocable 2006 Trust, as to an undivided 1/8th interest**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:
Lot 155 and the East 40 Feet of Lot 156 of Tract 3233, in the City of South Gate, County of Los Angeles, State of California, as per Map recorded in Book 36, Page(s) 70, of Maps, in the Office of the County Recorder of said County.

Also Known as:  8615 Long Beach Blvd., South Gate, CA  90280
AP#: 6204-018-002

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

38

EXHIBIT A

Title Order No.: 1495878
Escrow No.: 133620-007
A.P. # 6204-018-002

*3*

**Signature Page**

**DATED: June 7, 2017**

Business Properties, LLC, an Oregon limited liability
company

By: _____
Piam Amouna, Manager

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On June 7, 2017
before me, Anita Barrry,
A Notary Public personally appeared Piam Amouna,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ANITA BARRY
Notary Public - California
Los Angeles County
Commission # 2152575
My Comm. Expires May 10, 2020

(Seal)

EXHIBIT "C"

EXHIBIT A

RECORDING REQUESTED BY:
PROVIDENT TITLE COMPANY

AND WHEN RECORDED MAIL TO:

7607 SAINT BERNARD LLC
11824 S. PARK AVENUE
LOS ANGELES, CA 90066

Order No.: 12374131
Escrow No.: PV12771-MW
A.P.N.: 4118-010-015

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) DOCUMENTARY TRANSFER TAX IS $ 0.00*
[ ]      computed on full value of property conveyed, or
[ ]      computed on full value less value of liens or encumbrances remaining at time of sale.
[ ]      unincorporated area[ X ] City of LOS ANGELES

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND STUART A. ELSTER AND RACHEL
CHERUBIN ELSTER, TRUSTEES OF THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST , AS TO AN
UNDIVIDED 50% INTEREST

hereby GRANT(S) to 7607 ST. BERNARD LLC, A California Limited Liability Company

the following described real property in the County of Los Angeles, State of California:

Legal Description as per Exhibit "A" attached hereto and made a part hereof.

~~[This conveyance changes the manner in which title is held; grantor(s) and grantee(s) remain the same and continue to hold the same proportionate interest, R & T 11911"]~~

The property more commonly known as: 7607 SAINT BERNARD STREET, PLAYA DEL REY, CA 90293

Dated:  October 18, 2017

LEON ELSTER, INC.                                                        "The grantors and the grantees in this conveyance
                                                                        are comprised of the same parties who continue to hold the same
By: _____                                             proportionate interest in the property, R & T 11923(d)"
STUART ELSTER, VICE PRESIDENT

THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST

_____ trustee                          _____
STUART A. ELSTER, TRUSTEE                                 RACHEL CHERUBIN ELSTER, TRUSTEE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                                   )
COUNTY OF _LOS ANGELES_                               )

On ____10-21-17____ before me,
___ROLAND BERICA___, a notary public,
personally appeared STUART ELSTER aka STUART A. ELSTER AND
RACHEL CHERUBIN ELSTER who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROLAND AFRICA
COMM. # 2142272
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES MAR. 7, 2020

(Seal)
(This area for official notary seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT A

**EXHIBIT "A"**

LOT 15, TRACT NO. 24036, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 661 PAGE(S) 96 AND 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM SAID LAND, ALL OIL, GAS OTHER HYDROCARBONS AND OTHER MINERALS IN AND UNDER SAID REAL PROPERTY, TOGETHER WITH THE RIGHT, AS HEREINAFTER LIMITED TO DRILL, REDRILL, DEEPEN, COMPLETE, AND MAINTAIN WELL HOLES, UNDER, THROUGH, AND BEYOND, AND TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND REMOVE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND WATER NECESSARY THEREFOR AND OTHER MINERALS FROM AND THROUGH SAID REAL PROPERTY, TOGETHER WITH RIGHTS OF WAY AND EASEMENTS FOR ANY AND ALL OF THE ABOVE MENTIONED PURPOSES, BUT WITH NO RIGHT OF ENTRY UPON OR THROUGH SAID REAL PROPERTY, EXCEPT BENEATH A DEPTH OF 200 FEET BELOW THE PRESENT SURFACE OF SAID REAL PROPERTY, AS RESERVED IN THE DEED FROM FRITZ B. BURNS, A MARRIED MAN, WHO ACQUIRED TITLE AS HIS SEPARATE PROPERTY, RECORDED ON DECEMBER 31, 1958, IN BOOK D-320, PAGE 32, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NUMBER: 4118-010-015

EXHIBIT "D"

EXHIBIT A

RECORDING REQUESTED BY:

*PROVIDENT TITLE*
AND WHEN RECORDED MAIL TO:

1132 West Edgeware LLC
c/o 11824 South Park Ave.
Los Angeles, CA 90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ _0_
CITY TRANSFER TAX: _0_.
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area  [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **1132 WEST EDGEWARE, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR THE LEGAL DESCRIPTION OF THE REAL PROPERTY CONVEYED BY THIS INSTRUMENT.

Also Known as: 1132 West Edgeware Street, Los Angeles, CA
AP#: 5405-007-030

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. #5405-007-030

DATED:  February 5, 2021                    Signature Page

Leon Elster, Inc., a California corporation

by: _____
Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF      Los Angeles
On        February 5, 2021
before me,      Eric Shewfelt
A Notary Public personally appeared
       Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

                    ERIC SHEWFELT
                    NOTARY PUBLIC - CALIFORNIA
                    LOS ANGELES COUNTY
                    COMMISSION # 2195106
                    MY COMM. EXPIRES MAY 1, 2021

                    (Seal)

                    ERIC SHEWFELT
                    NOTARY PUBLIC - CALIFORNIA
                    LOS ANGELES COUNTY
                    COMMISSION # 2195106
                    MY COMM. EXPIRES MAY 1, 2021

EXHIBIT A

EXHIBIT "A"

THE EASTERLY 111.0 FEET OF LOT 8 IN BLOCK 13 OF ANGELENO HEIGHTS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE(S) 88 AND 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 5405-007-030

EXHIBIT A

**EXHIBIT "E"**

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

NUMBER
2842

SHARES
***40,000***

CUSIP#057586208

# BAKHU
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Forty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY

Bakhu Holdings Corp.
CORPORATE
**Seal**
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by   **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2843

**SHARES**
***30,000***

# *BAKHU*
## HOLDINGS, CORP.

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT      LEON ELSTER

IS THE RECORD HOLDER OF

*** Thirty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:      June 15, 2018

SECRETARY

BAKHU HOLDINGS CORP.
CORPORATE
**Seal**
NEVADA
★ ★ ★ ★ ★

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by   **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT A



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2844

**SHARES**
***80,000***

CUSIP#057586208

# BAKHU
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT   LEON ELSTER

IS THE RECORD HOLDER OF

*** Eighty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:      June 15, 2018

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by   **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT A



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

NUMBER
3001

SHARES
***50,000***

**BAKHU**
HOLDINGS, CORP.

CUSIP#057586208

THIS CERTIFIES THAT   LEON ELSTER

THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS. THE SECURITIES HAVE BEEN ACQUIRED FOR INVESTMENT AND NOT WITH A VIEW TOWARD RESALE AND MAY NOT BE OFFERED FOR SALE, SOLD, TRANSFERRED, OR ASSIGNED IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT FOR THE SECURITIES UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS, UNLESS THE COMPANY HAS RECEIVED AN OPINION OF COUNSEL WHICH IS SATISFACTORY TO THE COMPANY, TO THE EFFECT THAT SUCH REGISTRATIONS ARE NOT REQUIRED.

IS THE RECORD HOLDER OF

*** Fifty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:   October 4, 2018

SECRETARY

BAKHU HOLDINGS CORP.
CORPORATE
Seal
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by   PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2840

**SHARES**
***200,000***

CUSIP#057586208

# BAKHU
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF    *** Two Hundred Thousand ***

Fully paid and non-assessable shares of Bakhu Holdings, Corp. Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation. as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY

PRESIDENT

BAKHU HOLDINGS. CORP.
CORPORATE
Seal
NEVADA

T VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2841

**SHARES**
***200,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT          LEON ELSTER

IS THE RECORD HOLDER OF

*** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation. as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:          June 15, 2018

_____
SECRETARY

_____
PRESIDENT

BAKHU HOLDINGS CORP.
CORPORATE
Seal
NEVADA
* * * * *

T VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2021 02:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV25835

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David Glaubiger, Esq. (176019)<br>LAW OFFICES OF DAVID GLAUBIGER<br>21000 Devonshire Street, Ste 112<br>Chatsworth, CA 91311<br><br>TELEPHONE NO.: 818.725.9711   FAX NO.: 818.725.9712<br>ATTORNEY FOR *(Name)*: Plaintiff Leon Elster | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: LA CA 90012
BRANCH NAME: Central District

CASE NAME: Leon Elster v. Stuart Elster et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV25835 |
| | | | JUDGE: | |
| | | | | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [x] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify)*: 12

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 13, 2021

David Glaubiger, Esq. (176019)
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

EXHIBIT A

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Page 2 of 2

EXHIBIT A

| SHORT TITLE: Leon Elster v. Stuart Elster et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT A

| SHORT TITLE: Leon Elster v. Stuart Elster et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

EXHIBIT A

| SHORT TITLE: Leon Elster v. Stuart Elster et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT A

| SHORT TITLE: Leon Elster v. Stuart Elster et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 9201 Wilshire Blvd., Ste 109 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Beverly Hills | CA | 90210 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _7-13-21_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 07/14/2021 Sherri R. Carter, Executive Officer / Clerk of Court By_____M. Barel_____Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV25835 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Monica Bachner | 71 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/14/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A

INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

EXHIBIT A

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
-- MANDATORY ELECTRONIC FILING    )
FOR CIVIL                           )
                                 )
                                 )
                               )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

1   e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2       person or entity that receives an electronic filing from a party for retransmission to the Court.

3       In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4       agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5   f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6       Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7       (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8       2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9       process attached to or logically associated with an electronic record and executed or adopted

10      by a person with the intent to sign the electronic record.

11  g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12      in a hypertext or hypermedia document to another in the same or different document.

13  h) **"Portable Document Format"**   A digital document format that preserves all fonts,

14      formatting, colors and graphics of the original source document, regardless of the application

15      platform used.

16  2) MANDATORY ELECTRONIC FILING

17  a) Trial Court Records

18      Pursuant to Government Code section 68150, trial court records may be created, maintained,

19      and preserved in electronic format.  Any document that the Court receives electronically must

20      be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21      official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22  b) Represented Litigants

23      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24      electronically file documents with the Court through an approved EFSP.

25  c) Public Notice

26      The Court has issued a Public Notice with effective dates the Court required parties to

27      electronically file documents through one or more approved EFSPs.  Public Notices containing

28      effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

  i)  Depositions;

  ii)  Declarations;

  iii)  Exhibits (including exhibits to declarations);

  iv)  Transcripts (including excerpts within transcripts);

  v)  Points and Authorities;

  vi)  Citations; and

  vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

EXHIBIT A

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019              

11                                  KEVIN C. BRAZILE

12                                  Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional) | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                         (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢  _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)         **STIPULATION – EARLY ORGANIZATIONAL MEETING**         Page 2 of 2
LASC Approved 04/11

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional)<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, <u>briefly</u> **describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A

| SHORT TITLE. | CASE NUMBER. |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                   JUDICIAL OFFICER

EXHIBIT A

# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                    Carolyn B. Kuhl, Supervising Judge of the

6                                    Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

<u>What is ADR?</u>
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>Advantages of ADR</u>
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

<u>Disadvantages of ADR</u>
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

<u>Main Types of ADR</u>
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT A

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/07/2021 03:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

1   **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
    Craig R. Bockman (State Bar No. 105485)
2   Samer N. Aref (State Bar No. 336747)
    601 South Figueroa Street, Suite 3460
3   Los Angeles, California 90017-5759
    Telephone:   (213) 485-1555
4   Facsimile:    (213) 689-1004

5   Attorneys for Defendants Stuart Elster,
    Aaron Elster, Leon Elster, Inc., 8615
6   Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
    1132 West Edgeware, LLC, and
7   2001 West 60th Street, LLC

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF LOS ANGELES**

11

12   LEON ELSTER, an individual, on behalf of        Case No.  **21STCV25835**
     himself and of all other  shareholders of the
13   LEON ELSTER, INC., a California Corporation
                                                      **DEFENDANTS' ANSWER TO**
14                      Plaintiff,                    **COMPLAINT**

15            v.                                      **Judge:       Monica Bachner**
                                                      **Dept.        71**
16   STUART ELSTER, in individual; AARON
     ELSTER, an individual; LEON ELSTER, INC., a     **Complaint Filed:    July 14, 2021**
17   California corporation; 8615 LONG BEACH          **Trial Date:         Not set**
     BLVD, LLC, a California limited liability
18   company; 7607 ST. BERNARD, LLC, a California
     limited liability company; 1132 WEST
19   EDGEWARE, LLC, a California limited liability
     company; 2001 WEST 6OTH ST, LLC, a
20   California limited liability company  and ALL
     PERSONS UNKNOWN, CLAIMING ANY
21   LEGAL OR EQUITABLE RIGHT, TITLE,
     ESTATE, LIEN, OR INTEREST IN THE
22   PROPERTY DESCRIBED IN THE COMPLAINT
     ADVERSE TO LEON ELSTER, INC'S TITLE,
23   OR ANY CLOUD ON LEON ELSTER, INC'S
     TITLE THERETO; and DOES 1-100,
24                      Defendants.

25

26

27

28

                                    – 1 –
                      DEFENDANTS' ANSWER TO COMPLAINT

                              EXHIBIT A

1           Defendants Stuart Elster, Aaron Elster, Leon Elster, Inc., 8615 Long Beach Blvd., LLC,

2   7607 St. Bernard, LLC, 1132 West Edgeware, LLC and 2001 West 60th Street, LLC answer the

3   Complaint on file herein as follows:

4           1.    Defendants admit the allegations of paragraph 1.

5           2.    Answering paragraph 2, Defendants admit that Leon Elster, Inc. is a corporation

6   duly organized and existing under the laws of the State of California and is engaged in the business of

7   real estate and property management with its principal executive office located in the County of Los

8   Angeles, California.  Except as expressly admitted herein, Defendants deny each and every remaining

9   allegation contained in said paragraph.

10          3.    Answering paragraph 3, Defendants admit that Stuart Elster is a resident of Los

11  Angeles County, California, is the Chief Executive Officer and Director of Leon Elster, Inc., and as an

12  individual, holds 11.49% of outstanding shares of Leon Elster, Inc.

13          4.    Answering paragraph 4, Defendants admit that Aaron Elster is a resident of Los

14  Angeles County, California, is Secretary, Chief Financial Officer, Agent for Service of Process and a

15  director of Leon Elster, Inc., and that he individually holds 2.03% of outstanding shares of Leon Elster,

16  Inc.  Except as expressly admitted herein, Defendants deny each and every remaining allegation

17  contained in said paragraph.

18          5.    Answering paragraph 6, Defendants admit that Stuart Elster, Aaron Elster and

19  Fern Elyse Tobin are directors.  Except as expressly admitted herein, Defendants deny each and every

20  remaining allegation contained in said paragraph.

21          6.    Defendants deny the allegations of paragraphs 7, 9, 11, 13, 15, 17, 18, 20, 21,22,

22  24, 28-30, 32-34, 36-37, 39-41, 44, 47-48, 50-52, 55, 57, 60, 63-66, 69 and 71-74.

23          7.    Answering paragraph 8, Defendants admit that 8615 Long Beach Blvd, LLC is

24  a limited liability company existing under the laws of the State of California with its principal place of

25  business in Los Angeles County and that Stuart Elster, acting as an officer of and on behalf of Leon

26  Elster, Inc., caused 8615 Long Beach Blvd, LLC to be organized and created.  Except as expressly

27  admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

28          8.    Answering paragraph 10, Defendants admit that 7607 St. Bernard, LLC is a

EXHIBIT A

1   limited liability company existing under the laws of the State of California with its principal place of
2   business in Los Angeles County and that Stuart Elster, acting as an officer of and on behalf of Leon
3   Elster, Inc., caused 7607 St. Bernard, LLC to be organized and created.  Except as expressly admitted
4   herein, Defendants deny each and every remaining allegation contained in said paragraph.

5           9.    Answering paragraph 12, Defendants admit that 1132 West Edgeware, LLC is a
6   limited liability company existing under the laws of the State of California with its principal place of
7   business in Los Angeles County and that Stuart Elster, acting as an officer of and on behalf of Leon
8   Elster, Inc., caused 1132 West Edgeware, LLC to be organized and created.  Except as expressly
9   admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

10          10.    Answering paragraph 14, Defendants admit that 2001 West 60th Street, LLC is
11   a limited liability company existing under the laws of the State of California with its principal place of
12   business in Los Angeles County and that Stuart Elster, acting as an officer of and on behalf of Leon
13   Elster, Inc., caused 2001 West 60th Street, LLC to be organized and created.  Except as expressly
14   admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

15          11.    Answering paragraphs 16 and 19, Defendants lack sufficient knowledge or
16   information on which to form a belief as to truth of the allegations contained in said paragraphs and on
17   that basis deny each and every allegation contained in said paragraphs.

18          12.    Answering paragraph 23, Defendants admit that Leon Elster, Inc., through its
19   officers, notified the tenants leasing the properties to make their lease payments to the entity to which
20   Leon Elster, Inc. transferred title to the properties.  Except as expressly admitted herein, Defendants
21   deny each and every remaining allegation contained in said paragraph.

22          13.    Answering paragraph 25, Defendants admit that Stuart Elster and Aaron Elster
23   as officers of Leon Elster, Inc. had access to the corporate offices, including the offices at 9001 Wilshire
24   Blvd., and removed records that were in that office.  Except as expressly admitted herein, Defendants
25   deny each and every remaining allegation contained in said paragraph.

26          14.    Answering paragraph 27, Defendants admit that as officers and directors Stuart
27   Elster and Aaron Elster owed fiduciary duties to the corporation and its shareholders.  Except as
28   expressly admitted herein, Defendants deny each and every remaining allegation contained in said

EXHIBIT A

paragraph.

15.    Answering paragraph 43, Defendants admit that Leon Elster, Inc. is in possession of its books and records.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

16.    Answering paragraph 46, Defendants admit that Leon Elster, Inc. benefitted from and will continue to benefit from the transfer of the title to the properties that the corporation caused to occur.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

17.    Answering paragraph 54, Defendants admit that Plaintiff is entitled to certain rights of inspection of the corporate books and records.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

18.    Answering paragraph 60, Defendants admit that Leon Elster, Inc., through its ownership of the LLC referred to, indirectly owns the properties referred to in the complaint.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

### First Affirmative Defense

### (Laches)

Defendants are informed and believe, and thereon allege, that each of Plaintiff's causes of action is barred by the doctrine of laches.

### Second Affirmative Defense

### (Unclean Hands)

Defendants are informed and believe, and thereon allege, that each of Plaintiff's causes of action is barred by the doctrine of unclean hands.

### Third Affirmative Defense

### (Waiver)

Defendants are informed and believe, and thereon allege, that each of Plaintiff's causes of action is barred by the doctrine of waiver.

EXHIBIT A

1

**Fourth Affirmative Defense**

2

**(Abatement)**

3          Plaintiff has failed to join a necessary and indispensable party in that Plaintiff has not

4    named the Leon Elster, Inc. Defined Benefit Pension Plan as a party.  The Leon Elster, Inc. Defined

5    Benefit Pension Plan is a necessary party because it owns an interest in some of the assets referred to

6    in the complaint.

7

8          **WHEREFORE**, Defendants pray for judgment as follows:

9          1.       That Plaintiff take nothing by reason of the Complaint on file herein;

10         2.       That the Complaint on file herein be dismissed against these answering

11                  Defendants;

12         3.       That these answering Defendants be awarded its costs of suit incurred herein;

13                  and

14         4.       For such other and further relief as the Court may deem just and proper.

15   Dated:  September 2, 2021                    **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                                  Craig R. Bockman
16                                                Samer N. Aref

17

18                                               By:   _____

19                                                     CRAIG R. BOCKMAN
                                                       Attorneys for Defendants Stuart Elster, Aaron
20                                                     Elster, Leon Elster, Inc., 8615 Long Beach Blvd.,
                                                       LLC, 7607 St. Bernard, LLC, 1132 West
21                                                     Edgeware, LLC, and 2001 West 60th Street, LLC

22

23

24

25

26

27

28

– 5 –

DEFENDANTS' ANSWER TO COMPLAINT

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

**Verification**

     I, Stuart Elster, am the Chief Executive Officer of Defendant Leon Elster, Inc. that is named in the Plaintiff's complaint.

     I have read that attached Defendants' Answer to Complaint and I am informed and believe the matters stated therein to be true and on that ground allege that the matters stated therein to are true.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on September 7, 2021, at Los Angeles, California.

                             Stuart Elster

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 6 –

DEFENDANTS' ANSWER TO COMPLAINT

EXHIBIT A

1

**PROOF OF SERVICE**

2

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

4

5

On September 7, 2021, I served the foregoing document(s) described as:   **DEFENDANTS' ANSWER TO COMPLAINT**

6

7

8

9

☒   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

10

☒   by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

☐   by placing a true copy thereof in sealed envelope(s) addressed as follows:

11

12

13

14

☐   BY FAX:   by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

15

16

17

☐   BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

18

19

20

21

☐   BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

☐   the person(s) listed on the attached "SERVICE MAILING LIST."

☐   the following persons:

22

23

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2021, at Los Angeles, California.

24

25

MICHELE CARRILLO

26

27

28

- 1 -

PROOF OF SERVICE

EXHIBIT A

1

## SERVICE MAILING LIST

2

3 David Glaubiger, Esq.        *Attorney for Plaintiff Leon Elster*
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
4 Chatsworth, CA 91311
Tel:  (818) 725-9711

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/07/2021 03:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Craig R. Bockman (State Bar No. 105485)
2  crbockman@jonesbell.com
601 South Figueroa Street, Suite 3460
3  Los Angeles, CA  90017-5759
Telephone: (213) 485-1555
4  Facsimile: (213) 689-1004

5  Attorneys for Defendants
Stuart Elster, Aaron Elster, 8615 Long Beach Blvd., LLC,
6  7607 St. Bernard, LLC, 1132 West Edgeware, LLC,
2001 West 60th Street, LLC and
7  Cross-Complainant Leon Elster, Inc.

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

10

11  LEON ELSTER, an individual, on behalf of
himself and of all other shareholders of the
12  LEON ELSTER, INC., a California
Corporation,
13
                                   Plaintiff,
14
                      v.
15
STUART ELSTER, an individual; AARON
16  ELSTER, an individual; LEON ELSTER,
INC., a California corporation; 8615 LONG
17  BEACH BLVD, LLC, a California limited
liability company; 7607 ST. BERNARD,LLC,
18  a California limited liability company; 1132
WEST EDGEWARE, LLC, a California
19  limited liability company; 2001 WEST 60TH
ST, LLC, a California limited liability
20  company; and ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE
21  RIGHT, TITLE, ESTATE, LIEN, OR
INTEREST IN THE PROPERTY
22  DESCRIBED IN THE COMPLAINT
ADVERSE TO LEON ELSTER, INC'S
23  TITLE, OR ANY CLOUD ON LEON
ELSTER, INC'S TITLE THERETO; and
24  DOES 1-100,
25
                                   Defendants.
26

LASC Case No.   21STCV25835

[Unlimited Jurisdiction Matter]

**CROSS-COMPLAINT:**

1. Conversion;
2. Breach of Fiduciary Duty;
3. Unjust Enrichment;
4. Possession of Personal Property

- 1 -
CROSS-COMPLAINT

EXHIBIT A

LEON ELSTER, INC., a California
Corporation,

                                   Cross-Complainant,

            v.

LEON ELSTER, an individual; and
ROES 1-100,

                                   Cross-Defendants.

Cross-Complainant Leon Elster, Inc. (LEI) alleges as follows:

### PARTIES, JURIDICTION, AND VENUE

1.      Cross-Complainant LEI is a corporation organized and existing under the laws of the State of California, and has its principal office in the County of Los Angeles, State of California.

2.      Cross-Defendant Leon Elster, an individual, is a resident of the County of Los Angeles, State of California.

3.      The harms and obligations sued upon herein were incurred and occurred in the County of Los Angeles, State of California.

4.      The true names or capacities, whether individual, associate or otherwise, of Cross-Defendants Roe 1 to 100, inclusive, are unknown to LEI and, therefore, LEI sues these Roe Cross-Defendants by such fictitious names.  LEI will seek leave to amend this Cross-Complaint to allege such names and capacities as soon as they are ascertained.  LEI is informed and believes and thereon alleges that each of these fictitiously named cross-defendants is responsible in some manner for the occurrences alleged herein, and that LEI's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named cross-defendants.

5.      Each of the individual cross-defendants is sued individually and in his, her or its capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of each and every corporate cross-defendant, with broad discretionary powers and substantial discretionary authority over decisions that ultimately determined corporate policy of each and every corporate cross-defendant.

EXHIBIT A

6.     LEI is informed and believes and thereon alleges that at all times relevant herein, each of the cross-defendants, including the Roe Cross-Defendants, acted in concert with and in furtherance of each other's interests.  The acts of any individual cross-defendants, as alleged herein, were known to and ratified by all cross-defendants.

7.     LEI is informed and believes and thereon alleges that all cross-defendants acted pursuant to and within the scope of the relationships alleged above, that all cross-defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, and/or aided and abetted the conduct of all other cross-defendants, and that all cross-defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

**FIRST CAUSE OF ACTION**

**(Conversion Against All Cross-Defendants)**

8.     LEI realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 7 above, as though the same were fully set forth at this point.

9.     On or about August 7, 2019, LEI was the equitable owner of not less than 50,000 shares of stock of Bakhu Holdings, Corp. (the "Bakhu Shares"), and had the legal and equitable right to possess the same.

10.    Cross-Defendant Leon Elster has and had no ownership interest in, or right to possess, any of the Bakhu Shares owned by LEI.

11.    Cross-Complainant is informed and believes, and thereon alleges, that Cross-Defendant Leon Elster, while acting as an officer and director of LEI, substantially interfered with LEI's rights of ownership and possession of the Bakhu Shares in that Cross-Defendant Leon Elster knowingly and intentionally, and without the consent of LEI, wrongfully misappropriated possession of the certificate representing the Bakhu Shares and continues to retain possession of the certificate, contrary to the ownership interest of Cross-Complainant LEI.

12.    Upon LEI's discovery of Cross-Defendant Leon Elster's misappropriation of the Bakhu Shares, LEI demanded the immediate return of the Bakhu Shares or the immediate payment of the value thereof.  Cross-Defendant Leon Elster has refused to return the Bakhu Shares to LEI or to pay to LEI the value thereof.

LEI CROSS-COMPLAINT

EXHIBIT A

13.     As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster, LEI was harmed in that it has lost the value of the Bakhu Shares and the ability to take such action with regard to those shares that it deems necessary by virtue of the fact that Cross-Defendant Leon Elster is in possession of the certificate representing those shares.  The damages from such loss exceed the jurisdictional limit of this Court and will be determined according to proof at trial.

14.     On or about August 16, 2017, LEI was the equitable owner of not less than 100,000 shares of GrowPod stock represented by certificate number 173, and had the equitable right to possess the same by virtue of the fact that LEI paid for said 100,000 shares of GrowPod stock.

15.     Cross-Defendant Leon Elster has and had no ownership interest in, or right to possess, any of the 100,000 shares of stock of GrowPod represented by certificate number 173.

16.     Cross-Complainant is informed and believes, and thereon alleges, that Cross-Defendant Leon Elster, while acting as an officer and director of LEI, substantially interfered with LEI's rights of ownership and possession of the 100,000 shares of stock of GrowPod represented by certificate number 173 in that Cross-Defendant Leon Elster knowingly and intentionally, and without the consent of LEI, wrongfully misappropriated possession of the certificate representing the 100,000 shares of stock of GrowPod represented by certificate number 173 by having certificate number 173 issued in his name rather than in the name of LEI. and Cross-Defendant Leon Elster continues to retain possession of the certificate, contrary to the ownership interest of Cross-Complainant.

17.     Upon LEI's discovery of Cross-Defendant Leon Elster's misappropriation of the certificate number 173, LEI demanded the return of the 100,000 shares of GrowPod stock represented by certificate number 173 or the immediate payment of the value thereof.  Cross-Defendant Leon Elster has refused to return the 100,000 shares of stock of GrowPod represented by certificate number 173 to LEI or to pay to LEI the value thereof.

18.     As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster, LEI was harmed in that it has lost the value of the 100,000 shares of GrowPod stock represented by certificate number 173 and the ability to take such action with regard to those shares that it deems necessary by virtue of the fact that Cross-Defendant Leon Elster is in possession of those shares.

- 4 -

EXHIBIT A

The damages from such loss exceed the jurisdictional limit of this Court and will be determined according to proof at trial.

19.     On or about May 29, 2018, LEI was the equitable owner of not less than 90,000 shares of GrowPod stock represented by certificate number 305, and had the equitable right to possess the same by virtue of the fact that LEI paid for said 90,000 shares of GrowPod stock.

20.     Cross-Defendant Leon Elster has and had no ownership interest in, or right to possess, any of the 90,000 shares of GrowPod stock represented by certificate number 305.

21.     Cross-Complainant is informed and believes, and thereon alleges, that Cross-Defendant Leon Elster, while acting as an officer and director of LEI, substantially interfered with LEI's rights of ownership and possession of the 90,000 shares of GrowPod stock represented by certificate number 305 in that Cross-Defendant Leon Elster knowingly and intentionally, and without the consent of LEI, wrongfully misappropriated possession of the certificate representing the 90,000 shares of GrowPod stock represented by certificate number 305 by having certificate 305 issued in his name rather than in the name of LEI, and Cross-Defendant Leon Elster continues to retain possession of the certificate, contrary to the ownership interest of Cross-Complainant.

22.     Upon LEI's discovery of Cross-Defendant Leon Elster's misappropriation of certificate 305, LEI demanded the return of the 90,000 shares of GrowPod stock represented by certificate number 305 or the immediate payment of the value thereof.  Cross-Defendant Leon Elster has refused to return the 90,000 shares of GrowPod stock represented by certificate number 305 to LEI or to pay to LEI the value thereof.

23.     As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster, LEI was harmed in that it has lost the value of the 90,000 shares of GrowPod stock represented by certificate 305 and the ability to take such action with regard to those shares that it deems necessary by virtue of the fact that Cross-Defendant Leon Elster is in possession of those shares.  The damages from such loss exceed the jurisdictional limit of this Court and will be determined according to proof at trial.

24.     On or about January 25, 2018, LEI was the equitable owner of not less than 10,324 shares of Kush Bottles stock represented in part by certificates 2122 and 2124, and had the equitable

EXHIBIT A

1  right to possess the same by virtue of the fact that LEI paid for said 10,324 shares of Kush Bottles
2  stock.

3      25.    Cross-Defendant Leon Elster has and had no ownership interest in, or right to
4  possess, any of the 10,324 shares of Kush Bottles stock purchased by LEI that are represented in
5  part by certificates 2122 and 2124.

6      26.    Cross-Complainant is informed and believes, and thereon alleges, that Cross-
7  Defendant Leon Elster, while acting as an officer and director of LEI, substantially interfered with
8  LEI's rights of ownership and possession of the 10,324 shares of Kush Bottles stock purchased by
9  LEI in that Cross-Defendant Leon Elster knowingly and intentionally, and without the consent of
10  LEI, wrongfully misappropriated possession of the certificates representing the 10,324 shares of
11  Kush Bottles stock by having certificates 2122 and 2124, among others, issued in his name rather
12  than in the name of LEI. and continues to retain possession of the certificate, contrary to the
13  ownership interest of Cross-Complainant is said stock.

14      27.    Upon LEI's discovery of Cross-Defendant Leon Elster's misappropriation of the
15  10,324 shares of Kush Bottles stock, including certificates 2122 and 2124, LEI demanded the return
16  of the 10,324 shares of Kush Bottles stock purchased by LEI or the immediate payment of the value
17  thereof.  Cross-Defendant Leon Elster has refused to return the 10,324 shares of Kush Bottles stock
18  to LEI or to pay to LEI the value thereof.

19      28.    As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster,
20  LEI was harmed in that it has lost the value of the 10,324 shares of Kush Bottles stock that it
21  purchased and has lost the ability to take such action with regard to those shares that it deems
22  necessary by virtue of the fact that Cross-Defendant Leon Elster is in possession of those shares.
23  The damages from such loss exceed the jurisdictional limit of this Court and will be determined
24  according to proof at trial.

25      29.    On or about February 9, 2018, Cross-Defendant Leon Elster loaned funds to Prince
26  Abrahim Eissa (Eissa) and received in return a promissory note payable to Cross-Defendant Leon
27  Elster in the amount of $25,000 (the 2-9-18 Promissory Note).  In his capacity as an officer of LEI,
28

EXHIBIT A

Cross-Defendant Leon Elster used LEI funds in the amount of $23,100 to partially fund the 2-9-18 Promissory Note.

30.     Cross-Defendant Leon Elster has and had no ownership interest in, or right to possess or receive, those portions of the payments received by Cross-Defendant Leon Elster from Eissa that represent that portion of the 2-9-18 Promissory Note that was funded by LEI, yet Cross-Defendant Leon Elster has received and continues to receive and retain all payments made by Eissa, which payments are in part owed to and due to LEI in the proportion by which LEI funded the 2-9-18 Promissory Note.

31.     On or about May 23, 2018, Cross-Defendant Leon Elster loaned funds to Eissa and received in return a promissory note payable to Cross-Defendant Leon Elster in the amount of $35,000 (the 5-23-18 Promissory Note).  In his capacity as an officer of LEI, Cross-Defendant Leon Elster used LEI funds in the amount of $30,100 to partially fund the 5-23-18 Promissory Note.

32.     Cross-Defendant Leon Elster has and had no ownership interest in, or right to possess or receive, those portions of the payments received by Cross-Defendant Leon Elster from Eissa pursuant to that portion of the 5-23-18 Promissory Note that was funded by LEI, yet Cross-Defendant Leon Elster has received and continues to receive and retain all payments made by Eissa, which payments are in part owed to and due to LEI in the proportion by which LEI funded the 5-23-18 Promissory Note.

33.     Upon LEI's discovery of Cross-Defendant Leon Elster's misappropriation of the payments received from Eissa pursuant to the 2-9-18 Promissory Note and the 5-23-18 Promissory Note, LEI demanded that Cross-Defendant Leon Elster remit such payments to LEI.   Cross-Defendant Leon Elster has refused to remit such payments to LEI.

34.     As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster, LEI has been damaged in the amount of the payments that are owed to and due to LEI in the proportion by which LEI funded the 2-9-18 Promissory Note and the 5-23-18 Promissory Note, which payments Cross-Defendant Leon Elster has received and retained for his own benefit.

35.     The conduct of Cross-Defendant Leon Elster, as alleged above, was despicable and carried on with willful and conscious disregard for the rights of LEI.  Cross-Defendant Leon Elster

EXHIBIT A

1  was aware of the probable harmful consequences of his conduct and willfully and deliberately failed

2  to avoid those consequences.  Cross-Defendant Leon Elster's conduct exhibited malice, oppression

3  and fraud such that LEI is entitled to punitive damages under California Civil Code §3294 in an

4  amount to be determined according to proof at trial.

5  **SECOND CAUSE OF ACTION**

6  **(Breach of Fiduciary Duty Against All Cross-Defendants)**

7  36.    LEI realleges and incorporates by reference each of the allegations set forth in

8  paragraphs 1 through 35 above, as though the same were fully set forth at this point.

9  37.    At all relevant times herein, Cross-Defendant Leon Elster was an officer and director

10  of LEI and, accordingly, owed a fiduciary duty to LEI.

11  38.    In taking the actions alleged herein, including diverting the assets of LEI and the

12  payments on the promissory notes due to LEI to himself, Cross-Defendant Leon Elster breached his

13  fiduciary duty to LEI by knowingly and intentionally, and without the consent of LEI, wrongfully

14  misappropriating possession of the stock certificates alleged herein and receiving the loan payments

15  belonging to LEI as herein-above alleged.

16  39.    By reason of the actions alleged above, Cross-Defendant Leon Elster is an

17  involuntary trustee of the stock certificates alleged herein and the loan payments belonging to LEI

18  as herein-above alleged.

19  40.    As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster,

20  LEI was harmed in that it has lost the value of the stock certificates alleged herein and the loan

21  payments belonging to LEI as herein-above alleged.   The damages from such loss exceed the

22  jurisdictional limit of this Court and will be determined according to proof at trial.

23  41.    The conduct of Cross-Defendant Leon Elster, as alleged above, was despicable and

24  carried on with willful and conscious disregard for LEI's rights.  Cross-Defendant Leon Elster was

25  aware of the probable harmful consequences of his conduct and willfully and deliberately failed to

26  avoid those consequences.  Cross-Defendant Leon Elster's conduct exhibited malice, oppression

27  and fraud such that LEI is entitled to punitive damages under California Civil Code §3294 in an

28  amount to be determined at the time of trial.

EXHIBIT A

**THIRD CAUSE OF ACTION**

**(Unjust Enrichment Against All Cross-Defendants)**

42.     LEI realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 41 above, as though the same were fully set forth at this point.

43.     Cross-Defendant Leon Elster benefited from his above-alleged knowing and intentional misappropriation of the stock certificates alleged herein and the loan payments belonging to LEI as herein-above alleged, and his continued possession of the same despite LEI's demand for the return of the shares and remittance of the loan payments has deprived LEI of the benefit of such property and payments.

44.     Cross-Defendant Leon Elster continues to benefit from the value he received as a result of his above-alleged actions, at the continued expense of LEI.

45.     Cross-Defendant Leon Elster has been unjustly enriched by his above-alleged actions, and it would be inequitable for Cross-Defendant Leon Elster to be allowed to retain the stock certificates alleged herein and the loan payments belonging to LEI as herein-above alleged, and he should, therefore, be ordered to return and remit the same or the value thereof to LEI forthwith.

27.     As a proximate result of the above-alleged actions of Cross-Defendant Leon Elster, LEI has been damaged in a sum that exceeds the jurisdictional limit of this Court, which sum will be determined according to proof at trial.

**FOURTH CAUSE OF ACTION**

**(Possession of Personal Property Against All Cross-Defendants)**

46.     LEI realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 45 above, as though the same were fully set forth at this point.

47.     At all times herein mentioned, LEI was, and still is, entitled to the possession of the stock certificates alleged herein and the loan payments due to LEI.

48.     Cross-Defendant Leon Elster is in wrongful possession of the stock certificates and the loan payments due to LEI alleged herein, in violation of LEI's right to possession thereof.

LEI CROSS-COMPLAINT

EXHIBIT A

49.     As a proximate result of Cross-Defendant Leon Elster's wrongful possession and retention of the stock certificates and the loan payments due to LEI alleged herein, LEI has suffered damages in a sum that exceeds the jurisdictional limit of this Court, which sum will be determined according to proof at trial.

50.     The conduct of Cross-Defendant Leon Elster, as alleged above, was despicable and carried on with willful and conscious disregard for LEI's rights.  Cross-Defendant Leon Elster was aware of the probable harmful consequences of his conduct and willfully and deliberately failed to avoid those consequences.  Cross-Defendant Leon Elster's conduct exhibited malice, oppression and fraud such that LEI is entitled to punitive damages under California Civil Code §3294 in an amount to be determined at the time of trial.

**PRAYER**

WHEREFORE, LEI prays for judgment against Cross-Defendants as follows:

**On the First Cause of Action**

1.     For compensatory damages according to proof at trial;

2.     For punitive damages according to proof at trial;

**On the Second Cause of Action**

3.     For the imposition of a constructive trust in the Bakhu Shares in favor of LEI;

4.     For compensatory damages according to proof at trial;

5.     For punitive damages according to proof at trial;

**On the Third Cause of Action**

6.     For compensatory damages according to proof at trial;

**On The Fourth Cause of Action**

7.     For a temporary restraining order and for preliminary and permanent injunctions restraining and enjoining Cross-Defendants, and their servants, agents and employees, and others acting in concert with them, end each of them, from transferring, concealing, destroying or defacing all or any of the Bakhu Shares;

8.     For possession of the Bakhu Shares;

9.     For compensatory damages according to proof at trial;

- 10 -

LEI CROSS-COMPLAINT

EXHIBIT A

1    10.   For punitive damages according to proof at trial;

2                          **On All Causes of Action**

3    11.   For costs of suit incurred herein;

4    12.   For such other relief as the Court deems just and proper.

5

6    Dated:  September 7, 2021          **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                        Craig R. Bockman
7

8                                      By:

9                                          CRAIG R. BOCKMAN
                                       Attorneys for Defendants
10                                     Stuart Elster, Aaron Elster, 8615 Long Beach Blvd.,
                                       LLC, 7607 St. Bernard, LLC, 1132 West Edgeware,
11                                     LLC, 2001 West 60th Street, LLC and
                                       Cross-Complainant Leon Elster, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -
LEI CROSS-COMPLAINT

EXHIBIT A

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On September 7, 2021, I served the foregoing document(s) described as:   **CROSS-COMPLAINT**

☒    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.
      ☒    by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."
      ☐    by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐    BY FAX:   by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☐    BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

☐    BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:
      ☐    the person(s) listed on the attached "SERVICE MAILING LIST."
      ☐    the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on September 7, 2021, at Los Angeles, California.

MICHELE CARRILLO

- 1 -
PROOF OF SERVICE

EXHIBIT A

1

**SERVICE MAILING LIST**

2

3   David Glaubiger, Esq.                    *Attorney for Plaintiff Leon Elster*
    Law Offices of David Glaubiger
4   21000 Devonshire Street, Suite 112
    Chatsworth, CA 91311
5   Tel:  (818) 725-9711

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2021 11:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

1   David Glaubiger, Esq. SBN 176019
    LAW OFFICES OF DAVID GLAUBIGER
2   21000 Devonshire Street, Suite 112
    Chatsworth, CA 91311
3   Tel: (818) 725-9711
    Fax: (818) 725-9712
4
    Attorneys for Plaintiff and Cross-Defendant Leon Elster
5

6                SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                COUNTY OF LOS ANGELES - CENTRAL DISTRICT

8

9   LEON ELSTER, an individual, on behalf of      )  LASC Case No. 21STCV25835
    himself and of all other shareholders of the LEON  )
10  ELSTER, INC., a California Corporation,        )
                                                   )
11                   Plaintiff,                    )
                                                   )  ANSWER TO UNVERIFIED CROSS-
12  vs.                                            )  COMPLAINT
                                                   )
13                                                 )
    STUART ELSTER, an individual; AARON            )
14  ELSTER, an individual; LEON ELSTER, INC., a    )
    California corporation; 8615 LONG BEACH        )
15  BLVD, LLC, a California limited liability       )
    company; 7607 ST. BERNARD, LLC, a California   )
16  limited liability company; 1132 WEST           )
17  EDGEWARE, LLC, a California limited liability   )
    company; 2001 WEST 60TH ST, LLC, a            )
18  California limited liability company; and ALL   )
    PERSONS UNKNOWN, CLAIMING ANY                  )
19  LEGAL OR EQUITABLE RIGHT, TITLE,               )
    ESTATE, LIEN, OR INTEREST IN THE               )
20  PROPERTY DESCRIBED IN THE COMPLAINT )
21  ADVERSE TO LEON ELSTER, INC'S TITLE,           )
    OR ANY CLOUD ON LEON ELSTER, INC'S             )
22  TITLE THERETO; and DOES 1-100.                 )
                                                   )
23                   Defendants.                   )
                                                   )
24  ─────────────────────────────────────          )
    LEON ELSTER, INC., a California corporation,    )
25                                                 )
                     Cross-Complainant,             )
26  v.                                             )
                                                   )
27  LEON ELSTER, an individual; and ROES 1-100,    )
28                                                 )
                     Cross-Defendants.             )

                                            -1-
─────────────────────────────────────────────────────────────────
                        ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1

2   Plaintiff and Cross-Defendant LEON ELSTER  ("defendant") answers all portions of the

3 unverified Cross-Complaint ("Complaint") of Cross-Complainant Leon Elster, Inc. ("plaintiff"),

4 as follows:

5   1. The Complaint being unverified, pursuant to the provisions of California <u>Code of</u>

6 <u>Civil Procedure</u> 431.30(d), defendant generally denies each and every allegation contained in the

7 Complaint, and the whole thereof, and further denies plaintiff is entitled to recover the prayed for

8 damages, cost of suit, or further relief, as a result of any act or omission complained of against

9 defendant.

10   2. By way of further answer to the said cause(s) of action and portions thereof in the

11 unverified complaint, answering defendant denies he is liable to plaintiff as alleged, or at all;

12 answering defendant further denies that plaintiff sustained damage of any kind or character, or

13 damages in any sum or amount whatsoever as a result of any act or acts, fault, carelessness,

14 negligence, or because of any acts or omissions to act on the part of answering defendant;

15 answering defendant lacks information or belief sufficient to enable him to answer the

16 allegations concerning the nature and extent of plaintiff's damages and losses, if any, and basing

17 denial upon said lack of information and belief, denies each and all thereof, generally and

18 specifically, and on said ground, for the purpose of placing the question of the nature and extent

19 of said damages in issue, denies plaintiff herein was damaged as alleged, or at all.

20      **AFFIRMATIVE DEFENSES**

21   Defendant asserts the following affirmative defenses:

22      **FIRST AFFIRMATIVE DEFENSE**

23      (Failure to State a Cause of Action)

24   1. As a first and separate affirmative defense to each and every cause of action

25 asserted in the Complaint, the Complaint fails to state facts sufficient to constitute a cause of

26 action against defendant.

27 ////

28 ////

-2-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

**SECOND AFFIRMATIVE DEFENSE**

(Bad faith Law Suit)

2. As a second and separate affirmative defense to each and every cause of action asserted in the Complaint, the Complaint is barred in that plaintiff has commenced and continued this law suit without any facts or other reasonable basis supporting the purported claims set forth therein, and solely for the purpose of harassing and/or inducing improper payment and/or settlement from defendant. In addition, plaintiff's current officers and directors raided defendant's Beverly Hills offices and removed all of his files and records severely prejudicing defendant's ability to defend this action. In addition, plaintiff's current officers and directors control plaintiff's pension fund, The Leon Elster Defined Benefits Pension Plan. Such person caused the pension plan to stop all pension payments due and owing defendant. In effect, plaintiff's current officers and directors severely prejudiced defendant's ability to fund the cost of defense of this litigation - an absolutely dirty thing to do.

**THIRD AFFIRMATIVE DEFENSE**

(Good Faith)

3. As a third and separate affirmative defense to each and every cause of action asserted in the Complaint, at all times relevant hereto, each and every act or statement alleged to have been made by defendant, and each, with reference to some or all of the purported claims set forth in the Complaint herein were made reasonably and in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

4. As a fourth and separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiff has expressly and/or impliedly waived the right to assert such causes of action by virtue of the verbal and/or written expressions or conduct of its officers and/or directors.

////

////

////

-3-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

5.     As a fifth and separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiff's conduct estops it from asserting the purported claims alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6.     As a sixth and separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiff is guilty of unclean hands in connection with the purported harms in the Complaint.  For instance, plaintiff's current officers and directors raided defendant's Beverly Hills offices and removed all of his files and records severely prejudicing defendant's ability to defend this action. In addition, plaintiff's current officers and directors control plaintiff's pension fund, The Leon Elster Defined Benefits Pension Plan. Such person caused the pension plan to stop all pension payments due and owing defendant. In effect, plaintiff's current officers and directors severely prejudiced defendant's ability to fund the cost of defense of this litigation - an absolutely dirty thing to do.

**SEVENTH AFFIRMATIVE DEFENSE**

(Plaintiff's or Third Party's Fault)

7.     As a seventh and separate affirmative defense to each and every cause of action asserted in the Complaint, if plaintiff suffered or sustained any loss and/or damage, as alleged in the Complaint, such loss or damage was the direct and proximate result of the acts and omissions of plaintiff and/or third parties for whom defendant is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

(Proximate Cause)

8.     As an eighth and separate affirmative defense to each and every cause of action asserted in the Complaint, any and all events and happenings in connection with the matters alleged in the Complaint herein and the resulting injuries and damages, if any, purportedly suffered by plaintiff were proximately caused and contributed to by plaintiff or an independent

-4-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1    intervening negligent and/or intentional and/or unlawful conduct of independent third parties

2    and/or their agents.

3                          **NINTH AFFIRMATIVE DEFENSE**

4                                (Set-Off)

5           9.      As an ninth and separate affirmative defense to each and every cause of action

6    asserted in the Complaint, in the event that defendant is found to be liable to plaintiff for any of

7    the things alleged in the Complaint, plaintiff's recovery will be barred or decreased due to the

8    right of set-off by the amounts plaintiff owes defendant.

9                          **TENTH AFFIRMATIVE DEFENSE**

10                                (Mitigation)

11          10.     As a tenth and separate affirmative defense to each and every cause of action

12   asserted in the Complaint, plaintiff's causes of action are barred to the extent that plaintiff has

13   failed to take reasonable steps to mitigate, minimize or avoid any loss allegedly sustained and

14   any recovery by plaintiff must be reduced by that amount.

15                         **ELEVENTH AFFIRMATIVE DEFENSE**

16                               (Amendment)

17          11.     As a eleventh and separate affirmative defense to each and every cause of action

18   asserted in the Complaint, defendant alleges that he presently has insufficient knowledge or

19   information to form a belief as to whether there may have additional, as yet unstated, defenses

20   available. Therefore, defendant reserves the right to assert additional defenses in the event the

21   discovery indicates that such defenses would be appropriate.

22                         **TWELFTH AFFIRMATIVE DEFENSE**

23                             (Statute of Limitations)

24          12.     As a twelfth and separate affirmative defense to each and every cause of action

25   asserted in the Complaint, plaintiff's Complaint, and each cause of action thereof, is barred by

26   the applicable statute of limitations, including but not limited to CCP §§338, 343.

27   ////

28   ////

---

                                      -5-

                          ANSWER TO CROSS-COMPLAINT

                             EXHIBIT A

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Uncertainty)

13.     As a thirteenth and separate affirmative defense to each and every cause of action asserted in the Complaint, the Complaint is uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Laches)

14.     As an fourteenth and separate affirmative defense to each and every cause of action asserted in the Complaint, defendant asserts that plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action, which has prejudiced Defendant in his ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Implied covenant of good faith and fair dealing)

15.     As a fifteenth and separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiff's causes of action are barred to the extent that plaintiff has breached the implied covenant of good faith and fair dealing owed to defendant arising out of any alleged contract between plaintiff and/or its agents and defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to name necessary party)

16.     As a sixteenth separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiff's causes of action are barred to the extent that plaintiffs failed to name an indispensable party in this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Use Reasonable Care)

17.     As a seventeenth and separate affirmative defense to each and every cause of action asserted in the Complaint, plaintiffs' causes of action are barred to the extent that plaintiff failed to use due, adequate, reasonable, or any care in connection with the activities and other circumstances described in the Complaint. Said failure proximately resulted in all or some

-6-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1   portion of the damages alleged to have been suffered by plaintiff and, based thereon, plaintiff is

2   barred and precluded from recovering all or such portion of said damages to the extent plaintiff

3   was responsible.

4                           **EIGHTEENTH AFFIRMATIVE DEFENSE**

5                               (No Claim for Punitive Damages)

6          18.     As an eighteenth and separate affirmative defense to each and every cause of

7   action asserted in the Complaint, plaintiff failed to state a claim against Defendant upon which

8   relief may be granted for punitive or exemplary damages. No act or omission of Defendant was

9   malicious, willful, reckless, outrageous, unconscionable, despicable, contemptible, with

10  conscious disregard for the rights or safety of Plaintiffs or others, or with malice, fraud and/or

11  oppression as defined in California Civil Code § 3294, and the Complaint fails to state a claim

12  upon which relief may be granted for punitive or exemplary damages. The Complaint seeks

13  damages in excess of those permitted by law. Defendant asserts any statutory or judicial

14  protection from punitive damages, and any and all standards or limitations regarding the

15  determination and enforceability of punitive damages, as are available under California law.

16                          **NINETEENTH AFFIRMATIVE DEFENSE**

17                                  (Equitable Indemnity)

18         19.     As a nineteenth and separate affirmative defense to each and every cause of action

19  asserted in the complaint, answering defendant alleges that if he is determined to be liable to

20  Plaintiff, such liability is based on conduct that is passive and secondary to the active and

21  primary wrongful conduct of other parties, including Plaintiff. Answering defendant is therefore

22  entitled to total equitable indemnity from such other parties such that any eventual judgment

23  against answering defendants must be reduced by that indemnifiable amount.

24                          **TWENTIETH AFFIRMATIVE DEFENSE**

25                                      (Standing)

26         20.     As a twentieth and separate affirmative defense to each and every cause of action

27  asserted in the Complaint, plaintiff has no standing to bring this law suit because plaintiff cannot

28

---

                                        -7-

                          ANSWER TO CROSS-COMPLAINT

                                    EXHIBIT A

.

1    show that it has incurred any harm arising from the facts and circumstances alleged in the

2    Complaint.

3                     **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4                              (Liability of Others)

5        21.      Answering Defendant alleges that if Plaintiff sustained any damages in

6    connection with the matters alleged in the Complaint, which answering defendant specifically

7    denies, that such damages were legally caused or contributed to by persons or entities other than

8    answering defendant, including Plaintiff, and that the liability of these responsible persons or

9    entities, named or unnamed, must be apportioned according to the relative degree of fault

10   between them, if any, and the liability of answering defendant reduced accordingly.

11                   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12                             (Contribution)

13        22.      As a twenty-second and separate affirmative defense to each and every cause of

14   action asserted in the complaint on file herein, answering defendant is informed and believes,

15   and on such information and belief, alleges that any damages to Plaintiff as alleged in the

16   complaint were caused and contributed to by persons other than answering defendant, including

17   Plaintiff, and in the event that any negligence of any party, other than answering defendant, is

18   found to have contributed to any such injury, plaintiff's recovery, if any, from answering

19   defendant is limited to that percentage of Plaintiff's damages which is equal to the percentage by

20   which answering defendant's conduct, if any, contributed to the injury.

21                     **TWENTY-THIRD AFFIRMATIVE DEFENSE**

22                          (Unjust Enrichment)

23        23.      Answering Defendant alleges that Plaintiff's recovery against answering

24   defendant is barred to the extent such recovery would constitute unjust enrichment for Plaintiff.

25   ////

26   ////

27   ////

28   ////

-8-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1            **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2                        (Misrepresentation)

3       24.     Answering Defendant alleges that Plaintiff's recovery against Answering

4 Defendant is barred in whole or in part due to misrepresentations made by Plaintiff and/or its

5 agents in connection with the subject matter of the contract in question.

6             **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7                   (No Damage to Plaintiff)

8       25.     The defendant asserts that even if the plaintiff's other allegations are true, the

9 plaintiff did not suffer any damages (economic loss).

10            **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

11                      (Consent)

12       26.     The Complaint, and each purported cause of action alleged therein, is barred on

13 the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to,

14 ratified, or concurred with the conduct alleged to be unlawful.

15           **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16                     (Release)

17       27.     The Complaint, and each purported cause of action alleged therein, is barred on

18 the ground that Plaintiff released and/or otherwise waived any and all claims it may have against

19 Defendant.

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

-9-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1    WHEREFORE, answering Defendant prays that:

2    1.    Plaintiff takes nothing by the Complaint;

3    2.    The Complaint is dismissed with prejudice;

4    3.    Such other and further relief be awarded as the Court may deem just and proper.

5    4.    Defendant be awarded reasonable attorneys' fees to the maximum extent allowed

6    by law; and

7    5.    For such other and further relief as the Court deems proper and just.

8    JURY DEMAND

9    Defendant demands trial by jury on all issues so triable.

11   Dated: October 8, 2021              LAW OFFICES OF DAVID GLAUBIGER

                                         By _____
                                         David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

-10-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

## PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

On October 8, 2021, I served the following documents described as: ANSWER TO CROSS-COMPLAINT on the interested parties in this action as follows:

[] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on October 8, 2021 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____

-11-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| |
|---|
| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for Leon Elster, Inc., Stuart Elster<br>and Aaron Elster |

-12-

ANSWER TO CROSS-COMPLAINT

EXHIBIT A

1   David Glaubiger, Esq. SBN 176019
    LAW OFFICES OF DAVID GLAUBIGER
2   21000 Devonshire Street, Suite 112
    Chatsworth, CA 91311
3   Tel: (818) 725-9711
    Fax: (818) 725-9712
4
    Attorneys for Plaintiff and Cross-Defendant Leon Elster
5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

8

9   LEON ELSTER, an individual, on behalf of        )   LASC Case No.  21STCV25835
    himself and of all other shareholders of the LEON )
10  ELSTER, INC., a California Corporation,          )
                                                     )
11              Plaintiff,                           )
                                                     )   NOTICE OF RULING RE CASE
12  vs.                                              )   MANAGEMENT CONFERENCE
                                                     )
13                                                   )
    STUART ELSTER, an individual; AARON              )
14  ELSTER, an individual; LEON ELSTER, INC., a      )
    California corporation; 8615 LONG BEACH          )   Date:  October 20, 2021
15  BLVD, LLC, a California limited liability         )   Time: 8:30 a.m.
    company; 7607 ST. BERNARD, LLC, a California )       Dept.: "71"
16  limited liability company; 1132 WEST             )
    EDGEWARE, LLC, a California limited liability     )
17  company; 2001 WEST 60TH ST, LLC, a              )
    California limited liability company; and ALL     )
18  PERSONS UNKNOWN,  CLAIMING ANY                   )
    LEGAL OR EQUITABLE RIGHT, TITLE,                 )
19  ESTATE, LIEN, OR INTEREST IN THE                 )
    PROPERTY DESCRIBED IN THE COMPLAINT )
20  ADVERSE TO LEON ELSTER, INC'S TITLE,             )
    OR ANY CLOUD ON LEON ELSTER, INC'S               )
21  TITLE THERETO; and DOES 1-100.                   )
                                                     )
22              Defendants.                          )
                                                     )
23  _____ )
                                                     )
24  AND RELATED CROSS-COMPLAINT                      )

25

26  ////

27  ////

28  ////

                                   -1-

                          Notice of Ruling re CMC

                              EXHIBIT A

1  TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT on October 20, 2021, at 8:30 a.m. in Department "71"

3  of the above-entitled court, the court held Case Management Conference. David Glaubiger, Esq.

4  appeared on behalf of plaintiff and cross-complainant Leon Elster. There were no other

5  appearances. Following hearing, for good cause showing, the Court made the following orders:

6      1.      The Court continued the CMC to November 15, 2021, at 8:30 am in Dept 71 of

7  the above entitled court.

8

9

10

11  Dated: October 20, 2021             LAW OFFICES OF DAVID GLAUBIGER

12

13                                     By
                                       David Glaubiger, Esq., Attorney for Plaintiff and Cross-
14                                     Defenant Leon Elster

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Notice of Ruling re CMC

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

On October 20, 2021, I served the following documents described as:  NOTICE OF RULING on the interested parties in this action as follows:

[] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on October 20, 2021 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____            _____

-3-

Notice of Ruling re CMC

EXHIBIT A

1

2

**SERVICE LIST**

3

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5   Craig R. Bockman, Esq
    JONESBELL LLP
6   601 S. Figueroa Street, Ste 3460
    Los Angeles, California 90017
7   Telephone: (213) 485-1555
    Facsimile: (213) 689-1004
8   email: crbockman@jonesbell.com

9   Attorney for ALL defendants and cross-
    complainants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

Notice of Ruling re CMC

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2021 03:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore, Deputy Clerk

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig R. Bockman                              SBN: 105485 <br> Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P. <br> 601 S. Figueroa St, Suite 3460 <br> Los Angeles, CA 90017 <br> TELEPHONE NO.:  (213) 485-1555        FAX NO. *(Optional)* (213) 689-1004 <br> E-MAIL ADDRESS: <br> ATTORNEY FOR *(Name):*  Defendants, Stuart Elster, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  111 North Hill Street
CITY AND ZIP CODE:  Los Angeles, 90012
BRANCH NAME:  Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Leon Elster, et al.

DEFENDANT/RESPONDENT: Stuart Elster, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE** <br> (Amount demanded <br> exceeds $25,000)    [ ] **LIMITED CASE** <br> (Amount demanded is $25,000 <br> or less) | 21STCV25835 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: November 15, 2021        Time: 8:30 a.m.        Dept.: 71        Div.:        Room:

Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Defendants Leon Elster, Inc. et al.
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 14, 2021
   b. [X] The cross-complaint, if any, was filed on *(date):* September 7, 2021

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [ ] complaint      [X] cross-complaint      *(Describe, including causes of action):* Conversion, breach of fiduciary duty, unjust enrichment, possession of personal property.

Page 1 of 5

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> *www.courts.ca.gov* |
|---|---|---|

Westlaw Doc. & Form Builder™

EXHIBIT A

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Leon Elster, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Stuart Elster, et al. | 21STCV25835 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The cross- complaint seeks the return of corporate property that Leon Elster converted to his personal use when he was a corporate officer, consisting of stock certificate and loan payments.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial. ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐  The trial has been set for  *(date):*

b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Not before December 2022 due to counsel's trial schedule.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒  days *(specify number):* 6

b. ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                    f.  Fax number:

e.  E-mail address:                                         g.  Party represented:

☐  Additional representation is described in Attachment 8.

9. **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☒ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Rule 3.8111 (b)(8)

EXHIBIT A

CM-110

| PLAINTIFF/PETITIONER: Leon Elster, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stuart Elster, et al. | 21STCV25835 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

EXHIBIT A

CM-110

| PLAINTIFF/PETITIONER: Leon Elster, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stuart Elster, et al. | 21STCV25835 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion to join indispensable party to be filed by Defendant and Cross-Complainant.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant-Cross-Complainant | Written Discovery | July 31, 2022 |
| Defendant-Cross-Complainant | Depositions | July 31, 2022 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT A

**CM-110**

| PLAINTIFF/PETITIONER: Leon Elster, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stuart Elster, et al. | 21STCV25835 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Counsel for Plaintiff was not available.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 29, 2021

Craig R. Bockman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**  Page 5 of 5

EXHIBIT A

1

**PROOF OF SERVICE**

2

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

3

4

    On October 29, 2021, I served the foregoing document(s) described as:    **CASE MANAGEMENT STATEMENT**

5

6

☒    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

7

8

9

☒    by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

10

☐    by placing a true copy thereof in sealed envelope(s) addressed as follows:

11

☐    BY FAX:  by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

12

13

14

15

☐    BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

16

17

18

☐    BY OVERNIGHT MAIL:  I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

19

20

☐    the person(s) listed on the attached "SERVICE MAILING LIST."

21

☐    the following persons:

22

I declare under penalty of perjury that the foregoing is true and correct.

23

Executed on October 29, 2021, at Los Angeles, California.

24

25

MICHELE CARRILLO

26

27

28

- 1 -

PROOF OF SERVICE

EXHIBIT A



1

**SERVICE MAILING LIST**

2

3    David Glaubiger, Esq.                    *Attorney for Plaintiff Leon Elster*
     Law Offices of David Glaubiger
4    21000 Devonshire Street, Suite 112
     Chatsworth, CA 91311
5    Tel:  (818) 725-9711

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
PROOF OF SERVICE

EXHIBIT A

1   **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
    Craig R. Bockman (State Bar No. 105485)
2   Samer N. Aref (State Bar No. 336747)
    601 South Figueroa Street, Suite 3460
3   Los Angeles, California 90017-5759
    Telephone:    (213) 485-1555
4   Facsimile:    (213) 689-1004

5   Attorneys for Defendants Stuart Elster,
    Aaron Elster, Leon Elster, Inc., 8615
6   Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
    1132 West Edgeware, LLC, and
7   2001 West 60th Street, LLC

8

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF LOS ANGELES**

11

12   LEON ELSTER, an individual, on behalf of      **Case No.  21STCV25835**
     himself and of all other  shareholders of the
13   LEON ELSTER, INC., a California Corporation
                                                   **DEFENDANTS' NOTICE OF MOTION
14                  Plaintiff,                      AND MOTION TO COMPEL JOINDER OF
                                                   INDISPENSABLE PARTY**
15           v.
                                                   **Judge:      Monica Bachner**
16   STUART ELSTER, in individual; AARON
17   ELSTER, an individual; LEON ELSTER, INC., a   **Date:       December 15, 2021**
     California corporation; 8615 LONG BEACH       **Time:       9:30 a.m.**
18   BLVD, LLC, a California limited liability     **Dept.       71**
     company; 7607 ST. BERNARD, LLC, a California
19   limited liability company; 1132 WEST         **Complaint Filed:    July 14, 2021**
     EDGEWARE, LLC, a California limited liability **Trial Date:         Not set**
20   company; 2001 WEST 60TH ST, LLC, a
     California limited liability company  and ALL
21   PERSONS UNKNOWN, CLAIMING ANY
     LEGAL OR EQUITABLE RIGHT, TITLE,
22   ESTATE, LIEN, OR INTEREST IN THE
     PROPERTY DESCRIBED IN THE COMPLAINT
23   ADVERSE TO LEON ELSTER, INC'S TITLE,
     OR ANY CLOUD ON LEON ELSTER, INC'S
24   TITLE THERETO; and DOES 1-100,
                  Defendants.
25

26

27

28

                                    — 1 —

                                  EXHIBIT A

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2021, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Monica Bachner in Department 71 of the above-referenced court located at located at 111 N. Hill Street, Los Angeles California, Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc. will and hereby do move, pursuant to Code of Civil Procedure section 389, for an order requiring Plaintiff to name as a defendant in this action the Leon Elster, Inc. Defined Benefit Pension Plan (Pension Plan), or that this action be dismissed if the Pension Plan is not named as a defendant.  This motion is made on the grounds that the Pension Plan is a necessary and indispensable party under both alternative conditions set forth in section 389 because, as an owner of the property that the Plaintiff contends belongs to him and seeks to have returned to him or returned to Defendant Leon Elster, Inc., the Pension Plan is a party whose joinder will not deprive the court of jurisdiction, and: 1) if the Pension Plan is not named as a party in the action the court cannot accord complete relief as to the subject property among those already parties to this action; and 2) the Pension Plan claims an interest in the subject of the action and is so situated that the disposition of the action in its absence will impair or impede the ability of the Pension Plan to protect its interests in the subject property and will cause the existing Defendant, Leon Elster, Inc., to be subjected to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the interest in the property that is owned by the Pension Plan.

This motion will be based on this notice of motion and motion, the attached memorandum of points and authorities, the declaration of Stuart Elster and the exhibits filed concurrently with this motion, the records and files herein, and upon other such evidence as may be considered at the hearing on this motion.

Dated: November 12, 2021

**Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
Craig R. Bockman
Samer N. Aref

By: _____
CRAIG R. BOCKMAN
Attorneys for Defendants Stuart Elster, Aaron Elster, Leon Elster, Inc., 8615 Long Beach Blvd., LLC, 7607 St. Bernard, LLC, 1132 West Edgeware, LLC, and 2001 West 60th Street, LLC

– 2 –

EXHIBIT A

**Index of Exhibits**

| No. | Exhibit | Page |
|-----|---------|------|
| 1 | Bakhu stock certificate 3124 | 13 |
| 2 | PRHL stock certificate 77169 | 14 |
| 3 | Penson Plan stock check | 15 |
| 4 | PRHL stock certificate 10948 | 16 |
| 5 | 2001 West 60th Street title report | 17 |

– 3 –

DEFENDANTS' MOTION FOR JOINDER

EXHIBIT A

<u>**MEMORANDUM OF POINTS AND AUTHORITIES\\**</u>

## I.  INTRODUCTION

The Plaintiff is a shareholder and former officer and director of a closely held family corporation, Leon Elster, Inc. (LEI).  He is alleging various claims against the current officers and other shareholders, Stuart Elster and Aaron Elster, contending that the current officers have committed corporate waste and have breached their duties to the corporation by mishandling and diverting corporate assets that the Plaintiff contends belong either to him or to LEI and which should be returned to him or to LEI.

Plaintiff contends that the current officers who are named as defendants took personal property that the Plaintiff asserts belongs to him consisting of: 1) 600,000 shares of Bakhu Holdings Corp. stock; and 2) 7,000,000 shares of PRHL stock.  (Pls. Cmpl. at ¶ 25.)  The Plaintiff seeks the return of that property to him.  (Pls. Cmpl. at ¶ 50, Prayer at ¶ 10.)  Plaintiff also contends that Defendants caused corporate assets to be transferred to themselves personally without adequate consideration.  One of those assets in an interest in real property known as 2001 West 60th Street, Los Angeles, CA.  (Pls. Cmpl. at ¶ 22.)

Each of the three items of property that the Plaintiff contends are his or belong to LEI, and for which he seeks an order that they be returned to him or to LEI, are owned in part by both the corporation, LEI, and by the yet unnamed party, the Leon Elster, Inc. Defined Benefit Pension Plan (Pension Plan).  Because the Pension Plan owns an interest in each the properties that are the subject of this action, both of the requirements for a joinder of the Pension Plan under section 389 of the Code of Civil Procedure are met, thereby requiring that it be named by the Plaintiff as a defendant in the action.

## II.   AS AN OWNER OF THE PROPERTY THAT IS THE SUBJECT OF THE ACTION, THE PENSION PLAN IS AN INDISPENSABLE PARTY AND MUST BE JOINED IN THE ACTION

Code of Civil Procedure section 389 requires the joinder of a party where either of two conditions are met, provided that the party to be joined is subject to service of process and its joinder

EXHIBIT A

1   will not deprive the court of jurisdiction.  The first condition requiring a joinder is where, in the absence

2   of the party who is sought to be joined, "complete relief cannot be accorded among those already

3   parties." Cal. Civ. Proc. Code § 389(a)(1).  The second condition which can also require a joinder is

4   where the absent party "claims an interest relating to the subject of the action and is so situated that the

5   disposition of the action in his absence may: (i) as a practical matter impair or impede his ability to

6   protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of

7   incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

8   Cal. Civ. Proc. Code 389(a)(2).  Both alternative conditions for joinder under section 389 are met here

9   as to the Pension Plan.

10

11  **A.      Complete Relief Among the Existing Parties Cannot be Accorded in the Absence of the**

12  **Pension Plan**

13          An absent party is considered indispensable under section 389 where a judgment in the

14  action will necessarily affect the rights of the party.  A decision in a case that is favorable to an existing

15  party, but which would also directly affect, and likely injure, the absent party satisfies the first condition

16  for joinder under section 389 because in that situation the court cannot fashion complete relief among

17  only the parties that are named in the action.  *Sierra Club, Inc. v. The Cal. Coastal Comm'n*, 95 Cal.

18  App. 3d 495, 501 1979 (citing *Bank of Cal. v. Super. Ct.,* (1940) 16 Cal. 2d 516, 522).  Complete relief

19  cannot be accorded among those already parties to the action within the meaning of the first condition

20  set forth in paragraph (a)(1) of section 389 where the absent party would not be bound by any judgment

21  that adversely affects his property interest, "leaving him free to collaterally attack any such judgment."

22  *Id.* (owner of the real property at issue is indispensable party to action seeking to invalidate permit

23  rights that were granted that affect the property that it owns.)

24          "Where a number of persons have undetermined interests in a . . . [common] fund and

25  one of them, acting adversely to the others, seeks to recover the whole, to fix his share, or recover a

26  portion claimed by him, the other persons are indispensable parties." *Patrick v. Alacer Corp.*, 167 Cal.

27  App. 4th 995, 1015 (2008) (joinder required for trust beneficiary who is a potential owner of the trust

28  assets at issue).  Because the Pension Plan has an ownership interest in the properties that the Plaintiff

– 5 –

1   seeks to have declared to be entirely his and to have returned to him or to the corporation (LEI), the

2   absence of any other owners of the subject properties means that the court is not able to fashion

3   complete relief among the other two owners who are named in the action, who are Plaintiff and

4   Defendant LEI, if the Pension Plan is not also made a party to the action.

5          Some of the 600,000 shares of Bakhu Holdings stock were paid for by the Plaintiff,

6   some of the shares were paid for by LEI, and some were paid for by the Pension Plan.  (S.Elster Decl.

7   at ¶ 4.)  This means that the ownership of the Bakhu stock, which Plaintiff contends are entirely his,

8   cannot be fully determined if the litigation involves only the Plaintiff and LEI.  In order for the court

9   to accord complete relief among all owners of those shares, the Pension Plan needs to be a party to the

10  action in order to be able to protect its interest in those shares of the Bakhu stock that belong to it and

11  that do not belong to either the Plaintiff or LEI.  The Pension Plan owns part of the 600,000 shares that

12  it paid for.  If the Pension Plan is not named as a defendant, any judgment in the case as to the ownership

13  of the Bakhu shares would not also bind the Pension Plan, thereby leaving it "free to collaterally attack"

14  any judgment as to the ownership of those shares.

15         Some of the 7,000,000 shares of PRHL stock were paid for by the Plaintiff, some were

16  paid for by LEI, and some were paid for by the Pension Plan.  (S.Elster Decl. at ¶ 5-6.)  The Pension

17  Plan owns part of the 7,000,000 shares that it paid for.  This means that the ownership of the PRHL

18  stock, which Plaintiff contends are entirely his, cannot be fully determined if the litigation is between

19  only the Plaintiff and LEI.  A judgment as to the PRHL stock would not bind the Penson Plan if it is

20  not a party to the action.  In order for the court to accord complete relief among all owners of those

21  7,000,000 shares, the Pension Plan needs to be a party to the action in order to protect its interest in the

22  PRHL shares that belong to it.

23         Plaintiff contends that the real property at 2001 West 60th Street, Los Angeles that is

24  referred to in the complaint purportedly belongs to LEI.  Based on that allegation, Plaintiff alleges that

25  the property should be returned to LEI and that the court should quiet the title to the property, cancel

26  any instrument purporting to show title held by any entity other than LEI, and declare the real property

27  to be owned solely by LEI.  (Pls. Cmpl. at ¶¶ 50, 52, 59-61.)  That real property, however, is owned in

28  part by LEI, in part by the 2001 West 60th Street, LLC, and in part by the Pension Plan.  (S.Elster Decl.

EXHIBIT A

1   at ¶ 7.)  This means that the ownership of the real property which Plaintiff contends belongs entirely to

2   LEI cannot be fully determined if the litigation is between only the Plaintiff and LEI.  A judgment as

3   to that real property would not bind the Penson Plan if it is not a party to the action.  In order for the

4   court to accord complete relief among all owners of that real property, the Pension Plan needs to be a

5   party to the action in order to protect its interests in the property.

6         The Pension Plan is an entity that is subject to service of process and its joinder will not

7   deprive the court of jurisdiction over the subject matter of the action.  (S.Elster Decl. at ¶ 8.)  The

8   Pension Plan is legally considered to be its own entity that can sue and be sued as a separate defendant,

9   because it, as an employee benefit plan under ERISA, may sue or be sued as an entity itself.  11 U.S.C.

10  § 1132(d).  Defendant Stuart Elster, as its Trustee, is here in Los Angeles County and can be served on

11  behalf of the Pension Plan just as he was served as an individual defendant in this action.  (S.Elster

12  Decl. at ¶¶ 2, 8.)  Accordingly, not only have the pre-conditions to joinder under section 389 been met

13  (subject to service and not destructive of jurisdiction), but also the first of the two situations in which a

14  compulsory joinder is proper under subsection 389(a)(1) have been met.

15

16  **B.   Because the Pension Plan Has an Interest in the Property that is the Subject of the**

17  **Action, a Disposition of this Action in its Absence Will Both Affect the Ability of the**

18  **Pension Plan to Protect Its Interests and Will Cause LEI to be Subject to a Substantial**

19  **Risk of Double Liability or Inconsistent Obligations**

20        The second condition that also requires a joinder under subsection 389(a)(2) has two

21  requirements: joinder is necessary when an absent party claims an interest in the subject of the action

22  and is so situated that the disposition of the action in the absence of that party may: (i) as a practical

23  matter impair or impede his ability to protect that interest; or (ii) leave any of the persons already parties

24  subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

25  reason of his claimed interest.  Both requirements of the second condition under subsection (a)(2) are

26  met here.

27        In determining whether an absent party is an indispensable party, the potential prejudice

28  to that absent party "is of critical importance."  *Morrical v. Rogers*, 220 Cal. App. 4th 438, 463 (2013).

– 7 –

DEFENDANTS' MOTION FOR JOINDER

EXHIBIT A

1   "A person is an indispensable party if his or her rights must necessarily be affected by the judgment."

2   *Id.* "Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect

3   the interest of a third person not joined, that third person is an indispensable party." *Sierra Club*, 95

4   Cal. App. 3d at 501. An unjoined party meets the requirements of paragraph (a)(2) of section 389

5   where he claims an interest in the property that is the subject of the action and is so situated that the

6   disposition of the action in his absence might impair his ability to protect that interest or leave any of

7   the persons already parties subject to a substantial risk of incurring inconsistent obligations by reason

8   of the claimed interest of the absent party. *Id.*

9           The first requirement of subsection (a)(2)(i) is met here because, as noted above, the

10   Pension Plan claims an ownership interest in the Bakhu stock, the PRHL stock, and the real property

11   at 2001 West 60th Street that are the subject of the action. (S.Elster Decl. at ¶ 3-7.) As a joint owner

12   of those assets, the Pension Plan is so situated that any judgment in this action in its absence runs the

13   risk of impairing or impeding the ability of the Pension Plan to protect its interests in the assets that the

14   Plaintiff claims belong entirely his or to LEI, but in which the Pension Plan also claims an ownership

15   interest. To the extent that the court decides in the absence of the Pension Plan that the assets at issue

16   belong to only the Plaintiff and/or to LEI, then the rights of the Pension Plan to the subject assets will

17   necessarily be affected.

18           The second requirement of subsection (a)(2)(ii) is also met here. Any judgment in this

19   action in the absence of the Pension Plan subjects LEI to a possible, substantial risk of double liability

20   or otherwise inconsistent obligations by reason of the Pension Plan's ownership interest in the assets

21   that the Plaintiff is claiming are entirely his or belong to only LEI. If the court determines in this case

22   in the absence of the Pension Plan that the assets at issue belong wholly to the Plaintiff or to just the

23   Plaintiff and LEI, then LEI could first be liable to the Plaintiff for the value of those assets in order to

24   satisfy the judgment, and second, as the employer sponsor of the Pension Plan, LEI could also be liable

25   to the Pension Plan in a subsequent action brought by the Pension Plan to replace those Penson Plan

26   assets that the court determined in this case to belong to the Plaintiff and not to the Pension Plan.

27   (S.Elster Decl. at ¶ 9.) This situation would create the substantial risk of LEI incurring double liability

28   to both the Plaintiff in this case and to the Pension Plan by having to replace those Pension Plan assets.

1    Also, a determination in this case that the subject assets do not belong to the Pension

2    Plan could be inconsistent with a determination in a subsequent case.  A case could potentially be

3    brought either by a beneficiary of the Pension Plan or by the Plan itself to require that LEI, as the Plan

4    employer, replace those lost assets that a judgment in this case determined do not belong to it.  A court

5    in such a later action could determine that the assets at issue were if fact assets that belonged to the

6    Pension Plan, thereby requiring LEI to replace those retirement fund assets.  That determination would

7    be contrary to a determination in this case that the assets belong to only the Plaintiff or to just the

8    Plaintiff and LEI, and do not belong the Pension Plan.  Accordingly, due process requires that the

9    Pension Plan, as a joint owner of the assets at issue, be joined in this action in order to be able to protect

10   its interests and property rights in the assets that are at issue.  *Roth v. Jelly*, 45 Cal. App. 5th 655, 673

11   (2020) (when the rights of absent beneficiaries to a trust—those with an ownership interest—are

12   inevitably affected, due process entitles them to notice "and they are indispensable parties.")

13   Accordingly, the second requirement under subsection (a)(2)(ii) that requires the Pension Plan as an

14   absent party to be joined in the case is also met here, thereby requiring that the Pension Plan be joined

15   as a party.

16

17                                    **III. CONCLUSION**

18        The Pension Plan is a necessary and indispensable party under both alternative

19   conditions that are set forth in section 389(a).  As an owner of the assets that the Plaintiff contends

20   belong to him and which Plaintiff seeks to have returned to him or returned to LEI, the Pension Plan is

21   a party that must be joined under section 389(a)(1), because its joinder will not deprive the court of

22   jurisdiction.  In addition, the conditions under subsection 389(a)(2) are also met: 1) if the Pension Plan

23   is not named as a party in the action, the court cannot accord complete relief among those who are

24   already parties to this action; and 2) Pension Plan claims an interest in the subject of the action and

25   is so situated that the disposition of this case in the absence of the Pension Plan will impair or impede

26   the ability of the Pension Plan to protect its interests in the subject property and will cause the existing

27   Defendant, LEI, to be subjected to a substantial risk of incurring double or otherwise inconsistent

28   obligations by reason of the fact that the Pension Plan also holds an interest in the assets at issue.

EXHIBIT A

1    For all the foregoing reasons, Defendants Stuart Elster, Aaron Elster, and Leon Elster,

2   Inc. request that the court order Plaintiff to name as a defendant in this action the Leon Elster, Inc.

3   Defined Benefit Pension Plan or that this action be dismissed if the Pension Plan is not named as a

4   defendant.

5   Dated:  November 12, 2021          **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                        Craig R. Bockman
6                                       Samer N. Aref

7
                                        By:   _____
8                                             CRAIG R. BOCKMAN
9                                             Attorneys for Defendants Stuart Elster, Aaron
                                              Elster, Leon Elster, Inc., 8615 Long Beach Blvd.,
10                                            LLC, 7607 St. Bernard, LLC, 1132 West
                                              Edgeware, LLC, and 2001 West 60th Street, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 10 –
DEFENDANTS' MOTION FOR JOINDER

EXHIBIT A

**DECLARATION OF STUART ELSTER IN SUPPORT OF MOTION TO**

**COMPEL JOINDER OF INDISPENSABLE PARTY**

I, Stuart Elster, hereby declare that:

1.      I have personal knowledge of the facts stated herein and would and could testify competently thereto if sworn as a witness.

2.      I am and have been since April of 1978 an officer of, and member of the Board of Directors of, Leon Elster, Inc. (LEI).  I am currently the President of LEI.  I am and have been since 2012 a trustee of the Leon Elster, Inc. Defined Benefit Pension Plan (the Pension Plan).

3.      Prior to June 30, 2018, the Plaintiff, Leon Elster, was an officer and director of LEI and until February 18, 2019, Leon Elster was a trustee of the Pension Plan.

4.      Some of the 600,000 shares of Bakhu Holdings stock that are alleged in the complaint filed by the Plaintiff herein were paid for by the Plaintiff, some of the shares were paid for by LEI, and some of the shares were paid for by the Pension Plan.  Filed concurrently with this declaration as Exhibit 1 is a true and correct, partially redacted copy of the Bakhu stock certificate 3124 issued in the name of Leon Elster and Stuart Elster as Trustees of the Pension Plan pursuant to a purchase agreement by which the Pension Plan purchased 50,000 shares of Bakhu stock.

5.      Some of the 7,000,000 shares of PRHL stock that is alleged in the complaint filed by the Plaintiff herein were paid for by the Plaintiff, some of the shares were paid for by LEI, and some of the shares were paid for by the Pension Plan.  Filed concurrently with this declaration as Exhibit 2 is a true and correct copy of PRHL certificate 77169 for 100,000 shares of PRHL stock issued in the name of the Plaintiff.  The 100,000 shares of PRHL stock that are represented by certificate 77169 were paid for by the Penson Plan.  Filed concurrently with this declaration as Exhibit 3 is a true and correct partially redacted copy of the Penson Plan check, number 395, that was used to pay for the 100,000 shares represented by certificate 77169.

6.      Filed concurrently with this declaration as Exhibit 4 is a true and correct partially redacted copy of the PRHL certificate 10948 for 1,000,000 shares of PRHL stock issued in the name of the LEI, reflecting that the 1,000,000 shares represented by certificate 10948 are in fact owned by LEI and not by the Plaintiff.

EXHIBIT A

1    7.    The 2001 West 60th Street, Los Angeles, CA property that is referred to in the complaint

2  filed by the Plaintiff herein is owned in part by LEI, in part by 2001 West 60th Street, LLC, and in part

3  by the Pension Plan. Filed concurrently with this declaration as Exhibit 5 is a true and correct copy of

4  the title report dated August 9, 2021, showing that the Pension Plans owns an undivided 50% interest

5  in the 2001 West 60th Street, Los Angeles, property and LEI owns an undivided 30% interest in the

6  2001 West 60th Street, Los Angeles, property. As of this date, the Pension Plan continues to own a

7  50% interest in the 2001 West 60th Street property.

8    8.    The Pension Plan is an employee Defined Benefit Pension Plan that LEI caused to be

9  created for the benefit of its employees under the Employee Retirement Income Security Act (ERISA).

10  The Pension Plan is an entity that has its principal place of business in Los Angeles, California.

11    9.    As trustee of the Pension Plan, I am informed by the Pension Plan consultant that if it is

12  determined in this case that the assets at issue belong wholly to the Plaintiff or to just the Plaintiff and

13  LEI, and as a result of such determination the Pension Plan would then have no ownership in those

14  assets, then LEI, as the sponsor of the Pension Plan, could be subjected to the risk of possibly being

15  liable not only to the Plaintiff for the value of those assets by virtue of an adverse judgment rendered

16  in this case, but could also be liable to the Pension Plan if LEI, as the employer retirement plan sponsor,

17  is later required to replace for the Pension Plan the value of the assets that the court determined belong

18  to the Plaintiff and not to the Pension Plan. The Pension Plan considered the assets at issue to belong

19  to it as a result of the actions of LEI that conveyed such ownership interests to the Pension Plan.

20    I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22

23  Dated: November 12, 2021

24    Stuart Elster

25

26

27

28

-12-

DEFENDANTS' MOTION FOR JOINDER

EXHIBIT A

CS2-3124

ELSTE    289

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
3124

**SHARES**
***50,000***

CUSIP#057586208

# BAKHU
### HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    STEWART ELSTER & LEON ELSTER TRUSTEES
UA 11-30-1980
LEON ELSTER INC DEFINED BENEFIT PENSION PLAN TRUST

IS THE RECORD HOLDER OF

*** Fifty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        August 7, 2019

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA
★ ★ ★

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Exhibit 1
Countersigned by

PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

page 13

EXHIBIT A

5048

**Certificate No.**

77169

Incorporated in Nevada
October 18, 1971

**Shares**

**100000**

# PREMIER HOLDING CORPORATION

**450000000 SHARES AUTHORIZED**
**PAR VALUE $0.0001 PER SHARE**

CUSIP 74051M104

This certifies that _____**LEON ELSTER**_____ is the record holder of

**ONE HUNDRED THOUSAND** _____ shares of Common Stock of

## PREMIER HOLDING CORPORATION

transferable only on the share register of the corporation, in person or by duly authorized attorney, upon surrender of

this certificate properly endorsed or assigned.

this certificate and the shares represented hereby are issued and shall be held subject to all the provisions of the Articles

of Incorporation and the By-laws of the corporation and any amendments thereto.

WITNESS the signatures of its duly authorized officers this __13th__ day of __NOVEMBER__ A.D. __2013__

Secretary

President

*THIS CERTIFICATE IS RESTRICTED SEE REVERSE*

Exhibit 2 page 14

EXHIBIT A

0395

**LEON ELSTER, INC.**
**DEFINED BENEFIT PENSION PLAN AND TRUST**
3387 MOORE ST.   PH.   310 888-8899
LOS ANGELES, CA 90066

DATE NOV 1 5 2013

90-2059-1222

PAY TO THE ORDER OF ___PREMIER HOLDING CORP___ $ 12,000 ⁰⁰

___TWELVE THOUSAND AND NO/100___ DOLLARS

**SANTA BARBARA BANK & TRUST**
SINCE 1960
A division of Pacific Capital Bank, N.A. Member FDIC
888.400.7228

FOR ___100,000 SHARES PRItL___

*Leon Elster*

⑆00000395⑆ ⑈

Exhibit 3

page 15

EXHIBIT A

ORIGINAL

5/5/2015 PAID CK#2389 $50,000

Incorporated in Nevada
October 18, 1971

**Certificate No.**

10948

**Shares**

**1000000**

# PREMIER HOLDING CORPORATION

### 450000000 SHARES AUTHORIZED
### PAR VALUE $0.0001 PER SHARE

CUSIP 74051M104

*This certifies that*  **LEON ELSTER INC**  *is the record holder of*

**ONE MILLION**  *shares of Common Stock of*

## PREMIER HOLDING CORPORATION

*transferable only on the share register of the corporation. in person or by duly authorized attorney. upon surrender of*

*this certificate properly endorsed or assigned.*

*this certificate and the shares represented hereby are issued and shall be held subject to all the provisions of the Articles*

*of Incorporation and the By-laws of the corporation and any amendments thereto.*

*WITNESS the signatures of its duly authorized officers this*  **15th**  *day of*  **JULY**  *A.D.*  **2015**

_____
Secretary

_____
President

© GOES 348

Exhibit 4

Countersignature:
page 16 LITHO IN U.S.A.
Columbia Stock Transfer Company,1809 E. Saltice Way Suite 242, Post Falls, ID 83854

EXHIBIT A

WILSHIRE ESCROW (3829)  
4270 WILSHIRE BLVD  
LOS ANGELES, CA 90010  

TITLE OFFICER: ELLEN LEE  
E-MAIL: TITLEUNIT11@PROVIDENTTITLE.COM  
ORDER NO.: 11384817  

ATTN: MATTHEW SHEWFELT

YOUR REFERENCE NO: 2001 W 60TH

PROPERTY ADDRESS: 2001 WEST 60TH STREET, LOS ANGELES, CALIFORNIA 90047

---

**PRELIMINARY REPORT**

---

DATED AS OF AUGUST 9, 2021 AT 7:30 A.M.

PROVIDENT TITLE COMPANY, HEREBY REPORTS THAT IT IS PREPARED TO ISSUE, OR CAUSE TO BE ISSUED AS OF THE DATE HEREOF, A FIRST AMERICAN TITLE INSURANCE COMPANY POLICY OR POLICIES OF TITLE INSURANCE DESCRIBING THE LAND AND THE ESTATE OR INTEREST THEREIN HEREINAFTER SET FORTH, INSURING AGAINST LOSS WHICH MAY BE SUSTAINED BY REASON OF ANY DEFECT, LIEN OR ENCUMBRANCE NOT SHOWN OR REFERRED TO AS AN EXCEPTION IN SCHEDULE B OR NOT EXCLUDED FROM COVERAGE PURSUANT TO THE PRINTED SCHEDULES, CONDITIONS AND STIPULATIONS OF SAID POLICY FORMS.

THE PRINTED EXCEPTIONS AND EXCLUSION FROM THE COVERAGE OF SAID POLICY OR POLICIES ARE SET FORTH IN SCHEDULE B ATTACHED. COPIES OF THE POLICY FORMS SHOULD BE READ. THEY ARE AVAILABLE FROM THE OFFICE WHICH ISSUED THIS REPORT. *PLEASE READ THE EXCEPTIONS SHOWN OR REFERRED TO BELOW AND THE EXCEPTIONS AND EXCLUSIONS SET FORTH IN SCHEDULE B OF THIS REPORT CAREFULLY. THE EXCEPTIONS AND EXCLUSIONS ARE MEANT TO PROVIDE YOU WITH NOTICE OF MATTERS WHICH ARE NOT COVERED UNDER THE TERMS OF THE TITLE INSURANCE POLICY AND SHOULD BE CAREFULLY CONSIDERED.*

*IT IS IMPORTANT TO NOTE THAT THIS PRELIMINARY REPORT IS NOT A WRITTEN REPRESENTATION AS TO THE CONDITION OF TITLE AND MAY NOT LIST ALL LIENS, DEFECTS, AND ENCUMBRANCES AFFECTING TITLE TO THE LAND.*

THIS REPORT (AND ANY SUPPLEMENTS OR AMENDMENTS HERETO) IS ISSUED SOLELY FOR THE PURPOSE OF FACILITATING THE ISSUANCE OF A POLICY OF TITLE INSURANCE AND NO LIABILITY IS ASSUMED HEREBY. IF IT IS DESIRED THAT LIABILITY BE ASSUMED PRIOR TO THE ISSUANCE OF A POLICY OF TITLE INSURANCE, A BINDER OR COMMITMENT SHOULD BE REQUESTED.

ELLEN LEE  
TITLE OFFICER

Exhibit 5                                          page 17

EXHIBIT A

THE FORM OF POLICY OF TITLE INSURANCE CONTEMPLATED BY THIS REPORT IS:

PRELIMINARY TITLE REPORT ONLY

ISSUED BY PROVIDENT TITLE COMPANY AS AGENT FOR:
FIRST AMERICAN TITLE INSURANCE COMPANY

## SCHEDULE A

1. THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

    A FEE

2. TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

    LEON ELSTER, INC., A CALIFORNIA CORPORATION AS TO AN UNDIVIDED 30%, 2001 WEST 60TH ST, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, AN UNDIVIDED 20% INTEREST AND LEON ELSTER, TRUSTEE F.B.O. LEON ELSTER, INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979, AS TO AN UNDIVIDED 50% INTEREST

3. THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL "B", IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON PARCEL MAP L.A. NO. 2131 FILED IN BOOK 31 PAGE(S) 11 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 6001-013-010

Exhibit 5                                        page 18

EXHIBIT A

**SCHEDULE B**

AT THE DATE HEREOF EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN THE POLICY FORM DESIGNATED ON THE FACE PAGE OF THIS REPORT WOULD BE AS FOLLOWS:

A.  PROPERTY TAXES, INCLUDING ANY ASSESSMENTS COLLECTED WITH TAXES, TO BE LEVIED FOR THE FISCAL YEAR 2021-2022, WHICH ARE A LIEN NOT YET PAYABLE.

B.  PROPERTY TAXES FOR THE FISCAL YEAR SHOWN BELOW ARE PAID.  FOR INFORMATIONAL PURPOSES THE AMOUNTS ARE:
    FISCAL YEAR:              2020-2021
    1ST INSTALLMENT:         $ 5,524.88
    2ND INSTALLMENT:         $ 5,524.87
    CODE NO.:                00204
    TAX PARCEL NO.:          6001-013-010

C.  SUPPLEMENTAL ASSESSMENTS OF PROPERTY TAXES, IF ANY, MADE PURSUANT TO THE PROVISIONS OF PART 0.5, CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE CALIFORNIA REVENUE AND TAXATION CODE AS A RESULT OF THE TRANSFER OF TITLE TO THE VESTEE NAMED IN SCHEDULE A.

SUPPLEMENTAL OR ESCAPED ASSESSMENTS OF PROPERTY TAXES, IF ANY, MADE PURSUANT TO PART 0.5, CHAPTER 3.5 OR PART 2, CHAPTER 3, ARTICLES 3 AND 4, RESPECTIVELY, OF THE CALIFORNIA REVENUE AND TAXATION CODE AS A RESULT OF CHANGES IN OWNERSHIP OR NEW CONSTRUCTION OCCURRING PRIOR TO DATE OF POLICY.

ASSESSMENTS, IF ANY, FOR COMMUNITY FACILITY DISTRICTS AFFECTING SAID LAND WHICH MAY EXIST BY VIRTUE OF ASSESSMENT MAPS OR NOTICES FILED BY SAID DISTRICTS.

**NOTE: THE MAP ATTACHED HERETO IS NEITHER A PLAT NOR A SURVEY, IT IS FURNISHED AS A CONVENIENCE TO LOCATE THE LAND INDICATED HEREON WITH REFERENCE TO STREETS AND OTHER LAND.  NO LIABILITY IS ASSUMED BY REASON OF RELIANCE HEREIN.**

1.  WATER RIGHTS, CLAIMS OR TITLE TO WATER, WHETHER OR NOT SHOWN BY THE PUBLIC RECORDS.

2.  AN EASEMENT FOR THE PURPOSE SHOWN BELOW AND RIGHTS INCIDENTAL THERETO AS SET FORTH IN A DOCUMENT
    PURPOSE:                 PIPELINES
    AFFECTS:                 AS DESCRIBED THEREIN
    RECORDED:                MARCH 23, 1999 AS INSTRUMENT NO. 2836 IN BOOK D407
                             PAGE 270 OF OFFICIAL RECORDS

3.  THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.
    ENTITLED:                "COVENANT AND AGREEMENT"
    RECORDED:                FEBRUARY 10, 1971 AS INSTRUMENT NO. 1622 IN BOOK M3679
                             PAGE 754 OF OFFICIAL RECORDS

REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

Exhibit 5                                    page 19

EXHIBIT A

4.  THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.
    ENTITLED:                    "COVENANT AND AGREEMENT"
    RECORDED:                    **APRIL 28, 1971 AS INSTRUMENT NO. 3587 IN BOOK M3753 PAGE 44** OF OFFICIAL RECORDS

    REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

5.  COVENANTS, CONDITIONS AND RESTRICTIONS, AND EASEMENTS, BUT OMITTING ANY COVENANT, CONDITION AND RESTRICTION, IF ANY, BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL ORIGIN UNLESS AND ONLY TO THE EXTENT THAT THE COVENANT, CONDITION OR RESTRICTION (A) IS EXEMPT UNDER TITLE 42 OF THE UNITED STATES CODE, OR (B) RELATES TO HANDICAP, BUT DOES NOT DISCRIMINATE AGAINST HANDICAPPED PERSONS" AS SET FORTH IN THE DOCUMENT RECORDED: **NOVEMBER 17, 1971 AS INSTRUMENT NO. 150** OF OFFICIAL RECORDS

    **NOTE:** SECTION 12956.1 OF THE GOVERNMENT CODE PROVIDES THE FOLLOWING: IF THIS DOCUMENT CONTAINS ANY RESTRICTIONS BASED ON RACE, COLOR, RELIGION, SEX, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, NATIONAL ORIGIN, OR ANCESTRY, THAT RESTRICTION VIOLATES STATE AND FEDERAL FAIR HOUSING LAWS AND IS VOID. ANY PERSON HOLDING AN INTEREST IN THIS PROPERTY MAY REQUEST THAT THE COUNTY RECORDER REMOVE THE RESTRICTIVE LANGUAGE PURSUANT TO SUBDIVISION (C) OF SECTION 12956.1 OF THE GOVERNMENT CODE.

6.  THE DISCLOSURE OF THE FACT THAT SAID PROPERTY MAY CONTAIN HAZARDOUS WASTE AS DISCLOSED BY DOCUMENT RECORDED **SEPTEMBER 1, 1994 AS INSTRUMENT NO. 94-1617124** OF OFFICIAL RECORDS.

7.  THE FACT THAT SAID LAND IS INCLUDED WITHIN A PROJECT AREA OF THE REDEVELOPMENT AGENCY SHOWN BELOW, AND THAT PROCEEDINGS FOR THE REDEVELOPMENT OF SAID PROJECT HAVE BEEN INSTITUTED UNDER THE REDEVELOPMENT LAW (SUCH REDEVELOPMENT PLAN) AS DISCLOSED BY A DOCUMENT,
    RECORDED:                    **MAY 16, 1996 AS INSTRUMENT NO. 96-771908** OF OFFICIAL
                                 RECORDS
    REDEVELOPMENT AGENCY:  THE WESTERN/SLAUSON RECOVERY REDEVELOPMENT
                           PROJECT AREA

8.  FAILURE OF THE PARTIES TO OBSERVE THE TERMS AND CONDITIONS OF AN UNRECORDED LEASE EXECUTED BY LEON ELSTER, INC., A CALIFORNIA CORPORATION, AND LEON ELSTER, TRUSTEE F.B.O LEON ELSTER, INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979 AS LESSOR AND NEXTEL OF CALIFORNIA, INC., A DELAWARE CORPORATION AS LESSEE, AS DISCLOSED TO THE COMPANY.

9.  FAILURE OF THE PARTIES TO OBSERVE THE TERMS AND CONDITIONS CONTAINED IN THAT WIRELESS COMMUNICATION EASEMENT AND ASSIGNMENT DATED MARCH 12, 2008 BETWEEN LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND LEON ELSTER, TRUSTEE F.B.O. LEON ELSTER,INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979, AS TO AN UNDIVIDED 50% INTEREST (GRANTOR) AND T3 UNISON SITE MANAGEMENT LLC, A DELAWARE LIMITED LIABILITY COMPANY, (GRANTEE) RECORDED **MARCH 19, 2008 AS INSTRUMENT NO. 08-0470003**.

Exhibit 5                            page 20

EXHIBIT A

THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.
ENTITLED:                          "ASSIGNMENT"
RECORDED:                          **OCTOBER 10, 2018 AS INSTRUMENT NO. 18-1032561** OF
                                   OFFICIAL RECORDS

REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

**10. OUR EXAMINATION OF RECORD TITLE TO THE HEREIN DESCRIBED LAND DOES NOT DISCLOSE ANY EXISTING LOANS.  WE THEREFORE REQUEST A COPY OF THE OWNERS DISCLOSURE STATEMENT WITH REFERENCE TO EXISTING ENCUMBRANCES TO RECONFIRM OUR FINDINGS.**

11. ANY RIGHTS OF THE PARTIES IN POSSESSION OF SAID LAND, BASED ON AN UNRECORDED AGREEMENT, CONTRACT OR LEASE, AS DISCLOSED BY INSPECTION AND INVESTIGATION.

THIS COMPANY WILL REQUIRE THAT A FULL COPY OF ANY UNRECORDED AGREEMENT, CONTRACT OR LEASE BE SUBMITTED TO US, TOGETHER WITH ALL SUPPLEMENTS, ASSIGNMENTS AND AMENDMENTS, BEFORE ISSUING ANY POLICY OF TITLE INSURANCE.

**END OF SCHEDULE B**

Exhibit 5                                    page 21

**EXHIBIT "A"**

PARCEL "B", IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON PARCEL MAP L.A. NO. 2131 FILED IN BOOK 31 PAGE(S) 11   OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER:  6001-013-010

Exhibit 5                              page 22

EXHIBIT A

Exhibit 5

page 23



08/13/2019

EXHIBIT A

# CONDITIONS AND STIPULATIONS

## CALIFORNIA LAND TITLE ASSOCIATION STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.    (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

(b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.    Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.    Defects, liens, encumbrances, adverse claims or other matters:
(a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
(b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
(c)  resulting in no loss or damage to the insured claimant;
(d)  attaching or created subsequent to Date of Policy; or
(e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.    Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.    Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.    Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.    Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.    Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.    Easements, liens or encumbrances, or claims thereof, which are not shown by the public records.

4.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.    (a)  Unpatented mining claims;  (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof;  (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.    Any lien or right to a lien for services, labor or material not shown by the public records.

Exhibit 5                               page 24

EXHIBIT A

**CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (02/03/10)**
**ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE**

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of any law or government regulation. This includes ordinances, laws and regulations concerning:
   a. building;
   b. zoning;
   c. land use;
   d. improvements on the Land;
   e. land division; and
   f. environmental protection.

This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Risk 14 or 15.
3. The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Risk 17.
4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
   c. that result in no loss to You; or
   d. that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5. Failure to pay value for Your Title.
6. Lack of a right:
   a. to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
   b. in streets, alleys, or waterways that touch the Land.

This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

### LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
\* For Covered Risk 16, 18, 19, and 21, Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |

Exhibit 5                                    page 25

EXHIBIT A

**2006 ALTA LOAN POLICY (06-17-06)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.     (a)    Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   - (i)    the occupancy, use, or enjoyment of the Land;
   - (ii)    the character, dimensions, or location of any improvement erected on the Land;
   - (iii)    the subdivision of land; or
   - (iv)    environmental protection;

   or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
       (b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.     Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.     Defects, liens, encumbrances, adverse claims, or other matters
   (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
   (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c)  resulting in no loss or damage to the Insured Claimant;
   (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
   (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.     Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.     Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.     Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a)  a fraudulent conveyance or fraudulent transfer, or
   (b)  a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.     Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

**EXCEPTIONS FROM COVERAGE**

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.     (a).  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.     Any facts, rights, interests or claims which are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.     Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.     Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.     (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.     Any lien or right to a lien for services, labor or material not shown by the public records.

Exhibit 5                  page 26

EXHIBIT A

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los
Angeles, California 90017-5759.

3

4

On November 12, 2021, I served the foregoing document(s) described as:   **DEFENDANTS'**

5

**NOTICE OF MOTION AND MOTION TO COMPEL JOINDER OF INDISPENSABLE PARTY**

6

☒   BY MAIL:  I am readily familiar with this firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S.
postal service on that same day in the ordinary course of business.  I am aware that on
motion of party served, service is presumed invalid if postal cancellation date or
postage meter date is more than 1 day after date of deposit for mailing in affidavit.
☒     by placing a true copy thereof in sealed envelope(s) addressed as stated on the
attached "SERVICE MAILING LIST."
☐     by placing a true copy thereof in sealed envelope(s) addressed as follows:

7

8

9

10

11

☐   BY FAX:   by transmitting a true and correct copy of the above-referenced
document(s) at _____ AM/PM to the persons listed on the attached "SERVICE
MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING
LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The
transmission was reported as complete and without error.  The transmission report was
properly issued by the transmitting facsimile machine.

12

13

14

15

☐   BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic
mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an
agreement between the parties.

16

17

18

☐   BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier
courier or driver authorized by said express service carrier, a true copy of the
foregoing document(s) in sealed envelopes or packages designated by the express
service carrier for delivery on the next business day with fees for overnight delivery
paid or provided to:
☐     the person(s) listed on the attached "SERVICE MAILING LIST."
☐     the following persons:

19

20

21

22

I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 12, 2021, at Los Angeles, California.

23

24

25

_____
MARIA M. DIAZ

26

27

28

EXHIBIT A

1

**SERVICE MAILING LIST**

2
David Glaubiger, Esq.
Law Offices of David Glaubiger
3
21000 Devonshire Street, Suite 112
4
Chatsworth, CA 91311
Telephone:     (818) 725-9711
5
*Attorney for Plaintiff Leon Elster*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

 Journal Technologies Court Portal

# Make a Reservation

LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.

Case Number: 21STCV25835    Case Type: Civil Unlimited    Category: Other Commercial/Business Tort (not fraud/breach of contract)
Date Filed: 2021-07-14   Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al. | 21STCV25835 |
| Type: | Status: |
| Motion to Join Necessary Party | RESERVED |
| Filing Party: | Location: |
| Leon Elster, Inc. (Cross-Complainant) | Stanley Mosk Courthouse - Department 71 |
| Date/Time: | Number of Motions: |
| 12/15/2021 9:30 AM | 1 |
| Reservation ID: | Confirmation Code: |
| 662789650883 | CR-X8SAYJMRHHPWFHJJT |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Join Necessary Party | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount: | Type: |
| $61.65 | Visa |
| Account Number: | Authorization: |
| XXXX5850 | 00591G |

🖶 Print Receipt     ✚ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

 EXHIBIT A



1   David Glaubiger, Esq. SBN 176019
    LAW OFFICES OF DAVID GLAUBIGER
2   21000 Devonshire Street, Suite 112
    Chatsworth, CA 91311
3   Tel: (818) 725-9711
    Fax: (818) 725-9712
4
    Attorneys for Plaintiff and Cross-Defendant Leon Elster
5

6
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**
8

9
    LEON ELSTER, an individual, on behalf of   ) LASC Case No.  21STCV25835
10   himself and of all other shareholders of the LEON )
    ELSTER, INC., a California Corporation,     )
11                                    )

12               Plaintiff,          ) PLAINTIFF AND CROSS-DEFENDANT LEON
                                  ) ELSTER'S OPPOSITION TO MOTION FOR
13   vs.                              ) JOINDER OF PENSION PLAN; DECLARATION
                                  ) OF LEON ELSTER
14   STUART ELSTER, an individual; AARON    )
    ELSTER, an individual; LEON ELSTER, INC., a )
15   California corporation; 8615 LONG BEACH   )
    BLVD, LLC, a California limited liability    ) Date: December 15, 2021
16   company; 7607 ST. BERNARD, LLC, a California ) Time: 9:30 am
    limited liability company; 1132 WEST      ) Dept.: "71"
17   EDGEWARE, LLC, a California limited liability )
    company; 2001 WEST 60TH ST, LLC, a     )
18   California limited liability company; and ALL  )
    PERSONS UNKNOWN, CLAIMING ANY   )
19   LEGAL OR EQUITABLE RIGHT, TITLE,   )
    ESTATE, LIEN, OR INTEREST IN THE    )
20   PROPERTY DESCRIBED IN THE COMPLAINT )
    ADVERSE TO LEON ELSTER, INC'S TITLE, )
21   OR ANY CLOUD ON LEON ELSTER, INC'S  )
    TITLE THERETO; and DOES 1-100.       )
22                                      )
              Defendants.        )
23

24   AND RELATED CROSS-ACTION       )
25

26
        Plaintiff and Cross-Defendant LEON ELSTER  ("plaintiff") hereby submits this
27
    memorandum of points and authorities in Opposition to Motion Re Joinder of Pension Plan (the
28
    "Motion"), as follows:

                                 -1-

        Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

                                EXHIBIT A

## I.     INTRODUCTION

Discussed below, the Motion fails to provide a scintilla of evidence showing that the Pension Plan has *any interest in any of the property at issue in this case.* The entire Motion is smoke and mirrors.

Even more egregious, moving defendants are playing tricks with this Court. Moving defendants failed to inform the Court that joinder of the Pension Plan is wholly designed to deprive the Court of jurisdiction and/or destroy claims plaintiff has against the Pension Plan. Trust and believe defendants are well acquainted with the following facts:

The unjoined defendant is a pension plan. Defendant Stuart Elster is trustee of the pension plan. Plaintiff is a beneficiary of the Pension Plan. Due to defendant Stuart's waste of Pension Plan assets and self-dealing,[1] the plan has been and is unable to meet its obligations to its beneficiaries, namely Plaintiff. At this time, the pension plan owes plaintiff over $200,000 in unpaid pension benefits. The issue is that these claims are controlled by ERISA. Federal courts have exclusive jurisdiction over ERISA claims.

If the Pension Plan is joined as a defendant, per the rule against claim splitting, plaintiff would have to raise these claims in this lawsuit. Such action would either spur a removal to federal court or a motion to strike (which would deprive plaintiff of over $200,000 in unpaid pension benefits.) Either way, this court will not hear these claims. (Noting, defendant Stuart Elster is a blood relation to plaintiff. Stuart is the plaintiff's son. Beware of family.)

In sum, if the Pension Plan truly feels it is a necessary party, let the Pension Plan file an Application for Leave to Intervene that includes evidence showing the Pension Plan does have a stake in the assets being adjudicated and that intervention is not designed to deprive this Court of jurisdiction. As it stands, this Court should deny the Motion.

////

////

////

---

[1] At a time when the Pension Plan allegedly had insufficient cash to meet its payment obligations to Plaintiff, defendant Stuart Elster (and Trustee of the Pension Plan) gave himself a $100,000 loan. (See Declr Leon Elster, Exh A).

-2-

EXHIBIT A

## II.   STATEMENT OF FACTS

### A)   Unjoined defendant Pension Plan Has No Interest In Assets at Issue.

The unjoined defendant, Leon Elster, Inc. Defined Benefits Pension Plan (the "Pension Plan") is not an indispensable party because it has no interest in the assets/property at issue in this case. The Motion fails to establish this fact.

The Complaint claims the named defendants diverted and/or stole assets belonging to Leon Elster, Inc. and/or Leon Elster, personally. The Complaint identifies the following assets:

1. Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu Stock. (Complaint, ¶¶ 25) These shares are valued in excess of $1,500,000. (Copies of the certificates are attached to the Complaint as **Exhibit E**). All share certificates are in plaintiff's name. The Certificate Nos. are as follows:

> 1.   2842
> 2.   2843
> 3.   2844
> 4.   3001
> 5.   2840
> 6.   2841

2. PRHL original share certificates representing 7,000,000 shares. These shares are valued in excess of $30,000. (Complaint, ¶ 25).

3. 20% interest in real property: 2001 West 60th Street. The Complaint alleges defendants diverted this interest to another entity, 2001 West 60th St., LLC. (Complaint, ¶ 22). The transferring grant deed is attached to the Complaint as **Exhibit A**. This grant deed clearly states that only a 20% interest in the property was transferred. As such, in this lawsuit, plaintiff is only seeking return of this 20% interest to LEI and cancellation of this deed. Plaintiff is not seeking any adjustment and/or change in the ownership of the remaining 80%.

-3-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

1    The Motion provides no supporting evidence whatsoever that Pension Plan has any
2  ownership interest in any of the above identified assets. Thus, the Pension Plan is NOT an
3  indispensable party and this Court is perfectly capable of adjudicating complete relief without
4  the Pension Plan.

5    First, with regard to the real property, the Motion provides no evidence that the Pension
6  Plan owns any part of the 20% ownership interest that is at issue in this case. Whether or not the
7  Pension Plan owns any part of the other 80% of this property is wholly irrelevant. Plaintiff is not
8  seeking any adjustment to this 80% ownership portion.

9    Second, with regard to the Bakhu shares, the Motion provides no evidence that the
10  Pension Plan has any ownership interest in the six (6) share certificates identified in the
11  Complaint. The Motion attached one Bakhu share certificate that is in the name of the Pension
12  Plan, Certificate No. 3124. The Motion provides no correlation between the share certificates
13  identified in the Complaint and the one attached to the Motion. So what if the Pension Plan and
14  the plaintiff own shares in the company? This fact alone does not give plaintiff an ownership
15  interest in the Pension Plan's shares any more than it give the Pension Plan an ownership interest
16  in the plaintiff's shares.

17    Third, with regard to the PRHL shares, the claim is 8 years stale. The Motion presents
18  evidence of (1) a share certificate in the plaintiff's name (LEON ELSTER), certificate no. 77169
19  dated November 13, 2013, and (2) a check drawn on the Pension Plan's checking account dated
20  November 15, 2013 - two days after the stock was purchased. Even if the check was used to
21  purchase this stock, Defendant and declarant Stuart Elster testifies that he has been the trustee of
22  the Pension Plan since 2012. (Declr Stuart Elster, ¶ 2). This means that for eight (8) years the
23  Pension Plan was perfectly fine with plaintiff using these monies to purchase stock in the
24  plaintiff's name. Now, 8 years later, defendant Stuart wants to contest this expenditure. The
25  argument does not pass the smell test.

26    **B)    Joinder of the Pension Plan Will Deprive This Court of Jurisdiction**
27    Moving defendants stealthily omitted the following critical facts from the Motion:
28

-4-

EXHIBIT A

1    Plaintiff is a retiree of Leon Elster, Inc. As such, he is a beneficiary of the Pension Plan.

2    From the date of his retirement, 2017, through August 2019, plaintiff received a pension in the

3    amount of \$15,500 per month. In August 2019, defendant Stuart as trustee of the Pension Plan

4    caused the Pension Plan to reduce this amount to \$5,000 per month and, again, to further reduce

5    this amount to \$0.00 in May 2021. (See Declr Leon Elster, **Exh C**).

6    The reason stated for the reduction was that Pension Plan did not have sufficient cash

7    reserves to continue making/meeting/paying its monthly obligations. However, this was not true.

8    In reality, through an act of pure self-dealing, defendant Stuart as Trustee of the Pension

9    Plan fleeced the Pension Plan of its available cash. In July 2020, defendant Stuart as Trustee of

10   the Pension Plan caused the Pension Plan to make a loan of \$100,000 to 3245 Drew St, LLC.

11   ("Drew"). The loan is represented by a Note that is signed by defendant Stuart Elster as both

12   borrower and lender. (See Declr Leon Elster, **Exh A**).

13   Drew is owned and operated by defendant Stuart Elster. (See Declr Leon Elster, **Exh B**).

14   Based thereon, as well as on many other instances of mismanagement and breach of

15   fiduciary obligations, plaintiff has a litany of claims against the Pension Plan under ERISA -

16   Employee Retirement Income Security Act of 1974. Discussed below, ERISA claims are under

17   the exclusive jurisdiction of the Federal Courts. Due to the rules against claim splitting, joining

18   the Pension Plan to this lawsuit will either spur a removal to Federal court or a motion to strike

19   dismissing the ERISA claims. Either way, this Court will not hear this case if the Pension Plan is

20   joined.

21   **III.   DISCUSSION**

22   **A)   THIS COURT SHOULD NOT FIND THE PENSION PLAN TO BE AN**

23   **INDISPENSABLE PARTY**

24   The controlling statute is CCP §389, which states in pertinent part:

25   (a) A person who is subject to service of process *and whose joinder will not*
     *deprive the court of jurisdiction* over the subject matter of the action shall be
26   joined as a party in the action if (1) in his absence complete relief cannot be
     accorded among those already parties or (2) he claims an interest relating to the
27   subject of the action and is so situated that the disposition of the action in his
     absence may (i) as a practical matter impair or impede his ability to protect that
28   interest or (ii) leave any of the persons already parties subject to a substantial risk

-5-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

1

2

of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

3

4

5

6

Discussed below, adding the Pension Plan will deprive the court of jurisdiction. Even if the Court disagrees with this assertion, the Motion fails to establish the remaining factors in CCP §389(a).

7

8

9

10

11

The Motion fails to establish the first factor - complete relief cannot be accorded among those already parties. Discussed above, there is no evidence that the Pension Plan has an interest in the 20% of the West 60th Street property that is at issue, nor is there any evidence that the Pension Plan as an interest in the Bakhu shares at issue, nor is there any evidence explaining why it took the Pension Plan eight (8) years to contest a $13,000 expenditure made in 2013.

12

13

14

15

16

The Motion also fails to establish the second factor - the Pension Plan claims an interest relating to the subject of the action (which the Motion fails to establish) and is so situated that disposition of the action in its absence will impede the Pension Plan's ability to protect that interest or leave the parties already present subject to inconsistent obligations as a result of that claimed interest.

17

18

First, the Pension Plan failed to establish an interest in any of the assets being adjudicated.

19

20

21

22

23

Second, without an interest to protect, it does not matter where the Pension Plan is situated. Noting, however, the trustee of the Pension Plan, defendant Stuart Elster, is a party to the case. The Motion provides no argument explaining why his presence in the case is insufficient to protect *whatever* strained interest the Pension Plan may have in an 8-year-old expenditure.

24

25

26

Third, without an established interest in any of the assets before the court, it cannot be said that adjudicating the case without the Pension Plan present will *somehow* expose the parties who are present to inconsistent obligations.

27

28

The entire argument that the Pension Plan is an indispensable party is 'smoke and mirrors' and should be denied.

-6-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

**B)** **THE COURT SHOULD ALLOW THE CASE TO GO FORWARD WITHOUT THE PENSION PLAN**

Failure to join an indispensable party is not a "jurisdictional" defect. Rather, it is for reasons of equity and good conscience that the court should not proceed in the absence of such a party. *County of San Joaquin v. State Water Resources Control Bd.* (1997) 54 CA4th 1144, 1151-1153; *Bianka M. v. Sup.Ct. (Gladys M.)* (2018) 5 C5th 1004, 1022-1023.

CCP §389(b), states:

> (b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in *equity and good conscience* the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.

Balancing the above factors favor, *equity and good conscience* dictates the case should move forward without the Pension Plan.

1) The extent to which its judgment may prejudice the absent party or the parties already before the court. The Motion fails to provide any evidence that the Pension Plan and/or the defendants already present will be prejudiced by any judgment prayed for in the Complaint. In light of plaintiff's valuable ERISA claims, it is clear that plaintiff will be severely prejudiced if the Pension Plan is joined as a party.

2) The extent to which such prejudice may be lessened or avoided by protective provisions in the judgment, or other measures. The Motion fails to establish any threat of prejudice to the Pension Plan. As such, there is no prejudice to be lessened. With regard to plaintiff and his ERISA claims, given the fact that Federal courts have exclusive jurisdiction over such matters, there is no way to lessen the body blow plaintiff will surely endure if the Pension Plan is joined to the case.

-7-

EXHIBIT A

1        3)    Whether a judgment rendered in such person's absence will provide an

2    adequate remedy to the parties before the court. As requested in the Complaint, plaintiff asserts

3    that this Court's judgment will provide an adequate remedy. The Motion includes no argument

4    that adjudicating the case without the Pension Plan will result in prejudice to any other

5    defendant.

6        4)    Whether, if the action is dismissed for nonjoinder, the plaintiff will have

7    an adequate remedy elsewhere. Dismissing this case will force the plaintiff try state court claims

8    in Federal Court and complicate an otherwise simply theft case. Apparently, this is the true

9    reason defendants opted to file the Motion to Join, rather than an Application for Intervention.

10    On the whole, the balance of the factors favors non-joinder and allowing the case to

11    proceed to judgment. Plaintiff requests this court deny the Motion.

12    **C)    JOINING THE PENSION PLAN WILL DEPRIVE THE COURT OF**

13    **JURISDICTION.**

14    Discussed above, plaintiff has claims against the Pension Plan for ERISA violations,

15    including, but not limited to mismanagement, breach of fiduciary duty, failure to pay benefits,

16    self-dealing, etc. Federal courts have exclusive jurisdiction over ERISA claims. A full analysis is

17    beyond the scope of this Motion. So, plaintiff will only address the claims for breach of fiduciary

18    duty and Federal exclusive jurisdiction.

19    In terms of breach of fiduciary duty claims, two ERISA provisions, §§ 502(a)(2) and

20    502(a)(3), codified at 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), authorize actions for breaches of

21    fiduciary duties. Section 1132(a)(2) states: "A civil action may be brought by a ... beneficiary or

22    fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1109 states:

23        "Any person who is a fiduciary with respect to a plan who breaches any of the
     responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter

24        shall be personally liable to make good to such plan any losses to the plan
     resulting from each such breach, and to restore to such plan any profits of such

25        fiduciary which have been made through use of assets of the plan by the fiduciary,
     and shall be subject to such other equitable or remedial relief as the court may

26        deem appropriate, including removal of such fiduciary."

27    The second section under which an action for a fiduciary duty breach may

28    be brought is 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) states:

-8-

EXHIBIT A

A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

In terms of jurisdiction, 29 U.S.C. § 1132(e) and § 1132(f) provide the federal jurisdictional basis for a § 502(a)(2) action. Section 1132(e) states that for § 502(a)(2) actions, "*the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary . . . .*"

In order for plaintiff to not run afoul of the rule against claim splitting, if the Pension Plan is joined as a party, plaintiff will have to bring all of his ERISA claims against the Pension Plan in this lawsuit. Such an action will surely draw (1) removal to Federal court or (2) a motion striking all such claims. Either way, this court will not hear this case.

## IV.   CONCLUSION

Based thereon, this court should deny the Motion. The Motion has not established the Pension Plan has an interest in the property that is the subject of this lawsuit. Secondly, joinder of the Pension Plan will deprive the court of jurisdiction.

Dated: November 26, 2021          LAW OFFICES OF DAVID GLAUBIGER

By _____
David Glaubiger, Esq., Attorney for Plaintiff and
Cross-Defendant Leon Elster

-9-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

**DECLARATION OF LEON ELSTER**

I, LEON ELSTER, declare as follows:

1.      I am plaintiff in the above-entitled action.  I founded defendant Leon Elster, Inc. ("LEI"), a California Corporation. This business generates money by buying and selling real estate and as a hard-money lender.  The business holds millions worth of real estate and outstanding loans that are due and payable to the business.  I have personal knowledge of the following facts, except as to those facts stated on information and belief, if called and sworn as a witness, I could and would competently testify thereto.

2.      The defendants are my son (Stuart) and my grandson (Aaron). Both of them are stealing the fortune that I spent a lifetime building. They are robbing me of my stocks (Bakhu 670,000 share and PRHL 7,000,000 shares). They are also robbing Leon Elster, Inc. of its share of the 2001 West 60th property, as well as all of the other properties identified in the Complaint.

3.      The defendant to be joined is Leon Elster, Inc. Defined Benefits Plan (the "Pension Plan"). The Pension Plan has no interest in any of the above-identified properties. All of these properties were purchase with my personal funds or funds belonging to LEI.

4.      In mid-February, 2021, defendant Stuart and his son, defendant Aaron, went to my Beverly Hills offices, allegedly with a locksmith, and took all of my business files and bank records out of my office.  I went to the Beverly Hills Police Department and filed a complaint. Stuart returned *some* files, but they were completely out of order - like a shuffled deck of playing cards. I now have a garage full of 40 years of business records that are in complete disarray. To this day, I am still trying to put these records in order and determine the records that my son continues to keep from me. It was a very nasty thing to do to a 95 year old father.

5.      Had defendants not destroyed my ability to access my business records, I would be able to provide documents to this court proving that all of the property identified in the Complaint was purchased by me with my personal monies or by LEI. With regard to the PRHL stock, the Pension Plan owed me those monies. This is the reason why no one complained about the expenditure for 8 years, until now. Had I not filed this lawsuit, the Pension Plan would still not be complaining about those monies.

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

6.     Leon Elster, Inc. established a Defined Benefit Pension Plan. The Pension Plan is mandated to provide me **$15,500** in monthly income. Defendant Stuart is the trustee managing the Pension Plan. From the date of my retirement, 2017, through August 2019, the Pension Plan paid me and I received a pension in the amount of $15,500 per month. In August 2019, defendant Stuart Elster as trustee of the Pension Plan caused the Pension Plan to reduce this amount to $5,000 per month and, again, to further reduce this amount to $0.00 in May 2021.

7.     This Court should know that defendants admit this fact. On or about 4/5/2021, Stuart Elster's counsel gave me a list of the Pension Plan's payouts to me (see **Exhibit C**). Stuart acknowledges that while I receive Medicare Health Insurance, *since August 2019, Stuart has reduced my Pension Benefits to $5,000; i.e. 17 x $10,500 months = **approximately $220,500 in unpaid Pension Benefits to date.*** Adding, in March 2021, Stuart caused the Pension Plan to stop making any pension payments to me. Unquestionably, I have claims against the Pension Plan that are worth 100's of thousands of dollars.

8.     In June 2020, the Pension Plan owned the real property commonly known as 181 S Arrowhead Ave., San Bernardino, CA. The Pension Plan sold this property for $675,000 - $200,000 in cash and $475,000 in owner financed loan. From that sale proceeds Stuart told me that he took a $100,000 cash loan. This money belonged and belongs to the Pension Plan. The Pension Plan could have and should have used these funds to pay me my back pension or, at least, start paying me my full pension or any pension at all. As it is, Stuart took the money for himself and caused the Pension Plan to COMPLETELY STOP making my pension payments. A copy of the Note representing this loan is attached hereto as **Exhibit A**.

9.     The Note identifies Stuart as both the lender and the borrower. The borrower is an LLC named 3245 Drew Street, LLC. However, according to Secretary of State records, Stuart is the managing member and controls this company. Unquestionably, making the loan at a time when the Pension Plan had insufficient monies to pay its debts was an act of pure self-dealing. Such records are attached hereto as **Exhibit B.**

10.     I fully intend to bring claims against the Pension Plan. However, I am informed that such claims must be and can only be brought in Federal court. That is the reason why I did

EXHIBIT A

1  not sue the Pension Plan in this lawsuit. I understand that if the court joins the Pension Plan to

2  this lawsuit, I will be forced to dismiss this lawsuit.

3      9.      I filed in this court to press my State law rights in this court. I request this court

4  please allow me to do so. I respectfully request the court deny the Motion to join the Pension

5  Plan.

6

7

8      I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct of my own personal knowledge.  Executed this 30th day of

10  November 2021, at Los Angeles, California.

11

12

13      Leon Elster, declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

**EXHIBIT "A"**

EXHIBIT A

# *PROMISSORY NOTE*

$100,000.00                                   Date: July 01, 2020

For value received, the undersigned 3245 Drew St LLC of 11824 S Park Ave, Los Angeles, California 90066 (the "Borrower"), promises to pay to the order of Leon Elster Inc Defined Benefit Pension Plan and Trust of 11824 S Park Ave, Los Angeles, California 90066 (the "Lender"), the sum of $100,000.00 with interest from July 01, 2020, on the unpaid principal at the rate of 8% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in monthly installments of interest only beginning on August 01, 2020, and continuing until July 01, 2022, (the "Due Date"), at which time the remaining unpaid principal and interest shall be due in full.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

This is a RocketLawyer.com document



EXHIBIT A

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

This is a RocketLawyer.com document.

EXHIBIT A

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this /5/ day of July 2021, at Los Angeles CA

Borrower:
3245 Drew St LLC

By: _____

Stuart Elster, Managing Member

Lender:
Leon Elster Inc Defined Benefit Pension Plan and Trust

By: _____

Stuart Elster, Trustee

This is a RocketLawyer.com document.

EXHIBIT A

**EXHIBIT "B"**

EXHIBIT A

| **Secretary of State**<br>**Statement of Information**<br>(Limited Liability Company) | **LLC-12** | 20-A65897<br>**FILED** |
|---|---|---|

**IMPORTANT** — Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

In the office of the Secretary of State
of the State of California

FEB 10, 2020

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

3245 DREW STREET, LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201706710432 | CALIFORNIA |

**4. Business Addresses**

| | City (no abbreviations) | | State | Zip Code |
|---|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>11824 S. PARK AVE. | LOS ANGELES | | CA | 90066 |
| b. Mailing Address of LLC, if different than item 4a<br>11824 S. PARK AVE. | LOS ANGELES | | CA | 90066 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box<br>11824 S. PARK AVE. | LOS ANGELES | | CA | 90066 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|
| Stuart | | Elster | | | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | | State | Zip Code |
|---|---|---|---|---|
| 11824 S. PARK AVE. | LOS ANGELES | | CA | 90066 |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|
| Stuart | | Elster | | | Stuar |
| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box**<br>11824 S. PARK AVE. | City (no abbreviations)<br>LOS ANGELES | | State<br>CA | Zip Code<br>90066 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Real Estate

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| b. Address | City (no abbreviations) | | State | Zip Code |

**9. The Information contained herein, including any attachments, is true and correct.**

| 02/10/2020 | Stuart Elster | | Managing Member | |
|---|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature | |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)

Page 1 of 1

2017 California Secretary of State
www.sos.ca.gov/business/be

EXHIBIT A

**EXHIBIT "C"**

EXHIBIT A

## Leon Elster Inc Pension Plan Monthly Inc/Exp

### Income

| Source | Amount | Notes |
|---|---|---|
| Drew St loan interest | $666.66 | |
| Arrowhead mortgage | $3,756.26 | |
| Wise Living rent | $5,000 | Gross income |
| Leon Elster loan interest | $1,175 | No payments since August 2019 |
| Total | $10,598 | |

### Expenses

| Source | Amount | |
|---|---|---|
| Pension Payment | $5,000 | Reduced from $15,500 in August 2019 |
| Utilities | $162.76 | |
| Insurance | $359.39 | |
| Plan Administration | $272.24 | |
| Property taxes | $460.41 | |
| Total | $6,255 | |

| | | |
|---|---|---|
| Monthly income after expenses | $4,343 | *This number does not account for the non-payment of Leon Elster loan interest |

EXHIBIT A

### Book2.pdf

Yasha Bronshteyn <yasha@gbllp-law.com>
Thu 4/8/2021 1:08 PM
To: Steven P. Beltran <sbeltran007@gmail.com>; david glaubiger <d.chats@hotmail.com>

Updated statement. Thanks

---

Yasha Bronshteyn
Ginzburg & Bronshteyn, APC

Main Office
11111 Santa Monica Blvd. Suite 1840
Los Angeles, CA 90025
Phone: (310) 914-3222
Fax: (310) 914-4242

Calabasas Office
26565 West Agoura Rd.
Suite 200
Calabasas, CA 91302
Phone: (818) 787-1011

This electronic mail message contains information which is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee (s) names herein. If you are not the Addressee (s), or the person responsible for delivering this to the Addressee (s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at the telephone number shown below and take the steps necessary to delete the message completely from your computer system. Thank you.
1. This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we inform you that any advice (including in any attachment) (1) was not written and is not intended to be used, and cannot be used, for the purpose of avoiding any federal tax penalty that may be imposed on the taxpayer, and (2) may not be used in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

Sent from my iPhone

EXHIBIT A

1                     PROOF OF SERVICE
              [CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
2       STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street,

5  Suite 112, Chatsworth, CA 91311.

6       On December 1, 2021, I served the following documents described as:  OPPOSITION

7  TO MOTION RE JOINDER on the interested parties in this action as follows:

8       [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be

9  placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the

10  U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage

11  meter date is more than one day after date of deposit for mailing in affidavit.

12

13       [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied

14  with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which

15  is attached to this declaration.

16       [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package

17  provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an

18  office or a regularly utilized drop box of Federal Express or delivered such document(s)

19  to a courier or driver authorized by Federal Express to receive documents.

20       [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be

21  sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the

22  transmission was unsuccessful.

23

24       Executed on DECEMBER 1, 2021 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I

25  am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27       _____ DAVID GLAUBIGER_____

28

-13-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

1

2 **SERVICE LIST**

3 Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5 Craig R. Bockman, Esq
JONESBELL LLP
6 601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
7 Telephone: (213) 485-1555
Facsimile: (213) 689-1004
email: crbockman@jonesbell.com
8

9 Attorney for Leon Elster, Inc., Stuart Elster
and Aaron Elster

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

Opposition to Motion re Joinder of Pension Plan; Declaration of Leon Elster

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2021 12:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

1  **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Craig R. Bockman (State Bar No. 105485)

2  Samer N. Aref (State Bar No. 336747)
601 South Figueroa Street, Suite 3460

3  Los Angeles, California 90017-5759
Telephone:    (213) 485-1555

4  Facsimile:    (213) 689-1004

5  Attorneys for Defendants Stuart Elster,
Aaron Elster, Leon Elster, Inc., 8615

6  Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
1132 West Edgeware, LLC, and

7  2001 West 60th Street, LLC

8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF LOS ANGELES**

11

12  LEON ELSTER, an individual, on behalf of       Case No.  **21STCV25835**
himself and of all other  shareholders of the

13  LEON ELSTER, INC., a California Corporation
                                                  **DEFENDANTS' REPLY IN SUPPORT OF**

14                  Plaintiff,                     **MOTION TO COMPEL JOINDER OF**
                                                  **INDISPENSABLE PARTY**

15          v.
                                                  **Judge:      Monica Bachner**

16  STUART ELSTER, in individual; AARON
ELSTER, an individual; LEON ELSTER, INC., a       **Date:       December 15, 2021**

17  California corporation; 8615 LONG BEACH         **Time:       9:30 a.m.**
BLVD, LLC, a California limited liability         **Dept.       71**

18  company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST

19  EDGEWARE, LLC, a California limited liability   **Complaint Filed:    July 14, 2021**
company; 2001 WEST 6OTH ST, LLC, a                **Trial Date:         Not set**

20  California limited liability company  and ALL
PERSONS UNKNOWN, CLAIMING ANY

21  LEGAL OR EQUITABLE RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST IN THE

22  PROPERTY DESCRIBED IN THE COMPLAINT
ADVERSE TO LEON ELSTER, INC'S TITLE,

23  OR ANY CLOUD ON LEON ELSTER, INC'S

24  TITLE THERETO; and DOES 1-100,
                  Defendants.

25

26

27

28

                                 – 1 –
            DEFENDANTS' REPLY ISO MOTION FOR JOINDER

                            EXHIBIT A

## I.   INTRODUCTION

Plaintiff makes two arguments in opposing the motion that the Leon Elster, Inc. Defined Benefit Pension Plan (Pension Plan) be joined as a party to this action.  The first is that the Pension Plan has no interest in the assets that are at issue in the complaint.  The second is that the joinder will deprive the court of jurisdiction.  Neither argument has merit.

## II.   THE PENSION PLAN HAS AN INTEREST IN THE ASSETS THAT ARE THE SUBJECT OF THE ACTION BECAUSE IT IS UNDISPUTED THAT IT OWNS AN INTEREST IN THOSE ASSETS

Plaintiff contends that the Pension Plan "has no interest in the assets/property" that are at issue in the case.  (Opp'n 3:3.)  As the evidence that the moving parties provided demonstrates, that statement is incorrect.

### A.   The West 60th Street Property

Plaintiff contends that with regard to the real property at 2001 West 60th Street that is referred to in the complaint, the Pension Plan does not own any part "of the 20% ownership interest" that Plaintiff apparently contends is at issue in the case.  (Opp'n 4:5.)  The fact that the Plaintiff may be contesting only 20% of the ownership of the property does not preclude the joinder for two reasons.

First, Plaintiff's complaint does not state that the only "20%" of the ownership of the property is at issue.  To the contrary, the compliant refers to the entire property, not just 20% of it.  For example, Plaintiff alleges that Defendant 2001 West 60th St, LLC was improperly created to own the 2001 the West 60th Street property (not just 20% of it), and that "Plaintiff has never received an interest of any kind in" that property or the LLC.  (Compl. ¶¶ 14-15.)  Plaintiff also alleges that Defendants caused the corporation's interest in the properties, including the West 60th Street property, to be conveyed "without adequate consideration."  (Compl. ¶ 22.)  That would include any interest held by the Pension Plan.  Plaintiff alleges that the Defendants have caused the "improper diversion of rents" due from the properties to either themselves or to a company owned or controlled by them, not just 20% of the rents.  (Compl. ¶ 35.)  Plaintiff alleges that a receiver is necessary "to take over, preserve and manage the business and affairs of Leon Elster, Inc. and to preserve its property," which Plaintiff alleges is being "wasted by" Defendants.  (Compl. ¶ 39.)  Such a receiver would affect all of the

corporation's assets, not just the Plaintiff's purported 20% interest.  Plaintiff alleges that the Defendants should be enjoined from "[d]emanding, collecting, receiving, or in any other way diverting and using any of the profits, income, issues, inventory, opportunity, payments and/or fixtures, . . . or any portion thereof" from the properties of the corporation.  (Compl. ¶ 41.)  Such an order would affect all profits and income, not just the Plaintiff's alleged 20%.  Last, Plaintiff alleges that the properties, including the 2001 West 60th Street property, were "improperly and without consideration removed from the inventory of Leon Elster, Inc. and must be returned;" that Defendants' claims to ownership in the properties "are without any right or merit;" and that the ownership of the properties "are based upon false, fraudulent or otherwise defective instruments and recordings," which makes any ownership interest "claimed in the properties by defendants (or by anyone else claiming an interest under these defective instruments) . . . void." (Compl. ¶¶ 50-52.)  None of these allegations states or even suggests that only "20%" of the ownership of the properties is at issue in the case.  If fact, by alleging that the instruments conveying the ownership interests in the properties to "anyone" are improper and, therefore, void, Plaintiff is putting the entire ownership of the properties at issue—not just the corporation's purported 20%.

Nowhere in the complaint does the Plaintiff refer to only 20% of the property as being at issue.  As noted in the motion, where various parties "have undetermined interests in a . . . [common] fund and one of them, acting adversely to the others, seeks to recover the whole, to fix his share, or recover a portion claimed by him, the other persons are indispensable parties." *Patrick v. Alacer Corp.*, 167 Cal. App. 4th 995, 1015 (2008).  Because the Plaintiff seeks to void the instrument conveying the entire ownership of the West 60th Street property and because Plaintiff's complaint affects the property as a whole, the Pension Plan's ownership interest in that property is at issue.

### B.  The PRHL Shares

Plaintiff does not contest the fact that the Pension Plan has an ownership interest in some of the 7,000,000 shares of PRHL stock that are at issue in the complaint, which the moving parties have demonstrated were paid for, in part, by the Pension Plan.  (S.Elster Decl. at ¶ 5-6.)  Plaintiff merely contends that that ownership interest of those shares is somehow "stale." (Opp'n 4:17.), By that argument, Plaintiff may be contending that the passage of time might constitute a defense to the Pension

EXHIBIT A

1   Plan's claim to ownership of that stock.  Regardless of Plaintiff's contention as to a possible defense,

2   whether due to time or otherwise, that is a merits determination that is not a basis on which the joinder

3   of a necessary party can be determined.  A potential defense, regardless of how meritless it is, is not a

4   valid basis on which to preclude the joinder of a party that has an ownership interest in the property

5   that is at issue.

6   **III.   JOINDER WILL NOT NECESSARILY DEPRIVE THE COURT OF JURISDICTION**

7               Plaintiff contends that the joinder of the Pension Plan will deprive the court of

8   jurisdiction because Plaintiff's ERISA claims "are under the exclusive jurisdiction of the Federal

9   Courts." (Opp'n 5:16.)  Plaintiff is incorrect as a matter of law.

10              Not all ERISA claims are exclusively within the jurisdiction of the federal courts.  For

11  example, state law claims outside of the scope of section 502 of ERISA "are not removable under the

12  complete-preemption principles established in *Metropolitan Life. See  Franchise Tax Bd*., 463 U.S. at

13  23–27, 103 S. Ct. at 2853–56 (holding that preemption under § 514(a) does not permit a defendant to

14  remove a suit brought in state court to federal court when the plaintiff's state claim does not fall within

15  the scope of ERISA's civil remedy provisions); *see also  Allstate*, 879 F.2d at 93–94 (holding that §

16  514(a) preemption defense will not justify removal unless claim falls within the scope of ERISA's civil

17  enforcement provision, § 502))."  *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3rd Cir. 1999).

18              Section 502 of ERISA allows a plan participant or beneficiary—such as the Plaintiff

19  here—to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his

20  rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

21  29. U.S.C. § 1132(a)(B).  That appears to be exactly the type of claim that the Plaintiff is asserting here

22  that he has against the Pension Plan.  Plaintiff contends that he is purportedly owed more than

23  "$200,000 in unpaid pension benefits." (Opp'n 2:12.)

24              At this point, until the Pension Plan is joined as a party and the Plaintiff asserts any

25  claims against the Pension Plan that he might chose to assert, it cannot be determined whether any such

26  claims would be removable, and so it cannot be determined whether the joinder of the Pension Plan

27  will cause the case to be removed. (Opp'n 5:16.)  While it may be their preference to remove the case

28  to federal court, if allowable, the moving partis will need to consider the potential for any such removal

1    only after the Pension Plan is joined as a party and after Plaintiff has asserted any ERISA claims that

2    he may have against the Pension Plan.

3        Plaintiff's contention that because Defendant Stuart Elster is a party to the action and

4    because he also is a trustee of the Pension Plan his presence in the case is "sufficient" to protect the

5    interests of the Pension Plan (Opp'n 6:19-22) has no merit.  The fact that Stuart Elster in his individual

6    capacity is named as a defendant does not make the Pension Plan a party to the case.  For that reason,

7    any judgment in the case as to the property or assets owned by the Pension Plan would not bind the

8    Penson Plan if it is not named as a party to the action.  In order for the court to accord complete relief

9    among all owners of the property and assets that Plaintiff has made at issue in the case, the Pension

10   Plan needs to be a party to the action in order to protect its interests.

11                              **IV.  CONCLUSION**

12       The Pension Plan is a necessary and indispensable party under both of the alternative

13   conditions that are set forth in section 389(a), because the Pension Plain is an owner of the assets that

14   the Plaintiff contends belong to him, because Plaintiff seeks to have the assets at issue returned to him

15   or returned to LEI exclusively, and because the Plaintiff seeks to have "voided" any conveyance of any

16   ownership interest in the properties at issue.  Its ownership interests in the properties at issue means

17   that the Pension Plan is a party that must be joined as an indispensable party.

18       For all the foregoing reasons, Defendants Stuart Elster, Aaron Elster, and Leon Elster,

19   Inc. request that the court order Plaintiff to name as a defendant in this action the Leon Elster, Inc.

20   Defined Benefit Pension Plan or that this action be dismissed if the Pension Plan is not named as a

21   defendant.

22   Dated:  December 8, 2021          **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                       Craig R. Bockman
23                                     Samer N. Aref

24

25                          By:    _Craig R. Bockman_

26                                 CRAIG R. BOCKMAN
                                   Attorneys for Defendants Stuart Elster, Aaron
27                                 Elster, Leon Elster, Inc., 8615 Long Beach Blvd.,
                                   LLC, 7607 St. Bernard, LLC, 1132 West
28                                 Edgeware, LLC, and 2001 West 60th Street, LLC

                                   – 5 –
                   DEFENDANTS' REPLY ISO MOTION FOR JOINDER

                              EXHIBIT A

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On December 8, 2021, I served the foregoing document(s) described as: **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL JOINDER OF INDISPENSABLE PARTY**

☒   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒   by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

☐   by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐   BY FAX:   by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☒   BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

David Glaubiger, Esq.        *d.chats@hotmail.com*

☐   BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

☐   the person(s) listed on the attached "SERVICE MAILING LIST."

☐   the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on December 8, 2021, at Los Angeles, California.

*Michele Carrillo*
_____
MICHELE CARRILLO

- 1 -
PROOF OF SERVICE

EXHIBIT A

**SERVICE MAILING LIST**

David Glaubiger, Esq.                    *Attorney for Plaintiff Leon Elster*
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel:  (818) 725-9711

PROOF OF SERVICE

EXHIBIT A

**Case Number:** 21STCV25835   **Hearing Date:** December 15, 2021   **Dept:** 71

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### DEPARTMENT 71

TENTATIVE RULING

| | |
|---|---|
| LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation,<br><br>        vs.<br><br>STUART ELSTER, an individual, et al. | Case No.:  21STCV25835<br><br><br>Hearing Date:  December 15, 2021 |

**Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is denied.**

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI") (collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action because it is an indispensable party pursuant to C.C.P §389.  In the alternative, Defendants move for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a) provides:  "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the

EXHIBIT A

jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth… [Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (*Peerless Ins. Co. v. Superior Court* (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

Defendants are not entitled to an order compelling Plaintiff to add the Pension Plan as a necessary party pursuant to § 389(a). The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.)  In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)

Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action and, as such, the Pension Plan is indispensable pursuant to C.C.P. §389(b). (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan. (Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (*Id.*, Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (Elster Decl. ¶ 7, Exh. 5.)

Defendants have not established that Pension Plan is a necessary party to the action.  While Defendants assert that the Pension Plan rights owns an interest in property that is subject to this action, Defendants have failed to present sufficient evidence.  In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff.  The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate.  (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].)  As for the PRHL Stock, the Pension Plan issued the check on November 15, 2013, the stock was issued in Plaintiff's name, and Stuart was trustee of the Pension Plan during this time, and this transaction predates the causes of action alleged in the complaint by four to seven years. (Elster Decl. ¶¶2, 5; Exh. 3.)  With regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Moving party does not establish any evidence or argument that the claim would affect Pension Plan's 50% ownership interest.  Defendants have not established that Pension Plan has an interest in the subject of the action, nor have they established how in its absence complete relief cannot be accorded among the parties to the action or that its absence will expose the parties to inconsistent obligations.

EXHIBIT A

Firefox                                                                http://www.lacourt.org/tentativeRulingNet/ui/ResultPopup.aspx

      In light of the finding that the Pension Plan is not a necessary party to the action, the Court does not reach the issue whether Pension Plan is an indispensable party.


      Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is denied.

Dated:  December 15, 2021

                          _____

                          Hon. Monica Bachner
                          Judge of the Superior Court

12/14/2021, 3:19 PM

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                     January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                   2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:**
Ruling on Submitted Matter

The Court, having taken the matter under submission on 12/15/2021 for Hearing on Motion to
Join Necessary Party, now rules as follows:

Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon
Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted.
Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI")
(collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to
add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action
because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move
for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable
parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder
will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a
party in the action if (1) in his absence complete relief cannot be accorded among those already
parties or (2) he claims an interest relating to the subject of the action and is so situated that the
disposition of the action in his absence may (i) as a practical matter impair or impede his ability
to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk
of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed
interest. If he has not been so joined, the court shall order that he be made a party."

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                          January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                          2:48 PM

Judge: Honorable Monica Bachner              CSR: None
Judicial Assistant: A. Barton                ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (Peerless Ins. Co. v. Superior Court (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A. Whether Pension Plan is a Necessary Party

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)
Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                    January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                  2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

(S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (Id., Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                  January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                   2:48 PM

Judge: Honorable Monica Bachner               CSR: None
Judicial Assistant: A. Barton                 ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

B. Whether the Joinder of Pension Plan Would Deprive the Court of
Jurisdiction.

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of
jurisdiction because he has claims against Pension Plan for purported ERISA violations based on
purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive
jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the
district courts of the United States shall have exclusive jurisdiction of civil actions under this
subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because
Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court
agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of
corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans'
joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear
to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in
this action when there is no suggestion that those claims arise from the same transaction or series
of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily
deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an
indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant
action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of
this Order.

The Clerk to give notice.

The Court's written Ruling on Submitted Matter is signed and filed this dated.

Certificate of Mailing is attached.

EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**DEPARTMENT 71**

RULING ON SUBMITTED MATTER

FILED
Superior Court of California
County of Los Angeles

JAN 07 2022

Sherri R. Carter, Executive Officer/Clerk
By _____ Dep.
A. Barton

| | |
|---|---|
| LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation,<br><br>vs.<br><br>STUART ELSTER, an individual, et al. | Case No.: 21STCV25835<br><br>Hearing Date: December 15, 2021 |

**Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.**

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI") (collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

01/10/2022

1

EXHIBIT A

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth...[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (*Peerless Ins. Co. v. Superior Court* (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff... will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A.    *Whether Pension Plan is a Necessary Party*

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)

Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in

2

the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan. (S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (*Id.*, Exh. 1.)  Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests.  In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff.  The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate.  (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].)  Thus, that evidence is not persuasive.  However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name.  Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares.  In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years.  (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.)  However, the Court does not find the lapse in time dispositive for the purposes of this motion.  If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense.  Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.)  Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest.  (Opposition, pg. 4.) However, this suit is not limited to that 20 percent:  the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.)  Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

3

EXHIBIT A

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

**B.**     *Whether the Joinder of Pension Plan Would Deprive the Court of Jurisdiction.*

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of jurisdiction because he has claims against Pension Plan for purported ERISA violations based on purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans' joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in this action when there is no suggestion that those claims arise from the same transaction or series of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

The Clerk to give notice.
Dated:  January 7, 2022.

*M Bachner*

Hon. Monica Bachner
Judge of the Superior Court

4

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/07/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Leon Elster | |
| DEFENDANT/RESPONDENT:<br>1132 West Edgeware, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV25835 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 01/07/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Craig R. Bockman
Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.
601 South Figueroa Street
Suite 3460
Los Angeles, CA  90071

David  Glaubiger
Law Offices of David Glaubiger
21000 Devonshire Street
Suite 112
Chatsworth, CA  91311

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>01/7/2022</u>        By:  <u>A. Barton</u>
                                        Deputy Clerk

**CERTIFICATE OF MAILING**
EXHIBIT A

1  David Glaubiger, Esq. SBN 176019
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire Street, Suite 112
   Chatsworth, CA 91311
3  Tel: (818) 725-9711
   Fax: (818) 725-9712
4
   Attorneys for plaintiff Leon Elster
5

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  LEON ELSTER, an individual, on behalf of          ) LASC Case No.  21STCV25835
    himself and of all other shareholders of the      )
11  LEON ELSTER, INC., a California                   ) [Unlimited Jurisdiction Matter]
    Corporation,                                      )
12                                                    ) VERIFIED FIRST AMENDED COMPLAINT
13                Plaintiff,                           ) FOR INJUNCTIVE RELIEF AND
                                                      ) DAMAGES:
14  vs.                                               )
                                                      ) 1. BREACH OF FIDUCIARY DUTY;
15                                                    ) 2. BREACH OF FIDUCIARY DUTY;
    STUART ELSTER, an individual; AARON               ) 3. APPOINTMENT OF RECEIVER;
16  ELSTER, an individual; LEON ELSTER,               ) 4. ACCOUNTING;
    INC., a California corporation; 8615 LONG         ) 5. UNJUST ENRICHMENT;
17  BEACH BLVD, LLC, a California limited              ) 6. CANCELLATION OF INSTRUMENT;
    liability company; 7607 ST. BERNARD, LLC,         ) 7. INSPECTION OF BOOKS AND
18  a California limited liability company; 1132      ) RECORDS;
    WEST EDGEWARE, LLC, a California                  ) 8. WASTE OF CORPORATE ASSETS;
19  limited liability company; 2001 WEST 60TH         ) 9. QUIET TITLE;
    ST, LLC, a California limited liability           ) 10. CONVERSION
20  company; and ALL PERSONS UNKNOWN,                 ) 11. VIOLATION OF PENAL CODE §496
    CLAIMING ANY LEGAL OR EQUITABLE                   ) 12. CLAIM AND DELIVERY
21  RIGHT, TITLE, ESTATE, LIEN, OR                    )
    INTEREST IN THE PORTION OF THE                    )
22  PROPERTY DESCRIBED IN THE                         )
    COMPLAINT ADVERSE TO LEON                         )
23  ELSTER, INC'S TITLE, OR ANY CLOUD                 )
    ON LEON ELSTER, INC'S TITLE                       )
24  THERETO; and DOES 1-100.                          )
                                                      )
25                                                    )
26                                                    )
                 Defendants.                          )
27                                                    )
28  _____ )

                                   -1-

                    Verified First Amended Complaint

                              EXHIBIT A

Plaintiff LEON ELSTER on behalf of himself and of all other shareholders of the LEON ELSTER, INC., complains and alleges as follows:

### **PARTIES**

1.      Plaintiff Leon Elster ("plaintiff") is a resident of the County of Los Angeles, California. Plaintiff is informed and believes that he holds 1.35% of the outstanding shares of Leon Elster, Inc. and is a minority shareholder.

2.      Defendant Leon Elster, Inc. (the Corporation), sued herein as a nominal defendant, is a corporation duly organized and existing under the laws of the State of California, and is engaged in the business of real estate and property management with its principal executive office located in the County of Los Angeles, California. Plaintiff is informed and believes the Corporation has issued 300,000 outstanding shares of common stock that is distributed among its shareholders.

3.      Defendant Stuart Elster (Stuart) is a resident of Los Angeles County, California. According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020, Stuart is Chief Executive Officer and Director of Leon Elster, Inc. On information and belief, plaintiff alleges Stuart, as an individual, holds 11.49% of outstanding shares of Leon Elster, Inc.

4.      Defendant Aaron Elster (Aaron) is a resident of Los Angeles County, California. According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020, Aaron is Secretary, Chief Financial Officer, Agent for Service of Process and Director of Leon Elster, Inc. Aaron is also successor trustee of the Leon Elster Family Trust (the "Trust"). On information and belief, plaintiff alleges the Trust holds 52% of the outstanding shares of Leon Elster, Inc. In addition, on information and belief, plaintiff alleges Aaron holds 2.03% of outstanding shares of Leon Elster, Inc. Thus, Aaron is the majority and controlling shareholder.

5.      According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed December 22, 2020, there has been no change to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020.

-2-

Verified First Amended Complaint

EXHIBIT A

6.     Plaintiff is informed and believes Leon Elster, Inc. has three directors: (1) Stuart, (2) Aaron and (3) Fern Elyse Tobin.

7.     Plaintiff is informed and believes and thereon alleges that Defendants Stuart, Aaron and Leon Elster, Inc. are, and at all times herein mentioned were, the alter egos of each other and that there exists, and at all times here mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and Aaron used assets of Leon Elster, Inc. for their personal uses and caused assets of Leon Elster, Inc. to be transferred between each other without adequate consideration, and withdrew funds from the bank accounts of Leon Elster, Inc. for the indiscriminate use by Stuart and/or Aaron for their personal use. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate existence of Defendants Stuart, Aaron and Leon Elster, Inc. should be disregarded as such adherence would permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8.     Defendant 8615 Long Beach Blvd, LLC ("LBB") is a limited liability company existing under the laws of the State of California with its principal place of business in Los Angeles County. According to state records, Stuart organized and created LBB in July 2020 and is the managing member. Plaintiff has never received an interest of any kind in LBB.

9.     Plaintiff is informed and believes and on said information and belief alleges that Defendants Stuart and LBB are, and at all times herein mentioned were, the alter egos of each other and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and LBB caused assets to be transferred between each other and to themselves without adequate consideration.  Plaintiff is further informed and believes and on said information and belief alleges that there exists, and at all times herein mentioned existed, a unity of interest and ownership between these defendants such that any individuality and separateness between said Defendants has ceased, and Stuart and LBB are the alter egos of each other. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate

-3-

Verified First Amended Complaint

EXHIBIT A

1    existence of Stuart and LBB should be disregarded as such adherence would permit an abuse of

2    the corporate privileges and would sanction fraud and promote injustice.

3         10.    Defendant 7607 St. Bernard, LLC ("SBLLC") is a limited liability company

4    existing under the laws of the State of California with its principal place of business in Los

5    Angeles County. According to state records, Stuart organized and created SBLLC in September

6    2017 and is the managing member. Plaintiff has never received an interest of any kind in

7    SBLLC.

8         11.    Plaintiff is informed and believes and on said information and belief alleges that

9    Defendants Stuart and SBLLC are, and at all times herein mentioned were, the alter egos of each

10   other and there exists, and at all times herein mentioned has existed, a unity of interest and

11   ownership between these Defendants such that any separateness has ceased to exist in that

12   Defendants Stuart and SBLLC caused assets to be transferred between each other and to

13   themselves without adequate consideration.  Plaintiff is further informed and believes and on

14   said information and belief alleges that there exists, and at all times herein mentioned existed, a

15   unity of interest and ownership between these defendants such that any individuality and

16   separateness between said Defendants has ceased, and Stuart and SBLLC are the alter egos of

17   each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

18   the separate existence of Stuart and SBLLC should be disregarded as such adherence would

19   permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

20        12.    Defendant 1132 West Edgeware, LLC ("WELLC") is a limited liability company

21   existing under the laws of the State of California with its principal place of business in Los

22   Angeles County. According to state records, Stuart organized and created WELLC in July 2020

23   and is the managing member. Plaintiff has never received an interest of any kind in WELLC.

24        13.    Plaintiff is informed and believes and on said information and belief alleges that

25   Defendants Stuart and WELLC are, and at all times herein mentioned were, the alter egos of

26   each other and there exists, and at all times herein mentioned has existed, a unity of interest and

27   ownership between these Defendants such that any separateness has ceased to exist in that

28   Defendants Stuart and WELLC caused assets to be transferred between each other and to

-4-

Verified First Amended Complaint

EXHIBIT A

1   themselves without adequate consideration.  Plaintiff is further informed and believes and on

2   said information and belief alleges that there exists, and at all times herein mentioned existed, a

3   unity of interest and ownership between these defendants such that any individuality and

4   separateness between said Defendants has ceased, and Stuart and WELLC are the alter egos of

5   each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

6   the separate existence of Stuart and WELLC should be disregarded as such adherence would

7   permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8          14.    Defendant 2001 West 60th St, LLC ("2001 West") is a limited liability company

9   existing under the laws of the State of California with its principal place of business in Los

10  Angeles County. According to state records, Stuart organized and created 2001 West in July

11  2020 and is the managing member. Plaintiff has never received an interest of any kind in 2001

12  West.

13         15.    Plaintiff is informed and believes and on said information and belief alleges that

14  Defendants Stuart and 2001 West are, and at all times herein mentioned were, the alter egos of

15  each other and there exists, and at all times herein mentioned has existed, a unity of interest and

16  ownership between these Defendants such that any separateness has ceased to exist in that

17  Defendants Stuart and 2001 West caused assets to be transferred between each other and to

18  themselves without adequate consideration.  Plaintiff is further informed and believes and on

19  said information and belief alleges that there exists, and at all times herein mentioned existed, a

20  unity of interest and ownership between these defendants such that any individuality and

21  separateness between said Defendants has ceased, and Stuart and 2001 West are the alter egos of

22  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

23  the separate existence of Stuart and 2001 West should be disregarded as such adherence would

24  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

25         16.    Defendants DOES 1 through 100, inclusive, are sued herein under fictitious

26  names. Their true names and capacities, whether individual, corporate, associate or otherwise,

27  are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will

28  amend this complaint by inserting their true names and capacities herein. Plaintiff is informed

-5-

Verified First Amended Complaint

EXHIBIT A

1  and believes, and thereon alleges, that each Defendant designated as "DOE" is legally
2  responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as
3  herein alleged were proximately caused by those Defendants. Each reference in this complaint to
4  a specifically named Defendant refers also to all Defendants sued under fictitious names.

5      17.    Plaintiff is informed and believes and thereon alleges that at all times herein
6  mentioned, all Defendants were the agents, employees, representatives, and/or servants of each
7  of the other Defendants, and in doing the things hereafter alleged, were acting within the scope
8  and course of their authority as such agents, employees, servants, and/or representatives, and
9  with the permission and consent of each of the other Defendants.

10      18.    Plaintiff is informed and believes and thereon alleges defendants aided and
11  abetted each other in the commission of the torts alleged herein in that: (a) each knew the others'
12  conduct constituted a breach of duty and gave substantial assistance or encouragement to the
13  other to so act and/or (b) each gave substantial assistance to the other in accomplishing a tortious
14  result and that his or her own conduct, separately considered, constituted a breach of duty to
15  Plaintiff and Leon Elster, Inc. Further, Plaintiff is informed and believes that defendants did the
16  things herein alleged pursuant to and in furtherance of a conspiracy to perpetrate a fraud against
17  Plaintiff and Leon Elster, Inc., as alleged herein. In furtherance thereof, defendants, and each,
18  cooperated with one another and/or lent aid and encouragement to one another, and/or ratified
19  and adopted the acts of the other persons and/or entities involved in the conspiracy. Defendants,
20  and each, understood that both their purpose and their methods of achieving this purpose were
21  unlawful and would result in injury to Plaintiff and Leon Elster, Inc., and agreed and understood
22  that each would act in concert with the others to achieve this purpose. Plaintiff is informed and
23  believes that defendants, and each of them, received, accepted, enjoyed and have been unjustly
24  enriched by receiving the benefits provided by plaintiff and Leon Elster, Inc. without paying
25  reasonable value therefore.

26      19.    Jurisdiction is premised on the fact that the harms and obligations sued upon
27  herein were incurred and occurred in the County of Los Angeles.

28

-6-

Verified First Amended Complaint

EXHIBIT A

20.     Plaintiff, as a shareholder in Leon Elster, Inc., is compelled to bring this action for the benefit of Leon Elster, Inc. in order to protect the rights of shareholders in the corporation. Plaintiff did not make a demand on Leon Elster, Inc.'s board of directors pursuant to California Corporations Code Section 800 because such demand would have been futile.

21.     If plaintiff is successful in the action, the recovery will be of substantial benefit to all shareholders of Leon Elster, Inc., and such action is necessary and proper to protect the interests of Leon Elster, Inc. and its shareholders.

## FACTUAL ALLEGATIONS

22.     Plaintiff is informed and believes that Stuart and Aaron caused Leon Elster, Inc. to convey Leon Elster, Inc.'s percentage ownership interests in the below real properties without adequate consideration. In this lawsuit, plaintiff is only addressing Leon Elster, Inc.'s percentage ownership interests in the below real properties.

|    | Property Address | Date of Transfer | Buyer |
|----|------------------|------------------|-------|
| 1. | An undivided 20% interest in 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | An undivided 7/8th interest in 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | An undivided 50% interest in 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 100% interest in 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

---

[1] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit A - Grant Deed).
[2] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit B - Grant Deed).
[3] According to the Grant Deed dated October 21, 2017, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit C - Grant Deed).
[4] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit D - Grant Deed).

-7-

Verified First Amended Complaint

EXHIBIT A

23.     Plaintiff is informed and believes that following the above-identified conveyances, defendants Stuart and Aaron caused notification to be provided to each of the tenants leasing portions of the above-identified properties to stop making their lease payments to Leon Elster, Inc and to begin making their lease payments to the respective new 'buyer entity'. Plaintiff is further informed and believes that all such entities were mere conduits for Stuart and Aaron to funnel monies otherwise belonging to Leon Elster, Inc.

24.     As evidenced by the grant deeds by which Stuart and Aaron caused Leon Elster, Inc. to convey its interest in the above-identified properties, Leon Elster, Inc. did not receive any consideration in exchange for such properties.

25.     Plaintiff is informed and believes that, unbeknownst to plaintiff, in or about early February 2021, defendants Stuart Elster and Aaron Elster gained access to plaintiff's offices located at 9201 Wilshire Blvd., Suite 109, Beverly Hills, CA 90210. At that time, plaintiff is further informed and believes that these defendants removed from these offices personal records and property belonging to plaintiff. Such personal property is, among other things,

     1.     Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu Stock. These shares are valued in excess of $1,500,000. (Copies of the certificates are attached hereto as **Exhibit E**).

     2.     Original Promissory Note and Deed of Trust issued to plaintiff by borrower Mr. Eissa, Harcourt property.

### FIRST CAUSE OF ACTION

(Breach of Fiduciary Duty - As against Stuart and Aaron and Does 1 through 10)

26.     Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

27.     Stuart and Aaron owed a fiduciary duty to Leon Elster, Inc. and its shareholders based upon their positions as directors and officers. Additionally, Aaron, as majority shareholder, owed a fiduciary obligation to minority shareholders, e.g. plaintiff.

28.     In doing the things herein alleged, Stuart and Aaron breached their respective duties.

-8-

Verified First Amended Complaint

EXHIBIT A

29.     Leon Elster, Inc. has been damaged in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

30.     At the time Stuart and Aaron engaged in the offending conduct, as referenced herein, Stuart and Aaron were aware that such conduct constituted a disregard of the rights of Leon Elster, Inc. and the rights of its shareholders. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Plaintiff is informed and believes that Stuart and Aaron failed to make full disclosures to Leon Elster, Inc. and directly deprived Leon Elster, Inc. of revenues and/or forced Leon Elster, Inc. to incur unnecessary expenses to the benefit of Stuart and Aaron or companies owned or controlled by Stuart and Aaron, e.g. WELLC, SBLLC, etc., and to the detriment of Leon Elster, Inc and its shareholders. Stuart and Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Stuart and Aaron from undertaking such conduct in the future.

<div align="center">SECOND CAUSE OF ACTION</div>

<div align="center">(Breach of Fiduciary Duty -- As against Aaron</div>

<div align="center">and Does 11 through 20)</div>

31.     Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

32.     Aaron, as majority shareholder, owed a fiduciary duty to plaintiff as minority shareholder.

33.     In doing the things herein alleged, Aaron breached this duty and acted to the detriment of plaintiff as minority shareholder.

34.     Plaintiff has been damaged in that Aaron caused Leon Elster, Inc. to be severely mismanaged to the point where Leon Elster, Inc.'s assets have been wasted and, as a result, plaintiff's shares have lost value.

35.     Plaintiff is informed and believes that Leon Elster, Inc.'s properties (as identified herein) had values in excess of $5,000,000.00. Plaintiff is further informed that Aaron has and is causing the improper diversion of rents otherwise due to Leon Elster, Inc. to himself, a relative of himself, or to a company owned or controlled by Aaron or a relative.

<div align="center">-9-</div>

<div align="center">Verified First Amended Complaint</div>

<div align="center">EXHIBIT A</div>

36.     In doing the things herein alleged, Aaron damaged plaintiff in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

37.     At the time Aaron engaged in the offending conduct, as referenced herein, Aaron was aware that such conduct constituted a disregard of plaintiff's rights as minority shareholder. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Aaron from undertaking such conduct in the future.

<div align="center">THIRD CAUSE OF ACTION</div>

<div align="center">(Appointment of Receiver-- As against Stuart, Leon Elster, Inc., Aaron<br>and Does 21 through 30)</div>

38.     Plaintiff hereby incorporates paragraphs 1 through 37 as though set forth in full herein.

39.     Unless a Receiver is appointed to take over, preserve and manage the business and affairs of Leon Elster, Inc. and to preserve its property during the pendency of this action, Plaintiff will not receive the full benefit of his interest which Plaintiff believes is currently being wasted by the Defendants.

40.     Therefore, it is imperative this Court appoint a receiver to take over, preserve and manage the business and affairs of Leon Elster, Inc. pending resolution of this action.  By reason of the said facts, Plaintiff prays that this Court appoint a receiver in accordance with Code of Civil Procedure Section 564 to take control of and manage Leon Elster, Inc.

41.     For the foregoing reasons, and in the aid of the receiver, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining Defendants, and DOES 1 through 200 inclusive, and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

(a) Interfering, hindering or molesting, in any manner whatsoever, the receiver in the performance of the receiver's duties;

-10-

Verified First Amended Complaint

<div align="center">EXHIBIT A</div>

1    (b) Demanding, collecting, receiving, or in any other way diverting and using any

2    of the profits, income, issues, inventory, opportunity, payments and/or fixtures,

3    emanating from Leon Elster, Inc. or any portion thereof;

4    (c) Transferring, concealing, destroying, defacing or altering any of the

5    instruments, fixtures, equipment, inventory, documents, ledger cards, books,

6    records, printouts or other writings relating to LEI, or any portion thereof.

7                          FOURTH CAUSE OF ACTION

8              (Accounting -- As against Stuart, Aaron, Leon Elster, Inc.

9                          and Does 31 through 40)

10       42.    Plaintiff hereby incorporates paragraphs 1 through 39 as though set forth in full

11   herein.

12       43.    Defendants are in possession of Leon Elster, Inc.'s corporate books, records,

13   assets and accounts. The amount of Leon Elster, Inc.'s assets and liabilities are unknown to

14   Plaintiff and cannot be ascertained without an accounting.

15       44.    Plaintiff cannot determine his rights and obligations until such time as an

16   accounting has been performed.  This court can and should order such accounting.

17                          FIFTH CAUSE OF ACTION

18              (Unjust Enrichment -- As against Stuart, Aaron, Leon Elster, Inc.

19                          and Does 41 through 50)

20       45.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

21       46.    Plaintiff is informed and believes defendants benefited from the conveyance of

22   the above-mentioned properties pursuant to their unlawful and improper activities. Plaintiff is

23   informed and believes defendants continue to benefit from monies received for the rental of these

24   properties, or portions thereof.

25       47.    By furnishing these properties and rents, plaintiff was not acting as a gift giver

26   and defendants unlawfully accepted the benefits of that which plaintiff furnished.

27       48.    Plaintiff is informed and believes and thereon alleges that defendants have been

28   unjustly enriched. Therefore, it would be inequitable for defendants to be allowed to retain these

-11-

Verified First Amended Complaint

EXHIBIT A

properties and monies without being ordered to return these monies to plaintiff, together with interest thereon at the legal rate.

<div align="center">SIXTH CAUSE OF ACTION</div>

<div align="center">(Cancellation of Instrument -</div>

<div align="center">Against Defendants and DOES 51 - 60)</div>

49.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

50.     Plaintiff is informed and believes that each of the aforementioned properties was improperly and without consideration removed from the inventory of Leon Elster, Inc. and must be returned.

51.     The claims of defendants to these properties are without any right or merit. The claims are based upon false, fraudulent or otherwise defective instruments and recordings.

52.     The estate or interest claimed in the properties by defendants (or by anyone else claiming an interest under these defective instruments) is void. These defective instruments are a cloud on Leon Elster, Inc.'s title to these properties in that it they restrict Leon Elster, Inc.'s use, benefit and enjoyment of these properties, and hinder Leon Elster, Inc.'s right to unrestricted alienation of these properties.  If the defective instruments are not delivered and canceled, serious injury will result to Leon Elster, Inc.

<div align="center">SEVENTH CAUSE OF ACTION</div>

<div align="center">(Inspection of Books and Records - Cal. Corp. Code §1601 -</div>

<div align="center">Against Defendants and DOES 61 - 70)</div>

53.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

54.     As a shareholder of the corporation, Plaintiff is entitled to inspect corporate books and records pursuant to Cal. Corps. Code §1601, including, without limitation, those related to: the transactions which led to the conveyance of the aforementioned properties from Leon Elster, Inc. to the various entities, etc.

<div align="center">-12-</div>

<div align="center">Verified First Amended Complaint</div>

<div align="center">EXHIBIT A</div>

55.     Defendants have refused to allow Plaintiff or others to inspect and copy corporate records reasonably related to his interests as a shareholder. Accordingly, Plaintiff requests that defendants be ordered to allow Plaintiff to inspect and copy the corporate books and records.

## EIGHTH CAUSE OF ACTION

(Waste of Corporate Assets - Against Stuart and Aaron and DOES 71 - 80)

56.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

57.     In their capacities as directors of Leon Elster, Inc., Stuart and Aaron have breached their duties to reasonably manage corporate assets and to avoid their waste and have wasted corporate assets by their actions as alleged above. Such conduct constituted fraudulent or dishonest acts or gross abuse of authority or discretion and waste of corporate assets, justifying removal of Stuart and Aaron as directors and justifying their being barred from reelection as directors for at least 10 years.

## NINTH CAUSE OF ACTION

(Quiet Title - As Against All Defendants and DOES 81 - 90)

58.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

59.     Plaintiff asserts that Leon Elster, Inc. is the true owner of the specified interests in the real properties as identified above, not defendants.

60.     Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world claiming to own all or a portion of the specified interests in the aforementioned real properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in any portion of the specified interests in the aforementioned real properties that is owned by Leon Elster, Inc.

61.     Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action as to all interest as specified above in the aforementioned real properties.

-13-

Verified First Amended Complaint

EXHIBIT A

<div align="center">

TENTH CAUSE OF ACTION

(Conversion - As Against All Defendants and DOES 91 - 100)

</div>

62.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

63.     Plaintiff is informed and believes and thereon alleges that Defendants possess property which was fraudulently obtained and/or was converted as described herein.

64.     Defendants have intentionally interfered with and converted property which was rightfully owned by Plaintiff by converting it to their personal use.

65.     Defendants' intentional interference and conversion has deprived Plaintiff of possession and use of the property.

66.     As a direct and proximate result of Defendants' wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be proven at the time of trial.

<div align="center">

ELEVENTH CAUSE OF ACTION

(Violation of Penal Code §496 - As Against All Defendants and DOES 101 - 110)

</div>

67.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

68.     Penal Code Section 496(a) provides, in pertinent part, that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year. .. "

69.     By doing the things herein alleged, Defendants, and each of them, have violated California Penal Code Section 496(a). Per Penal Code §496(b)(c) plaintiff seeks a damage award of three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees.

<div align="center">

-14-

Verified First Amended Complaint

EXHIBIT A

</div>

<u>TWELFTH CAUSE OF ACTION</u>

(Claim and Delivery - As Against All Defendants and DOES 111 - 120)

70.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

71.     At all times herein mentioned, Plaintiff was, and still is, entitled to the possession of the property described above.

72.     In or around February 2021, Defendants, and each of them, wrongfully and without Plaintiffs consent, absconded with plaintiff's property.  Since that time, Defendants have been, and now are, in wrongful possession of plaintiff's property in violation of plaintiff's right to possession.

73.     During, and as a proximate result of, Defendants' wrongful possession and retention of plaintiff's property, plaintiff has suffered damages according to proof.

74.     In taking, wrongfully possessing, and retaining plaintiff's property, Plaintiff is informed and believes that the conduct of Defendants, and each of them, was willful and was intended to cause injury to Plaintiff in that the activities of the Defendants were fraudulent and committed with malice. Plaintiff is therefore entitled to an award of punitive damages pursuant to California Civil Code Section 3294.


WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.     For judgment quieting Leon Elster, Inc.'s fee simple title to the above-identified properties and that no other persons or entities have any right, title, or interest in any of those properties, or any improvements thereon.

2.     For damages for breach of fiduciary duty, subject to proof, but in an amount in excess of $5,000,000.00.

3.     Exemplary damages.

4.     For prejudgment interest, subject to proof.

5.     For the appointment of a receiver to take possession and charge of Leon Elster, Inc., and to conserve and manage Leon Elster, Inc. pending final adjudication of this action.

-15-

Verified First Amended Complaint

EXHIBIT A

1   Pursuant thereto, Plaintiff requests Defendants, and each of them, and anyone holding under said

2   Defendants, be ordered to deliver possession of all business and banking records of Leon Elster,

3   Inc. to the receiver forthwith. Plaintiff further requests this court authorize the receiver to do the

4   following:

5           (a) Exclude said Defendants, and each of them, or anyone claiming under

6           or through said Defendants, from the premises of these entities, or any

7           portion thereof;

8           (b) Use, operate, manage, and control Leon Elster, Inc.;

9           (c) Care for, preserve, maintain and keep Leon Elster, Inc. profitable (asset

10          recovery);

11          (d) Incur all expenses necessary for the care, preservation and maintenance of

12          Leon Elster, Inc.;

13          (e) Demand, collect and receive the accounts of Leon Elster, Inc.;

14          (f) Bring and prosecute all proper actions for the collection of accounts due to

15          Leon Elster, Inc., and to bring and prosecute all proper actions for the protection

16          of Leon Elster, Inc.;

17          (g) Employ agents or employees to operate and manage Leon Elster, Inc., if the

18          Receiver shall deem the same necessary, and to pay the reasonable value of said

19          services out of the receipts;

20          (h) Open up bank accounts as deemed necessary by the receiver in connection

21          with the above--referenced duties;

22          (i) All other powers and duties referred to in this complaint, together with all

23          other powers reasonably necessary to carry out the Receiver's duties and

24          responsibilities;

25          (j) To borrow such funds from a lender or any other suitable bank or other

26          financial institution or lender as may be necessary to satisfy the costs and

27          expenses of the receivership, to the extent that the profits derived from Leon

28          Elster, Inc. are insufficient to satisfy such costs and expenses, issue a

-16-

Verified First Amended Complaint

EXHIBIT A

1   Receiver's Certificate of Indebtedness evidencing the obligation of the
2   receivership estate (and not the receiver individually) to repay such sums. The
3   principal sum of each such certificate, together with reasonable interest thereon,
4   shall be payable out of the next available funds that constitute profits.

5   6.   For costs and expenses incurred by the Receiver in the performance of the
6   Receiver's duties, including, without limitation, Receiver's fees and charges, and reasonable
7   attorneys' fees;

8   7.   For a temporary restraining order and for preliminary and permanent injunctions
9   restraining and enjoining Defendants, and their servants, agents and employees, and others acting
10  in concert with them, and each of them, from engaging in, or performing, directly or indirectly,
11  any or all of the following acts:

12   (a) Interfering, hindering, or molesting in any manner whatsoever the Receiver in
13   the performance of the Receiver's duties;
14   (b) Demanding, collecting, receiving, or in any other way diverting or using any
15   of the profits, income, issues, and/or payments emanating from or received by
16   Leon Elster, Inc.;
17   (c) Transferring, concealing, destroying or defacing all or altering any of the
18   instruments, documents, ledger parts, books, records, printouts, or any other
19   writings relating to Leon Elster, Inc.

20   8.   For an order requiring Defendants to provide Plaintiff with a full and complete
21  accounting of all financial holdings, assets and liabilities of Leon Elster, Inc., and determining
22  amounts due to shareholders, and that such amounts be paid together with interest thereon.

23   9.   For costs of suit incurred herein;
24   10.   For possession and return of the plaintiff's property identified herein; and,
25   11.   For such other and further relief as the court may deem just.

26  Dated: January 18, 2022        LAW OFFICES OF DAVID GLAUBIGER
27
28                                  By
                                    David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

-17-

Verified First Amended Complaint

EXHIBIT A

1

2
<u>VERIFICATION</u>

3
  I am plaintiff in this action. I have read the foregoing First Amended Complaint and it is

4
true of my own knowledge, except as to those matters stated on information or belief, and as to

5
those matters, I believe those matters to be true.

6
  I declare under penalty of perjury under the laws of the State of California that the

7
foregoing is true and correct.

8

9
Dated: January 19, 2022

10
Leon Elster

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

Verified First Amended Complaint

EXHIBIT A

**EXHIBIT "A"**

EXHIBIT A

RECORDING REQUESTED BY:
*Provident Title*
AND WHEN RECORDED MAIL TO:

2001 West 60th St LLC
c/o 11824 South Park Ave.
Los Angeles, CA 90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ -0-
CITY DOCUMENTARY TRANSFER TAX: -0-
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area  [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  LEON ELSTER, INC., a California corporation

hereby GRANT(s) to: **2001 WEST 60th ST, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

An undivided 20% interest in and to Parcel "B" in the City of Los Angeles, as shown on Parcel Map L.A. No. 2131, filed in Book 31, Page 11 of Parcel Maps, in the office of the County Recorder of said County.

Also Known as: 2001 West 60th Street, Los Angeles, CA
AP#: 6001-013-010

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This Instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6001-013-010

DATED: February 5, 2021                      **Signature Page**

LEON ELSTER, INC., a California corporation

by: _____
Stuart Elster, Authorized Signer

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF        Los Angeles
On       February 5, 2021
before me,        Eric Shewfelt
A Notary Public personally appeared
        Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT A

**EXHIBIT "B"**

EXHIBIT A

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

8615 Long Beach Blvd LLC
c/o 11824 South Park Ave.
Los Angeles, CA 90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ 0
CITY DOCUMENTARY TRANSFER TAX: : 0
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **8615 Long Beach Blvd LLC, a California limited liability company**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:

An undivided 7/8th interest in and to: Lot 155 and the East 40 feet of Lot 156 of Tract No. 3233, in the City of South Gate, County of Los Angeles, State of California, as per map recorded in Book 36, Page 70 of Maps,  in the office of the County Recorder of said County.

Also Known as: 8615 Long Beach Blvd., South Gate, CA 90280
AP#: 6204-018-002

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

February 5, 2021

This instrument is filed as an
ACCOMMODATION ONLY. It has not
been examined as to its effect
upon title or its execution.

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6204-018-002

**Signature Page**

**DATED: February 5, 2021**

LEON ELSTER, INC., a California corporation

by: _Stuart Elster_

Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF    Los Angeles
On     February 5, 2021
before me,    Eric Shewfelt
A Notary Public personally appeared
   Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Eric Shewfelt_

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT A

RECORDING REQUESTED BY:
North American Title Company

AND WHEN RECORDED MAIL TO:

Leon Elster, Inc.
9201 Wilshire Blvd., Suite 109
Beverly Hills, CA 90210



05/16/2017

*20170668962*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 1495878 | Escrow No.: 133620-007 |
|---|---|

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

### DOCUMENTARY TRANSFER TAX is $2,365.00

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of South Gate AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Business Properties, LLC, an Oregon limited liability company**

hereby GRANT(s) to:

**Leon Elster, Inc., a California Corporation, as to an undivided 7/8th interest and Stuart A. Elster and Rachel Cherubin Elster, Trustees, Stuart A. Elster and Rachel Cherubin Elster Revocable 2006 Trust, as to an undivided 1/8th interest**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:
Lot 155 and the East 40 Feet of Lot 156 of Tract 3233, in the City of South Gate, County of Los Angeles, State of California, as per Map recorded in Book 36, Page(s) 70, of Maps, in the Office of the County Recorder of said County.

Also Known as:  8615 Long Beach Blvd., South Gate, CA  90280
AP#: 6204-018-002

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

Title Order No.: 1495878
Escrow No.: 133620-007
A.P. # 6204-018-002

3

**Signature Page**

DATED: June 7, 2017

Business Properties, LLC, an Oregon limited liability
company

By: _____

Piam Amouna, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On June 7, 2017
before me, Anita Barrry,
A Notary Public personally appeared Piam Amouna,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

```
ANITA BARRY
Notary Public - California
Los Angeles County
Commission # 2152575
My Comm. Expires May 10, 2020
```

(Seal)

EXHIBIT A

**EXHIBIT "C"**

EXHIBIT A

RECORDING REQUESTED BY:
PROVIDENT TITLE COMPANY

AND WHEN RECORDED MAIL TO:

7607 SAINT BERNARD LLC
11824 S. PARK AVENUE
LOS ANGELES, CA 90066

Order No.: 12374131
Escrow No.: PV12771-MW
A.P.N.: 4116-010-015

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) DOCUMENTARY TRANSFER TAX IS $ 0.00*
[  ] computed on full value of property conveyed, or
[  ] computed on full value less value of liens or encumbrances remaining at time of sale.
[  ] unincorporated area[ X ] City of LOS ANGELES

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND STUART A. ELSTER AND RACHEL CHERUBIN ELSTER, TRUSTEES OF THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST , AS TO AN UNDIVIDED 50% INTEREST

hereby GRANT(S) to 7607 ST. BERNARD LLC, A California Limited Liability Company

the following described real property in the County of Los Angeles, State of California:

Legal Description as per Exhibit "A" attached hereto and made a part hereof.

~~*This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same and continue to hold the same proportionate interest, R & T 11911"~~

The property more commonly known as: 7607 SAINT BERNARD STREET , PLAYA DEL REY, CA 90293

Dated:  October 18, 2017

LEON ELSTER, INC.

By: _____
STUART ELSTER, VICE PRESIDENT

"The grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the ~~same~~ *same* proportionate interest in the property, R & T 11923(d)"

THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST

_____ trustee
STUART A. ELSTER, TRUSTEE

_____ Trustee
RACHEL CHERUBIN ELSTER, TRUSTEE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF _LOS ANGELES_ )

On ____10-21-17____ before me,
_Roland Africa_, a notary public,
personally appeared STUART ELSTER aka STUART A. ELSTER AND RACHEL CHERUBIN ELSTER who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROLAND AFRICA
COMM. # 2142272
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES MAR. 7, 2020

(Seal)
(This area for official notary seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT A

**EXHIBIT "A"**

LOT 15, TRACT NO. 24036, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 661 PAGE(S) 96 AND 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM SAID LAND, ALL OIL, GAS OTHER HYDROCARBONS AND OTHER MINERALS IN AND UNDER SAID REAL PROPERTY, TOGETHER WITH THE RIGHT, AS HEREINAFTER LIMITED TO DRILL, REDRILL, DEEPEN, COMPLETE, AND MAINTAIN WELL HOLES, UNDER, THROUGH, AND BEYOND, AND TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND REMOVE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND WATER NECESSARY THEREFOR AND OTHER MINERALS FROM AND THROUGH SAID REAL PROPERTY, TOGETHER WITH RIGHTS OF WAY AND EASEMENTS FOR ANY AND ALL OF THE ABOVE MENTIONED PURPOSES, BUT WITH NO RIGHT OF ENTRY UPON OR THROUGH SAID REAL PROPERTY, EXCEPT BENEATH A DEPTH OF 200 FEET BELOW THE PRESENT SURFACE OF SAID REAL PROPERTY, AS RESERVED IN THE DEED FROM FRITZ B. BURNS, A MARRIED MAN, WHO ACQUIRED TITLE AS HIS SEPARATE PROPERTY, RECORDED ON DECEMBER 31, 1958, IN BOOK D-320, PAGE 32, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NUMBER: 4118-010-015

**EXHIBIT "D"**

EXHIBIT A

RECORDING REQUESTED BY:

*Provident Title*

AND WHEN RECORDED MAIL TO:

1132 West Edgeware LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ 0
CITY TRANSFER TAX: 0 .
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area  [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **1132 WEST EDGEWARE, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR THE LEGAL DESCRIPTION OF THE REAL PROPERTY CONVEYED BY THIS INSTRUMENT.

Also Known as:  1132 West Edgeware Street, Los Angeles, CA
AP#: 5405-007-030

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. #5405-007-030

DATED:  February 5, 2021                          Signature Page

Leon Elster, Inc., a California corporation

by: _____
Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF      Los Angeles
On          February 5, 2021
before me,      Eric Shewfelt
A Notary Public personally appeared
          Stuart Elster

---

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

> ERIC SHEWFELT
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> COMMISSION # 2195106
> MY COMM. EXPIRES MAY 1, 2021

                                                        (Seal)

> ERIC SHEWFELT
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> COMMISSION # 2195106
> MY COMM. EXPIRES MAY 1, 2021

EXHIBIT A

EXHIBIT "A"

THE EASTERLY 111.0 FEET OF LOT 8 IN BLOCK 13 OF ANGELENO HEIGHTS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE(S) 88 AND 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 5405-007-030.

**EXHIBIT "E"**

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2842

**SHARES**
***40,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Forty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
**Seal**
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER** 2843

**SHARES** ***30,000***

CUSIP#057586209

### *BAKHU*
### HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT     LEON ELSTER

IS THE RECORD HOLDER OF

*** Thirty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned. This certificate and the shares represented hereby are subject to the laws of the State of Nevada, and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended. This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:     June 15, 2018

SECRETARY

BAKHU HOLDINGS CORP. CORPORATE Seal NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by     PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**

2844

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

**SHARES**

***80,000***

CUSIP#057586208

THIS CERTIFIES THAT        LEON ELSTER

IS THE RECORD HOLDER OF

*** Eighty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        June 15, 2018

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by        PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
3001

**SHARES**
***50,000***

CUSIP#057586208

# BAKHU
## HOLDINGS, CORP.

THIS CERTIFIES THAT

LEON ELSTER

THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS. THE SECURITIES HAVE BEEN ACQUIRED FOR INVESTMENT AND NOT WITH A VIEW TOWARD RESALE AND MAY NOT BE OFFERED FOR SALE, SOLD, TRANSFERRED, OR ASSIGNED IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT FOR THE SECURITIES UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS, UNLESS THE COMPANY HAS RECEIVED AN OPINION OF COUNSEL WHICH IS SATISFACTORY TO THE COMPANY, TO THE EFFECT THAT SUCH REGISTRATIONS ARE NOT REQUIRED.

IS THE RECORD HOLDER OF

*** Fifty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:

October 4, 2018

SECRETARY

PRESIDENT

BAKHU Holdings Corp
CORPORATE
Seal
NEVADA

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by

PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2840

**SHARES**
***200,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT        LEON ELSTER

IS THE RECORD HOLDER OF        *** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        June 15, 2018

SECRETARY

BAKHU HOLDINGS CORP.
CORPORATE
**Seal**
NEVADA

PRESIDENT

T VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by        PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

- **NUMBER** -
2841

- **SHARES** -
***200,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned. This certificate and the shares represented hereby are subject to the laws of the State of Nevada. and to the Articles of Incorporation and Bylaws of the Corporation. as now or hereafter amended. This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

_____
SECRETARY

BAKHU HOLDINGS CORP.
CORPORATE
**Seal**
NEVADA
★ ★ ★ ★ ★

_____
PRESIDENT

VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

1

2

3

<u>PROOF OF SERVICE</u>
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4

5

6

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

7

8

On January 19, 2022, I served the following documents described as: First Amended Complaint on the interested parties in this action as follows:

9

10

11

12

[] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

17

18

19

20

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

21

22

23

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

24

25

26

Executed on January 19, 2022 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

27

28

_____ DAVID GLAUBIGER_____

EXHIBIT A

1

2

## SERVICE LIST

3

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5

Craig R. Bockman, Esq
JONESBELL LLP

6

601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017

7

Telephone: (213) 485-1555
Facsimile: (213) 689-1004
email: crbockman@jonesbell.com

8

Attorney for ALL defendants and cross-

9

complainants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  David Glaubiger, Esq. SBN 176019
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire Street, Suite 112
   Chatsworth, CA 91311
3  Tel: (818) 725-9711
   Fax: (818) 725-9712
4
   Attorneys for Plaintiff and Cross-Defendant Leon Elster
5

6
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**
8

9
   LEON ELSTER, an individual, on behalf of        ) LASC Case No. 21STCV25835
10 himself and of all other shareholders of the LEON )
   ELSTER, INC., a California Corporation,           )
11                                                    ) EX PARTE APPLICATION FOR ORDERS (1)
                                                      ) AMENDING COURT'S PRIOR ORDER
12                    Plaintiff,                      ) DIRECTING PLAINTIFF TO JOIN PENSION
                                                      ) PLAN TO THE LAWSUIT OR, IN THE
13 vs.                                                ) ALTERNATIVE, (2) SHORTEN TIME ON A
                                                      ) REGULARLY NOTICED MOTION SEEKING
14 STUART ELSTER, an individual; AARON               ) THE SAME RELIEF; MEMORANDUM OF
   ELSTER, an individual; LEON ELSTER, INC., a       ) POINTS AND AUTHORITIES; DECLARATION
15 California corporation; 8615 LONG BEACH            ) OF DAVID GLAUBIGER IN SUPPORT
   BLVD, LLC, a California limited liability          ) THEREOF
16 company; 7607 ST. BERNARD, LLC, a California )
   limited liability company; 1132 WEST              ) [Concurrently filed herewith]
17 EDGEWARE, LLC, a California limited liability      ) 1. [proposed] Ex Parte Order
   company; 2001 WEST 60TH ST, LLC, a                ) 2. Declaration re Ex Parte Notice
18 California limited liability company; and ALL      )
   PERSONS UNKNOWN, CLAIMING ANY                     )
19 LEGAL OR EQUITABLE RIGHT, TITLE,                   )
   ESTATE, LIEN, OR INTEREST IN THE                  ) Date: February 7, 2022
20 PROPERTY DESCRIBED IN THE COMPLAINT )              Time: 8:30 am
   ADVERSE TO LEON ELSTER, INC'S TITLE,              ) Dept.: "71"
21 OR ANY CLOUD ON LEON ELSTER, INC'S                )
   TITLE THERETO; and DOES 1-100.                    )
22                                                    )
                                                      )
23                    Defendants.                     )
                                                      )
24 _____ )
                                                      )
25 AND RELATED CROSS-ACTION                           )

26
   TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD HEREIN:
27
          PLEASE TAKE NOTICE that on February 7, 2022 at 8:30 a.m., or as soon thereafter as
28
   the matter may be heard, in Dept. 71 of the above-entitled court, plaintiff Leon Elster

                                         -1-

       Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

                                    EXHIBIT A

("plaintiff") will, and hereby does, move this Court for ex parte orders either (1) amending this Court's order dated January 7, 2022 directing plaintiff to join Pension Plan as a defendant or, in the alternative, (2) shorten time on a regularly noticed motion seeking the same relief.

This ex parte application is made on the following grounds:

**A)    INTRODUCTION**

1.      The pleadings are a stand still.

2.      The issue is that plaintiff hired new counsel to address his claims against the Pension Plan in Federal court, along with the property claims underlying this Court's finding that the Leon Elster Defined Benefits Pension Plan (the "Pension Plan") was a necessary party. As such, plaintiff filed a First Amended Complaint ("FAC") withdrawing all such claims from this lawsuit. Notwithstanding, the defense contends - without explanation - that the Pension Plan must still be joined as a defendant. Plaintiff disagrees. The parties need guidance from the Court.

**B)    THE DISPUTE AT ISSUE**

2.      On July 14, 2021, plaintiff filed Complaint claiming either Leon Elster or Leon Elster, Inc. owned the following assets - which were usurped by defendants:

        1)      2001 West 60th St., LA, CA 90047. (Complaint, ¶¶ 22, Exh A)

        2)      Bakhu Holdings Corp. original share certificates representing
                600,000 shares of Bakhu Stock.  (Complaint, ¶¶ 25)

        3)      PRHL original share certificates representing 7,000,000 shares.
                (Complaint, ¶¶ 25)

(Plaintiff requests the Court take judicial notice of the Complaint on file.)

3.      On November 12, 2021, defendants filed a Motion to join the Pension Plan. Defendants argued the Pension Plan was an indispensable and necessary party.

4.      On January 7, 2022, the Court held defendants established the Pension Plan owns an interest in the PRHL stock. With regard to 2001 West 60th, the court found that - as alleged in the Complaint - plaintiff's claims are NOT limited to the 20% owned by Leon Elster, Inc. The court noted, the Complaint alleged that there may be other "claimants, and those claimants have

-2-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

1   no right, title, estate, lien, or interest in the aforementioned real properties." (Complaint, ¶¶60-

2   61) Thus, the Court held the Pension Plan's ownership interest in the 2001 West 60th property

3   was implicated. Based on these two (2) pieces of property, the Court ordered plaintiff to join the

4   Pension Plan to the lawsuit. (See Declr David Glaubiger, Exh A).

5          5.     Since that time, the plaintiff Leon Elster retained other counsel to address his

6   personal claims against the Pension Plan in Federal Court - ERISA claims. It was determined

7   that new counsel would raise the issues related to the PHRL stock in that case.

8          6.     Such being the case, plaintiff opted to withdraw the PHRL stock claims from this

9   lawsuit. With regard to 2001 West 60th, plaintiff opted to 'narrowly' tailor those claims to ONLY

10  address Leon Elster, Inc.'s 20% ownership interest.

11         7.     On January 19, 2022, plaintiff filed a FAC. The FAC omits all claims related to

12  the PHRL stock. The FAC narrowly tailors all claims related to 2001 West 60th  to address Leon

13  Elster, Inc's 20% ownership interest, only. (See Declr David Glaubiger, Exh B).

14         8.     Despite dropping the PHRL stock claim and narrowly tailoring the claim related

15  to 2001 West 60th, the defense claims the Pension Plan *still* has an ownership interest in the

16  property identified in the FAC and must be joined. ***However***, as of the date of this ex parte

17  application, the defense refuses and fails to articulate the basis for the claim.

18         9.     On January 26, 2022, plaintiff's counsel sent defense counsel an email wherein

19  plaintiff specifically and succinctly explained how the FAC narrowly tailored the claim related to

20  2001 West 60th claim to only address Leon Elster, Inc.'s 20% ownership interest and notified

21  defense counsel that plaintiff withdrew the PHRL claims from the lawsuit. Plaintiff counsel

22  requested either an explanation as to how the Pension Plan's ownership interest continues to be

23  implicated or that defense simply file a response to FAC. (See Declr David Glaubiger, Exh C).

24         10.    Later that same day, on January 26, 2022, defense counsel sent a response that

25  simply concluded, without explanation, the FAC did not plead around the Pension Plan's

26  ownership interest in 2001 West 60th. (See Declr David Glaubiger, Exh C).

---

-3-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

<u>**C)**</u>    <u>**REQUESTED RELIEF TO RESOLVE THE DISPUTE**</u>

11.    Missing from the court's order directing plaintiff to join the Pension Plan to the lawsuit is language providing for the alternative - drop the property claims that implicate the Pension Plan's ownership interest. This should go without saying. However, the defense is hung up on the issue.

12.    In sum, plaintiff respectfully requests the Court amend its order of January 7, 2022 to include language to effect of "plaintiff is directed to either join the Pension Plan to the lawsuit *or* file an amended complaint dropping all claims relating to the PHRL stock and the portions of the 2001 West 60th property that go beyond the 20% owned by Leon Elster, Inc."

<div align="center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

</div>

**I.**    <u>**STATEMENT OF FACTS**</u>

Incorporate by reference, as if fully set forth herein, all of the above factual allegations.

**II.**    <u>**DISCUSSION**</u>

    **A)**    <u>**This Court Has Jurisdiction to Hear this Ex Parte Application.**</u>

On February 3, 2022, plaintiff's counsel, David Glaubiger, provided notice to all other parties in full compliance with California Rules of Court Rule 3.1200 et seq. (<u>See</u> Declr re Ex Parte Notice).

**III.**    <u>**DISCUSSION**</u>

**A)**    **THIS COURT HAS INHERENT POWER TO RECONSIDER RULING ON MOTION TO JOIN PENSION PLAN**

The Court's order dated January 7, 2022, directs plaintiff to add the Pension Plan to the lawsuit. However, plaintiff opted to drop the property claims implicating the Pension Plan's ownership interest. As such, there is no longer reason to add the Pension Plan to the lawsuit. However, because the Court's order does not articulate this alternative, the defense is challenging. It is a form over substance argument.

To resolve the dispute, plaintiff requests the Court on its own motion to add the following language to the order, "... plaintiff is directed to either join the Pension Plan to the lawsuit *or* file

<div align="center">

-4-

</div>

<div align="center">

EXHIBIT A

</div>

1   an amended complaint dropping all claims relating to the PHRL stock and the portions of the

2   2001 West 60th property that go beyond the 20% owned by Leon Elster, Inc."

3        Although parties may move for reconsideration only as authorized by § 1008, that statute

4   "does not limit the court's ability, on its own motion, to reconsider its prior interim orders..." *Le*

5   *Francois v. Goel* (2005) 35 C4th 1094, 1107; *Pinela v. Neiman Marcus Group, Inc.* (2015) 238

6   CA4th 227, 237; *Boschetti v. Pacific Bay Investments Inc.* (2019) 32 CA5th 1059, 1070 —terms

7   of CCP § 1008 do not limit court's ability to reconsider.

8   **B)      IF THE COURT WILL NOT GRANT THE REQUESTED RELIEF EX PARTE,**

9   **THIS COURT SHOULD SHORTEN TIME ON A REGULARLY NOTICED MOTION**

10       The bullet solution is for the Court to amend the prior order, as requested, and short

11   circuit the busy work. However, if the Court will not do so on an ex parte basis, plaintiff requests

12   the Court shorten time on a regularly noticed motion requesting the same relief.

13       For good cause (e.g., a looming discovery cut-off date), the court may grant an ex parte

14   application for an order shortening the time for notice of the motion.  Courts have the authority

15   to advance hearing dates and related briefing schedules for motions. CCP §1005(b), the "court,

16   or a judge thereof, may prescribe shorter time" than the standard hearing and briefing timetables

17   in the Code. Likewise, CRC Rule 3.1300(b), the "court, on its own motion or on application for

18   an order shortening time supported by a declaration showing good cause, may prescribe shorter

19   times for the filing and service of papers than the time specified in Code of Civil Procedure

20   section 1005." Trial courts have inherent power to control litigation and conserve judicial

21   resources through whatever procedural vehicle reaches that result. *Lucas v. County of Los*

22   *Angeles* (1996) 47 Cal.App.4th 277, 284-285.

23       Based on the foregoing, good cause exists for shortening time for hearing on a regularly

24   noticed motion.

25   ////

26   ////

27   ////

28   ////

-5-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

**IV.      CONCLUSION**

Based thereon, this Court should grant relief requested herein so we can get the pleadings resolved and the case on track.


Dated: February 3, 2022                    LAW OFFICES OF DAVID GLAUBIGER

                                           By
                                              David Glaubiger, Esq., Attorney for Plaintiff and
                                              Cross-Defendant Leon Elster

-6-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

## <u>DECLARATION OF DAVID GLAUBIGER</u>

I, David Glaubiger, declare:

1.      I am an attorney duly licensed to practice before all the courts of the State of California and the attorney of record herein for plaintiff Leon Elster ("plaintiff"). I have personal knowledge of the facts set forth herein, and if called to testify, would and could testify competently thereto.

2.      I have reviewed all of the pleadings in this case and I have attended all court proceedings.

3.      The pleadings are a stand still.

4.      The issue is that plaintiff hired new counsel to address his claims against the Pension Plan in Federal court, along with the property claims underlying this Court's finding that the Leon Elster Defined Benefits Pension Plan (the "Pension Plan") was a necessary party. As such, plaintiff filed a First Amended Complaint ("FAC") withdrawing all such claims from this lawsuit. Notwithstanding, the defense contends - without explanation - that the Pension Plan must still be joined as a defendant. Plaintiff disagrees. The parties need guidance from the Court.

## B)      THE DISPUTE AT ISSUE

5.      On July 14, 2021, on behalf of plaintiff, I drafted and filed Complaint claiming either Leon Elster or Leon Elster, Inc. owned the following assets - which were usurped by defendants (Plaintiff requests the Court take judicial notice of the Complaint on file):

        1)      2001 West 60th St., LA, CA 90047. (Complaint, ¶¶ 22, Exh A)

        2)      Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu Stock.  (Complaint, ¶¶ 25)

        3)      PRHL original share certificates representing 7,000,000 shares. (Complaint, ¶¶ 25)

6.      On November 12, 2021, defendants filed a Motion to join the Pension Plan. Defendants argued the Pension Plan was an indispensable and necessary party.

-7-

EXHIBIT A

7.     On January 7, 2022, the Court held defendants established the Pension Plan owns an interest in the PRHL stock. With regard to 2001 West 60th, the court found that - as alleged in the Complaint - plaintiff's claims are NOT limited to the 20% owned by Leon Elster, Inc. The Court noted, the Complaint alleged that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Complaint, ¶¶60-61) Thus, the Court held the Pension Plan's ownership interest in the 2001 West 60th property was implicated. Based on these two (2) pieces of property, the Court ordered plaintiff to join the Pension Plan to the lawsuit. A true and correct copy of the order is attached hereto as **EXHIBIT A** and is incorporated herein by this reference.

8.     Since that time, I located and plaintiff Leon Elster retained other counsel to address his personal claims against the Pension Plan in Federal court - the ERISA claims. It was agreed that new counsel would raise the issues related to the PHRL stock in that case.

9.     Such being the case, plaintiff opted to withdraw the PHRL stock claims from this lawsuit. With regard to 2001 West 60th, plaintiff opted to 'narrowly' tailor those claims to ONLY address Leon Elster, Inc.'s 20% ownership interest.

10.    On January 19, 2022, on behalf of plaintiff, I drafted and filed a FAC. The FAC omits all claims related to the PHRL stock. The FAC narrowly tailors all claims related to 2001 West 60th to address Leon Elster, Inc's 20% ownership interest, only. A true and correct copy of the order is attached hereto as **EXHIBIT B** and is incorporated herein by this reference.

11.    Despite dropping the PHRL stock claim and narrowly tailoring the claim related to 2001 West 60th, the defense claims the Pension Plan *still* has an ownership interest in the property identified in the FAC and must be joined. ***However***, as of the date of this ex parte application, the defense refuses and fails to articulate the basis for the claim.

12.    On January 26, 2022, I sent defense counsel an email wherein I specifically and succinctly explained how the FAC narrowly tailored the claim related to 2001 West 60th claim to only address Leon Elster, Inc.'s 20% ownership interest and I notified defense counsel that plaintiff withdrew the PHRL claims from the lawsuit. I requested defense counsel either provide

-8-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

an explanation as to how the Pension Plan's ownership interest continues to be implicated or that the defense simply file a response to FAC. A true and correct copy of the order is attached hereto as **EXHIBIT C** and is incorporated herein by this reference.

10.     Later that same day, on January 26, 2022, defense counsel sent a response that simply concluded, without explanation, the FAC did not plead around the Pension Plan's ownership interest in 2001 West 60th. A true and correct copy of the order is attached hereto as **EXHIBIT C** and is incorporated herein by this reference.

**C)     REQUESTED RELIEF TO RESOLVE THE DISPUTE**

11.     In my opinion, the crux of the issue is that missing from the Court's order directing plaintiff to join the Pension Plan to the lawsuit is language providing for the alternative - drop the property claims that implicate the Pension Plan's ownership interest. This should go without saying. However, the defense is hung up on the issue.

12.     In sum, on behalf of plaintiff, I respectfully request the Court amend its order of January 7, 2022 to include language to effect of "plaintiff is directed to either join the Pension Plan to the lawsuit *or* file an amended complaint dropping all claims relating to the PHRL stock and the portions of the 2001 West 60th property that go beyond the 20% owned by Leon Elster, Inc."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge. Executed this 3rd day of February 2022, at Chatsworth, California.

David Glaubiger, Esq., Declarant

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

<u>PROOF OF SERVICE</u>
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

    On February 3, 2022, I served the following documents described as: Ex Parte Application re Reconsideration on the interested parties in this action as follows:

    [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

    [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

    [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    Executed on February 3, 2022 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____

-10-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

1

2

**SERVICE LIST**

3

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5

6

7

8

9

Craig R. Bockman, Esq
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
email: crbockman@jonesbell.com

Attorney for Leon Elster, Inc., Stuart Elster
and Aaron Elster

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

Ex Parte Application re Reconsideration; Memo P&A; Declaration of David Glaubiger

EXHIBIT A

# EXHIBIT "A"

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                        January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                              2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Ruling on Submitted Matter

The Court, having taken the matter under submission on 12/15/2021 for Hearing on Motion to
Join Necessary Party, now rules as follows:

Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon
Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted.
Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI")
(collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to
add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action
because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move
for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable
parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder
will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a
party in the action if (1) in his absence complete relief cannot be accorded among those already
parties or (2) he claims an interest relating to the subject of the action and is so situated that the
disposition of the action in his absence may (i) as a practical matter impair or impede his ability
to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk
of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed
interest. If he has not been so joined, the court shall order that he be made a party."

EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                              January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                 2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (Peerless Ins. Co. v. Superior Court (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A. Whether Pension Plan is a Necessary Party

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)

Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan.

EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **21STCV25835** | January 7, 2022 |
| **LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.** | 2:48 PM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: None |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

(S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (Id., Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **21STCV25835** | January 7, 2022 |
| **LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.** | 2:48 PM |

Judge: Honorable Monica Bachner        CSR: None
Judicial Assistant: A. Barton          ERM: None
Courtroom Assistant: None         Deputy Sheriff: None

B. Whether the Joinder of Pension Plan Would Deprive the Court of Jurisdiction.

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of jurisdiction because he has claims against Pension Plan for purported ERISA violations based on purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans' joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in this action when there is no suggestion that those claims arise from the same transaction or series of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

The Clerk to give notice.

The Court's written Ruling on Submitted Matter is signed and filed this dated.

Certificate of Mailing is attached.

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/07/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By    A. Barton         Deputy |
| PLAINTIFF/PETITIONER:<br>Leon Elster | |
| DEFENDANT/RESPONDENT:<br>1132 West Edgeware, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV25835 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 01/07/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Craig R. Bockman
Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.
601 South Figueroa Street
Suite 3460
Los Angeles, CA  90071

David  Glaubiger
Law Offices of David Glaubiger
21000 Devonshire Street
Suite 112
Chatsworth, CA  91311

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/7/2022

By:  A. Barton
        Deputy Clerk

CERTIFICATE OF MAILING

EXHIBIT A

# EXHIBIT "B"



Electronically Received 01/19/2022 02:23 PM

1 David Glaubiger, Esq. SBN 176019
LAW OFFICES OF DAVID GLAUBIGER
2 21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
3 Tel: (818) 725-9711
Fax: (818) 725-9712
4
Attorneys for plaintiff Leon Elster
5

6

**FILED**
Superior Court of California
County of Los Angeles
**01/19/2022**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ A. Barton _____ Deputy

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

9

10  LEON ELSTER, an individual, on behalf of        ) LASC Case No. 21STCV25835
    himself and of all other shareholders of the    )
11  LEON ELSTER, INC., a California                  ) [Unlimited Jurisdiction Matter]
12  Corporation,                                     )
                                                     ) VERIFIED FIRST AMENDED COMPLAINT
13              Plaintiff,                            ) FOR INJUNCTIVE RELIEF AND
                                                     ) DAMAGES:
14  vs.                                              )
                                                     ) 1. BREACH OF FIDUCIARY DUTY;
15                                                   ) 2. BREACH OF FIDUCIARY DUTY;
    STUART ELSTER, an individual; AARON             ) 3. APPOINTMENT OF RECEIVER;
16  ELSTER, an individual; LEON ELSTER,             ) 4. ACCOUNTING;
    INC., a California corporation; 8615 LONG       ) 5. UNJUST ENRICHMENT;
17  BEACH BLVD, LLC, a California limited            ) 6. CANCELLATION OF INSTRUMENT;
    liability company; 7607 ST. BERNARD, LLC,       ) 7. INSPECTION OF BOOKS AND
18  a California limited liability company; 1132     ) RECORDS;
    WEST EDGEWARE, LLC, a California                 ) 8. WASTE OF CORPORATE ASSETS;
19  limited liability company; 2001 WEST 60TH       ) 9. QUIET TITLE;
    ST, LLC, a California limited liability          ) 10. CONVERSION
20  company; and ALL PERSONS UNKNOWN,               ) 11. VIOLATION OF PENAL CODE §496
    CLAIMING ANY LEGAL OR EQUITABLE                  ) 12. CLAIM AND DELIVERY
21  RIGHT, TITLE, ESTATE, LIEN, OR                   )
    INTEREST IN THE PORTION OF THE                   )
22  PROPERTY DESCRIBED IN THE                        )
    COMPLAINT ADVERSE TO LEON                        )
23  ELSTER, INC'S TITLE, OR ANY CLOUD               )
    ON LEON ELSTER, INC'S TITLE                      )
24  THERETO; and DOES 1-100.                         )
                                                     )
25              Defendants.                           )
                                                     )
26

27

28

                                    -1-

                        Verified First Amended Complaint

                              EXHIBIT A

1

2      Plaintiff LEON ELSTER on behalf of himself and of all other shareholders of the LEON

3  ELSTER, INC., complains and alleges as follows:

4                         **PARTIES**

5      1.     Plaintiff Leon Elster ("plaintiff") is a resident of the County of Los Angeles,

6  California. Plaintiff is informed and believes that he holds 1.35% of the outstanding shares of

7  Leon Elster, Inc. and is a minority shareholder.

8      2.     Defendant Leon Elster, Inc. (the Corporation), sued herein as a nominal

9  defendant, is a corporation duly organized and existing under the laws of the State of California,

10  and is engaged in the business of real estate and property management with its principal

11  executive office located in the County of Los Angeles, California. Plaintiff is informed and

12  believes the Corporation has issued 300,000 outstanding shares of common stock that is

13  distributed among its shareholders.

14      3.     Defendant Stuart Elster (Stuart) is a resident of Los Angeles County, California.

15  According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13,

16  2020, Stuart is Chief Executive Officer and Director of Leon Elster, Inc. On information and

17  belief, plaintiff alleges Stuart, as an individual, holds 11.49% of outstanding shares of Leon

18  Elster, Inc.

19      4.     Defendant Aaron Elster (Aaron) is a resident of Los Angeles County, California.

20  According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13,

21  2020, Aaron is Secretary, Chief Financial Officer, Agent for Service of Process and Director of

22  Leon Elster, Inc. Aaron is also successor trustee of the Leon Elster Family Trust (the "Trust").

23  On information and belief, plaintiff alleges the Trust holds 52% of the outstanding shares of

24  Leon Elster, Inc. In addition, on information and belief, plaintiff alleges Aaron holds 2.03% of

25  outstanding shares of Leon Elster, Inc. Thus, Aaron is the majority and controlling shareholder.

26      5.     According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed

27  December 22, 2020, there has been no change to Statement of Domestic Stock Corporation of

28  Leon Elster, Inc. filed March 13, 2020.

Verified First Amended Complaint

EXHIBIT A

1       6.     Plaintiff is informed and believes Leon Elster, Inc. has three directors: (1) Stuart,

2   (2) Aaron and (3) Fern Elyse Tobin.

3       7.     Plaintiff is informed and believes and thereon alleges that Defendants Stuart,

4   Aaron and Leon Elster, Inc. are, and at all times herein mentioned were, the alter egos of each

5   other and that there exists, and at all times here mentioned has existed, a unity of interest and

6   ownership between these Defendants such that any separateness has ceased to exist in that

7   Defendants Stuart and Aaron used assets of Leon Elster, Inc. for their personal uses and caused

8   assets of Leon Elster, Inc. to be transferred between each other without adequate consideration,

9   and withdrew funds from the bank accounts of Leon Elster, Inc. for the indiscriminate use by

10   Stuart and/or Aaron for their personal use. Plaintiff is informed and believes and thereon alleges

11   that adherence to the fiction of the separate existence of Defendants Stuart, Aaron and Leon

12   Elster, Inc. should be disregarded as such adherence would permit an abuse of the corporate

13   privileges and would sanction fraud and promote injustice.

14       8.     Defendant 8615 Long Beach Blvd, LLC ("LBB") is a limited liability company

15   existing under the laws of the State of California with its principal place of business in Los

16   Angeles County. According to state records, Stuart organized and created LBB in July 2020 and

17   is the managing member. Plaintiff has never received an interest of any kind in LBB.

18       9.     Plaintiff is informed and believes and on said information and belief alleges that

19   Defendants Stuart and LBB are, and at all times herein mentioned were, the alter egos of each

20   other and there exists, and at all times herein mentioned has existed, a unity of interest and

21   ownership between these Defendants such that any separateness has ceased to exist in that

22   Defendants Stuart and LBB caused assets to be transferred between each other and to themselves

23   without adequate consideration.  Plaintiff is further informed and believes and on said

24   information and belief alleges that there exists, and at all times herein mentioned existed, a unity

25   of interest and ownership between these defendants such that any individuality and separateness

26   between said Defendants has ceased, and Stuart and LBB are the alter egos of each other.

27   Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate

28

-3-

Verified First Amended Complaint

1   existence of Stuart and LBB should be disregarded as such adherence would permit an abuse of

2   the corporate privileges and would sanction fraud and promote injustice.

3       10.     Defendant 7607 St. Bernard, LLC ("SBLLC") is a limited liability company

4   existing under the laws of the State of California with its principal place of business in Los

5   Angeles County. According to state records, Stuart organized and created SBLLC in September

6   2017 and is the managing member. Plaintiff has never received an interest of any kind in

7   SBLLC.

8       11.     Plaintiff is informed and believes and on said information and belief alleges that

9   Defendants Stuart and SBLLC are, and at all times herein mentioned were, the alter egos of each

10  other and there exists, and at all times herein mentioned has existed, a unity of interest and

11  ownership between these Defendants such that any separateness has ceased to exist in that

12  Defendants Stuart and SBLLC caused assets to be transferred between each other and to

13  themselves without adequate consideration.  Plaintiff is further informed and believes and on

14  said information and belief alleges that there exists, and at all times herein mentioned existed, a

15  unity of interest and ownership between these defendants such that any individuality and

16  separateness between said Defendants has ceased, and Stuart and SBLLC are the alter egos of

17  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

18  the separate existence of Stuart and SBLLC should be disregarded as such adherence would

19  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

20      12.     Defendant 1132 West Edgeware, LLC ("WELLC") is a limited liability company

21  existing under the laws of the State of California with its principal place of business in Los

22  Angeles County. According to state records, Stuart organized and created WELLC in July 2020

23  and is the managing member. Plaintiff has never received an interest of any kind in WELLC.

24      13.     Plaintiff is informed and believes and on said information and belief alleges that

25  Defendants Stuart and WELLC are, and at all times herein mentioned were, the alter egos of

26  each other and there exists, and at all times herein mentioned has existed, a unity of interest and

27  ownership between these Defendants such that any separateness has ceased to exist in that

28  Defendants Stuart and WELLC caused assets to be transferred between each other and to

-4-

Verified First Amended Complaint

EXHIBIT A

1  themselves without adequate consideration.  Plaintiff is further informed and believes and on

2  said information and belief alleges that there exists, and at all times herein mentioned existed, a

3  unity of interest and ownership between these defendants such that any individuality and

4  separateness between said Defendants has ceased, and Stuart and WELLC are the alter egos of

5  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

6  the separate existence of Stuart and WELLC should be disregarded as such adherence would

7  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8      14.     Defendant 2001 West 60th St, LLC ("2001 West") is a limited liability company

9  existing under the laws of the State of California with its principal place of business in Los

10  Angeles County. According to state records, Stuart organized and created 2001 West in July

11  2020 and is the managing member. Plaintiff has never received an interest of any kind in 2001

12  West.

13      15.     Plaintiff is informed and believes and on said information and belief alleges that

14  Defendants Stuart and 2001 West are, and at all times herein mentioned were, the alter egos of

15  each other and there exists, and at all times herein mentioned has existed, a unity of interest and

16  ownership between these Defendants such that any separateness has ceased to exist in that

17  Defendants Stuart and 2001 West caused assets to be transferred between each other and to

18  themselves without adequate consideration.  Plaintiff is further informed and believes and on

19  said information and belief alleges that there exists, and at all times herein mentioned existed, a

20  unity of interest and ownership between these defendants such that any individuality and

21  separateness between said Defendants has ceased, and Stuart and 2001 West are the alter egos of

22  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

23  the separate existence of Stuart and 2001 West should be disregarded as such adherence would

24  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

25      16.     Defendants DOES 1 through 100, inclusive, are sued herein under fictitious

26  names. Their true names and capacities, whether individual, corporate, associate or otherwise,

27  are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will

28  amend this complaint by inserting their true names and capacities herein. Plaintiff is informed

-5-

Verified First Amended Complaint

EXHIBIT A

1    and believes, and thereon alleges, that each Defendant designated as "DOE" is legally

2    responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as

3    herein alleged were proximately caused by those Defendants. Each reference in this complaint to

4    a specifically named Defendant refers also to all Defendants sued under fictitious names.

5         17.    Plaintiff is informed and believes and thereon alleges that at all times herein

6    mentioned, all Defendants were the agents, employees, representatives, and/or servants of each

7    of the other Defendants, and in doing the things hereafter alleged, were acting within the scope

8    and course of their authority as such agents, employees, servants, and/or representatives, and

9    with the permission and consent of each of the other Defendants.

10        18.    Plaintiff is informed and believes and thereon alleges defendants aided and

11   abetted each other in the commission of the torts alleged herein in that: (a) each knew the others'

12   conduct constituted a breach of duty and gave substantial assistance or encouragement to the

13   other to so act and/or (b) each gave substantial assistance to the other in accomplishing a tortious

14   result and that his or her own conduct, separately considered, constituted a breach of duty to

15   Plaintiff and Leon Elster, Inc. Further, Plaintiff is informed and believes that defendants did the

16   things herein alleged pursuant to and in furtherance of a conspiracy to perpetrate a fraud against

17   Plaintiff and Leon Elster, Inc., as alleged herein. In furtherance thereof, defendants, and each,

18   cooperated with one another and/or lent aid and encouragement to one another, and/or ratified

19   and adopted the acts of the other persons and/or entities involved in the conspiracy. Defendants,

20   and each, understood that both their purpose and their methods of achieving this purpose were

21   unlawful and would result in injury to Plaintiff and Leon Elster, Inc., and agreed and understood

22   that each would act in concert with the others to achieve this purpose. Plaintiff is informed and

23   believes that defendants, and each of them, received, accepted, enjoyed and have been unjustly

24   enriched by receiving the benefits provided by plaintiff and Leon Elster, Inc. without paying

25   reasonable value therefore.

26        19.    Jurisdiction is premised on the fact that the harms and obligations sued upon

27   herein were incurred and occurred in the County of Los Angeles.

28

-6-

Verified First Amended Complaint

EXHIBIT A

20.     Plaintiff, as a shareholder in Leon Elster, Inc., is compelled to bring this action for the benefit of Leon Elster, Inc. in order to protect the rights of shareholders in the corporation. Plaintiff did not make a demand on Leon Elster, Inc.'s board of directors pursuant to California Corporations Code Section 800 because such demand would have been futile.

21.     If plaintiff is successful in the action, the recovery will be of substantial benefit to all shareholders of Leon Elster, Inc., and such action is necessary and proper to protect the interests of Leon Elster, Inc. and its shareholders.

## FACTUAL ALLEGATIONS

22.     Plaintiff is informed and believes that Stuart and Aaron caused Leon Elster, Inc. to convey Leon Elster, Inc.'s percentage ownership interests in the below real properties without adequate consideration. In this lawsuit, plaintiff is only addressing Leon Elster, Inc.'s percentage ownership interests in the below real properties.

|    | Property Address | Date of Transfer | Buyer |
|----|------------------|------------------|-------|
| 1. | An undivided 20% interest in 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | An undivided 7/8th interest in 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | An undivided 50% interest in 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 100% interest in 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

---

[1] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit A - Grant Deed).

[2] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit B - Grant Deed).

[3] According to the Grant Deed dated October 21, 2017, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit C - Grant Deed).

[4] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit D - Grant Deed).

-7-

Verified First Amended Complaint

EXHIBIT A

23.     Plaintiff is informed and believes that following the above-identified conveyances, defendants Stuart and Aaron caused notification to be provided to each of the tenants leasing portions of the above-identified properties to stop making their lease payments to Leon Elster, Inc and to begin making their lease payments to the respective new 'buyer entity'. Plaintiff is further informed and believes that all such entities were mere conduits for Stuart and Aaron to funnel monies otherwise belonging to Leon Elster, Inc.

24.     As evidenced by the grant deeds by which Stuart and Aaron caused Leon Elster, Inc. to convey its interest in the above-identified properties, Leon Elster, Inc. did not receive any consideration in exchange for such properties.

25.     Plaintiff is informed and believes that, unbeknownst to plaintiff, in or about early February 2021, defendants Stuart Elster and Aaron Elster gained access to plaintiff's offices located at 9201 Wilshire Blvd., Suite 109, Beverly Hills, CA 90210. At that time, plaintiff is further informed and believes that these defendants removed from these offices personal records and property belonging to plaintiff. Such personal property is, among other things,

1.     Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu Stock. These shares are valued in excess of $1,500,000. (Copies of the certificates are attached hereto as **Exhibit E**).

2.     Original Promissory Note and Deed of Trust issued to plaintiff by borrower Mr. Eissa, Harcourt property.

### FIRST CAUSE OF ACTION

(Breach of Fiduciary Duty - As against Stuart and Aaron and Does 1 through 10)

26.     Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

27.     Stuart and Aaron owed a fiduciary duty to Leon Elster, Inc. and its shareholders based upon their positions as directors and officers. Additionally, Aaron, as majority shareholder, owed a fiduciary obligation to minority shareholders, e.g. plaintiff.

28.     In doing the things herein alleged, Stuart and Aaron breached their respective duties.

-8-

Verified First Amended Complaint

29.     Leon Elster, Inc. has been damaged in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

30.     At the time Stuart and Aaron engaged in the offending conduct, as referenced herein, Stuart and Aaron were aware that such conduct constituted a disregard of the rights of Leon Elster, Inc. and the rights of its shareholders. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Plaintiff is informed and believes that Stuart and Aaron failed to make full disclosures to Leon Elster, Inc. and directly deprived Leon Elster, Inc. of revenues and/or forced Leon Elster, Inc. to incur unnecessary expenses to the benefit of Stuart and Aaron or companies owned or controlled by Stuart and Aaron, e.g. WELLC, SBLLC, etc., and to the detriment of Leon Elster, Inc and its shareholders. Stuart and Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Stuart and Aaron from undertaking such conduct in the future.

<div align="center">SECOND CAUSE OF ACTION</div>

<div align="center">(Breach of Fiduciary Duty -- As against Aaron</div>

<div align="center">and Does 11 through 20)</div>

31.     Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

32.     Aaron, as majority shareholder, owed a fiduciary duty to plaintiff as minority shareholder.

33.     In doing the things herein alleged, Aaron breached this duty and acted to the detriment of plaintiff as minority shareholder.

34.     Plaintiff has been damaged in that Aaron caused Leon Elster, Inc. to be severely mismanaged to the point where Leon Elster, Inc.'s assets have been wasted and, as a result, plaintiff's shares have lost value.

35.     Plaintiff is informed and believes that Leon Elster, Inc.'s properties (as identified herein) had values in excess of $5,000,000.00. Plaintiff is further informed that Aaron has and is causing the improper diversion of rents otherwise due to Leon Elster, Inc. to himself, a relative of himself, or to a company owned or controlled by Aaron or a relative.

<div align="center">-9-</div>

<div align="center">Verified First Amended Complaint</div>

<div align="center">EXHIBIT A</div>

36.     In doing the things herein alleged, Aaron damaged plaintiff in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

37.     At the time Aaron engaged in the offending conduct, as referenced herein, Aaron was aware that such conduct constituted a disregard of plaintiff's rights as minority shareholder. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish and deter Aaron from undertaking such conduct in the future.

<div align="center">

**THIRD CAUSE OF ACTION**

(Appointment of Receiver-- As against Stuart, Leon Elster, Inc., Aaron

and Does 21 through 30)

</div>

38.     Plaintiff hereby incorporates paragraphs 1 through 37 as though set forth in full herein.

39.     Unless a Receiver is appointed to take over, preserve and manage the business and affairs of Leon Elster, Inc. and to preserve its property during the pendency of this action, Plaintiff will not receive the full benefit of his interest which Plaintiff believes is currently being wasted by the Defendants.

40.     Therefore, it is imperative this Court appoint a receiver to take over, preserve and manage the business and affairs of Leon Elster, Inc. pending resolution of this action.  By reason of the said facts, Plaintiff prays that this Court appoint a receiver in accordance with Code of Civil Procedure Section 564 to take control of and manage Leon Elster, Inc.

41.     For the foregoing reasons, and in the aid of the receiver, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining Defendants, and DOES 1 through 200 inclusive, and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

(a) Interfering, hindering or molesting, in any manner whatsoever, the receiver in the performance of the receiver's duties;

<div align="center">

-10-

Verified First Amended Complaint

EXHIBIT A

</div>

1          (b) Demanding, collecting, receiving, or in any other way diverting and using any

2          of the profits, income, issues, inventory, opportunity, payments and/or fixtures,

3          emanating from Leon Elster, Inc. or any portion thereof;

4          (c) Transferring, concealing, destroying, defacing or altering any of the

5          instruments, fixtures, equipment, inventory, documents, ledger cards, books,

6          records, printouts or other writings relating to LEI, or any portion thereof.

7                         FOURTH CAUSE OF ACTION

8          (Accounting -- As against Stuart, Aaron, Leon Elster, Inc.

9                   and Does 31 through 40)

10       42.    Plaintiff hereby incorporates paragraphs 1 through 39 as though set forth in full

11   herein.

12       43.    Defendants are in possession of Leon Elster, Inc.'s corporate books, records,

13   assets and accounts. The amount of Leon Elster, Inc.'s assets and liabilities are unknown to

14   Plaintiff and cannot be ascertained without an accounting.

15       44.    Plaintiff cannot determine his rights and obligations until such time as an

16   accounting has been performed.  This court can and should order such accounting.

17                        FIFTH CAUSE OF ACTION

18         (Unjust Enrichment -- As against Stuart, Aaron, Leon Elster, Inc.

19                  and Does 41 through 50)

20       45.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

21       46.    Plaintiff is informed and believes defendants benefited from the conveyance of

22   the above-mentioned properties pursuant to their unlawful and improper activities. Plaintiff is

23   informed and believes defendants continue to benefit from monies received for the rental of these

24   properties, or portions thereof.

25       47.    By furnishing these properties and rents, plaintiff was not acting as a gift giver

26   and defendants unlawfully accepted the benefits of that which plaintiff furnished.

27       48.    Plaintiff is informed and believes and thereon alleges that defendants have been

28   unjustly enriched. Therefore, it would be inequitable for defendants to be allowed to retain these

-11-

Verified First Amended Complaint

EXHIBIT A

1  properties and monies without being ordered to return these monies to plaintiff, together with

2  interest thereon at the legal rate.

3  SIXTH CAUSE OF ACTION

4  (Cancellation of Instrument -

5  Against Defendants and DOES 51 - 60)

6  49.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

7  50.    Plaintiff is informed and believes that each of the aforementioned properties was

8  improperly and without consideration removed from the inventory of Leon Elster, Inc. and must

9  be returned.

10  51.    The claims of defendants to these properties are without any right or merit. The

11  claims are based upon false, fraudulent or otherwise defective instruments and recordings.

12  52.    The estate or interest claimed in the properties by defendants (or by anyone else

13  claiming an interest under these defective instruments) is void. These defective instruments are

14  a cloud on Leon Elster, Inc.'s title to these properties in that it they restrict Leon Elster, Inc.'s

15  use, benefit and enjoyment of these properties, and hinder Leon Elster, Inc.'s right to

16  unrestricted alienation of these properties.  If the defective instruments are not delivered and

17  canceled, serious injury will result to Leon Elster, Inc.

18  SEVENTH CAUSE OF ACTION

19  (Inspection of Books and Records - Cal. Corp. Code §1601 -

20  Against Defendants and DOES 61 - 70)

21  53.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

22  54.    As a shareholder of the corporation, Plaintiff is entitled to inspect corporate books

23  and records pursuant to Cal. Corps. Code §1601, including, without limitation, those related to:

24  the transactions which led to the conveyance of the aforementioned properties from Leon Elster,

25  Inc. to the various entities, etc.

26

27

28

-12-

Verified First Amended Complaint

EXHIBIT A

55.     Defendants have refused to allow Plaintiff or others to inspect and copy corporate records reasonably related to his interests as a shareholder. Accordingly, Plaintiff requests that defendants be ordered to allow Plaintiff to inspect and copy the corporate books and records.

<u>EIGHTH CAUSE OF ACTION</u>

(Waste of Corporate Assets - Against Stuart and Aaron and DOES 71 - 80)

56.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

57.     In their capacities as directors of Leon Elster, Inc., Stuart and Aaron have breached their duties to reasonably manage corporate assets and to avoid their waste and have wasted corporate assets by their actions as alleged above. Such conduct constituted fraudulent or dishonest acts or gross abuse of authority or discretion and waste of corporate assets, justifying removal of Stuart and Aaron as directors and justifying their being barred from reelection as directors for at least 10 years.

<u>NINTH CAUSE OF ACTION</u>

(Quiet Title - As Against All Defendants and DOES 81 - 90)

58.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

59.     Plaintiff asserts that Leon Elster, Inc. is the true owner of the specified interests in the real properties as identified above, not defendants.

60.     Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world claiming to own all or a portion of the specified interests in the aforementioned real properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in any portion of the specified interests in the aforementioned real properties that is owned by Leon Elster, Inc.

61.     Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action as to all interest as specified above in the aforementioned real properties.

-13-

Verified First Amended Complaint

EXHIBIT A

<div align="center">

TENTH CAUSE OF ACTION

(Conversion - As Against All Defendants and DOES 91 - 100)

</div>

62.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

63.     Plaintiff is informed and believes and thereon alleges that Defendants possess property which was fraudulently obtained and/or was converted as described herein.

64.     Defendants have intentionally interfered with and converted property which was rightfully owned by Plaintiff by converting it to their personal use.

65.     Defendants' intentional interference and conversion has deprived Plaintiff of possession and use of the property.

66.     As a direct and proximate result of Defendants' wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be proven at the time of trial.

<div align="center">

ELEVENTH CAUSE OF ACTION

(Violation of Penal Code §496 - As Against All Defendants and DOES 101 - 110)

</div>

67.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

68.     Penal Code Section 496(a) provides, in pertinent part, that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year. .. "

69.     By doing the things herein alleged, Defendants, and each of them, have violated California Penal Code Section 496(a). Per Penal Code §496(b)(c) plaintiff seeks a damage award of three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees.

<div align="center">

-14-

</div>

<u>TWELFTH CAUSE OF ACTION</u>

(Claim and Delivery - As Against All Defendants and DOES 111 - 120)

70.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

71.     At all times herein mentioned, Plaintiff was, and still is, entitled to the possession of the property described above.

72.     In or around February 2021, Defendants, and each of them, wrongfully and without Plaintiffs consent, absconded with plaintiff's property.  Since that time, Defendants have been, and now are, in wrongful possession of plaintiff's property in violation of plaintiff's right to possession.

73.     During, and as a proximate result of, Defendants' wrongful possession and retention of plaintiff's property, plaintiff has suffered damages according to proof.

74.     In taking, wrongfully possessing, and retaining plaintiff's property, Plaintiff is informed and believes that the conduct of Defendants, and each of them, was willful and was intended to cause injury to Plaintiff in that the activities of the Defendants were fraudulent and committed with malice. Plaintiff is therefore entitled to an award of punitive damages pursuant to California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.     For judgment quieting Leon Elster, Inc.'s fee simple title to the above-identified properties and that no other persons or entities have any right, title, or interest in any of those properties, or any improvements thereon.

2.     For damages for breach of fiduciary duty, subject to proof, but in an amount in excess of $5,000,000.00.

3.     Exemplary damages.

4.     For prejudgment interest, subject to proof.

5.     For the appointment of a receiver to take possession and charge of Leon Elster, Inc., and to conserve and manage Leon Elster, Inc. pending final adjudication of this action.

-15-

Verified First Amended Complaint

EXHIBIT A

1  Pursuant thereto, Plaintiff requests Defendants, and each of them, and anyone holding under said
2  Defendants, be ordered to deliver possession of all business and banking records of Leon Elster,
3  Inc. to the receiver forthwith. Plaintiff further requests this court authorize the receiver to do the
4  following:

5        (a) Exclude said Defendants, and each of them, or anyone claiming under
6        or through said Defendants, from the premises of these entities, or any
7        portion thereof;
8        (b) Use, operate, manage, and control Leon Elster, Inc.;
9        (c) Care for, preserve, maintain and keep Leon Elster, Inc. profitable (asset
10       recovery);
11       (d) Incur all expenses necessary for the care, preservation and maintenance of
12       Leon Elster, Inc.;
13       (e) Demand, collect and receive the accounts of Leon Elster, Inc.;
14       (f) Bring and prosecute all proper actions for the collection of accounts due to
15       Leon Elster, Inc., and to bring and prosecute all proper actions for the protection
16       of Leon Elster, Inc.;
17       (g) Employ agents or employees to operate and manage Leon Elster, Inc., if the
18       Receiver shall deem the same necessary, and to pay the reasonable value of said
19       services out of the receipts;
20       (h) Open up bank accounts as deemed necessary by the receiver in connection
21       with the above--referenced duties;
22       (i) All other powers and duties referred to in this complaint, together with all
23       other powers reasonably necessary to carry out the Receiver's duties and
24       responsibilities;
25       (j) To borrow such funds from a lender or any other suitable bank or other
26       financial institution or lender as may be necessary to satisfy the costs and
27       expenses of the receivership, to the extent that the profits derived from Leon
28       Elster, Inc. are insufficient to satisfy such costs and expenses, issue a

-16-

Verified First Amended Complaint

EXHIBIT A

1        Receiver's Certificate of Indebtedness evidencing the obligation of the

2        receivership estate (and not the receiver individually) to repay such sums. The

3        principal sum of each such certificate, together with reasonable interest thereon,

4        shall be payable out of the next available funds that constitute profits.

5        6.    For costs and expenses incurred by the Receiver in the performance of the

6 Receiver's duties, including, without limitation, Receiver's fees and charges, and reasonable

7 attorneys' fees;

8        7.    For a temporary restraining order and for preliminary and permanent injunctions

9 restraining and enjoining Defendants, and their servants, agents and employees, and others acting

10 in concert with them, and each of them, from engaging in, or performing, directly or indirectly,

11 any or all of the following acts:

12        (a) Interfering, hindering, or molesting in any manner whatsoever the Receiver in

13        the performance of the Receiver's duties;

14        (b) Demanding, collecting, receiving, or in any other way diverting or using any

15        of the profits, income, issues, and/or payments emanating from or received by

16        Leon Elster, Inc.;

17        (c) Transferring, concealing, destroying or defacing all or altering any of the

18        instruments, documents, ledger parts, books, records, printouts, or any other

19        writings relating to Leon Elster, Inc.

20        8.    For an order requiring Defendants to provide Plaintiff with a full and complete

21 accounting of all financial holdings, assets and liabilities of Leon Elster, Inc., and determining

22 amounts due to shareholders, and that such amounts be paid together with interest thereon.

23        9.    For costs of suit incurred herein;

24        10.    For possession and return of the plaintiff's property identified herein; and,

25        11.    For such other and further relief as the court may deem just.

26 Dated: January 18, 2022        LAW OFFICES OF DAVID GLAUBIGER

27

28        By        
David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

-17-

Verified First Amended Complaint

EXHIBIT A

<u>VERIFICATION</u>

I am plaintiff in this action. I have read the foregoing First Amended Complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe those matters to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   January 19, 2022                                    _Leon Elster_
                                                             Leon Elster

-18-

Verified First Amended Complaint

EXHIBIT A

**EXHIBIT "A"**

EXHIBIT A

RECORDING REQUESTED BY:

*PROVIDENT TITLE*

AND WHEN RECORDED MAIL TO:

2001 West 60th St LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $ -0-**
**CITY DOCUMENTARY TRANSFER TAX: -0-**
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **2001 WEST 60th ST, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

An undivided 20% interest in and to Parcel "B" in the City of Los Angeles, as shown on Parcel Map L.A. No. 2131, filed in Book 31, Page 11 of Parcel Maps, in the office of the County Recorder of said County.

Also Known as: 2001 West 60th Street,  Los Angeles, CA
AP#: 6001-013-010

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an
ACCOMMODATION ONLY. It has not
been examined as to its effect
upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6001-013-010

DATED: February 5, 2021                    Signature Page

LEON ELSTER, INC., a California corporation

by: _____
Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF    Los Angeles
On    February 5, 2021
before me,    Eric Shewfelt
A Notary Public personally appeared
    Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT A

EXHIBIT "B"

EXHIBIT A

RECORDING REQUESTED BY:
North American Title Company

AND WHEN RECORDED MAIL TO:

Leon Elster, Inc.
9201 Wilshire Blvd., Suite 109
Beverly Hills, CA 90210



05/16/2017

*20170658982*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 1495878 | | Escrow No.: 133638-007 |
|---|---|---|

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

### DOCUMENTARY TRANSFER TAX is $2,365.00

(72)

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of South Gate AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Business Properties, LLC, an Oregon limited liability company**

hereby GRANT(s) to:

**Leon Elster, Inc., a California Corporation, as to an undivided 7/8th interest and Stuart A. Elster and Rachel Cherubin Elster, Trustees, Stuart A. Elster and Rachel Cherubin Elster Revocable 2006 Trust, as to an undivided 1/8th interest**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:
Lot 155 and the East 40 Feet of Lot 156 of Tract 3233, in the City of South Gate, County of Los Angeles, State of California, as per Map recorded in Book 36, Page(s) 70, of Maps, in the Office of the County Recorder of said County.

Also Known as:  8615 Long Beach Blvd., South Gate, CA  90280
AP#: 6204-018-002

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

8615 Long Beach Blvd LLC
c/o 11824 South Park Ave.
Los Angeles, CA 90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ -0-
CITY DOCUMENTARY TRANSFER TAX: -0-
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   LEON
ELSTER, INC., a California corporation

hereby GRANT(s) to: 8615 Long Beach Blvd LLC, a California limited liability company

the real property in the City of South Gate, County of Los Angeles, State of California,
described as:

An undivided 7/8th interest in and to: Lot 155 and the East 40 feet of Lot 156 of Tract No.
3233, in the City of South Gate, County of Los Angeles, State of California, as per map
recorded in Book 36, Page 70 of Maps, in the office of the County Recorder of said County.

Also Known as: 8615 Long Beach Blvd., South Gate, CA 90280
AP#: 6204-018-002

The Grantor and the Grantee in this conveyance are comprised of the same parties who
continue to hold the same proportionate interests in the Property, R & T 11923(d).

February 5, 2021

This instrument is filed as an
ACCOMMODATION ONLY. It has not
been examined as to its effect
upon title or its execution.

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. # 6204-018-002

DATED: February 5, 2021                                    **Signature Page**


LEON ELSTER, INC., a California corporation

by: *[signature]*
Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF   Los Angeles
On   February 5, 2021
before me,   Eric Shewfelt
A Notary Public personally appeared
   Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature   *[signature]*

ERIC SHEWFELT
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021
(Seal)

EXHIBIT A

Title Order No.: 1495878
Escrow No.: 133620-007
A.P. # 6204-018-002

**Signature Page**

**DATED: June 7, 2017**

Business Properties, LLC, an Oregon limited liability
company

By: _____
Piam Amouna, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On June 7, 2017
before me, Anita Barry,
A Notary Public personally appeared Piam Amouna,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ANITA BARRY
Notary Public - California
Los Angeles County
Commission # 2152575
My Comm. Expires May 10, 2020

(Seal)

EXHIBIT A

**EXHIBIT "C"**

EXHIBIT A

RECORDING REQUESTED BY:
PROVIDENT TITLE COMPANY

AND WHEN RECORDED MAIL TO:

7607 SAINT BERNARD LLC
11524 S. PARK AVENUE
LOS ANGELES, CA 90066

Order No.: 12374131
Escrow No.: PV12771-MW
A.P.N.: 4118-010-015

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) DOCUMENTARY TRANSFER TAX IS $ 0.00*
[   ]    computed on full value of property conveyed, or
[   ]    computed on full value less value of liens or encumbrances remaining at time of sale.
[   ]    unincorporated area[ X ] City of LOS ANGELES

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND STUART A. ELSTER AND RACHEL
CHERUBIN ELSTER, TRUSTEES OF THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2008 TRUST, AS TO AN
UNDIVIDED 50% INTEREST

hereby GRANT(S) to 7607 ST. BERNARD LLC, A California Limited Liability Company

the following described real property in the County of Los Angeles, State of California:

Legal Description as per Exhibit "A" attached hereto and made a part hereof.

~~*This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same and continue to hold the same
proportionate interest, R & T 11911*~~

The property more commonly known as: 7607 SAINT BERNARD STREET, PLAYA DEL REY, CA 90293

Dated: October 18, 2017

LEON ELSTER, INC.

By: _____
STUART ELSTER VICE PRESIDENT

*The grantors and the grantees in this conveyance
are comprised of the same parties who continue to hold the ~~same~~ Same
proportionate interest in the property, R & T 11923(d)?

THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2008 TRUST

_____  trustee          _____ Trustee
STUART A. ELSTER, TRUSTEE                  RACHEL CHERUBIN ELSTER, TRUSTEE

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA              )
COUNTY OF _LOS ANGELES_          )

On ____10-21-17_____ before me,
____Round Africa_____, a notary public,
personally appeared STUART ELSTER aka STUART A. ELSTER AND
RACHEL CHERUBIN ELSTER who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROLAND AFRICA
COMM. # 2142272
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES MAR. 7, 2020

(Seal)
(This area for official notary seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT A

**EXHIBIT "A"**

LOT 15, TRACT NO. 24036, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 661 PAGE(S) 96 AND 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM SAID LAND, ALL OIL, GAS OTHER HYDROCARBONS AND OTHER MINERALS IN AND UNDER SAID REAL PROPERTY, TOGETHER WITH THE RIGHT, AS HEREINAFTER LIMITED TO DRILL, REDRILL, DEEPEN, COMPLETE, AND MAINTAIN WELL HOLES, UNDER, THROUGH, AND BEYOND, AND TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND REMOVE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND WATER NECESSARY THEREFOR AND OTHER MINERALS FROM AND THROUGH SAID REAL PROPERTY, TOGETHER WITH RIGHTS OF WAY AND EASEMENTS FOR ANY AND ALL OF THE ABOVE MENTIONED PURPOSES, BUT WITH NO RIGHT OF ENTRY UPON OR THROUGH SAID REAL PROPERTY, EXCEPT BENEATH A DEPTH OF 200 FEET BELOW THE PRESENT SURFACE OF SAID REAL PROPERTY, AS RESERVED IN THE DEED FROM FRITZ B. BURNS, A MARRIED MAN, WHO ACQUIRED TITLE AS HIS SEPARATE PROPERTY, RECORDED ON DECEMBER 31, 1958, IN BOOK D-320, PAGE 32, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NUMBER: 4118-010-015

**EXHIBIT "D"**

EXHIBIT A

RECORDING REQUESTED BY:

*Provident Title*

AND WHEN RECORDED MAIL TO:

1132 West Edgeware LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ .0̸
CITY TRANSFER TAX: -0̸-.

[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  LEON ELSTER, INC., a California corporation

hereby GRANT(s) to: 1132 WEST EDGEWARE, LLC, a California limited liability company

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR THE LEGAL DESCRIPTION OF THE REAL PROPERTY CONVEYED BY THIS INSTRUMENT.

Also Known as:  1132 West Edgeware Street, Los Angeles, CA
AP#: 5405-007-030

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT A

A.P. #5405-007-030

DATED:  February 5, 2021                    Signature Page

Leon Elster, Inc., a California corporation

by: _____

Stuart Elster, Authorized Signer

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
> to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF     Los Angeles
On       February 5, 2021
before me,    Eric Shewfelt
A Notary Public personally appeared
       Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

EXHIBIT A

**EXHIBIT "A"**

THE EASTERLY 111.0 FEET OF LOT 8 IN BLOCK 13 OF ANGELENO HEIGHTS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE(S) 88 AND 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 5405-007-030.

EXHIBIT A

**EXHIBIT "E"**

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**

2842

**SHARES**

***40,000***

CUSIP#057586208

# BAKHU

## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT        LEON ELSTER

IS THE RECORD HOLDER OF

*** Forty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned. This certificate and the shares represented hereby are subject to the laws of the State of Nevada, and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended. This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        June 15, 2018

SECRETARY

BAKHU HOLDINGS, CORP. CORPORATE **Seal** NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by        PACIFIC STOCK TRANSFER COMPANY

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2843

**SHARES**
***30,000***

# *BAKHU*
## HOLDINGS, CORP.

CUSIP #057586206

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT     LEON ELSTER

IS THE RECORD HOLDER OF     *** Thirty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:     June 15, 2018

SECRETARY

PRESIDENT

BAKHU HOLDINGS, CORP.
CORPORATE
**Seal**
NEVADA

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT A



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2844

# *BAKHU*
## HOLDINGS, CORP.

**SHARES**
***80,000***

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Eighty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY

Seal

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
3001

**SHARES**
***50,000***

# *BAKHU*
## HOLDINGS, CORP.

CUSIP#057586208

THIS CERTIFIES THAT

LEON ELSTER

THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS. THE SECURITIES HAVE BEEN ACQUIRED FOR INVESTMENT AND NOT WITH A VIEW TOWARD RESALE AND MAY NOT BE OFFERED FOR SALE, SOLD, TRANSFERRED, OR ASSIGNED IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT FOR THE SECURITIES UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS, UNLESS THE COMPANY HAS RECEIVED AN OPINION OF COUNSEL WHICH IS SATISFACTORY TO THE COMPANY, TO THE EFFECT THAT SUCH REGISTRATIONS ARE NOT REQUIRED.

IS THE RECORD HOLDER OF

*** Fifty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation. as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:      October 4, 2018

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by      PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2840

**SHARES**
***200,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT        LEON ELSTER

IS THE RECORD HOLDER OF

*** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned. This certificate and the shares represented hereby are subject to the laws of the State of Nevada. and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended. This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        June 15, 2018

SECRETARY

BAKHU HOLDINGS CORP
CORPORATE
**Seal**
NEVADA

PRESIDENT

T VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by        **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT A

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2841

**SHARES**
***200,000***

CUSIP#057586208

# *BAKHU*
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY                        PRESIDENT

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT A

1

2  PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4      I am employed in the County of Los Angeles, State of California. I am over the age of
5  18 and not a party to the within action; my business address is 21000 Devonshire Street,
   Suite 112, Chatsworth, CA 91311.

6
7      On January 19, 2022, I served the following documents described as:  First Amended
   Complaint on the interested parties in this action as follows:

8
9      [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be
   placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's
10  practice of collection and processing correspondence for mailing. It is deposited with the
   U.S. Postal Service on that same day in the ordinary course of business. I am aware that on
11  motion of a party served, service is presumed invalid if postal cancellation date or postage
12  meter date is more than one day after date of deposit for mailing in affidavit.

13     [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted
14  to the addressee(s) facsimile number noted above. The facsimile machine I used complied
   with Rule 2003(3) and the transmission was reported as complete and without error. I caused
15  the machine to print a transmission record of the facsimile transmission, a copy of which
   is attached to this declaration.
16

17     [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package
18  provided by Federal Express and addressed to counsel listed on the attached service list. I
   placed the envelope or package for collection and delivery on the next business day at an
19  office or a regularly utilized drop box of Federal Express or delivered such document(s)
   to a courier or driver authorized by Federal Express to receive documents.
20

21     [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be
22  sent to the persons at the email addresses on the attached service list. I did not receive, within
   a reasonable time after the transmission, any electronic message or other indication that the
23  transmission was unsuccessful.

24     Executed on January 19, 2022 at Los Angeles, California. I declare under penalty of
25  perjury under the laws of the State of California that the above is true and correct and, that I
   am employed in the office of a member of the bar of this court at whose direction the service was
26  made.

27  _____ DAVID GLAUBIGER_____

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for ALL defendants and cross-complainants | |

EXHIBIT A

**EXHIBIT "C"**

EXHIBIT A

### RE: Elster v. LEI

**Craig Bockman** <CRBockman@jonesbell.com>
Wed 1/26/2022 2:01 PM
To: david glaubiger <d.chats@hotmail.com>

David:

   I am not sure what more there is to discuss.  We do not agree with you for the reasons that we previously stated.

   First, the court required the Plaintiff to add the Pension Plan which he has not done.  That order was based in large part on the fact that Pension Plan owned an interest in the W. 60th Street property.  That fact does not change with the FAC notwithstanding your attempt to plead that "only" LEI's 20% is purportedly at issue.  The claims are the same at least with regard to the W. 60th Street property.

   Second, the Plaintiff argued in opposition to the joinder motion that the allegations did not implicate the Plan's ownership and the court specifically rejected that argument which is the same argument you are now making with regard to the allegations of the FAC.  We do not believe that the Plaintiff can plead around the court's ruling by alleging the same contentions in the FAC that you alleged in opposition to the joinder motion.  The interests of the Plan are still at issue because it is an owner of the property that is at issue.


Craig

Craig R. Bockman | JONES**BELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com | crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL.  IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Wednesday, January 26, 2022 9:16 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Fw: Elster v. LEI

Craig,

please respond to below email. thank you, david glaubiger, esq.

**From:** david glaubiger <d.chats@hotmail.com>

EXHIBIT A

Firefox                                                    https://outlook.live.com/mail/0/id/AQMkADAwATZiZmYAZC1h...

**Sent:** Friday, January 21, 2022 9:44 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

Craig,

the court's order interpreted the following allegations to mean that, with regard to West 60th , plaintiff was not limiting LEI's claim to LEI's 20% and that LEI was in fact taking a position adverse to the Plan:

"60.    Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world alleging an interest adverse to that of Leon Elster, Inc. in addition to defendants. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in the aforementioned real properties.

    61.    Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action."

    The FAC clarifies plaintiff's position that it is not seeking a determination of anything more than LEI's original 20% interest. The FAC, para 22, alleges LEI's interests in the disputed properties as follows;

|    | Property Address | Date of Transfer | Buyer |
|----|------------------|------------------|-------|
| 1. | An undivided 20% interest in 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | An undivided 7/8th interest in 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | An undivided 50% interest in 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 100% interest in 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

    Thereafter, plaintiff amended paragraphs 60 and 61 to narrow the dispute to ONLY LEI's 20% interest.

    "60.    Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world claiming to own all or a portion of the specified interests in the aforementioned real properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in any portion of the specified interests in the aforementioned real properties that is owned by Leon Elster, Inc.

    61.    Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action as to

EXHIBIT A

Firefox                                                        https://outlook.live.com/mail/0/id/AQMkADAwATZiZmYAZC1h...

all interest as specified above in the aforementioned real properties"

      If you still believe the Plan is implicated, please explain. Otherwise, its a form over substance argument with regard to the Order and the simplest course is for your clients to simply file a response. Please let me know your position.

      david glaubiger, esq

---

**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 3:09 PM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** RE: Elster v. LEI

David:

      First, the court's required the Plaintiff to add the Pension Plan which is has not done, which was based in large part due to the fact that Pension Plan owned an interest in W. 60th property owned as a defendant within ten (10) days of this Order."   The claims are the same at least with regard to the W. 60th property owned

CRB

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Thursday, January 20, 2022 2:28 PM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

Craig,

the arguments alleged in opposition are not the same as the amended pleading. First, the PHRL stock is removed from the pleading. Second, the amended pleading clarifies plaintiff is only addressing the portion of the 2001 W. 60th property owned by LEI, and not any other. If you believe the claims in the amended pleading continue to be the same, please specify.

david glaubiger, esq.

---

**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 1:30 PM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** RE: Elster v. LEI

EXHIBIT A

David:

  The order requires the Plaintiff to name the Plan because the Plan's interests were affected by the claims that are alleged. The Plaintiff argued in opposition to the joinder motion that the allegations did not implicate the Plan and the court specifically rejected that argument. We do not believe that the Plaintiff can plead around the court's ruling by alleging the same contentions in the FAC that he alleged in opposition to the joinder motion. The interests of the Plan are still at issue and the Plaintiff has not named the Plan as a defendant as he was ordered to.


Craig

Craig R. Bockman | JONES**BELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com  |  crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Thursday, January 20, 2022 9:07 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

all of the allegations implicating the Plan were removed from the pleading.  that being the case, I did not see any further need to name the Plan in this lawsuit. Considering the court has inherent power to revisit prior orders, it seems a given the court would no longer force the plaintiff to name the Plan in the case. thus, in the interest of judicial economy it seemed the prudent course to simply remove the allegations implicating the Plan, not name the Plan as a defendant and let the case proceed.

so, with all allegations implicating the Plan removed from the pleading and the likelihood the court would indeed revisit its prior order under the circumstances, why do you still want the Plan named?

david glaubiger, esq.


**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 8:30 AM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** Elster v. LEI

EXHIBIT A

Firefox                                                      https://outlook.live.com/mail/0/id/AQMkADAwATZiZmYAZC1h...

David:

Please let us know when we can meet and confer by telephone pursuant to section 435.5 of the Code of Civil Procedure so that we can see if we can avoid filing a motion to strike the First Amended Complaint.

We believe that the First Amended Complaint was filed in violation of section 436(b) of the Code of Civil Procedure because it does not name the Pension Plan as a defendant as the Plaintiff was ordered to by the court.  The court's January 7th order states that the motion to compel Plaintiff to add the Pension Plan to the case was granted, and "Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order."  Code of Civil Procedure section 436(b) authorizes the striking of a pleading due to improprieties in its form or in the procedures, which "is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court."  *Ferraro v. Camarlinghi*, 161 Cal.App.4th 509, 528 (2008).  The First Amended Complaint was filed in violation of the court's order.


Craig

Craig R. Bockman | JONES**BELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com  |  crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL.  IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

EXHIBIT A

1  David Glaubiger, Esq. (176019)
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire St., Suite 112
   Chatsworth, CA 91311
3  Tel: 818.725.9711
   Fax: 818.725.9712
4
5  Attorneys for Plaintiff and Cross-Defendant Leon Elster
6
7
8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9            **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**
10
11  LEON ELSTER, an individual, on behalf of      ) LASC Case No.  21STCV25835
    himself and of all other shareholders of the LEON )
12  ELSTER, INC., a California Corporation,        )
                                                   ) **[PROPOSED] EX PARTE ORDER**
13          Plaintiff,                             )
                                                   )
14  vs.                                            )
                                                   )
15  STUART ELSTER, an individual; AARON            ) [Concurrently filed herewith]
    ELSTER, an individual; LEON ELSTER, INC., a    ) 1. Declaration re Ex Parte Notice
16  California corporation; 8615 LONG BEACH         ) 2. Ex Parte Application; Memo P&A; Declr David
    BLVD, LLC, a California limited liability       ) Glaubiger
17  company; 7607 ST. BERNARD, LLC, a California    )
    limited liability company; 1132 WEST           )
18  EDGEWARE, LLC, a California limited liability   ) Date: February 7, 2022
    company; 2001 WEST 60TH ST, LLC, a             ) Time: 8:30 am
19  California limited liability company; and ALL   ) Dept.: "71"
    PERSONS UNKNOWN,  CLAIMING ANY                 )
20  LEGAL OR EQUITABLE RIGHT, TITLE,               )
    ESTATE, LIEN, OR INTEREST IN THE               )
21  PROPERTY DESCRIBED IN THE COMPLAINT            )
    ADVERSE TO LEON ELSTER, INC'S TITLE,           )
22  OR ANY CLOUD ON LEON ELSTER, INC'S             )
    TITLE THERETO; and DOES 1-100.                 )
23                                                 )
            Defendants.                            )
24                                                 )
    _____        )
25  AND RELATED CROSS-ACTION                       )
    _____        )
26
27  ///
28  ///

                                    -1-
                            EX PARTE ORDER

                              EXHIBIT A

### ORDER

Plaintiff Leon Elster's ("plaintiff") Ex Parte Application for orders either (1) amending this Court's order dated January 7, 2022 directing plaintiff to join Pension Plan as a defendant or, in the alternative, (2) shorten time on a regularly noticed motion seeking the same relief, came on this court's ex parte calendar on February 7, 2022, at 8:30 a.m. in Department 71 of the above-entitled court. David Glaubiger of the Law Offices of David Glaubiger appeared on behalf of plaintiff. All other appearances were noted on the record.

After consideration of all papers filed with this Court and oral argument and for good cause showing:

IT IS HEREBY ORDERED that Ex Parte Application is granted for good cause showing.

IT IS FURTHER HEREBY ORDERED that the Court's order dated January 7, 2022 is hereby amended to include the following language, ""plaintiff is directed to either file an amended complaint joining the Pension Plan to the lawsuit *or* file an amended complaint dropping all claims relating to the PHRL stock and the portions of the 2001 West 60th property that go beyond the 20% owned by Leon Elster, Inc."

IT IS FURTHER HEREBY ORDERED that the ex parte application is deemed to be the Motion.

IT IS FURTHER HEREBY ORDERED that the Motion is be heard on _____, 2022, at 830 am, in Department 71. Opposition papers are to be served and filed no later than _____ pm on _____, 2022. Reply papers are to be served and filed no later than _____ pm on _____, 2022.

**IT IS SO ORDERED.**

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

-2-

EX PARTE ORDER

EXHIBIT A

1

PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

5

6

    On February 3, 2022, I served the following documents described as:  Ex Parte Order on the interested parties in this action as follows:

7

8

    [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

    [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

13

14

15

16

    [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

17

18

19

20

    [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22

23

    Executed on February 3, 2022 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

26

_____ DAVID GLAUBIGER_____

27

28

-3-

EX PARTE ORDER

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

Craig R. Bockman, Esq
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
email: crbockman@jonesbell.com

Attorney for Leon Elster, Inc., Stuart Elster
and Aaron Elster

-4-

EX PARTE ORDER

EXHIBIT A

1   David Glaubiger, Esq. (176019)
    LAW OFFICES OF DAVID GLAUBIGER
2   21000 Devonshire St., Suite 112
    Chatsworth, CA 91311
3   Tel: 818.725.9711
    Fax: 818.725.9712
4

5   Attorneys for Plaintiff and Cross-Defendant Leon Elster

6

7
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                    **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**
9

10
    LEON ELSTER, an individual, on behalf of          )   LASC Case No.  21STCV25835
11  himself and of all other shareholders of the LEON )
    ELSTER, INC., a California Corporation,            )
12                                                     )   DECLARATION RE EX PARTE NOTICE
                                                       )
13              Plaintiff,                             )
                                                       )
14  vs.                                                )
                                                       )
15  STUART ELSTER, an individual; AARON               )   [Concurrently filed herewith]
    ELSTER, an individual; LEON ELSTER, INC., a       )   1. [proposed] Ex Parte Order
16  California corporation; 8615 LONG BEACH           )   2. Ex Parte Application; Memo P&A; Declr David
    BLVD, LLC, a California limited liability          )   Glaubiger
17  company; 7607 ST. BERNARD, LLC, a California      )
    limited liability company; 1132 WEST              )
18  EDGEWARE, LLC, a California limited liability      )   Date: February 7, 2022
    company; 2001 WEST 60TH ST, LLC, a                )   Time: 8:30 am
19  California limited liability company; and ALL     )   Dept.: "71"
    PERSONS UNKNOWN,  CLAIMING ANY                    )
20  LEGAL OR EQUITABLE RIGHT, TITLE,                  )
    ESTATE, LIEN, OR INTEREST IN THE                  )
21  PROPERTY DESCRIBED IN THE COMPLAINT )
    ADVERSE TO LEON ELSTER, INC'S TITLE,              )
22  OR ANY CLOUD ON LEON ELSTER, INC'S                )
    TITLE THERETO; and DOES 1-100.                    )
23                                                     )
                                                       )
24              Defendants.                            )
                                                       )
25  _____ )
                                                       )
26  AND RELATED CROSS-ACTION                          )

27  ///

28  ///

                                        -1-

                        DECLARATION RE EX PARTE NOTICE

                                    EXHIBIT A

1

## DECLARATION OF DAVID GLAUBIGER

2        1.     I am an attorney duly authorized to practice law before all of the Courts of the

3 State of California.  I am the attorney of record for Plaintiff and Cross-Defendant Leon Elster

4 ("plaintiff").  I have personal knowledge of the following facts, except as to those facts stated on

5 information and belief, if called and sworn as a witness, I could and would competently testify

6 thereto.

7        2.     On February 3, 2022, at approximately _9:41_ a.m., I telephoned defendants'

8 counsel of record, Craig Bockman, at 213.485.1555. At that time, no one answered and I left a

9 voice mail message providing the following ex parte notice:

10             Please be advised that on February 7, 2022 at 8:30 a.m., or as soon

11             thereafter as the matter may be heard, in Dept. 71 of the above-entitled court,

12             plaintiff Leon Elster ("plaintiff") will, and hereby does, move this Court for ex

13             parte orders either (1) amending this Court's order dated January 7, 2022 directing

14             plaintiff to join Pension Plan as a defendant or, in the alternative, (2) shorten time

15             on a regularly noticed motion seeking the same relief.

16

17        3.     Additionally, on February 3, 2022, I faxed a letter to Mr. Bockman providing the

18 same notice. A true and correct copy thereof is also attached hereto as **Exhibit A**.

19        4.     As of the date of this declaration, I have not received a response from Mr. Gerber.

20

21

22     I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct of my own personal knowledge.  Executed this 3rd day of February,

24 2022, at Chatsworth, California.

25                        _____

26                   David Glaubiger, Esq., Declarant

27

28

-2-

DECLARATION RE EX PARTE NOTICE

EXHIBIT A

# EXHIBIT "A"

EXHIBIT A

LAW OFFICES OF
# DAVID J. GLAUBIGER
21000 Devonshire Blvd., Suite 112
Chatsworth, California 91311
Tel: 818.725.9711
Fax: 818.725.9712

February 3, 2022

Via Facsimile
(213) 689-1004

Craig R. Bockman, Esq |
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017

      RE     LEON ELSTER v. Stuart Elster, et al
              LASC Case No. 21STCV25835

Dear Mr. Bockman:

      This letter is written to provide the following ex parte notice:

            Please be advised that on February 7, 2022 at 8:30 a.m., or as soon
            thereafter as the matter may be heard, in Dept. 71 of the above-entitled
            court, plaintiff Leon Elster ("plaintiff") will, and hereby does, move this
            Court for ex parte orders either (1) amending this Court's order dated
            January 7, 2022 directing plaintiff to join Pension Plan as a defendant or,
            in the alternative, (2) shorten time on a regularly noticed motion seeking
            the same relief.

      Please contact me and let me know if you intend to oppose the application. I may
be reached at 818.725.9711.

                        Sincerely,

                        David Glaubiger, Esq.

EXHIBIT A

P 1
02/03/2022 07:48
Serial No.  A6F7011004631
TC:00117368

**TX Result Report**

| Addressee | Start Time | Time | Prints | Result | Note |
|-----------|-----------|------|--------|--------|------|
| 12136891004 | 02-03 07:46 | 00:01:19 | 001/001 | OK | ORG |

Result   OK : Communication OK   S-OK : Stop Communication   Busy : Busy   No Ans : No Answer   TEL : RX from TEL   Refuse : Receipt Refused
Cont : Continue   LOVR : Receiving Length Over   SOVR : Exceed Broadcast No.   M-Full : Memory Full
NG : Other Error   IL-PJL : PJL Error   MDN-ER : MDN Resp. Error   DSN-ER : DSN Resp. Error   LGN-ER : Login Error

Note   TMR : Timer TX   PC : PC-Fax   POL : Polling   Call : Manual TX
FWD : Forward   Fcode : F-Code   BUL : Bulletin   I-FAX : Internet Fax   ORG : Original Size

LAW OFFICES OF
DAVID J. GLAUBIGER
21000 Devonshire Blvd., Suite 112
Chatsworth, California 91311
Tel: 818.725.9711
Fax: 818.725.9712

February 3, 2022

Via Facsimile
(213) 689-1004

Craig R. Bockman, Esq
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017

RE      LEON ELSTER v. Stuart Elster, et al
        LASC Case No. 21STCV25835

Dear Mr. Bockman:

This letter is written to provide the following ex parte notice:

Please be advised that on February 7, 2022 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Dept. 71 of the above-entitled court, plaintiff Leon Elster ("plaintiff") will, and hereby does, move this Court for ex parte orders either (1) amending this Court's order dated January 7, 2022 directing plaintiff to join Pension Plan as a defendant or, in the alternative, (2) shorten time on a regularly noticed motion seeking the same relief.

Please contact me and let me know if you intend to oppose the application. I may be reached at 818.725.9711.

Sincerely,

David Glaubiger, Esq.

EXHIBIT A

<u>PROOF OF SERVICE</u>
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

     On February 3, 2022, I served the following documents described as:  Ex Parte Notice Declaration on the interested parties in this action as follows:

     [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

     [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

     [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     Executed on February 3, 2022 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____     _____

-3-

DECLARATION RE EX PARTE NOTICE

EXHIBIT A

1

2 **SERVICE LIST**

3 Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5 Craig R. Bockman, Esq
JONESBELL LLP
6 601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
7 Telephone: (213) 485-1555
Facsimile: (213) 689-1004
8 email: crbockman@jonesbell.com

9 Attorney for Leon Elster, Inc., Stuart Elster
and Aaron Elster

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

DECLARATION RE EX PARTE NOTICE

EXHIBIT A

FROM: TO:12136891004 02/03/2022 07:47:09 #983 P.001/001

LAW OFFICES OF
# DAVID J. GLAUBIGER
21000 Devonshire Blvd., Suite 112
Chatsworth, California 91311
Tel: 818.725.9711
Fax: 818.725.9712

February 3, 2022

<u>Via Facsimile</u>
(213) 689-1004

Craig R. Bockman, Esq
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017

      RE    <u>LEON ELSTER v. Stuart Elster, et al</u>
              LASC Case No. 21STCV25835

Dear Mr. Bockman:

This letter is written to provide the following ex parte notice:

Please be advised that on February 7, 2022 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Dept. 71 of the above-entitled court, plaintiff Leon Elster ("plaintiff") will, and hereby does, move this Court for ex parte orders either (1) amending this Court's order dated January 7, 2022 directing plaintiff to join Pension Plan as a defendant or, in the alternative, (2) shorten time on a regularly noticed motion seeking the same relief.

Please contact me and let me know if you intend to oppose the application. I may be reached at 818.725.9711.

Sincerely,

David Glaubiger, Esq.

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2022 10:12 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk



1  **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
   Craig R. Bockman (State Bar No. 105485)
2  Fredrick A. Rafeedie (State Bar No.138422)
   601 South Figueroa Street, Suite 3460
3  Los Angeles, California 90017-5759
   Telephone:    (213) 485-1555
4  Facsimile:    (213) 689-1004

5  Attorneys for Defendants Stuart Elster,
   Aaron Elster, Leon Elster, Inc., 8615
6  Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
   1132 West Edgeware, LLC, and
7  2001 West 60th Street, LLC

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF LOS ANGELES**

11

12  LEON ELSTER, an individual, on behalf of      **Case No.  21STCV25835**
    himself and of all other  shareholders of the
13  LEON ELSTER, INC., a California Corporation
                                                  **DEFENDANTS' OPPOSITION TO**
14                  Plaintiff,                    **PLAINTIFF'S *EX PARTE* APPLICATION**
                                                  **FOR AN ORDER AMENDING THE**
15          v.                                    **COURT'S JANUARY 7, 2022 ORDER**
                                                  **GRANTING DEFENDANTS' MOTION**
16  STUART ELSTER, in individual; AARON           **REQUIRING PLAINTIFF TO JOIN THE**
    ELSTER, an individual; LEON ELSTER, INC., a   **LEON ELSTER, INC. DEFINED BENEFIT**
17  California corporation; 8615 LONG BEACH        **PENSION PLAN AS A PARTY**
    BLVD, LLC, a California limited liability
18  company; 7607 ST. BERNARD, LLC, a California   **Judge:     Monica Bachner**
    limited liability company; 1132 WEST
19  EDGEWARE, LLC, a California limited liability  **Date:      February 7, 2022**
    company; 2001 WEST 6OTH ST, LLC, a            **Time:      8:30 a.m.**
20  California limited liability company  and ALL  **Dept.      71**
    PERSONS UNKNOWN, CLAIMING ANY
21  LEGAL OR EQUITABLE RIGHT, TITLE,              **Complaint Filed:   July 14, 2021**
    ESTATE, LIEN, OR INTEREST IN THE             **Trial Date:        December 5, 2022**
22  PROPERTY DESCRIBED IN THE COMPLAINT
    ADVERSE TO LEON ELSTER, INC'S TITLE,
23  OR ANY CLOUD ON LEON ELSTER, INC'S
    TITLE THERETO; and DOES 1-100,
24                  Defendants.

25

26

27

28

                                      – 1 –
    DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO AMEND THE 1/7/22 ORDER

                               EXHIBIT A

1        Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc. submit the following

2   opposition to Plaintiff's *Ex Parte* Application for an order amending the court's January 7, 2022 order

3   granting defendants' motion that required plaintiff to join the Leon Elster, Inc. Defined Benefit Pension

4   Plan (Pension Plan) as a party to the action.

5                  **I.   INTRODUCTION**

6        The Plaintiff is a shareholder and former officer and director of a closely held family

7   corporation, Leon Elster, Inc. (LEI).  In his initial complaint, Plaintiff alleged various claims against

8   the current officers and other shareholders, Stuart Elster and Aaron Elster, contending that those officers

9   committed corporate waste and breached their duties to the corporation by mishandling and diverting

10   corporate assets that the Plaintiff contends belong either to him or to LEI and which he seeks by this

11   action to be returned to him or to LEI.

12        Defendants moved for the joinder of the Pension Plan as a necessary party because the

13   assets and properties that Plaintiff contends belong to him or to LEI, were owned in part by both LEI

14   and by the Pension Plan.  Plaintiff did not name the Pension Plan as a defendant.  On January 7, 2022,

15   the court granted Defendant's joinder motion because the Pension Plan owned an interest in some of

16   the properties that were the subject of this action.  In granting the motion, the court specifically stated

17   that the "Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order."

18   (1-7-22 Order at 4, ¶ 5.)

19        Plaintiff has not complied with that order.  Instead, Plaintiff has attempted to plead

20   around the joinder issue by filing a First Amended Complaint (FAC) which is different from the original

21   complaint in two primary respects.  First, the FAC has removed any reference to the PHRL stock that

22   is owned by the Pension Plan that was alleged in the initial complaint.  Second, Plaintiff is contending

23   that the FAC now only addresses that "portion of the 2001 W. 60th" street real property that is owned

24   by LEI.  As a result of these purported allegation changes, Plaintiff now contends that he does not need

25   to comply with the court's January 7, 2022 order and does not need to name the Pension Plan as a

26   defendant because the ownership of Pension Plan in the W. 60th" street property is no longer involved

27   in the case.

28        Plaintiff's *ex parte* application should be denied for three reasons.  First, Plaintiff's

EXHIBIT A

1   application violates section 1008 of the Code of Civil Procedure.  Section 1008 precludes a party from

2   filing a motion for reconsideration or modification of a prior order if certain requirements are not met.

3   None of those requirements is met here.  Second, no good cause exists that would require that the relief

4   Plaintiff is requesting be heard other than by a regularly noticed motion.  Third, Plaintiff's request that

5   the court issue an amended order has no merit.  The FAC does not eliminate the need for Plaintiff to

6   comply with the court's previous order.  The ownership of Pension Plan in the real property that the

7   Plaintiff alleges is still at issue in the case under the allegations of the FAC.

8           Plaintiff's changes in the FAC do not comply with or otherwise avoid the court's order

9   that required the Plaintiff to join the Pension Plan for two reasons: 1) the Plaintiff was specifically

10  ordered to name the Pension Plan as a defendant; and 2) the court expressly rejected Plaintiff's

11  argument, which he asserted in opposition to the joinder motion, that "only" that portion of the W. 60th

12  Street real property that is owned by LEI is at issue in the case, which was the reason that the Plaintiff

13  contended that the ownership interest held by the Pension Plan in that real property is not at issue and

14  that the joinder motion should not have been granted.

15          Plaintiff's contention that the allegations of the FAC do not require that the Pension Plan

16  be named as a necessary party is incorrect.  The fact that the FAC asserts that "only" the 20% interest

17  in the real property that is owned by LEI is at issue in the case does not avoid the requirement that the

18  Pension Plan be named as a party as was ordered by the court.  Because the Pension Plan owns an

19  interest in the real property that is at issue, its interests are affected by the Plaintiff's complaint and,

20  therefore, it must be named as indispensable party.  *See, Patrick v. Alacer Corp.*, 167 Cal. App. 4th

21  995, 1015 (2008).  That issue has previously been decided by the court.

## II.  PLAINTIFF'S *EX PARTE* APPLICATION SHOULD BE DENIED
## BECAUSE IT VIOLATES CODE OF CIVIL PROCEDURE SECTION 1008

24          Plaintiff's application should be denied because it violates the two primary of the

25  requirements of section 1008.

26          First, section 1008(a) requires that a party's motion for reconsideration or modification

27  of a prior order must be filed within 10 days of service of the order.  The court's January 7, 2022 order

28  was served by mail on January 7, 2022.  Accordingly, the time within which Plaintiff could have moved

1    for reconsideration has passed.

2          Second, section 1008(a) requires that a party's motion for reconsideration must be based

3    on new or different facts, circumstances, or law.  Plaintiff has not only not suggested that there exist

4    any new or different facts, circumstances, or law, but also none do exist.  The FAC does not present

5    any new or different facts circumstances that would make the court's prior ruling either incomplete or

6    incorrect.  As noted below, the allegations of the FAC do not avoid the requirement that the Pension

7    Plan be named as a party as the court previously decided.

8          Plaintiff misunderstands the decision in *Le Francois v. Goel*, 35 Cal. 4th 1094 (2005).

9    That case does not support Plaintiff's argument that section 1008 does not apply here.  The Court in

10    *Goel* held that a party may not file a motion for reconsideration or other motion in order to obtain or

11    cause a court to modify its previous order, which is what the Plaintiff is seeking here.   The decision in

12    *Goel* states the rule that while a court has the inherent power to reconsider its ruling *sua sponte*, it may

13    not do so as a result of a motion or application filed by a party requesting that an order be modified:

14          We agree with the court in *Kerns v. CSE Ins. Group, supra*, 106 Cal.App.4th at

15          page 389, 130 Cal.Rptr.2d 754, that "by eliminating the distinction between a
         trial court's action taken *sua sponte* and that made in response to a litigant's

16          motion, the more recent cases such as *Remsen* and *Wozniak* go too far toward
         eviscerating the clear jurisdictional language of  section 1008, essentially

17          rendering the provisions of the statute meaningless."
         ***

18          Accordingly, we uphold the statutes to the extent they apply to motions filed by
         the parties.

19

20   35 Cal. 4th at 1104.
         This legislative purpose is advanced if section 1008 is understood to apply to the

21          actions of the parties, not to a court's *sua sponte* reconsideration of its own
         interim order.

22          ***

23          This construction of the statutes also reconciles the earlier cases that had
         interpreted them as limiting the courts' jurisdiction. "Significantly, all of these

24          cases involved situations in which the disputed reconsideration, modification
         or reversal of a prior interim order was brought about upon the motion of a party

25          litigant, and not by the trial court acting on its own motion."
         ***

26          But a party may not file a written motion to reconsider that has procedural

27          significance if it does not satisfy the requirements of section 437c, subdivision
         (f)(2), or 1008. The court need not rule on any suggestion that it should

28          reconsider a previous ruling and, without more, another party would not be

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO AMEND THE 1/7/22 ORDER

EXHIBIT A

1    expected to respond to such a suggestion.  *** Unless the requirements of
     section 437c, subdivision (f)(2), or 1008 are satisfied, any action to reconsider
2    a prior interim order must formally begin with the court on its own motion. To
     be fair to the parties, if the court is seriously concerned that one of its prior
3    interim rulings might have been erroneous, and thus that it might want to
     reconsider that ruling on its own motion—something we think will happen
4    rather rarely—it should inform the parties of this concern, solicit briefing, and
     hold a hearing.
5

6    35 Cal. 4th at 1106-8.

7         Plaintiff's *ex parte* request that the court modify its previous order should be denied

8    pursuant to section 1008 because it is a request that originated from a party, not from the court.

9    ### III.   GOOD CAUSE DOES NOT EXIST TO CONSIDER THE REQUESTED

10   ### RELIEF ON AN *EX PARTE* BASIS

11        Plaintiff contends that *ex parte* relief is appropriate here because of the "looming

12   discovery cut-off date." (Mot. 5:13.)  That is incorrect.  The discovery cut-off is not until November

13   4, 2022.  There is no reason that the requested relief could not be sought by a regularly noticed motion.

14        The proper procedure to address the issue that Plaintiff raises by this application, which

15   is whether the FAC sufficiently complies with the court's order, is by way of a motion to strike the

16   FAC on the ground that it violates section 436(b) of the Code of Civil Procedure.  Section 436(b)

17   authorizes the striking of a pleading that was filed in violation of a court order, which is the situation

18   here.  Defendants intend to file that motion in the near future in response to the FAC.  Defendants have

19   reserved July 12, 2022 as the hearing date for that motion.

20   ### IV.  THE MODIFIED ORDER THAT PLAINTIFF REQUESTS WOULD NOT

21   ### REMOVE THE NEED FOR THE PENSION PLAN TO BE JOINED AS A PARTY

22        Plaintiff's attempt to draft the FAC so as to try to plead around the effect of the court's

23   order requiring him to name the Pension Plan as a defendant does not achieve that goal for two reasons.

24        First, in granting Defendant's joinder motion, the court specifically rejected the same

25   argument that Plaintiff is making here that the allegations of the FAC do not involve the Pension Plan.

26   Plaintiff asserted in opposition to the joinder motion, and has similarly alleged now in the FAC, that

27   "only" the specific 20% of the W. 60th Street property that is owned by LEI is at issue in the case, and

28   for that reason the Pension Plan's partial ownership interest in property is not at issue.  Plaintiff's

---
– 5 –

EXHIBIT A

1    attempt to reassert that argument by alleging that it is now incorporated in the FAC should not be

2    sufficient because the court expressly rejected that argument in granting the joinder motion.

3         Second, Plaintiff's attempt to plead around the effect of the court's order is insufficient

4    also because, by including the W. 60th Street property in the FAC and asserting claims related to the

5    ownership of that property, the FAC continues to make the Pension Plan's interest in that property the

6    subject of the Plaintiff's causes of action, thereby making the Pension Plan a necessary party.

7         The FAC, even with its slightly revised allegations, continues to make the Pension

8    Plan's ownership interest in the W. 60th Street property at issue in the case.  Rather than trying to allege

9    that only the 20% ownership of LEI's ownership is all that is at issue in the case, to the contrary the

10   FAC still refers to the ownership of the entire property.  For example, Plaintiff alleges in the FAC that

11   LEI's interest in the properties, including the West 60th Street property, was conveyed "without

12   adequate consideration."  (FAC ¶ 22.)  That interest of LEI would necessarily include any interest held

13   by the Pension Plan because it had to have been LEI that conveyed a portion of its interest in the

14   property to the Pension Plan in order to fund the Pension Plan with that asset.

15        Plaintiff also alleges that the Defendants have caused the "improper diversion of rents"

16   due from the properties, which include the West 60th Street property, to either themselves or to a

17   "company" owned or controlled by them.  (FAC ¶ 35.)  Such a "company" would include the Pension

18   Plan as a part owner of the property, having received its ownership interest from LEI and being one of

19   the companies that receives the rent from the property.  Those allegations necessarily refer to the

20   interest held by the Pension Plan because it was LEI that conveyed to the Pension Plan its ownership

21   interest in the property.  Plaintiff also alleges that the properties, including the West 60th Street

22   property, were "improperly and without consideration removed from the inventory of Leon Elster, Inc.

23   and must be returned" (FAC ¶ 50), and that "any interest" claimed in the properties by Defendants or

24   "by anyone else" as a result of any interest conveyed by LEI are "void" and should be cancelled.  (FAC

25   ¶ 52.)  These allegations also demonstrate that the entire ownership of the West 60th Street property is

26   at issue, including specifically the ownership interest held by the Pension Plan.

27        Plaintiff also alleges that LEI is the "true owner" of the specified interests in the

28   properties, including the West 60th Street property (FAC ¶ 59), and that anyone else "in the world

– 6 –

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO AMEND THE 1/7/22 ORDER

EXHIBIT A

1   claiming to own all or any portion of the" interests in the real property that should be owned only by

2   LEI are "without any right" to such property and have no such legitimate interest. (FAC ¶ 60.) These

3   allegations, despite Plaintiff's attempt to plead that "only" the 20% interest of LEI is a stake in the case,

4   also demonstrate that in fact the ownership interest of the Pension Plan in the property is at issue. By

5   alleging that the instruments conveying the interests in the property to "anyone" were improper and,

6   therefore, void, Plaintiff is putting the entire ownership of the properties at issue—not just LEI's

7   purported 20%.

8          The W. 60th Street real property that the Plaintiff contends is his or belongs to LEI, and

9   for which he seeks an order that the property be returned to him or to LEI, is owned in part by both LEI

10  and by the Pension Plan. Because the Pension Plan owns an interest in the real property that is the

11  subject of the action as is still alleged in the FAC, the interests of the Pension Plan are at stake and

12  Plaintiff's argument that the FAC pleads around the effect of the court's order requiring him to name

13  the Pension Plan as a defendant is incorrect. As Plaintiff himself notes, because of the same or similar

14  allegations, the court granted the joinder motion because the Plaintiff's claims are not limited to just

15  the 20% owned by LEI, and the court's prior ruling was based in part on Plaintiff's allegations that

16  "other claimants" have no right to an interest in the real property. (Mot. 2:26-3:1.)

17         So long as the Pension Plan owns an interest in any of the properties that the Plaintiff

18  alleges are at issue, the Pension Plan is a necessary party and should be named as a defendant in

19  accordance with the court's previous order. "Where a number of persons have undetermined interests

20  in a . . . [common] fund and one of them, acting adversely to the others, seeks to recover the whole, to

21  fix his share, or recover a portion claimed by him, the other persons are indispensable parties." *Patrick*

22  *v. Alacer Corp.*, 167 Cal. App. 4th 995, 1015 (2008). The Pension Plan is such a party.

23         Plaintiff's contention that Defendants have refused to explain why the FAC still

24  implicates the Pension Plan's ownership interest in the West 60th Street property is disingenuous. As

25  the parties' written meet and confer correspondence that they exchanged in connection with

26  Defendant's motion to strike demonstrates (Glaubiger Decl. Ex. C), Defendants' counsel stated more

27  than once why the FAC does not comply with the court's previous order. Those reasons are: 1) the

28  court required the Plaintiff to add the Pension Plan as a party which he has not done; 2) the court's

EXHIBIT A

1  order was based in large part on the fact that Pension Plan owned an interest in the W. 60th Street

2  property, which has not changed, and that fact does not change with the FAC notwithstanding the

3  Plaintiff's attempt to plead that "only" LEI's 20% is purportedly at issue; and 3) the claims in the FAC

4  are the same at with regard to the W. 60th Street property in which the Pension Plan owns an interest.

### V.  CONCLUSION

For all the foregoing reasons, Defendants request that the application be denied.

Dated: February 4, 2022

**Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
Craig R. Bockman
Fredrick A. Rafeedie

By:  CRAIG R. BOCKMAN

Attorneys for Defendants Stuart Elster, Aaron Elster, Leon Elster, Inc., 8615 Long Beach Blvd., LLC, 7607 St. Bernard, LLC, 1132 West Edgeware, LLC, and 2001 West 60th Street, LLC

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On February 4, 2022, I served the foregoing document(s) described as: **DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING THE COURT'S JANUARY 7, 2022 ORDER GRANTING DEFENDANTS' MOTION REQUIRING PLAINTIFF TO JOIN THE LEON ELSTER, INC. DEFINED BENEFIT PENSION PLAN AS A PARTY**

☐ BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.
☐ by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."
☐ by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐ BY FAX: by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST." The phone number for the sending facsimile machine is (213) 689-1004. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒ BY ELECTRONIC MAIL: I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

    David Glaubiger, Esq.          *d.chats@hotmail.com*

☐ BY OVERNIGHT MAIL: I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:
☐ the person(s) listed on the attached "SERVICE MAILING LIST."
☐ the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 4, 2022, at Los Angeles, California.

CRAIG R. BOCKMAN

- 1 -

PROOF OF SERVICE

EXHIBIT A

1

**SERVICE MAILING LIST**

2

3   David Glaubiger, Esq.
Law Offices of David Glaubiger
4   21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
5   Tel: (818) 725-9711
*Attorney for Plaintiff Leon Elster*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2022 10:12 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

**RA-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: Craig R. Bockman   STATE BAR NUMBER: 105485<br>FIRM NAME: Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.<br>STREET ADDRESS: 601 S. Figueroa St, Suite 3460<br>CITY: Los Angeles   STATE: CA   ZIP CODE: 90017<br>TELEPHONE NO.: (213) 485-1555   FAX NO.: (213) 689-1004<br>EMAIL ADDRESS: crbockman@jonesbell.com<br>ATTORNEY FOR *(name)*: Defendants, Stuart Elster, et al. | |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br> STREET ADDRESS: 111 North Hill Street<br> MAILING ADDRESS: 111 North Hill Street<br> CITY AND ZIP CODE: Los Angeles, 90012<br> BRANCH NAME: Stanley Mosk Courthouse |
| PLAINTIFF/PETITIONER: Leon Elster, et al.<br>DEFENDANT/RESPONDENT: Stuart Elster, et al.<br>OTHER CASE NAME: |

| | |
|---|---|
| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER:<br>21STCV25835 |

> You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)
>
> Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.
>
> See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.
>
> **A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply)*:
   - [ ] Plaintiff/Petitioner *(name)*: Plaintiff
   - [ ] Attorney for Plaintiff/Petitioner *(name)*: David Glaubiger
   - [ ] Defendant/Respondent *(name)*:
   - [X] Attorney for Defendant/Respondent *(name)*: Stuart Elster, etc.
   - [ ] Other *(name and role in case)*:

2. The person or persons in 1 intends to appear remotely *(check one)*:
   a. [ ] Throughout the case.
   b. [X] At the proceeding described below, including on any later dates if the proceeding is continued *(describe)*:
      Type of proceeding: Ex Parte Application
      Set on *(date)*: 02/07/2022   at *(time)*: 8:30 a.m.   in *(department)*: 71
      Before *(name of judicial officer, if known)*: Monica Bachner

3. The person intends to appear by *(check court's website for method that may be used)*:
   - [X] Videoconference   [ ] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed)*:

Page 1 of 3

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75;<br>Cal. Rules of Court, rule 3.672<br>www.courts.ca.gov |

Westlaw Doc & Form Builder™

EXHIBIT A

**RA-010**

| | |
|---|---|
| PLAINTIFF: Leon Elster, et al. | CASE NUMBER: 21STCV25835 |
| DEFENDANT: Stuart Elster, et al. | |

5. [ X ] I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: February 4, 2022

Craig R. Bockman
_____
(TYPE OR PRINT NAME)

▶ _Craig R. Bockman (signature)_
(SIGNATURE)

### Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

### Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below. *Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*
- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a. Name: Plaintiff
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. [ X ] Attorney for: Plaintiff
   a. Name: David Glaubiger
   b. Date of notice: 02/03/2022
   c. Method of notice: email
   d. Address (mailing, in-person, or email) or phone number: d.chats@hotmail.com

3. [ ] Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. [ ] Attorney for:
   a. Name: Stuart Elster, etc.
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

[ ] If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 4, 2022

Craig R. Bockman
_____
(TYPE OR PRINT NAME)

▶ _Craig R. Bockman (signature)_
(SIGNATURE)

RA-010 [New January 1, 2022]

**NOTICE OF REMOTE APPEARANCE**

Page 2 of 3
[page 3 need not be filed]

EXHIBIT A

1

**PROOF OF SERVICE**

2

     I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite
3460, Los Angeles, California 90017-5759.

3

4

     On February 4, 2022, I served the foregoing document(s) described as:  **NOTICE OF
REMOTE APPEARANCE**

5

6

☐   BY MAIL:  I am readily familiar with this firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S.
postal service on that same day in the ordinary course of business.  I am aware that on
motion of party served, service is presumed invalid if postal cancellation date or
postage meter date is more than 1 day after date of deposit for mailing in affidavit.
   ☐   by placing a true copy thereof in sealed envelope(s) addressed as stated on the
attached "SERVICE MAILING LIST."
   ☐   by placing a true copy thereof in sealed envelope(s) addressed as follows:

7

8

9

10

11

☐   BY FAX:  by transmitting a true and correct copy of the above-referenced
document(s) at _____ AM/PM to the persons listed on the attached "SERVICE
MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING
LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The
transmission was reported as complete and without error.  The transmission report was
properly issued by the transmitting facsimile machine.

12

13

14

15

☒   BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic
mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an
agreement between the parties.

16

17

     David Glaubiger, Esq.     *d.chats@hotmail.com*

18

19

☐   BY OVERNIGHT MAIL:  I caused to be delivered to an express service carrier
courier or driver authorized by said express service carrier, a true copy of the
foregoing document(s) in sealed envelopes or packages designated by the express
service carrier for delivery on the next business day with fees for overnight delivery
paid or provided to:
   ☐   the person(s) listed on the attached "SERVICE MAILING LIST."
   ☐   the following persons:

20

21

22

23

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 4, 2022, at Los Angeles, California.

24

25

26

CRAIG R. BOCKMAN

27

28

PROOF OF SERVICE

EXHIBIT A



**SERVICE MAILING LIST**

David Glaubiger, Esq.
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel: (818) 725-9711
*Attorney for Plaintiff Leon Elster*

- 2 -

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2022 09:38 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Sino-Cruz,Deputy Clerk

1  **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
   Craig R. Bockman (State Bar No. 105485)
2  Fredrick A. Rafeedie (State Bar No.138422)
   601 South Figueroa Street, Suite 3460
3  Los Angeles, California 90017-5759
   Telephone:    (213) 485-1555
4  Facsimile:    (213) 689-1004

5  Attorneys for Defendants Stuart Elster,
   Aaron Elster, Leon Elster, Inc., 8615
6  Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
   1132 West Edgeware, LLC, and
7  2001 West 60th Street, LLC

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **COUNTY OF LOS ANGELES**

11

| | |
|---|---|
| 12 LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation | Case No.  **21STCV25835** |
| 14          Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF STUART ELSTER AND CRAIG R. BOCKMAN IN SUPPORT THEREOF** |
| 15     v. | |
| 16 STUART ELSTER, in individual; AARON ELSTER, an individual; LEON ELSTER, INC., a California corporation; 8615 LONG BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001 WEST 6OTH ST, LLC, a California limited liability company  and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100,          Defendants. | **Judge:     Monica Bachner**<br><br>**Date:     July 12, 2022**<br>**Time:     9:30 a.m.**<br>**Dept.     71**<br><br>**Complaint Filed:   July 14, 2021**<br>**Trial Date:       December 5, 2022** |

27

28

---
– 1 –
DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on July 12, 2022, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Monica Bachner in Department 71 of the above-referenced court located at located at 111 N. Hill Street, Los Angeles California, Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc. will and hereby do move, pursuant to Code of Civil Procedure section 435, for an order striking Plaintiff's First Amended Complaint in its entirety.  This motion is made on the ground that Plaintiff has not complied with the court's order dated January 7, 2022 granting Defendants' motion requiring that the Plaintiff add the Leon Elster, Inc. Defined Benefit Pension Plan to this action as a necessary party and ordering Plaintiff to name the Pension Plan as a defendant in this action within ten days.

   This motion will be based on this notice of motion and motion, the attached memorandum of points and authorities, declarations of Stuart Elster and Craig R. Bockman, and exhibits attached hereto, the records and files herein, and upon other such evidence as may be considered at the hearing on this motion.

Dated:  February 7, 2022

             **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
             Craig R. Bockman
             Fredrick A. Rafeedie

          By:  _Craig R. Bockman_
             CRAIG R. BOCKMAN
             Attorneys for Defendants Stuart Elster, Aaron Elster, Leon Elster, Inc., 8615 Long Beach Blvd., LLC, 7607 St. Bernard, LLC, 1132 West Edgeware, LLC, and 2001 West 60th Street, LLC

– 2 –

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Plaintiff is a shareholder and former officer and director of a closely held family corporation, Leon Elster, Inc. (LEI).  In his initial complaint, Plaintiff alleged various claims against the current officers and other shareholders, Stuart Elster and Aaron Elster, contending that those officers committed corporate waste and breached their duties to the corporation by mishandling and diverting corporate assets that the Plaintiff contends belong either to him or to LEI and which should be returned to him or to LEI.

Defendants moved for the joinder of the Leon Elster, Inc. Defined Benefit Pension Plan (Pension Plan) as a necessary party because the assets and properties that were at issue, which the Plaintiff contended were his or that belonged to LEI, were owned in part by both LEI and by the Pension Plan which Plaintiff had not named as a defendant.  On January 7, 2022, the court granted Defendant's joinder motion because the Pension Plan owned an interest in some of the properties that were the subject of this action.  In granting the motion, the court specifically stated that the "Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order."  (Ex. 1 at 4, ¶ 5.)

Plaintiff has not complied with that order.  Instead, Plaintiff has attempted to plead around the joinder issue by filing a First Amended Complaint (FAC) which is different from the original complaint in two primary respects.  First, the FAC has removed any reference to the PHRL stock that is owned by the Pension Plan that was alleged in the initial complaint.  Second, Plaintiff is contending that the FAC now addresses only that "portion of the 2001 W. 60th" street real property that is owned by LEI.  As a result of these purported allegation changes, Plaintiff now contends that he does not need to comply with the court's January 7, 2022 order because no ownership interest of the Pension Plan is involved.   Plaintiff is incorrect.

Plaintiff's changes in the FAC do not comply with or otherwise avoid the court's order compelling the joinder of the Pension Plan for two reasons: 1) the Plaintiff was specifically ordered to name the Pension Plan as a defendant; and 2) the court specifically rejected Plaintiff's argument, which he asserted in opposition to the joinder motion, that "only" the specific 20% of the 2001 W. 60th Street

EXHIBIT A

1  real property that is owned by LEI is at issue in the case, and for that reasons the ownership interest

2  that the Pension Plan holds in that real property was not at issue.

3          Plaintiff's contention that the allegations of the FAC now do not require that the Pension

4  Plan be named as a necessary party is incorrect.  The fact that the FAC asserts that "only" the 20%

5  interest in the real property that is owned by LEI is at issue does not avoid the requirement that the

6  Pension Plan be named as a party.  Because the Pension Plan owns an interest in the real property that

7  is at issue, its interests are affected by the Plaintiff's complaint and, therefore, it must be named as

8  indispensable party.  *See, Patrick v. Alacer Corp*., 167 Cal. App. 4th 995, 1015 (2008).

9

10      **II.  THE FIRST AMENDED COMPLAINT SHOULD BE STRICKEN AS NOT**

11          **COMPLYING WITH THE COURT'S ORDER**

12          A party may move to strike an entire complaint that was not filed in conformity with

13  "an order of the court."  Cal. Code of Civ. Proc. §§ 435(b)(1), 436(b).  Section 436(b) authorizes the

14  striking of a pleading due to improprieties in its form or in the procedures, which "is commonly invoked

15  to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of

16  court."  *Ferraro v. Camarlinghi*, 161 Cal.App.4th 509, 528 (2008).

17          The FAC does not comply with the court's January 7, 2022 order granting Defendant's

18  joinder motion which specifically stated that the "Plaintiff is ordered to name Pension Plan as a

19  defendant . . . ." (Ex. 1.)

20          Plaintiff's attempt to plead around the effect of the court's order requiring him to name

21  the Pension Plan as a defendant should be rejected as insufficient for two reasons.  First, in granting

22  Defendant's joinder motion, the court specifically rejected the same contentions that Plaintiff now

23  alleges in the FAC.  Plaintiff asserted in opposition to the joinder motion, and has similarly alleged

24  now in the FAC, that "only" specific 20% of the W. 60th Street property that is owned by LEI is at

25  issue in the case, and for that reason the partial ownership interest that the Pension Plan holds in that

26  real property is not at issue.  Plaintiff's attempt to reassert that argument by alleging it in the FAC

27  should not be sufficient because the court expressly rejected that argument in granting the joinder

28  motion.

1          Second, Plaintiff's attempt to plead around the effect of the court's order is insufficient

2    also because, by including the W. 60th Street property in the FAC and asserting claims related to that

3    property, the FAC continues to make the Pension Plan's ownership interest in that property the subject

4    of the Plaintiff's causes of action, thereby making the Pension Plan a necessary party.

5          The FAC, even with its slightly revised allegations, continues to make the Pension

6    Plan's ownership interest in the W. 60th Street property at issue in the case.  Rather than trying to allege

7    that only the 20% ownership of the LEI's ownership is all that is at issue in the case, to the contrary the

8    FAC still refers to the ownership of the entire property.  For example, Plaintiff alleges in the FAC that

9    LEI's interest in the properties, including the West 60th Street property, was conveyed "without

10   adequate consideration."  (Compl. ¶ 22.)  That interest of LEI would necessarily include any interest

11   held by the Pension Plan because it was LEI that conveyed to the Pension Plan its ownership interest

12   in the property when LEI funded the Pension Plan with that asset.  (S.Elster Decl. a ¶¶ 2-3.)

13         Plaintiff also alleges that the Defendants have caused the "improper diversion of rents"

14   due from the properties to either themselves or to a company owned or controlled by them.  (Compl. ¶

15   35.)  Such a company would include the Pension Plan as one of the owners entitled to the rents, which

16   thereby also necessarily refers to the interest held by the Pension Plan.

17         Plaintiff also alleges that the properties, including the West 60th Street property, were

18   "improperly and without consideration removed from the inventory of Leon Elster, Inc. and must be

19   returned" (Compl. ¶ 50), and that "any interest" claimed in the properties "by anyone else" as a result

20   of any interest conveyed by LEI are "void" and should be cancelled.  (Compl. ¶ 52.)  These allegations

21   also demonstrate that then entire ownership of the West 60th Street property is at issue, including

22   specifically the Pension Plans' ownership interest in the property.

23         Plaintiff also alleges that LEI is the "true owner" of the specified interests in the

24   properties, including the West 60th Street property (Compl. ¶ 59), and that anyone else "in the world

25   claiming to own all or any portion of the" interests in the real property that should be owned by LEI

26   are "without any right" to such property and have no such legitimate interest.  (Compl. ¶ 60.) These

27   allegations, despite Plaintiff's attempt to plead that "only" the 20% interest of LEI is a stake in the case,

28   also demonstrate that in fact the ownership interest of the Pension Plan in the West 60th Street property

EXHIBIT A

1     is at issue in the case. By alleging that the instruments conveying the ownership interests in the

2     properties to "anyone" are improper and, therefore, void, Plaintiff is putting the entire ownership of the

3     properties at issue—not just the corporation's purported 20%.

4            The W. 60th Street real property that the Plaintiff contends is his or belongs to LEI, and

5     for which he seeks an order that the property be returned to him or to LEI, is owned in part by both the

6     corporation, LEI, and by the Pension Plan. Because the Pension Plan holds an interest in the real

7     property that is the subject of the action which is still alleged in the FAC, the interests of the Pension

8     Plan are at stake and Plaintiff's attempt to plead around the effect of the court's order requiring him to

9     name the Pension Plan as a defendant should be rejected as insufficient. So long as the Pension Plan

10    owns an interest in any of the properties that the Plaintiff alleges are at issue, the Pension Plan is a

11    necessary party and should be named as a defendant in accordance with the court's previous order.

12           Plaintiff has no basis on which to ignore the court's previous order requiring Plaintiff to

13    name Pension Plan as a defendant. "Where a number of persons have undetermined interests in a . . .

14    [common] fund and one of them, acting adversely to the others, seeks to recover the whole, to fix his

15    share, or recover a portion claimed by him, the other persons are indispensable parties." *Patrick v.*

16    *Alacer Corp.*, 167 Cal. App. 4th 995, 1015 (2008). The Pension Plan is such a party.

17

18                            **III. CONCLUSION**

19           Plaintiff has not complied with the court's January 7, 2022 order. Plaintiff's attempt to

20    plead around that order by making minor changes in the FAC do not comply with or otherwise avoid

21    the court's order compelling the joinder of the Pension Plan. Plaintiff was specifically ordered to name

22    the Pension Plan as a defendant and the court specifically rejected Plaintiff's argument that "only" the

23    specific 20% of the real property at issue that is owned by LEI is involved in the case, and not the

24    ownership interest that the Pension Plan holds in that property.

25

26

27

28

EXHIBIT A

1     For all the foregoing reasons, Defendants Stuart Elster, Aaron Elster, and Leon Elster,

2    Inc. request that the court strike Plaintiff's First Amended Complaint in its entirety and order Plaintiff

3    to file an amended complaint that adds the Leon Elster, Inc. Defined Benefit Pension Plan as a named

4    defendant in this action.

5

6    Dated:  February 7, 2022           **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                Craig R. Bockman

7                                  Fredrick A. Rafeedie

8

9                  By:        _Craig Bockman_

10                      CRAIG R. BOCKMAN
                      Attorneys for Defendants Stuart Elster, Aaron

11                      Elster, Leon Elster, Inc., 8615 Long Beach Blvd.,
                      LLC, 7607 St. Bernard, LLC, 1132 West

12                      Edgeware, LLC, and  2001 West 60th Street, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

1
**DECLARATION OF STUART ELSTER IN SUPPORT OF MOTION TO**

2
**STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

3
I, Stuart Elster, hereby declare that:

4
1.     I have personal knowledge of the facts stated herein and would and could testify

5
competently thereto if sworn as a witness.

6
2.     I am and have been since April of 1978 an officer of, and member of the Board of

7
Directors of, Leon Elster, Inc. (LEI).  I am currently the President of LEI.  I am and have been since

8
2012 a trustee of the Leon Elster, Inc. Defined Benefit Pension Plan (the Pension Plan).

9
3.     Plaintiff's allegation in the First Amended Complaint that LEI's interests in the real

10
properties at issue were conveyed "without adequate consideration" necessarily includes any interest

11
held by the Pension Plan in the 2001 West 60th Street property because it was LEI that conveyed to the

12
Pension Plan its ownership interest in the property in order to fund the Pension Plan with regard to that

13
asset.

14
4.     The 2001 West 60th Street, Los Angeles, CA property that is referred to in the complaint

15
filed by the Plaintiff herein is owned in part by LEI, in part by 2001 West 60th Street, LLC, and in part

16
by the Pension Plan.  Filed concurrently with this declaration as Exhibit 5 is a true and correct copy of

17
the title report dated August 9, 2021, showing that the Pension Plans owns an undivided 50% interest

18
in the 2001 West 60th Street, Los Angeles, property and LEI owns an undivided 20% interest in the

19
2001 West 60th Street, Los Angeles, property which Defendants filed in support of their previous

20
joinder motion.  As of this date, the Pension Plan continues to own a 50% interest in the 2001 West

21
60th Street property.

22
I declare under penalty of perjury under the laws of the State of California that the

23
foregoing is true and correct.

24

25
Dated: February **07**, 2022

*Stuart Elster*
Stuart Elster

26

27

28

– 8 –
DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

**DECLARATION OF CRAIG R. BOCKMAN IN SUPPORT OF MOTION TO
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

I, Craig R. Bockman, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am the member of, Bell, Abbott, Fleming & Fitzgerald L.L.P., counsel for Defendants who has primary responsibility for handling this matter on behalf of Defendants.  I have personal knowledge of the facts stated herein, and could and would testify competently thereto if sworn as a witness.

2.      Before filing this motion, I met and conferred with counsel Plaintiff, David Glaubiger, by email correspondence.  Counsel for Plaintiff declined to meet and confer in person or by telephone. The parties did not reach an agreement resolving the objections raised by the motion to strike.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the court's order dated January 7, 2022 granting Defendants' motion requiring that Plaintiff add the Leon Elster, Inc. Defined Benefit Pension Plan to this action as a necessary party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February  7 , 2022, at Los Angeles, California.

_____
Craig R. Bockman

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                            January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                          2:48 PM

Judge: Honorable Monica Bachner            CSR: None
Judicial Assistant: A. Barton              ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Ruling on Submitted Matter

The Court, having taken the matter under submission on 12/15/2021 for Hearing on Motion to
Join Necessary Party, now rules as follows:

Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon
Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted.
Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI")
(collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to
add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action
because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move
for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable
parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder
will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a
party in the action if (1) in his absence complete relief cannot be accorded among those already
parties or (2) he claims an interest relating to the subject of the action and is so situated that the
disposition of the action in his absence may (i) as a practical matter impair or impede his ability
to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk
of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed
interest. If he has not been so joined, the court shall order that he be made a party."

---

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**              2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (Peerless Ins. Co. v. Superior Court (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A. Whether Pension Plan is a Necessary Party

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)
Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan.

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                             January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                          2:48 PM

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: None |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

(S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (Id., Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                     January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                  2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

B. Whether the Joinder of Pension Plan Would Deprive the Court of Jurisdiction.

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of jurisdiction because he has claims against Pension Plan for purported ERISA violations based on purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans' joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in this action when there is no suggestion that those claims arise from the same transaction or series of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

The Clerk to give notice.

The Court's written Ruling on Submitted Matter is signed and filed this dated.

Certificate of Mailing is attached.

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

*FILED*
Superior Court of California
County of Los Angeles

JAN 07 2022

Sherri R. Carter, Executive Officer/Clerk
By: _____ A. Bellon  Deputy

## DEPARTMENT 71

### RULING ON SUBMITTED MATTER

LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation,

　　vs.

STUART ELSTER, an individual, et al.

Case No.: 21STCV25835

Hearing Date: December 15, 2021

**Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.**

　　　　Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI") (collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable parties. (Notice of Motion, pg. 2.)

　　　　C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

1

**EXHIBIT 1**

EXHIBIT A

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (*Peerless Ins. Co. v. Superior Court* (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).)  The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A.     *Whether Pension Plan is a Necessary Party*

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI.  (Complaint ¶¶ 22-25.)  Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.)  Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.)  In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions.  (Prayer for Relief ¶¶ 5, 10.)

Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.)  Defendants assert that Pension Plan owns an interest in

2

**EXHIBIT 1**

EXHIBIT A

the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan. (S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (*Id.*, Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

3

**EXHIBIT 1**

EXHIBIT A

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

B.   *Whether the Joinder of Pension Plan Would Deprive the Court of Jurisdiction.*

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of jurisdiction because he has claims against Pension Plan for purported ERISA violations based on purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans' joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in this action when there is no suggestion that those claims arise from the same transaction or series of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

The Clerk to give notice.
Dated:  January 7, 2022.

<div style="text-align:right">

*M Bachner*

Hon. Monica Bachner
Judge of the Superior Court

</div>

4

**EXHIBIT 1**

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/07/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Leon Elster | |
| DEFENDANT/RESPONDENT:<br>1132 West Edgeware, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV25835 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 01/07/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Craig R. Bockman
Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.
601 South Figueroa Street
Suite 3460
Los Angeles, CA  90071

David  Glaubiger
Law Offices of David Glaubiger
21000 Devonshire Street
Suite 112
Chatsworth, CA  91311

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/7/2022

By:  A. Barton
Deputy Clerk

**EXHIBIT 1**
**CERTIFICATE OF MAILING**
EXHIBIT A

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On February 10, 2022, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF STUART ELSTER AND CRAIG R. BOCKMAN IN SUPPORT THEREOF**

☒ **BY MAIL:** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

☐ by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐ **BY FAX:** by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST." The phone number for the sending facsimile machine is (213) 689-1004. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☐ **BY ELECTRONIC MAIL:** I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

David Glaubiger, Esq.          _d.chats@hotmail.com_

☐ **BY OVERNIGHT MAIL:** I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

☐ the person(s) listed on the attached "SERVICE MAILING LIST."

☐ the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 10, 2022, at Los Angeles, California.

_Maria M. Diaz_
MARIA M. DIAZ

- 1 -

PROOF OF SERVICE

EXHIBIT A

1

**SERVICE MAILING LIST**
*Leon Elster, et al., v. Stuart Elster, et al.*
*L.A.S.C. Case No. 21STCV25835*

2

3
David Glaubiger, Esq.
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel:  (818) 725-9711
*Attorney for Plaintiff Leon Elster*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
PROOF OF SERVICE

EXHIBIT A

 Journal Technologies Court Portal

# Make a Reservation

LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.

Case Number: 21STCV25835   Case Type: Civil Unlimited   Category: Other Commercial/Business Tort (not fraud/breach of contract)
Date Filed: 2021-07-14   Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al. | 21STCV25835 |
| Type: | Status: |
| Motion to Strike (not anti-SLAPP) - without Demurrer | RESERVED |
| Filing Party: | Location: |
| Stuart Elster (Defendant) | Stanley Mosk Courthouse - Department 71 |
| Date/Time: | Number of Motions: |
| 07/12/2022 9:30 AM | 1 |
| Reservation ID: | Confirmation Code: |
| 770399367455 | CR-FC3WUNH2KPEJVKCSP |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Strike (not anti-SLAPP) - without Demurrer | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount: | Type: |
| $61.65 | Visa |
| Account Number: | Authorization: |
| XXXX5850 | 00125G |

🖨 Print Receipt      ✚ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2022 09:38 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Sino-Cruz,Deputy Clerk

1   **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Craig R. Bockman (State Bar No. 105485)
2   Fredrick A. Rafeedie (State Bar No.138422)
601 South Figueroa Street, Suite 3460
3   Los Angeles, California 90017-5759
Telephone:     (213) 485-1555
4   Facsimile:     (213) 689-1004

5   Attorneys for Defendants Stuart Elster,
Aaron Elster, Leon Elster, Inc., 8615
6   Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
1132 West Edgeware, LLC, and
7   2001 West 60th Street, LLC

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF LOS ANGELES**

11

12   LEON ELSTER, an individual, on behalf of        **Case No.   21STCV25835**
himself and of all other  shareholders of the
13   LEON ELSTER, INC., a California Corporation

14                              Plaintiff,            **DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO
STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT**
15          v.

16   STUART ELSTER, in individual; AARON             **Judge:       Monica Bachner**
ELSTER, an individual; LEON ELSTER, INC., a
17   California corporation; 8615 LONG BEACH          **Date:        July 12, 2022**
BLVD, LLC, a California limited liability           **Time:        9:30 a.m.**
18   company; 7607 ST. BERNARD, LLC, a California     **Dept.        71**
limited liability company; 1132 WEST
19   EDGEWARE, LLC, a California limited liability
company; 2001 WEST 6OTH ST, LLC, a               **Complaint Filed:   July 14, 2021**
20   California limited liability company  and ALL    **Trial Date:        December 5, 2022**
PERSONS UNKNOWN, CLAIMING ANY
21   LEGAL OR EQUITABLE RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST IN THE
22   PROPERTY DESCRIBED IN THE COMPLAINT
ADVERSE TO LEON ELSTER, INC'S TITLE,
23   OR ANY CLOUD ON LEON ELSTER, INC'S
TITLE THERETO; and DOES 1-100,
24                                Defendants.

25

26

27

28
                                    – 1 –
      DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO STRIKE FIRST AMENDED
                                    COMPLAINT

                              EXHIBIT A

1

## REQUEST FOR JUDICIAL NOTICE

2          Pursuant to California Evidence Code sections 451(a) and 452(d), Defendants request

3  that the Court take judicial notice of Exhibit 1 attached to the declaration of Craig R. Bockman

4  consisting of the court's order dated January 7, 2022 granting Defendants' motion requiring that

5  Plaintiff add the Leon Elster, Inc. Defined Benefit Pension Plan to this action as a necessary party.

6  Dated:  February 8, 2022                     **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                                Craig R. Bockman
7                                               Fredrick A. Rafeedie

8                                               By:    _____

9                                               CRAIG R. BOCKMAN

10                                              Attorneys for Defendants Stuart Elster, Aaron
                                                Elster, Leon Elster, Inc., 8615 Long Beach Blvd.,
11                                              LLC, 7607 St. Bernard, LLC, 1132 West
                                                Edgeware, LLC, and 2001 West 60th Street, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO STRIKE FIRST AMENDED
COMPLAINT

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                    January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                 2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Ruling on Submitted Matter

The Court, having taken the matter under submission on 12/15/2021 for Hearing on Motion to
Join Necessary Party, now rules as follows:

Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon
Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted.
Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI")
(collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to
add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action
because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move
for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable
parties. (Notice of Motion, pg. 2.)

C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder
will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a
party in the action if (1) in his absence complete relief cannot be accorded among those already
parties or (2) he claims an interest relating to the subject of the action and is so situated that the
disposition of the action in his absence may (i) as a practical matter impair or impede his ability
to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk
of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed
interest. If he has not been so joined, the court shall order that he be made a party."

---

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                        January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                      2:48 PM

Judge: Honorable Monica Bachner            CSR: None
Judicial Assistant: A. Barton              ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (Peerless Ins. Co. v. Superior Court (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A. Whether Pension Plan is a Necessary Party

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)
Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan.

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                              January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

(S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (Id., Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

**EXHIBIT 1**
EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**21STCV25835**                                                            January 7, 2022
**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**                          2:48 PM

Judge: Honorable Monica Bachner          CSR: None
Judicial Assistant: A. Barton            ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

B. Whether the Joinder of Pension Plan Would Deprive the Court of
Jurisdiction.

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of
jurisdiction because he has claims against Pension Plan for purported ERISA violations based on
purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive
jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the
district courts of the United States shall have exclusive jurisdiction of civil actions under this
subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because
Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court
agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of
corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans'
joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear
to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in
this action when there is no suggestion that those claims arise from the same transaction or series
of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily
deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an
indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant
action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of
this Order.

The Clerk to give notice.

The Court's written Ruling on Submitted Matter is signed and filed this dated.

Certificate of Mailing is attached.

**EXHIBIT 1**
EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

FILED
Superior Court of California
County of Los Angeles

JAN 07 2022

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
A. Belton

## DEPARTMENT 71

### RULING ON SUBMITTED MATTER

LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation,

        vs.

STUART ELSTER, an individual, et al.

Case No.: 21STCV25835

Hearing Date: December 15, 2021

**Defendants Stuart Elster, Aaron Elster, and Leon Elster, Inc.'s motion to compel Plaintiff Leon Elster to add the Leon Elster, Inc. Defined Benefit Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.**

        Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI") (collectively, "Defendants") move for an order compelling Plaintiff Leon Elster ("Plaintiff") to add Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") to the pending action because it is an indispensable party pursuant to C.C.P §389. In the alternative, Defendants move for an order dismissing Plaintiff's complaint without prejudice for failure to add indispensable parties. (Notice of Motion, pg. 2.)

        C.C.P. §389(a)(2) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

1

01/10/2022

**EXHIBIT 1**

EXHIBIT A

"Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. [Citation] With regard to the joinder of 'necessary' parties, the rule is set forth…[Citation]: 'They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.'" (*Peerless Ins. Co. v. Superior Court* (1970) 6 Cal.App.3d 358, 362.)

If a necessary party cannot be made a party, the Court must determine whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (C.C.P. §389(b).) The Court considers the following factors in determining whether to dismiss the action thereby making the absent party indispensable: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff… will have an adequate remedy if the action is dismissed for nonjoinder." (C.C.P. §389(b)(1)-(4).)

A.    *Whether Pension Plan is a Necessary Party*

The instant action is based on Defendants' alleged breach of fiduciary duties to LEI for mishandling and diverting corporate assets that allegedly belong to Plaintiff or to LEI. (Complaint ¶¶ 22-25.) Plaintiff also raises a claim of quiet title. (Compl. ¶¶ 58-61.) Plaintiff alleges that the Defendants caused LEI to convey its interest in various properties, including the property located at 2001 West 60th Street, Los Angeles ("2001 West 60th Property"), without adequate consideration. (Complaint ¶ 22.) Also, it is alleged that Defendants took personal property belonging to Plaintiff that consisted of 600,000 shares of Bakhu Holdings Corp. stock ("Bakhu Stock") and 7,000,000 shares of PRHL stock ("PRHL Stock"). (Complaint ¶ 25.) In addition to damages, Plaintiff seeks an order compelling the appointment of a receiver to take possession and charge of LEI as well as for the return of his possessions. (Prayer for Relief ¶¶ 5, 10.)

Defendants argue the Court should compel Plaintiff to add Pension Plan as a party or dismiss the complaint because complete relief cannot be accorded in Pension Plan's absence and Pension Plan owns property that is subject to this action. (Motion, pgs. 4-9.) Defendants assert that Pension Plan owns an interest in

2

**EXHIBIT 1**

EXHIBIT A

the 2001 West 60th Property, the Bakhu Stock, and PRHL Stock. (Motion, pg. 4.) In support of these assertions, Defendants submitted the following evidence. First, Defendants assert that some of the Bakhu Stock were paid by the Pension Plan. (S. Elster Decl. ¶ 4.) This is evidenced by Bakhu stock certificate 3124 that was issued in the trustees of Pension Plan. (*Id.*, Exh. 1.) Second, Defendants state that some of the PRHL Stock was paid by the Pension Plan, as evidenced by check issued by the Pension Plan for 100,000 shares of PRHL stock. (S. Elster Decl. ¶¶ 5-6, Exhs. 2-3.) Third, they assert that the Pension Plan owns a 50% interest in the 2001 West 60th Property. (S. Elster Decl. ¶ 7, Exh. 5.)

Defendants have established that Pension Plan is a necessary party to the action because they have shown through sufficient evidence that the Pension Plan owns interests in property, and disposition of the action may impair its ability to protect those interests. In terms of the Bakhu Stock, the complaint identifies six specific share certificates which are in the name of plaintiff. The share certificate attached to the motion is in the name of the Pension Plan, but it is a different certificate. (Compare Complaint ¶25, Exh. E [Certificates Nos. 2840-2844, 3001] with Motion, S. Elster Decl. ¶ 4, Exh. 1 [Certificate No. 3124].) Thus, that evidence is not persuasive. However, as to the PRHL Stock, the Pension Plan issued the check on November 15, 2013, for a portion of those shares, and the stock was issued in Plaintiff's name. Thus, because funds from Pension Plan were used to purchase some of the PRHL Stock, this evidence suggests that the Pension Plan has an interest in those shares. In opposition, Plaintiff argues that this evidence should be disregarded because this transaction predates the causes of action alleged in the complaint by four to seven years. (Opposition, pg. 4; see S. Elster Decl. ¶¶2, 5; Exh. 3.) However, the Court does not find the lapse in time dispositive for the purposes of this motion. If the Pension Plan's interest in the PRHL Stock is stale, then this can be raised as a possible defense. Lastly, with regard to the 2001 West 60th Property, the Complaint identifies a 20% ownership interest is at issue in this action, as evidenced by the attached grant deed. (Complaint ¶¶ 22, Exh. A.) Plaintiff argues that the motion should be denied as moving party presents no evidence that the Pension Plan owns any part of that 20 percent interest. (Opposition, pg. 4.) However, this suit is not limited to that 20 percent: the Complaint alleges that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest in the aforementioned real properties." (Compl. ¶¶ 60-61.) Thus, as the Defendants have established that Pension Plan owns an interest in the 2001 West 60th Property, accordingly, disposition of the action in its absence may impair or impede its ability to protect that interest.

3

**EXHIBIT 1**

EXHIBIT A

Also, despite Plaintiff's assertions, the Court finds that Defendant Stuart's inclusion in this action in his individual capacity, not as trustee, does not adequately protect Pension Plan's interest.

Accordingly, Defendants have established that Pension Plan has an interest in the subject of the action, which renders Pension Plan a necessary party.

B.   *Whether the Joinder of Pension Plan Would Deprive the Court of Jurisdiction.*

In opposition, Plaintiff argues that the joinder of Pension Plan would deprive the Court of jurisdiction because he has claims against Pension Plan for purported ERISA violations based on purported unpaid pension benefits, and Plaintiff asserts that federal courts have exclusive jurisdiction over ERISA claims. (Opposition, pgs. 8-9, relying on 29 U.S.C. § 1132(e) ["the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary...."].)

Defendants contend that the deprivation of jurisdiction is speculative at this stage because Plaintiff has not yet raised any ERISA claims against Pension Plan. (Reply at pp. 4-5.) The Court agrees. As the Complaint focuses on issues relating to the Defendants' purported mishandling of corporate assets that allegedly belong to Plaintiff, there is no indication that Pension Plans' joinder would deprive the Court of jurisdiction. (See Complaint ¶¶ 22-25.) Further, it is unclear to the Court why Plaintiff would be obligated to raise his ERISA claims against Pension Plan in this action when there is no suggestion that those claims arise from the same transaction or series of transactions as presently alleged.

Accordingly, because Pension Plan is a necessary party and its joinder would not necessarily deprive the Court of jurisdiction, the Court does not reach the issue whether Pension Plan is an indispensable party.

Based on the foregoing, Defendants' motion to compel Plaintiff add Pension Plan to the instant action is granted. Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order.

The Clerk to give notice.
Dated: January 7, 2022.

*M Bachner*

Hon. Monica Bachner
Judge of the Superior Court

4

**EXHIBIT 1**

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/07/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Leon Elster | |
| DEFENDANT/RESPONDENT:<br>1132 West Edgeware, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV25835 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 01/07/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Craig R. Bockman
Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.
601 South Figueroa Street
Suite 3460
Los Angeles, CA  90071

David  Glaubiger
Law Offices of David Glaubiger
21000 Devonshire Street
Suite 112
Chatsworth, CA  91311


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/7/2022

By: _A. Barton_____
Deputy Clerk


**EXHIBIT 1**
**CERTIFICATE OF MAILING**
EXHIBIT A

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On February 10, 2022, I served the foregoing document(s) described as: **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒ BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

☐ by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐ BY FAX:  by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☐ BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

David Glaubiger, Esq.          d.chats@hotmail.com

☐ BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

☐ the person(s) listed on the attached "SERVICE MAILING LIST."

☐ the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 10, 2022, at Los Angeles, California.

*Maria M. Diaz*
MARIA M. DIAZ

- 1 -
PROOF OF SERVICE

EXHIBIT A



**SERVICE MAILING LIST**
*Leon Elster, et al., v. Stuart Elster, et al.*
*L.A.S.C. Case No. 21STCV25835*

David Glaubiger, Esq.
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel:  (818) 725-9711
*Attorney for Plaintiff Leon Elster*

- 2 -
PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/14/2022 11:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

1

**JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Craig R. Bockman (State Bar No. 105485)

2
Fredrick A. Rafeedie (State Bar No.138422)
601 South Figueroa Street, Suite 3460

3
Los Angeles, California 90017-5759
Telephone:    (213) 485-1555

4
Facsimile:    (213) 689-1004

5
Attorneys for Defendants Stuart Elster,
Aaron Elster, Leon Elster, Inc., 8615

6
Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
1132 West Edgeware, LLC, and

7
2001 West 60th Street, LLC

8

9
### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10
### COUNTY OF LOS ANGELES

11

12
LEON ELSTER, an individual, on behalf of
himself and of all other  shareholders of the

13
LEON ELSTER, INC., a California Corporation

14
Plaintiff,

15
v.

16
STUART ELSTER, in individual; AARON
ELSTER, an individual; LEON ELSTER, INC., a

17
California corporation; 8615 LONG BEACH

18
BLVD, LLC, a California limited liability
company; 7607 ST. BERNARD, LLC, a California

19
limited liability company; 1132 WEST
EDGEWARE, LLC, a California limited liability

20
company; 2001 WEST 6OTH ST, LLC, a
California limited liability company  and ALL

21
PERSONS UNKNOWN, CLAIMING ANY

22
LEGAL OR EQUITABLE RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST IN THE

23
PROPERTY DESCRIBED IN THE COMPLAINT
ADVERSE TO LEON ELSTER, INC'S TITLE,

24
OR ANY CLOUD ON LEON ELSTER, INC'S

25
TITLE THERETO; and DOES 1-100,

26
Defendants.

27

28

Case No.   **21STCV25835**

**DECLARATION OF STUART ELSTER IN
SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

**Judge:      Monica Bachner**

**Date:        July 12, 2022**
**Time:        8:30 a.m.**
**Dept.        71**

**Complaint Filed:    July 14, 2021**
**Trial Date:            December 5, 2022**

– 1 –

DECL OF STUART ELSTER IN SUPPORT OF MOTION TO STRIKE PLTFF'S FIRST AMENDED COMPLAINT

EXHIBIT A

1       **DECLARATION OF STUART ELSTER IN SUPPORT OF MOTION TO**

2       **STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

3       I, Stuart Elster, hereby declare that:

4     1.    I have personal knowledge of the facts stated herein and would and could testify

5 competently thereto if sworn as a witness.

6     2.    I am and have been since April of 1978 an officer of, and member of the Board of

7 Directors of, Leon Elster, Inc. (LEI). I am currently the President of LEI. I am and have been since

8 2012 a trustee of the Leon Elster, Inc. Defined Benefit Pension Plan (the Pension Plan).

9     3.    Plaintiff's allegation in the First Amended Complaint that LEI's interests in the real

10 properties at issue were conveyed "without adequate consideration" necessarily includes any interest

11 held by the Pension Plan in the 2001 West 60th Street property because it was LEI that conveyed to the

12 Pension Plan its ownership interest in the property in order to fund the Pension Plan with regard to that

13 asset.

14     4.    The 2001 West 60th Street, Los Angeles, CA property that is referred to in the complaint

15 filed by the Plaintiff herein is owned in part by LEI, in part by 2001 West 60th Street, LLC, and in part

16 by the Pension Plan. Filed concurrently with this declaration as Exhibit 5 is a true and correct copy of

17 the title report dated August 9, 2021, showing that the Pension Plans owns an undivided 50% interest

18 in the 2001 West 60th Street, Los Angeles, property and LEI owns an undivided 20% interest in the

19 2001 West 60th Street, Los Angeles, property which Defendants filed in support of their previous

20 joinder motion. As of this date, the Pension Plan continues to own a 50% interest in the 2001 West

21 60th Street property.

22     I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct.

24

25 Dated:  February **07**, 2022           *Stuart Elster*

26                        Stuart Elster

27

28

– 8 –

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

WILSHIRE ESCROW (3829)  
4270 WILSHIRE BLVD  
LOS ANGELES, CA 90010

TITLE OFFICER: ELLEN LEE  
E-MAIL: TITLEUNIT11@PROVIDENTTITLE.COM  
ORDER NO.: 11384817

ATTN: MATTHEW SHEWFELT

YOUR REFERENCE NO: 2001 W 60TH

PROPERTY ADDRESS:   2001 WEST 60TH STREET, LOS ANGELES, CALIFORNIA 90047

---

**PRELIMINARY REPORT**

---

DATED AS OF AUGUST 9, 2021 AT 7:30 A.M.

PROVIDENT TITLE COMPANY, HEREBY REPORTS THAT IT IS PREPARED TO ISSUE, OR CAUSE TO BE ISSUED AS OF THE DATE HEREOF, A FIRST AMERICAN TITLE INSURANCE COMPANY POLICY OR POLICIES OF TITLE INSURANCE DESCRIBING THE LAND AND THE ESTATE OR INTEREST THEREIN HEREINAFTER SET FORTH, INSURING AGAINST LOSS WHICH MAY BE SUSTAINED BY REASON OF ANY DEFECT, LIEN OR ENCUMBRANCE NOT SHOWN OR REFERRED TO AS AN EXCEPTION IN SCHEDULE B OR NOT EXCLUDED FROM COVERAGE PURSUANT TO THE PRINTED SCHEDULES, CONDITIONS AND STIPULATIONS OF SAID POLICY FORMS.

THE PRINTED EXCEPTIONS AND EXCLUSION FROM THE COVERAGE OF SAID POLICY OR POLICIES ARE SET FORTH IN SCHEDULE B ATTACHED.  COPIES OF THE POLICY FORMS SHOULD BE READ.  THEY ARE AVAILABLE FROM THE OFFICE WHICH ISSUED THIS REPORT. *PLEASE READ THE EXCEPTIONS SHOWN OR REFERRED TO BELOW AND THE EXCEPTIONS AND EXCLUSIONS SET FORTH IN SCHEDULE B OF THIS REPORT CAREFULLY.   THE EXCEPTIONS AND EXCLUSIONS ARE MEANT TO PROVIDE YOU WITH NOTICE OF MATTERS WHICH ARE NOT COVERED UNDER THE TERMS OF THE TITLE INSURANCE POLICY AND SHOULD BE CAREFULLY CONSIDERED.*

*IT IS IMPORTANT TO NOTE THAT THIS PRELIMINARY REPORT IS NOT A WRITTEN REPRESENTATION AS TO THE CONDITION OF TITLE AND MAY NOT LIST ALL LIENS, DEFECTS, AND ENCUMBRANCES AFFECTING TITLE TO THE LAND.*

THIS REPORT (AND ANY SUPPLEMENTS OR AMENDMENTS HERETO) IS ISSUED SOLELY FOR THE PURPOSE OF FACILITATING THE ISSUANCE OF A POLICY OF TITLE INSURANCE AND NO LIABILITY IS ASSUMED HEREBY.  IF IT IS DESIRED THAT LIABILITY BE ASSUMED PRIOR TO THE ISSUANCE OF A POLICY OF TITLE INSURANCE, A BINDER OR COMMITMENT SHOULD BE REQUESTED.

ELLEN LEE  
TITLE OFFICER

Exhibit 5                                        page 17

EXHIBIT A

THE FORM OF POLICY OF TITLE INSURANCE CONTEMPLATED BY THIS REPORT IS:

PRELIMINARY TITLE REPORT ONLY

ISSUED BY PROVIDENT TITLE COMPANY AS AGENT FOR:
FIRST AMERICAN TITLE INSURANCE COMPANY

### SCHEDULE A

1. THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

   A FEE

2. TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

   LEON ELSTER, INC., A CALIFORNIA CORPORATION AS TO AN UNDIVIDED 30%, 2001 WEST 60TH ST, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, AN UNDIVIDED 20% INTEREST AND LEON ELSTER, TRUSTEE F.B.O. LEON ELSTER, INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979, AS TO AN UNDIVIDED 50% INTEREST

3. THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL "B", IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON PARCEL MAP L.A. NO. 2131 FILED IN BOOK 31 PAGE(S) 11   OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER:  6001-013-010

Exhibit 5                              page 18

EXHIBIT A

**SCHEDULE B**

AT THE DATE HEREOF EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN THE POLICY FORM DESIGNATED ON THE FACE PAGE OF THIS REPORT WOULD BE AS FOLLOWS:

A.   PROPERTY TAXES, INCLUDING ANY ASSESSMENTS COLLECTED WITH TAXES, TO BE LEVIED FOR THE FISCAL YEAR 2021-2022, WHICH ARE A LIEN NOT YET PAYABLE.

B.   PROPERTY TAXES FOR THE FISCAL YEAR SHOWN BELOW ARE PAID.  FOR INFORMATIONAL PURPOSES THE AMOUNTS ARE:
FISCAL YEAR:              2020-2021
1ST INSTALLMENT:         $ 5,524.88
2ND INSTALLMENT:         $ 5,524.87
CODE NO.:                00204
TAX PARCEL NO.:          6001-013-010

C.   SUPPLEMENTAL ASSESSMENTS OF PROPERTY TAXES, IF ANY, MADE PURSUANT TO THE PROVISIONS OF PART 0.5, CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE CALIFORNIA REVENUE AND TAXATION CODE AS A RESULT OF THE TRANSFER OF TITLE TO THE VESTEE NAMED IN SCHEDULE A.

SUPPLEMENTAL OR ESCAPED ASSESSMENTS OF PROPERTY TAXES, IF ANY, MADE PURSUANT TO PART 0.5, CHAPTER 3.5 OR PART 2, CHAPTER 3, ARTICLES 3 AND 4, RESPECTIVELY, OF THE CALIFORNIA REVENUE AND TAXATION CODE AS A RESULT OF CHANGES IN OWNERSHIP OR NEW CONSTRUCTION OCCURRING PRIOR TO DATE OF POLICY.

ASSESSMENTS, IF ANY, FOR COMMUNITY FACILITY DISTRICTS AFFECTING SAID LAND WHICH MAY EXIST BY VIRTUE OF ASSESSMENT MAPS OR NOTICES FILED BY SAID DISTRICTS.

**NOTE: THE MAP ATTACHED HERETO IS NEITHER A PLAT NOR A SURVEY, IT IS FURNISHED AS A CONVENIENCE TO LOCATE THE LAND INDICATED HEREON WITH REFERENCE TO STREETS AND OTHER LAND.  NO LIABILITY IS ASSUMED BY REASON OF RELIANCE HEREIN.**

1.   WATER RIGHTS, CLAIMS OR TITLE TO WATER, WHETHER OR NOT SHOWN BY THE PUBLIC RECORDS.

2.   AN EASEMENT FOR THE PURPOSE SHOWN BELOW AND RIGHTS INCIDENTAL THERETO AS SET FORTH IN A DOCUMENT
PURPOSE:                 PIPELINES
AFFECTS:                 AS DESCRIBED THEREIN
RECORDED:                MARCH 23, 1999 AS INSTRUMENT NO. 2836 IN BOOK D407
                         PAGE 270 OF OFFICIAL RECORDS

3.   THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.
ENTITLED:                "COVENANT AND AGREEMENT"
RECORDED:                **FEBRUARY 10, 1971 AS INSTRUMENT NO. 1622 IN BOOK M3679 PAGE 754** OF OFFICIAL RECORDS

REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

Exhibit 5                              page 19

EXHIBIT A

4.  THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.
    ENTITLED:                    "COVENANT AND AGREEMENT"
    RECORDED:                    **APRIL 28, 1971 AS INSTRUMENT NO. 3587 IN BOOK M3753 PAGE 44** OF OFFICIAL RECORDS

    REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

5.  COVENANTS, CONDITIONS AND RESTRICTIONS, AND EASEMENTS, BUT OMITTING ANY COVENANT, CONDITION AND RESTRICTION, IF ANY, BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL ORIGIN UNLESS AND ONLY TO THE EXTENT THAT THE COVENANT, CONDITION OR RESTRICTION (A) IS EXEMPT UNDER TITLE 42 OF THE UNITED STATES CODE, OR (B) RELATES TO HANDICAP, BUT DOES NOT DISCRIMINATE AGAINST HANDICAPPED PERSONS" AS SET FORTH IN THE DOCUMENT RECORDED:   **NOVEMBER 17, 1971 AS INSTRUMENT NO. 150** OF OFFICIAL RECORDS

    **NOTE:** SECTION 12956.1 OF THE GOVERNMENT CODE PROVIDES THE FOLLOWING: IF THIS DOCUMENT CONTAINS ANY RESTRICTIONS BASED ON RACE, COLOR, RELIGION, SEX, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, NATIONAL ORIGIN, OR ANCESTRY, THAT RESTRICTION VIOLATES STATE AND FEDERAL FAIR HOUSING LAWS AND IS VOID. ANY PERSON HOLDING AN INTEREST IN THIS PROPERTY MAY REQUEST THAT THE COUNTY RECORDER REMOVE THE RESTRICTIVE LANGUAGE PURSUANT TO SUBDIVISION (C) OF SECTION 12956.1 OF THE GOVERNMENT CODE.

6.  THE DISCLOSURE OF THE FACT THAT SAID PROPERTY MAY CONTAIN HAZARDOUS WASTE AS DISCLOSED BY DOCUMENT RECORDED **SEPTEMBER 1, 1994 AS INSTRUMENT NO. 94-1617124** OF OFFICIAL RECORDS.

7.  THE FACT THAT SAID LAND IS INCLUDED WITHIN A PROJECT AREA OF THE REDEVELOPMENT AGENCY SHOWN BELOW, AND THAT PROCEEDINGS FOR THE  REDEVELOPMENT OF SAID PROJECT HAVE BEEN INSTITUTED UNDER THE REDEVELOPMENT LAW (SUCH REDEVELOPMENT PLAN) AS DISCLOSED BY A DOCUMENT,
    RECORDED:                    **MAY 16, 1996 AS INSTRUMENT NO. 96-771908** OF OFFICIAL RECORDS
    REDEVELOPMENT AGENCY:  THE WESTERN/SLAUSON RECOVERY REDEVELOPMENT PROJECT AREA

8.  FAILURE OF THE PARTIES TO OBSERVE THE TERMS AND CONDITIONS OF AN UNRECORDED LEASE EXECUTED BY LEON ELSTER, INC., A CALIFORNIA CORPORATION, AND LEON ELSTER, TRUSTEE F.B.O LEON ELSTER, INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979 AS LESSOR AND NEXTEL OF CALIFORNIA, INC., A DELAWARE CORPORATION AS LESSEE, AS DISCLOSED TO THE COMPANY.

9.  FAILURE OF THE PARTIES TO OBSERVE THE TERMS AND CONDITIONS CONTAINED IN THAT WIRELESS COMMUNICATION EASEMENT AND ASSIGNMENT DATED MARCH 12, 2008 BETWEEN LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND LEON ELSTER, TRUSTEE F.B.O. LEON ELSTER,INC., DEFINED BENEFIT PENSION PLAN AND TRUST DATED DECEMBER 1, 1979, AS TO AN UNDIVIDED 50% INTEREST (GRANTOR) AND T3 UNISON SITE MANAGEMENT LLC, A DELAWARE LIMITED LIABILITY COMPANY, (GRANTEE) RECORDED **MARCH 19, 2008 AS INSTRUMENT NO. 08-0470003**.

Exhibit 5                                        page 20

EXHIBIT A

THE PROVISIONS OF AN INSTRUMENT EXECUTED BY AND BETWEEN THE PARTIES NAMED THEREIN, UPON THE TERMS, PROVISIONS AND CONDITIONS THEREIN PROVIDED.

ENTITLED:                          "ASSIGNMENT"

RECORDED:                     **OCTOBER 10, 2018 AS INSTRUMENT NO. 18-1032561** OF OFFICIAL RECORDS

REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

**10. OUR EXAMINATION OF RECORD TITLE TO THE HEREIN DESCRIBED LAND DOES NOT DISCLOSE ANY EXISTING LOANS.   WE THEREFORE REQUEST A COPY OF THE OWNERS DISCLOSURE STATEMENT WITH REFERENCE TO EXISTING ENCUMBRANCES TO RECONFIRM OUR FINDINGS.**

11. ANY RIGHTS OF THE PARTIES IN POSSESSION OF SAID LAND, BASED ON AN UNRECORDED AGREEMENT, CONTRACT OR LEASE, AS DISCLOSED BY INSPECTION AND INVESTIGATION.

THIS COMPANY WILL REQUIRE THAT A FULL COPY OF ANY UNRECORDED AGREEMENT, CONTRACT OR LEASE BE SUBMITTED TO US, TOGETHER WITH ALL SUPPLEMENTS, ASSIGNMENTS AND AMENDMENTS, BEFORE ISSUING ANY POLICY OF TITLE INSURANCE.

**END OF SCHEDULE B**

Exhibit 5                                   page 21

EXHIBIT A

**EXHIBIT "A"**

PARCEL "B", IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON PARCEL MAP L.A. NO. 2131 FILED IN BOOK 31 PAGE(S) 11   OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER:  6001-013-010

Exhibit 5                                   page 22

EXHIBIT A



Exhibit 5                    page 23

EXHIBIT A

# CONDITIONS AND STIPULATIONS

## CALIFORNIA LAND TITLE ASSOCIATION STANDARD COVERAGE POLICY – 1990

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.      (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

(b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.      Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.      Defects, liens, encumbrances, adverse claims or other matters:
(a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
(b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
(c)  resulting in no loss or damage to the insured claimant;
(d)  attaching or created subsequent to Date of Policy; or
(e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.      Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.      Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.      Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.      Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.      Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.      Easements, liens or encumbrances, or claims thereof, which are not shown by the public records.

4.      Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.      (a)  Unpatented mining claims;  (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof;  (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.      Any lien or right to a lien for services, labor or material not shown by the public records.

Exhibit 5                              page 24

EXHIBIT A

**CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (02/03/10)**
**ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE**

## EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:
1.  Governmental police power, and the existence or violation of any law or government regulation.  This includes ordinances, laws and regulations concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes.  This Exclusion does not limit the coverage described in Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Risk 17.
4.  Risks:
    a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
    c.  that result in no loss to You; or
    d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.  Failure to pay value for Your Title.
6.  Lack of a right:
    a. to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b. in streets, alleys, or waterways that touch the Land.
This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
*  For Covered Risk 16, 18, 19, and 21, Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible  Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $25,000.00 |

Exhibit 5                                      page 25

EXHIBIT A

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.　　(a)　　Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
　　　　　　(i)　　the occupancy, use, or enjoyment of the Land;
　　　　　　(ii)　　the character, dimensions, or location of any improvement erected on the Land;
　　　　　　(iii)　　the subdivision of land; or
　　　　　　(iv)　　environmental protection;
　　or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
　　　　(b)　　Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.　　Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.　　Defects, liens, encumbrances, adverse claims, or other matters
　　(a)　created, suffered, assumed, or agreed to by the Insured Claimant;
　　(b)　not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
　　(c)　resulting in no loss or damage to the Insured Claimant;
　　(d)　attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
　　(e)　resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.　　Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.　　Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.　　Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
　　(a)　a fraudulent conveyance or fraudulent transfer, or
　　(b)　a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.　　Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).
　　The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.　　(a).　Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.　　Any facts, rights, interests or claims which are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.　　Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.　　Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.　　(a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.　　Any lien or right to a lien for services, labor or material not shown by the public records.

Exhibit 5　　　　　　　　　　　　　　　page 26

EXHIBIT A

1

**PROOF OF SERVICE**

2

       I am employed in the County of Los Angeles, State of California.  I am over the age of

3

18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

4

       On February 14, 2022, I served the foregoing document(s) described as:

5

**DECLARATION OF STUART ELSTER IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

6

7

☒    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

8

postal service on that same day in the ordinary course of business.  I am aware that on

9

motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

10

☒    by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

11

☐    by placing a true copy thereof in sealed envelope(s) addressed as follows:

12

☐    BY FAX:  by transmitting a true and correct copy of the above-referenced

13

document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING

14

LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was

15

properly issued by the transmitting facsimile machine.

16

☐    BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic

17

mail prior to 5:00 p.m. to the e-mail addressee(s) as indicated below, pursuant to an agreement between the parties.

18

      David Glaubiger, Esq.    *d.chats@hotmail.com*

19

☐    BY OVERNIGHT MAIL:  I caused to be delivered to an express service carrier

20

courier or driver authorized by said express service carrier, a true copy of the

21

foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery

22

paid or provided to:

☐    the person(s) listed on the attached "SERVICE MAILING LIST."

23

☐    the following persons:

24

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2022, at Los Angeles, California.

25

26

*Maria M. Diaz*

27

MARIA M. DIAZ

28

PROOF OF SERVICE

EXHIBIT A



**SERVICE MAILING LIST**
*Leon Elster, et al., v. Stuart Elster, et al.*
*L.A.S.C. Case No. 21STCV25835*

David Glaubiger, Esq.
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel:  (818) 725-9711
*Attorney for Plaintiff Leon Elster*

- 2 -

PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/06/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Hung, Deputy Clerk

**MC-051**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Glaubiger, Esq. (176019)<br>LAW OFFICES OF DAVID GLAUBIGER<br>21000 Devonshire Street, Ste 112<br>Chatsworth, CA 91311 | |

TELEPHONE NO.: 818.725.9711     FAX NO.: 818.725.9712
ATTORNEY FOR *(Name):* Plaintiff & Cross-Def Leon Elster

NAME OF COURT: Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: LA CA 90012
BRANCH NAME: Central District

CASE NAME: Leon Elster v. Stuart Elster et al

| | |
|---|---|
| **NOTICE OF MOTION AND MOTION**<br>**TO BE RELIEVED AS**<br>**COUNSEL—CIVIL** | CASE NUMBER:<br>21STCV25835 |
| | HEARING DATE: 1-9-23<br>DEPT.: 71     TIME: 930 am<br>BEFORE HON.: Monica Bachner<br>DATE ACTION FILED: 7-14-21<br>TRIAL DATE: 12-5-22 |

Reservation Id:120045115635

TO *(name and address of client):* Plaintiff and Cross-Defendant Leon Elster, 10740 Hulme Ave, Lynwood, CA 90262; 3387 Moore Street, LA CA 90066

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney):* David Glaubiger, Esq
   moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| a.    Date: 1-9-23 | Time: 930 am | Dept.: 71 | Room: |
|---|---|---|---|

   b.    The address of the court:    [x] same as noted above    [ ] other *(specify):*

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify):*    See Attached Memorandum of Points and Authorities

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is

   a.  [x]  an individual.
   b.  [ ]  a corporation.
   c.  [ ]  a partnership.
   d.  [ ]  an unincorporated association.
   e.  [ ]  a guardian.
   f.  [ ]  a conservator.

   g.  [ ]  a trustee.
   h.  [ ]  a personal representative.
   i.  [ ]  a probate fiduciary.
   j.  [ ]  a guardian ad litem.
   k.  [ ]  other *(specify):*

*(Continued on reverse)*

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-051 [Rev. January 1, 2007] | **NOTICE OF MOTION AND MOTION**<br>**TO BE RELIEVED AS COUNSEL—CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure , § 284;<br>Cal. Rules of Court, rule 3.1362 |
|---|---|---|---|

EXHIBIT A

MC–051

| CASE NAME: Leon Elster v. Stuart Elster et al | CASE NUMBER: 21STCV25835 |
|---|---|

### NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

Date: 6-4-22

David Glaubiger, Esq
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

Attorney for (name): Plaintiff & Cross-Def Leon Elster

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

EXHIBIT A

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.     INTRODUCTION**

3          Plaintiff and cross-defendant Leon Elster ("plaintiff") retained the Law Offices of David

4   Glaubiger to represent his interests in the case of *Leon Elster v. Leon Elster, Inc. et al,* LASC

5   Case No. 21STCV25835. Thereafter, a breakdown developed in the relationship.

6          Trial is set for December 5, 2022 - 6 months from now.

7          There has been an irreparable breakdown in communication between Mr. Glaubiger and

8   plaintiff. He is no longer able to effectively represent the plaintiff and prepare the case for trial.

9          There exists between Mr. Glaubiger and plaintiff an inherent disagreement regarding the

10  course and scope of the litigation.  Additionally, Mr. Glaubiger has had great difficulty

11  contacting plaintiff. As such, his ability to prepare the case for trial had been substantially

12  impaired. For these reasons, Mr. Glaubiger does not believe that he can continue to effectively

13  represent plaintiff.

14         Plaintiff's contact information is as follows: 3387 Moore Street LA CA 90066, 10740

15  Hulme Ave, Lynwood, CA  90262 , Tel: 562-674-5554, Tel: 310-636-1663; email:

16  leonelster95@gmail.com

17         On 5-2-22, Mr. Glaubiger informed plaintiff of the disputes that have arisen in the

18  relationship. He provided plaintiff a substitution of attorney form and requested that he sign and

19  return the form. As of this date, plaintiff has not provided a signed substitution of attorney form.

20  **II.    IT IS THE COURT'S DISCRETION TO PERMIT AN ATTORNEY TO**

21  **WITHDRAW FROM AN ACTION PRIOR TO JUDGMENT OR FINAL**

22  **DETERMINATION.**

23         California Code of Civil Procedure Section 284, states in pertinent part herein:

24                 The attorney in an action or special proceeding may be changed at any time
                   before or after judgment or final determination, as follows: 2. Upon the order of
25                 the court, upon the application of either client or attorney, after notice from one to
                   the other.
26

27  See also *People v. McCraken* (1952) 39 Cal.2d 336, 350, 246 P.2d 913, 921.

28  **III.   IT IS GENERALLY RECOGNIZED THAT THE FAILURE OR REFUSAL OF A**
    **CLIENT TO PAY OR SECURE THE PROPER FEES OR EXPENSES OF THE**

---

                                        -1-

                          Points and Authorities re Withdrawal

                                    EXHIBIT A

1   **ATTORNEY AFTER BEING REASONABLY REQUESTED TO DO SO WILL**

2   **FURNISH GROUNDS FOR THE ATTORNEY TO WITHDRAW FROM THE CASE.**

3       *People v. Prince* (1968) 268 Cal.App.2d 298, 403-404, 74 Cal.Rptr. 197. See also ABA

4   Code of Professional Responsibility, DR2-11(c)(1)(f), providing that an attorney may be

5   warranted in withdrawing from employment, after notice to the client, if the client deliberately

6   disregards an agreement or obligation as to fees or expenses.

7   **IV.      WHERE THERE IS NO SHOWING THAT THE WITHDRAWAL OF AN**

8   **ATTORNEY ON MOTION WILL PREJUDICE THE PARTY, OR THE SMOOTH**

9   **COURSE OF ADMINISTRATION OF JUSTICE, THE MOTION OF WITHDRAWAL**

10  **MADE ON VALID GROUNDS SHOULD BE GRANTED.**

11      *People v. Prince* (1968) 268 Cal.App.2d 298, 403-404, 74 Cal.Rptr. 197. As the *Prince*

12  court remarked, in virtually every case where the court upheld the trial court's denial of the

13  attorney's motion to withdraw, there was a possible prejudice to those entitled to have the case

14  proceed. The typical source of prejudice in these cases was an untimely motion for the

15  withdrawal made after commencement of trial. Thus, in *Prince*, where the motion was made

16  prior to the setting of a trial date, the court quite readily upheld the trial court's order to

17  withdraw.

18      In this case, trial is scheduled for December 5, 2022 - approximately 6 months from the

19  date of filing this motion. As such, there is ample time for plaintiff to locate new counsel and

20  prepare this case for trial.

21  **V.      THE FAILURE TO COOPERATE IS GROUNDS FOR ATTORNEY**

22  **WITHDRAWAL**

23      A motion to be relieved as counsel may be the only ethical recourse where there is a lack

24  of cooperation between the attorney and client, such that the relationship between the parties has

25  broken down. *Estate of Falco* (1987) 188 Cal.App.3d 1004, 1019-1020.

26      In the case at bar, while the moving party is constrained from revealing the exact nature

27  of the breakdown of the attorney-client relationship, it is sufficient to state that the client has

28

-2-

Points and Authorities re Withdrawal

EXHIBIT A

1 | refused to communicate and cooperate with its attorney to a sufficient degree to allow the
2 | attorney to effectively prepare the case the trial.

3 | In light of the differences between attorney and client as substantiated in the attached
4 | declaration, and for want of prejudice or detriment to any party entitled to have this action
5 | proceed or to the smooth administration of justice, the law offices of David Glaubiger, attorneys
6 | for plaintiff, pray that this motion for withdrawal as attorney of record for plaintiff be granted.

7 | **VI.    THE NOTICE REQUIREMENTS HAVE BEEN SATISFIED.**

8 | California Rule of Court Rule 376(d), states in part:

9 | The notice of motion and motion and the declaration shall be served on the client
10 | and on all other parties who have appeared in the case. The notice may be by
     | personal service or mail. If the notice is served on the client by mail under Code
11 | of Civil Procedure section 1013, it shall be accompanied by a declaration stating
12 | facts showing that either (1) the service address is the current residence or
13 | business address of the client or (2) the service address is the last known residence
     | or business address of the client and the attorney has been unable to locate a more
14 | current address after making reasonable efforts to do so within 30 days prior to
15 | the filing of the motion to be relieved.

16 |
17 | In this case, plaintiff verified its current addresses to Mr. Glaubiger and he was timely
18 | served by mail.

19 |
20 | Dated: June 4, 2022          LAW OFFICES OF DAVID GLAUBIGER
21 |
22 |                              By
23 |                              David Glaubiger, Esq., Attorney for Plaintiff Leon Elster
24 |
25 |
26 |
27 |
28 |

-3-

Points and Authorities re Withdrawal

EXHIBIT A

1

PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

     I am employed in the County of Los Angeles, State of California. I am over the age of

4

18 and not a party to the within action; my business address is 21000 Devonshire Street,
Suite 112, Chatsworth, CA 91311.

5

6

     On June 4, 2022, I served the following documents described as: NOTICE OF

7

MOTION AND MOTION TO BE RELIEVED on the interested parties in this action as
follows:

8

9

     [x] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be
placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's

10

practice of collection and processing correspondence for mailing. It is deposited with the
U.S. Postal Service on that same day in the ordinary course of business. I am aware that on

11

motion of a party served, service is presumed invalid if postal cancellation date or postage

12

meter date is more than one day after date of deposit for mailing in affidavit.

13

     [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted

14

to the addressee(s) facsimile number noted above. The facsimile machine I used complied
with Rule 2003(3) and the transmission was reported as complete and without error. I caused

15

the machine to print a transmission record of the facsimile transmission, a copy of which
is attached to this declaration.

16

17

     [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package
provided by Federal Express and addressed to counsel listed on the attached service list. I

18

placed the envelope or package for collection and delivery on the next business day at an

19

office or a regularly utilized drop box of Federal Express or delivered such document(s)
to a courier or driver authorized by Federal Express to receive documents.

20

21

     [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be
sent to the persons at the email addresses on the attached service list. I did not receive, within

22

a reasonable time after the transmission, any electronic message or other indication that the

23

transmission was unsuccessful.

24

     Executed on June 4, 2022, at Los Angeles, California. I declare under penalty of

25

perjury under the laws of the State of California that the above is true and correct and, that I
am employed in the office of a member of the bar of this court at whose direction the service was

26

made.

27

_____ DAVID GLAUBIGER_____

28

-1-

PROOF OF SERVICE

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| | |
|---|---|
| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for ALL DEFENDANTS and<br>CROSS-COMPLAINANTS | Leon Elster<br>3387 Moore Street<br>LA CA 90066<br>10740 Hulme Ave<br>Lynwood, CA 90262<br>Tel: 562-674-5554<br>Tel: 310-636-1663<br>email: leonelster95@gmail.com |

-2-

PROOF OF SERVICE

EXHIBIT A

Make a Reservation | Journal Technologies Court Portal

https://portal-lasc.journaltech.com/public-portal/?q=calendar/reserve

Journal Technologies Court Portal

# Make a Reservation

### LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.

Case Number: 21STCV25835   Case Type: Civil Unlimited   Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Date Filed: 2021-07-14   Location: Stanley Mosk Courthouse - Department 71

## Reservation

Case Name:
LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.

Type:
Motion to Be Relieved as Counsel

Filing Party:
Leon Elster (Plaintiff)

Date/Time:
01/09/2023 9:30 AM

Reservation ID:
120045115635

Case Number:
21STCV25835

Status:
RESERVED

Location:
Stanley Mosk Courthouse - Department 71

Number of Motions:
1

Confirmation Code:
CR-7E95SP7CGTAUTWMMQ

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Be Relieved as Counsel | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | $61.65 |

## Payment

Amount:
$61.65

Account Number:
XXXX7764

Type:
Visa

Authorization:
025141

🖶 Print Receipt      ➕ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.



6/4/2022, 10:52 AM

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/06/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Hung,Deputy Clerk

**MC-052**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>David Glaubiger, Esq.<br>LAW OFFICES OF DAVID GLAUBIGER<br>21000 Devonshire Street, Ste 112<br>Chatsworth, CA 91311 | FOR COURT USE ONLY |

TELEPHONE NO.: 818.725.9711   FAX NO.: 818.725.9712
ATTORNEY FOR *(Name):* Plaintiff and Cross-Defendant Leon Elster

NAME OF COURT: LOS ANGELES SUPERIOR COURT
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: LA CA 90012
BRANCH NAME: Central District

| | |
|---|---|
| CASE NAME: Leon Elster v. Stuart Elster et al | CASE NUMBER:<br>21STCV25835 |

| | |
|---|---|
| **DECLARATION IN SUPPORT OF ATTORNEY'S**<br>**MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: 1-9-23<br>DEPT.: 71     TIME: 930 am<br>BEFORE HON: Monica Bachner<br>DATE ACTION FILED: 7-14-21<br>TRIAL DATE: 12-5-22 |

1. **Attorney and Represented Party.** Attorney *(name):* David Glaubiger, Esq.
   is presently counsel of record for *(name of party):* Plaintiff and Cross-Defendant Leon Elster
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead
   of filing a consent under section 284(1) for the following reasons *(describe):* See Attached Declaration of
   David Glaubiger, Esq.

   ☐ Continued on Attachment 2.

3. **Service**
   a. Attorney has
      (1) ☐ personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service
         will be filed with the court at least 5 days before the hearing.
      (2) ☒ served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) ☒ confirmed within the past 30 days that the address is current
         (a) ☐ by mail, return receipt requested.
         (b) ☒ by telephone.
         (c) ☒ by conversation.
         (d) ☒ by other means *(specify):* Attorney sent other mail to Lynwood address and
      confirmed via telephone that the mail had been received by client.

Form Adopted for Mandatory Use
Judicial Council of California
MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S**
**MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362

EXHIBIT A

MC-052

| CASE NAME: Leon Elster v. Stuart Elster et al | CASE NUMBER: 21STCV25835 |
|---|---|

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

    (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

    (b) ☐ calling the client's last known telephone number or numbers.

    (c) ☐ contacting persons familiar with the client *(specify)*:

    (d) ☐ conducting a search *(describe)*:

    (e) ☐ other *(specify)*:

c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record *(explain)*:

4. The next hearing scheduled in this action or proceeding
    a. ☐ is not yet set.
    b. ☒ is set as follows *(specify the date, time, and place)*: 7-12-22, 930 am, Dept 71, above entitled court
    c. ☒ concerns *(describe the subject matter of the hearing)*: Motion to Strike Complaint

☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case *(for each, describe the date, time, place, and subject matter)*:
1. 7-20-22, 830 am, Dept 71 - Post Mediation Status Conference
2. 11-18-22, 10:00 am, Dept 71, Final Status Conference
3. 12-5-22, 10:00 am, Dept 71, Trial

☐ Continued on Attachment 5.

6. Trial in this action or proceeding
    a. ☐ is not yet set.
    b. ☒ is set as follows *(specify the date, time, and place)*: 12-5-22, 10:00 am, Dept 71, Trial

7. **Other.** Other matters that the court should consider in determining whether to grant this motion are the following *(explain)*:
Attorney has been unable to communicate with client and contact client.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 6-4-22

David Glaubiger, Esq
    (TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

8. Number of pages attached: _____

MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Page 2 of 2

EXHIBIT A

1  **DECLARATION OF DAVID GLAUBIGER**

2      I, David Glaubiger, declare as follows:

3      1.    I have personal knowledge of the following facts, and if called and sworn as a

4  witness, I could and would competently testify thereto.

5      2.    I am an attorney duly licensed to practice law before all Courts in the State of

6  California, and I am attorney of record for plaintiff and cross-defendant Leon Elster ("plaintiff").

7      3.    At this time, I feel there has been an irreparable breakdown in communication

8  between myself and plaintiff. I am no longer able to effectively represent the plaintiff and

9  prepare the case for trial. As a result thereof and for the good of the plaintiff, I request that the

10  court grant the instant motion.

11      4.    There exists between myself and plaintiff an inherent disagreement regarding the

12  course and scope of the litigation. In the event the court requires further information on these

13  issues, I am and will be prepared to provide the court with such information at the time of

14  hearing. Additionally, I have had great difficulty contacting plaintiff. As such, my ability to

15  prepare the case for trial had been substantially impaired.

16      5.    For these reasons, I do not believe that I can continue to effectively represent the

17  plaintiff. Thus, I request the Court relieve me as plaintiff's attorney of record.

18      6.    Plaintiff provided to me the following contact information for plaintiff: 3387

19  Moore Street LA CA 90066, 10740 Hulme Ave, Lynwood, CA  90262 , Tel: 562-674-5554, Tel:

20  310-636-1663; email: leonelster95@gmail.com

21      7.    On 5-2-22, I informed plaintiff of the disputes that have arisen in the relationship.

22  I provided plaintiff a substitution of attorney form and requested that he sign and return the form

23  to my offices. As of this date, I have not received a signed substitution of attorney form from

24  plaintiff.

25      I declare under penalty of perjury under the laws of the State of California that the

26  foregoing is true and correct of my own personal knowledge. Executed this 4th day of June

27  2022, at Chatsworth, California.

28

    David Glaubiger, Esq., declarant

-1-

Declaration of David Glaubiger

EXHIBIT A

1

PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

5

6

On June 4, 2022, I served the following documents described as: DECLARATION RE MOTION TO BE RELIEVED on the interested parties in this action as follows:

7

8

[x] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile numbered above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

13

14

15

16

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

17

18

19

20

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22

23

Executed on June 4, 2022, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

26

_____DAVID GLAUBIGER_____

27

28

-1-

PROOF OF SERVICE

EXHIBIT A

1

**SERVICE LIST**

2

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

3

4
Craig R. Bockman, Esq
JONESBELL LLP

5
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017

6
Telephone: (213) 485-1555
Facsimile: (213) 689-1004

7
email: crbockman@jonesbell.com

8
Attorney for ALL DEFENDANTS and
CROSS-COMPLAINANTS

9

10

Leon Elster
3387 Moore Street
LA CA 90066
10740 Hulme Ave
Lynwood, CA  90262
Tel: 562-674-5554
Tel: 310-636-1663
email: leonelster95@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2022 01:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Jones,Deputy Clerk

1   David Glaubiger, Esq. SBN 176019
    LAW OFFICES OF DAVID GLAUBIGER
2   21000 Devonshire Street, Suite 112
    Chatsworth, CA 91311
3   Tel: (818) 725-9711
    Fax: (818) 725-9712
4
    Attorneys for Plaintiff and Cross-Defendant Leon Elster
5

6
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**
8
    LEON ELSTER, an individual, on behalf of       )   LASC Case No.  21STCV25835
9   himself and of all other shareholders of the LEON )
    ELSTER, INC., a California Corporation,         )
10                                                  )   PLAINTIFF AND CROSS-DEFENDANT LEON
                                                    )   ELSTER'S OPPOSITION TO MOTION TO
11                  Plaintiff,                      )   STRIKE FIRST AMENDED COMPLAINT;
                                                    )   MEMORANDUM OF POINTS AND
12  vs.                                             )   AUTHORITIES IN SUPPORT; DECLARATION
                                                    )   OF DAVID GLAUBIGER, ESQ
13  STUART ELSTER, an individual; AARON             )
    ELSTER, an individual; LEON ELSTER, INC., a     )   [Concurrently filed herewith]
14  California corporation; 8615 LONG BEACH         )   1. General and Evidentiary Objections
    BLVD, LLC, a California limited liability        )
15  company; 7607 ST. BERNARD, LLC, a California    )
    limited liability company; 1132 WEST           )   Date: July  12, 2022
16  EDGEWARE, LLC, a California limited liability   )   Time: 8:30 am
    company; 2001 WEST 60TH ST, LLC, a             )   Dept.: "71"
17  California limited liability company; and ALL    )
    PERSONS UNKNOWN,  CLAIMING ANY                 )
18  LEGAL OR EQUITABLE RIGHT, TITLE,               )
    ESTATE, LIEN, OR INTEREST IN THE               )
19  PROPERTY DESCRIBED IN THE COMPLAINT            )
    ADVERSE TO LEON ELSTER, INC'S TITLE,           )
20  OR ANY CLOUD ON LEON ELSTER, INC'S             )
    TITLE THERETO; and DOES 1-100.                 )
21                                                  )
                                                    )
22                  Defendants.                     )
                                                    )
23  _____    )
                                                    )
24  AND RELATED CROSS-ACTION                       )

25
            Plaintiff and Cross-Defendant LEON ELSTER  ("plaintiff") hereby submits this
26
    memorandum of points and authorities in Opposition to Motion to Strike First Amended
27
    Complaint (the "Motion"), as follows:
28

                                        -1-

                Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

                                    EXHIBIT A

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Motion should be denied for three reasons. First, plaintiff filed a first amended complaint ("FAC") that dropped all claims implicating the Pension Plan. Second, Motion relies on inadmissible evidence. (See Evidentiary Objections). Third, defendants failed to meet and confer prior to filing Motion.

First, in January 2022, the Court held the Leon Elster Defined Benefits Pension Plan ("Pension Plan") was an indispensable party because it had an ownership interest in (1) PRHL Stock and (2) 2001 West 60th Property.[1] In response, Plaintiff filed an FAC withdrawing all claims related to the PHRL stock and clarified his challenge to the 2001 West 60th property.

With regard to the 2001 West 60th property, the Court held the Pension Plan's interest was implicated because "...the Complaint alleged that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest *in the aforementioned real properties*." (Complaint, ¶¶60-61) (See Court Order, Attached to Motion). The FAC revised the triggering language (".. in the aforementioned properties") to ONLY address the portion of the property owned by Leon Elster, Inc. that was wrongly conveyed by defendants.

> "60.    Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world claiming to own all or a portion of the specified interests in the aforementioned real properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in any portion of the specified interests in the aforementioned real properties that is owned by Leon Elster, Inc." (FAC, ¶¶60).

Thus, the Pension Plan is no longer implicated in the lawsuit and is no longer an indispensable party. On February 7, 2022, Plaintiff attempted to clarify this issue via ex parte application - which the court summarily denied. Plaintiff interpreted the court's action as

---

[1] The Complaint alleged defendants caused Leon Elster, Inc. to transfer its 20% interest in the property (2001 West 60th) to defendant 2001 West 60th, LLC, without adequate consideration. Both the Complaint and the FAC only challenge this conveyance.

-2-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

1   acknowledgment of the obviousness of plaintiff's right to simply drop the claims related to the

2   Pension Plan from the lawsuit and not add the Pension Plan.

3       <u>Second</u>, as discussed in the accompanying evidentiary objections, the Motion unlawfully

4   relies on extraneous and inadmissible evidence. The grounds for a motion to strike must appear

5   on the face of the pleading. CCP §437. The declaration of Stuart Elster attempts to introduce an

6   extraneous Title Report and provide testimony on extraneous subject matter i.e. how the Pension

7   Plan obtained its interest in the 2001 W. 60th Property. (See Declr Stuart Elster, ¶¶ 3,4, Exh A).

8       Lastly, the Motion relies on argument not raised during the prerequisite meet and confer.

9   First, defendants failed to state the continued need to add the Pension Plan when all property that

10  implicates the Pension Plan has been withdrawn from the case. Second, they failed to meet and

11  confer on their further argument that because the FAC alleges Leon Elster, Inc's 20% of the

12  property was conveyed without consideration, the Pension Plan's interest in the property is

13  somehow implicated. Third, the defendants claim that because the FAC alleges rents from the

14  2001 West 60th property are being usurped, the Pension Plan continues to be implicated.

15      This court should NOT consider all such un-raised arguments. Even if the Court finds

16  otherwise, it should be noted again that the plaintiff is only challenging Leon Elster, Inc.'s (1)

17  20% interest in the 2001 West 60th property and (2) proportionate share of rents.

18      Thus, the court should deny the Motion. If the Court finds otherwise, plaintiff requests

19  leave to add the Pension Plan as a defendant.

20  **II.    STATEMENT OF FACTS**

21      **A)    COMPLAINT, DEFENDANTS AND PROPERTY AT ISSUE**

22      On July 14, 2021, plaintiff filed Complaint alleging 12 causes of action: 1. Breach of

23  Fiduciary Duty; 2.  Breach of Fiduciary Duty; 3. Appointment of Receiver; 4. Accounting; 5.

24  Unjust Enrichment; 6. Cancellation of Instrument; 7. Inspection of Books and Records; 8. Waste

25  of Corporate Assets; 9. Quiet Title; 10. Conversion; 11. Violation of Penal Code §496; 12. Claim

26  and Delivery. The following persons and entities were named as defendants:

27
28

| 1 | STUART ELSTER | 5 | 7607 ST. BERNARD, LLC |
|---|---|---|---|
| 2 | AARON ELSTER | 6 | 1132 WEST EDGEWARE, LLC. |
| 3 | 8615 LONG BEACH BLVD, LLC | 7 | 2001 WEST 60TH ST, LLC |
| 4 | LEON ELSTER, INC. | 8 | All persons unknown, claiming any legal or |

-3-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

| | | | |
|---|---|---|---|
| 1 | | | equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Leon Elster, Inc.'s Title, or any cloud on Leon Elster, Inc's title thereto. |
| 2 | | | |

The Complaint alleged defendants diverted and/or converted both real and personal property belonging to Leon Elster, Inc. and/or Leon Elster. With regard to Leon Elster, Inc., the Complaint alleges the defendants converted the following property (Complaint, ¶¶ 22):

| | **Property Address** | **Date of Transfer** | **Buyer** |
|---|---|---|---|
| 1. | 20% interest in 2001 West 60th St., LA, CA 90047.[2] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | 8615 Long Beach Blvd., South Gate, CA 90280.[3] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | 7607 St. Bernard St., Playa Del Rey, CA 90293.[4] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 1132 West Edgeware St., LA, CA.[5] | 2-5-21 | 1132 Edgeware, LLC |

With regard to Leon Elster, individual, the Complaint alleged defendants converted the following property (Complaint, ¶¶25):

1.  Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu stock. (Copies thereof are attached to Complaint, **Exh E**).
2.  Original Promissory Note and Deed of Trust issued to plaintiff by borrower Mr. Eissa Harcourt property.
3.  PRHL original share certificates representing 7,000,000 shares.

**B)   MOTION TO JOIN INDISPENSABLE PARTY - PENSION PLAN**

On or about November 12, 2021, defendants filed a Motion for orders joining the Leon Elster Defined Benefits Pension Plan ("Pension Plan") as an indispensable party. The defendants claimed the Pension Plan had an interest in the following property:

1.  The Bakhu stock
2.  20% interest in real property: 2001 West 60th Street.

---

[2] Per Grant Deed dated Feb. 5, 2021, no transfer tax was due because Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (Complaint, Exh A - Grant Deed).
[3] Per Grant Deed dated Feb. 5, 2021, no transfer tax was due because Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (Complaint, Exh B - Grant Deed).
[4] Per Grant Deed dated Oct. 21, 2017, no transfer tax was due because Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (Complaint, Exh C - Grant Deed).
[5] Per Grant Deed dated Feb. 5, 2021, no transfer tax was due because Grantor and the Grantee are the same parties. Rev. & Tax Code §11923(d). (see Complaint, Exh D - Grant Deed).

-4-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

3.    The PRHL stock.

Following hearing, on January 7, 2022, the Court held the Pension Plan had an interest in the following property: (1) The PRHL stock. and (2)  2001 West 60th property

With regard to the West 60th property, the Court noted, the Complaint alleged that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest *in the aforementioned real properties*." (Complaint, ¶¶60-61) Thus, the Court held the Pension Plan's ownership interest in the 2001 West 60th property was implicated. Based on these two (2) pieces of property, the Court ordered plaintiff to join the Pension Plan to the lawsuit.

Thereafter, rather than add the Pension Plan, plaintiff filed an FAC omitting the implicated property.

**C)    PLAINTIFF WITHDRAWS CLAIMS RELATED TO PHRL STOCK**

The plaintiff retained other counsel to address his personal claims against the Pension Plan in Federal Court - ERISA claims. It was determined that new counsel would raise the issues related to the PHRL stock in that case. As such, plaintiff filed an FAC omitting all claims related to the PHRL stock.

**D)    PLAINTIFF CLARIFIES CLAIMS RELATED TO 2001 WEST 60TH PROPERTY TO ONLY ADDRESS LEON ELSTER, INC'S 20% INTEREST**

With regard to 2001 West 60th, plaintiff opted to clarify plaintiff's position that he is ONLY disputing the conveyance of Leon Elster, Inc.'s 20% ownership interest in the property to defendant 2001 West 60th, LLC.

On January 19, 2022, plaintiff filed a FAC. The FAC narrowly tailored all claims related to 2001 West 60th to only address Leon Elster, Inc's 20% ownership interest.  According to the Court's order, the Court held the Pension Plan's interest was implicated because "…the Complaint alleged that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest *in the aforementioned real properties*." (Complaint, ¶¶60-61) (See Court Order, Attached to Motion). The FAC revised the triggering language (".. in the aforementioned properties") to ONLY address the portion of the property owned by Leon Elster, Inc. and wrongly conveyed by defendants.

-5-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

"60.    Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world claiming to own all or a portion of the specified interests in the aforementioned real properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in any portion of the specified interests in the aforementioned real properties that is owned by Leon Elster, Inc.

Thus, the Pension Plan is no longer implicated in the lawsuit and is no longer an indispensable party. On February 7, 2022, Plaintiff attempted to clarify this issue via ex parte application - which the court summarily denied. Plaintiff interpreted the court's action as acknowledgment of the obviousness of plaintiff's right to simply drop the claims related to the Pension Plan from the lawsuit and not add the Pension Plan.

## E)    DEFENDANTS' FAILURE TO MEET AND CONFER PRIOR TO FILING MOTION.

Despite dropping the PHRL stock claim and narrowly tailoring the claim related to 2001 West 60th, the defense claims the Pension Plan *still* has an ownership interest in the property identified in the FAC and must be joined. ***However***, as of the date of this opposition, the defense refuses and fails to articulate the basis for the claim.

On January 21, 2022, plaintiff's counsel sent defense counsel an email wherein plaintiff specifically and succinctly explained how the FAC narrowly tailored the claim related to 2001 West 60th claim to only address Leon Elster, Inc.'s 20% ownership interest and notified defense counsel that plaintiff withdrew the PHRL claims from the lawsuit. Plaintiff counsel requested either an explanation as to how the Pension Plan's ownership interest continues to be implicated or that defense simply file a response to FAC. (See Declr David Glaubiger, Exh A).

On January 26, 2022, defense counsel sent a response that simply concluded, without explanation, the FAC did not plead around the Pension Plan's ownership interest in 2001 West 60th. (See Declr David Glaubiger, Exh B).

Thus, defendants wholly failed to meet and confer on all three arguments raised in the Motion. The arguments not raised by the defense during the meet and confer process are discussed above. The Court should not consider these arguments.

-6-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

1  **III.    DISCUSSION**

2  **A)    PLAINTIFF PLEAD AROUND THE COURT'S ORDER.**

3    The Motion makes the form over substance argument that because plaintiff did not add

4  the Pension Plan, the FAC should be struck. The argument is form over substance and ignores

5  the scenario where the claims that implicate the Pension Plan are withdrawn and the Pension

6  Plan is no longer implicated. The defendants' argument runs afoul of one of the oldest and first

7  Maxims of Jurisprudence. Civil Code §3510, states:

8        "Where the reason for the rule ceases, so should the rule."

9    On February 7, 2022, Plaintiff attempted to clarify this issue via ex parte application -

10  which the court summarily denied. Plaintiff interpreted the court's action as acknowledgment of

11  the obviousness of plaintiff's right to simply drop the claims related to the Pension Plan from the

12  lawsuit and not add the Pension Plan.

13  **B)    PLAINTIFF PLED AROUND THE COURT'S ORDER AND OBVIATED THE**

14  **NEED TO ADD THE PENSION PLAN**

15    As discussed above, the plaintiff pled around the court's order to add the Pension Plan to

16  the lawsuit. There being no need further need to add the Pension Plan to the lawsuit, the court

17  should deny the Motion to Strike.

18  **C)    THIS COURT HAS INHERENT POWER TO RECONSIDER RULING ON**

19  **MOTION TO JOIN PENSION PLAN**

20    The Court's order dated January 7, 2022, directs plaintiff to add the Pension Plan to the

21  lawsuit. However, plaintiff opted to drop the property claims implicating the Pension Plan's

22  ownership interest. As such, there is no longer reason to add the Pension Plan to the lawsuit.

23  However, because the Court's order does not articulate this alternative, the defense is

24  challenging. It is a form over substance argument.

25    If the court feels the need, to resolve the dispute, plaintiff requests the Court on its own

26  motion to add the following language to the order, "… plaintiff is directed to either join the

27  Pension Plan to the lawsuit *or* file an amended complaint dropping all claims relating to the

28

-7-

EXHIBIT A

1   PHRL stock and the portions of the 2001 West 60th property that go beyond the 20% owned by

2   Leon Elster, Inc."

3        Although parties may move for reconsideration only as authorized by § 1008, that statute

4   "does not limit the court's ability, on its own motion, to reconsider its prior interim orders..." *Le*

5   *Francois v. Goel* (2005) 35 C4th 1094, 1107; *Pinela v. Neiman Marcus Group, Inc.* (2015) 238

6   CA4th 227, 237; *Boschetti v. Pacific Bay Investments Inc.* (2019) 32 CA5th 1059, 1070 —terms

7   of CCP § 1008 do not limit court's ability to reconsider.

8   **D)    DEFENDANTS FAILED TO MEET AND CONFER PRIOR TO FILING THE**

9   **MOTION.**

10        Before filing a motion to strike, moving party's counsel must meet and confer, in person

11   or by telephone, with counsel for the party who filed the pleading in an attempt to reach an

12   agreement that would resolve the objections to the pleading and obviate the need for filing a

13   motion to strike. CCP § 435.5.

14           "... As part of the meet and confer process, the moving party shall identify all of

15           the specific allegations that it believes are subject to being stricken *and identify*

16           *with legal support the basis of the deficiencies*."

17   As discussed above, prior to filing the Motion, defendants failed:

18          1.    To state why the FAC did not plead around the order, i.e. why the Pension

19                Plan remained an indispensable party.

20          2.    To provide any argument related to the Pension Plan being an

21                indispensable party because it has an interest in rents generated by the

22                2001 W. 60th property.

23          3.    To provide any argument related to the Pension Plan being an

24                indispensable party because the FAC alleges defendants conveyed Leon

25                Elster, Inc.'s 20% interest in the property to defendant 2001 West 60th,

26                LLC without adequate consideration.

27        Thus, plaintiff requests this Court not consider all argument not raised prior to filing the

28   Motion.

-8-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

1    **IV.    CONCLUSION**

2            In summary, this Court should deny the Motion and order defendants to file an Answer to

3    the FAC. In the event the court grants the Motion, plaintiff requests the Court grant leave to

4    amend the FAC.

5

6

7    Dated: June 16, 2022                    LAW OFFICES OF DAVID GLAUBIGER

8

9                                            By
                                             David Glaubiger, Esq., Attorney for Plaintiff and
10                                           Cross-Defendant Leon Elster

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

EXHIBIT A

## DECLARATION OF DAVID GLAUBIGER

I, David Glaubiger, declare:

1.      I am an attorney duly licensed to practice before all the courts of the State of California and the attorney of record herein for plaintiff Leon Elster ("plaintiff"). I have personal knowledge of the facts set forth herein, and if called to testify, would and could testify competently thereto.

2.      I have reviewed all of the pleadings in this case and I have attended all court proceedings.

3.      On July 14, 2021, on behalf of plaintiff, I prepared and filed Complaint alleging 12 causes of action: 1. Breach of Fiduciary Duty; 2.  Breach of Fiduciary Duty; 3. Appointment of Receiver; 4. Accounting; 5. Unjust Enrichment; 6. Cancellation of Instrument; 7. Inspection of Books and Records; 8. Waste of Corporate Assets; 9. Quiet Title; 10. Conversion; 11. Violation of Penal Code §496; 12. Claim and Delivery. The following persons and entities were named as defendants:

| 1 | STUART ELSTER | 5 | 7607 ST. BERNARD, LLC |
|---|---|---|---|
| 2 | AARON ELSTER | 6 | 1132 WEST EDGEWARE, LLC. |
| 3 | 8615 LONG BEACH BLVD, LLC | 7 | 2001 WEST 60TH ST, LLC |
| 4 | LEON ELSTER, INC. | 8 | All persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Leon Elster, Inc.'s Title, or any cloud on Leon Elster, Inc's title thereto. |

I ask the Court take judicial notice of the Complaint.

4.      The Complaint alleged defendants diverted and/or converted both real and personal property belonging to Leon Elster, Inc. and/or Leon Elster. With regard to Leon Elster, Inc., the Complaint alleges the defendants converted the following property (Complaint, ¶¶ 22):

| | Property Address | Date of Transfer | Buyer |
|---|---|---|---|
| 1. | 20% interest in 2001 West 60th St., LA, CA 90047.[6] | 2-2-21 | 2001 West 60th St, LLC |

---

[6] Per the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Complaint, Exhibit A - Grant Deed).

-10-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

| 2. | 8615 Long Beach Blvd., South Gate, CA 90280.[7] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | 7607 St. Bernard St., Playa Del Rey, CA 90293.[8] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 1132 West Edgeware St., LA, CA.[9] | 2-5-21 | 1132 West Edgeware, LLC |

5.     With regard to Leon Elster, individual, the Complaint alleged defendants converted the following property (Complaint, ¶¶25):

      1.     Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu stock. (Copies thereof are attached to Complaint, **Exh E**).

      2.     Original Promissory Note and Deed of Trust issued to plaintiff by borrower Mr. Eissa Harcourt property.

      3.     PRHL original share certificates representing 7,000,000 shares.

6.     On or about November 12, 2021, defendants filed a Motion for orders joining the Leon Elster Defined Benefits Pension Plan ("Pension Plan") as an indispensable party. The defendants claimed the Pension Plan had an interest in the following property:

      1.     The Bakhu stock.

      2.     20% interest in real property: 2001 West 60th Street.

      3.     The PRHL stock.

7.     Following hearing, on January 7, 2022, which I attended, the Court held the Pension Plan had an interest in the following property: (1) The PRHL stock. and (2) 2001 West 60th property

8.     Per the Court's order, which I read, with regard to the West 60th property, the Court noted, the Complaint alleged that there may be other "claimants, and those claimants have no right, title, estate, lien, or interest *in the aforementioned real properties*." (Complaint, ¶¶60-61) Thus, the Court held the Pension Plan's ownership interest in the 2001 West 60th property

---

[7] Per the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Complaint, Exhibit B - Grant Deed).
[8] Per the Grant Deed dated October 21, 2017, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Complaint, Exhibit C - Grant Deed).

-11-

EXHIBIT A

1   was implicated. Based on these two (2) pieces of property, the Court ordered plaintiff to join the

2   Pension Plan to the lawsuit.

3       9.      Thereafter, rather than add the Pension Plan, on plaintiff's behalf, I prepared and

4   filed an FAC omitting the implicated property.

5       10.     The plaintiff retained other counsel to address his personal claims against the

6   Pension Plan in Federal Court - ERISA claims. It was determined that new counsel would raise

7   the issues related to the PHRL stock in that case. As such, on plaintiff's behalf, I prepared and

8   filed an FAC omitting all claims related to the PHRL stock.

9       11.     With regard to 2001 West 60th, I opted to clarify plaintiff's position that he is

10  ONLY disputing the conveyance of Leon Elster, Inc.'s 20% ownership interest in the property to

11  defendant 2001 West 60th, LLC.

12      12.     On January 19, 2022, on plaintiff's behalf, I filed a FAC. The FAC narrowly

13  tailored all claims related to 2001 West 60th to only address Leon Elster, Inc's 20% ownership

14  interest.  According to the Court's order, the Court held the Pension Plan's interest was

15  implicated because "...the Complaint alleged that there may be other "claimants, and those

16  claimants have no right, title, estate, lien, or interest *in the aforementioned real properties*."

17  (Complaint, ¶¶60-61) (See Court Order, Attached to Motion). The FAC revised the triggering

18  language (".. in the aforementioned properties") to ONLY address the portion of the property

19  owned by Leon Elster, Inc. and wrongly conveyed by defendants.

20
          "60.    Plaintiff is informed and believes and on that basis alleges that there may
21        be claimants in the world claiming to own all or a portion of the specified
          interests in the aforementioned real properties that is/are owned by Leon Elster,
22        Inc. Any and all such alleged claims are adverse to that of Leon Elster, Inc.
          Plaintiff is further informed and believes that these unknown claims are without
23        any right and these claimants have no right, title, estate, lien, or interest in any
          portion of the specified interests in the aforementioned real properties that is
24        owned by Leon Elster, Inc.

25      13.     Thus, the Pension Plan is no longer implicated in the lawsuit and is no longer an

26  indispensable party. On February 7, 2022, I attempted to clarify this issue filing an ex parte

27  _____

28  [9] Per the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the
    Grantee are the same parties. Rev. & Tax Code §11923(d). (see Complaint, Exhibit D - Grant
    Deed).

                                    -12-
    _____
              Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

                              EXHIBIT A

1  application - which the court summarily denied. I interpreted the court's action as

2  acknowledgment of the obviousness of plaintiff's right to simply drop the claims related to the

3  Pension Plan from the lawsuit and not add the Pension Plan.

4       14.    Despite dropping the PHRL stock claim and narrowly tailoring the claim related

5  to 2001 West 60th, the defense claims the Pension Plan *still* has an ownership interest in the

6  property identified in the FAC and must be joined. ***However***, as of the date of this opposition, the

7  defense refuses and fails to articulate the basis for the claim.

8       15.    On January 21, 2022, I sent defense counsel an email wherein I specifically and

9  succinctly explained how the FAC narrowly tailored the claim related to 2001 West 60th claim

10  to only address Leon Elster, Inc.'s 20% ownership interest and notified defense counsel that

11  plaintiff withdrew the PHRL claims from the lawsuit. I requested either an explanation as to how

12  the Pension Plan's ownership interest continues to be implicated or that defense simply file a

13  response to FAC. A true and correct copy thereof is attached hereto as **Exhibit A** and is

14  incorporated herein by this reference.

15  

16       16.    On January 26, 2022, defense counsel sent a response to me that simply

17  concluded, without explanation, the FAC did not plead around the Pension Plan's ownership

18  interest in 2001 West 60th.  A true and correct copy thereof is attached hereto as **Exhibit B** and

19  is incorporated herein by this reference.

20       17.    Thus, defendants wholly failed to meet and confer on all three arguments raised in

21  the Motion. The arguments not raised by the defense during the meet and confer process are as

22  follows: First, defendants failed to state the continued need to add the Pension Plan when all

23  property that implicates the Pension Plan has been withdrawn from the case. Second, they failed

24  to meet and confer on their further argument that because the FAC alleges Leon Elster, Inc's 20%

25  of the property was conveyed without consideration, the Pension Plan's interest in the property is

26  somehow implicated. Third, the defendants claim that because the FAC alleges rents from the

27  2001 West 60th property are being usurped, the Pension Plan continues to be implicated.

28  

-13-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

18. This court should NOT consider all such un-raised arguments. Even if the Court finds otherwise, it should be noted again that the plaintiff is only challenging Leon Elster, Inc.'s (1) 20% interest in the 2001 West 60th property and (2) proportionate share of rents.

19. Thus, on behalf of plaintiff, I respectfully request the Court deny the Motion and order defendants to file an Answer to the FAC. If the Court finds otherwise, plaintiff requests leave to add the Pension Plan as a defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge. Executed this 16th day of June, 2022, at Chatsworth, California.

David Glaubiger, Esq., Declarant

-14-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

**EXHIBIT "A"**

EXHIBIT A

https://outlook.live.com/mail/0/id/AQMkADAwATZiZmYAZC1h...

**Sent:** Friday, January 21, 2022 9:44 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

Craig,

the court's order interpreted the following allegations to mean that, with regard to West 60th ,
plaintiff was not limiting LEI's claim to LEI's 20% and that LEI was in fact taking a position adverse to
the Plan:

"60.    Plaintiff is informed and believes and on that basis alleges that there may be
claimants in the world alleging an interest adverse to that of Leon Elster, Inc. in addition to
defendants. Plaintiff is further informed and believes that these unknown claims are without any
right and these claimants have no right, title, estate, lien, or interest in the aforementioned real
properties.

61.    Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action."

The FAC clarifies plaintiff's position that it is not seeking a determination of anything more

than LEI's original 20% interest. The FAC, para 22, alleges LEI's interests in the disputed properties as

follows;

|    | Property Address | Date of Transfer | Buyer |
|----|------------------|------------------|-------|
| 1. | An undivided 20% interest in 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | An undivided 7/8th interest in 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | An undivided 50% interest in 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 100% interest in 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

Thereafter, plaintiff amended paragraphs 60 and 61 to narrow the dispute to ONLY LEI's 20%
interest.

"60.    Plaintiff is informed and believes and on that basis alleges that there may be claimants

in the world claiming to own all or a portion of the specified interests in the aforementioned real

properties that is/are owned by Leon Elster, Inc. Any and all such alleged claims are adverse to that of

Leon Elster, Inc. Plaintiff is further informed and believes that these unknown claims are without any

right and these claimants have no right, title, estate, lien, or interest in any portion of the specified

interests in the aforementioned real properties that is owned by Leon Elster, Inc.

61.    Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action as to

EXHIBIT A

all interest as specified above in the aforementioned real properties"

If you still believe the Plan is implicated, please explain. Otherwise, its a form over substance argument with regard to the Order and the simplest course is for your clients to simply file a response. Please let me know your position.

david glaubiger, esq

---

**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 3:09 PM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** RE: Elster v. LEI

David:

First, the court's required the Plaintiff to add the Pension Plan which is has not done, which was based in large part due to the fact that Pension Plan owned an interest in W. 60th property owned as a defendant within ten (10) days of this Order."   The claims are the same at least with regard to the W. 60th property owned

CRB

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Thursday, January 20, 2022 2:28 PM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

Craig,

the arguments alleged in opposition are not the same as the amended pleading. First, the PHRL stock is removed from the pleading. Second, the amended pleading clarifies plaintiff is only addressing the portion of the 2001 W. 60th property owned by LEI, and not any other. If you believe the claims in the amended pleading continue to be the same, please specify.

david glaubiger, esq.

---

**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 1:30 PM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** RE: Elster v. LEI

EXHIBIT A

Firefox                                                    https://outlook.live.com/mail/0/id/AQMkADAwATZiZmYAZC1h...

David:

      The order requires the Plaintiff to name the Plan because the Plan's interests were affected by the claims that are alleged.  The Plaintiff argued in opposition to the joinder motion that the allegations did not implicate the Plan and the court specifically rejected that argument.  We do not believe that the Plaintiff can plead around the court's ruling by alleging the same contentions in the FAC that he alleged in opposition to the joinder motion.  The interests of the Plan are still at issue and the Plaintiff has not named the Plan as a defendant as he was ordered to.

Craig

Craig R. Bockman | **JONESBELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com | crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL.  IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Thursday, January 20, 2022 9:07 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Re: Elster v. LEI

all of the allegations implicating the Plan were removed from the pleading.  that being the case, I did not see any further need to name the Plan in this lawsuit. Considering the court has inherent power to revisit prior orders, it seems a given the court would no longer force the plaintiff to name the Plan in the case. thus, in the interest of judicial economy it seemed the prudent course to simply remove the allegations implicating the Plan, not name the Plan as a defendant and let the case proceed.

so, with all allegations implicating the Plan removed from the pleading and the likelihood the court would indeed revisit its prior order under the circumstances, why do you still want the Plan named?

david glaubiger, esq.

**From:** Craig Bockman <CRBockman@jonesbell.com>
**Sent:** Thursday, January 20, 2022 8:30 AM
**To:** david glaubiger <d.chats@hotmail.com>
**Subject:** Elster v. LEI

EXHIBIT A

David:

      Please let us know when we can meet and confer by telephone pursuant to section 435.5 of the Code of Civil Procedure so that we can see if we can avoid filing a motion to strike the First Amended Complaint.

      We believe that the First Amended Complaint was filed in violation of section 436(b) of the Code of Civil Procedure because it does not name the Pension Plan as a defendant as the Plaintiff was ordered to by the court. The court's January 7th order states that the motion to compel Plaintiff to add the Pension Plan to the case was granted, and "Plaintiff is ordered to name Pension Plan as a defendant within ten (10) days of this Order." Code of Civil Procedure section 436(b) authorizes the striking of a pleading due to improprieties in its form or in the procedures, which "is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court." *Ferraro v. Camarlinghi*, 161 Cal.App.4th 509, 528 (2008). The First Amended Complaint was filed in violation of the court's order.

Craig

Craig R. Bockman | JONES**BELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com | crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

EXHIBIT A

**EXHIBIT "B"**

EXHIBIT A

### RE: Elster v. LEI

Craig Bockman <CRBockman@jonesbell.com>
Wed 1/26/2022 2:01 PM
To: david glaubiger <d.chats@hotmail.com>

David:

      I am not sure what more there is to discuss.  We do not agree with you for the reasons that we previously stated.

      First, the court required the Plaintiff to add the Pension Plan which he has not done.  That order was based in large part on the fact that Pension Plan owned an interest in the W. 60th Street property.  That fact does not change with the FAC notwithstanding your attempt to plead that "only" LEI's 20% is purportedly at issue.  The claims are the same at least with regard to the W. 60th Street property.

      Second, the Plaintiff argued in opposition to the joinder motion that the allegations did not implicate the Plan's ownership and the court specifically rejected that argument which is the same argument you are now making with regard to the allegations of the FAC.  We do not believe that the Plaintiff can plead around the court's ruling by alleging the same contentions in the FAC that you alleged in opposition to the joinder motion.  The interests of the Plan are still at issue because it is an owner of the property that is at issue.

Craig

Craig R. Bockman | **JONESBELL** LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
www.jonesbell.com | crbockman@jonesbell.com

THIS EMAIL IS INTENDED FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE ONLY AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL.  IF YOU ARE NOT AN INTENDED RECIPIENT, PLEASE DELETE THIS EMAIL AND DO NOT DISSEMINATE, DISTRIBUTE, OR COPY IT.

**From:** david glaubiger <d.chats@hotmail.com>
**Sent:** Wednesday, January 26, 2022 9:16 AM
**To:** Craig Bockman <CRBockman@jonesbell.com>
**Subject:** Fw: Elster v. LEI

Craig,

please respond to below email. thank you, david glaubiger, esq.

**From:** david glaubiger <d.chats@hotmail.com>

EXHIBIT A

1

<u>PROOF OF SERVICE</u>
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4          I am employed in the County of Los Angeles, State of California. I am over the age of
18 and not a party to the within action; my business address is 21000 Devonshire Street,

5    Suite 112, Chatsworth, CA 91311.

6          On June 16, 2022, I served the following documents described as: Opposition to

7    Motion to Strike on the interested parties in this action as follows:

8          [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be

9    placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's
practice of collection and processing correspondence for mailing. It is deposited with the

10   U.S. Postal Service on that same day in the ordinary course of business. I am aware that on
motion of a party served, service is presumed invalid if postal cancellation date or postage

11   meter date is more than one day after date of deposit for mailing in affidavit.

12

13         [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted
to the addressee(s) facsimile number noted above. The facsimile machine I used complied

14   with Rule 2003(3) and the transmission was reported as complete and without error. I caused
the machine to print a transmission record of the facsimile transmission, a copy of which

15   is attached to this declaration.

16

17         [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package
provided by Federal Express and addressed to counsel listed on the attached service list. I

18   placed the envelope or package for collection and delivery on the next business day at an
office or a regularly utilized drop box of Federal Express or delivered such document(s)

19   to a courier or driver authorized by Federal Express to receive documents.

20

21         [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be
sent to the persons at the email addresses on the attached service list. I did not receive, within

22   a reasonable time after the transmission, any electronic message or other indication that the
transmission was unsuccessful.

23

24         Executed on June 16, 2022 at Los Angeles, California. I declare under penalty of
perjury under the laws of the State of California that the above is true and correct and, that I

25   am employed in the office of a member of the bar of this court at whose direction the service was
made.

26

27   _____ DAVID GLAUBIGER_____

28

-15-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| | |
|---|---|
| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for Leon Elster, Inc., Stuart Elster<br>and Aaron Elster | |

-16-

Plaintiff's Opposition to Motion to Strike; Declr David Glaubiger

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2022 01:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Jones,Deputy Clerk

David Glaubiger, Esq. SBN 176019
LAW OFFICES OF DAVID GLAUBIGER
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel: (818) 725-9711
Fax: (818) 725-9712

Attorneys for Plaintiff and Cross-Defendant Leon Elster

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| LEON ELSTER, an individual, on behalf of himself and of all other shareholders of the LEON ELSTER, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STUART ELSTER, an individual; AARON ELSTER, an individual; LEON ELSTER, INC., a California corporation; 8615 LONG BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001 WEST 60TH ST, LLC, a California limited liability company; and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY CLOUD ON LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100. <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION | LASC Case No. 21STCV25835 <br><br> PLAINTIFF AND CROSS-DEFENDANT LEON ELSTER'S GENERAL AND EVIDENTIARY OBJECTIONS RE: (1) DECLARATION OF STUART ELSTER; [proposed] ORDER <br><br> [Concurrently filed herewith] <br> 1. Opposition to Motion to Strike; Memo Points and Authorities; Declr David Glaubiger, Esq. <br><br> Date: July 12, 2022 <br> Time: 8:30 am <br> Dept.: "71" |

Plaintiff and Cross-Defendant LEON ELSTER   ("plaintiff") hereby submits the

following general and evidentiary objections to the Declaration of Stuart Elster, as follows:

-1-

Plaintiff's General and Evidentiary Objections; [proposed] Order

EXHIBIT A

| | **GENERAL OBJECTION** | |
|---|---|---|
| 1. Plaintiff objects to the entire declaration of Stuart Elster, and Exhibits | The grounds for a motion to strike must appear on the face of the pleading under attack, or from matter which the court may judicially notice (e.g., the court's own files or records). [CCP § 437] Because the defect must appear on the face of the pleading and extraneous evidence is not permitted, declarations cannot be used to support the motion (other than to support a request for judicial notice). | Sustained: _____ Overruled: _____ |

**EVIDENTIARY OBJECTIONS**

| **Objectionable Statements** | **Grounds for Objection** | **[Proposed] Order** |
|---|---|---|
| 1. Plaintiffs allegation in the First Amended Complaint that LEI's interests in the real properties at issue were conveyed "without adequate consideration" necessarily includes any interest held by the Pension Plan in the 2001 West 60th Street property because it was LEI that conveyed to the Pension Plan its ownership interest in the property in order to fund the Pension Plan with regard to that asset.(Declr Elster, ¶ 3) | 1. Prejudicial. Evidence code 352 - misleading, marginal relevance. 2. Hearsay without an exception. Ev. Code §§1200. 3. Lacks Foundation. Evid. Code §403 4. Not relevant. not probative of any issue before the court. Ev Code §350. 5. Violates CCP §437 - Outside four corners of First Amended Complaint. 6. Improper Argument | Sustained: _____ Overruled: _____ |
| 2. "The 2001 West 60th Street, Los Angeles, CA property that is referred to in the complaint filed by the Plaintiff herein is owned in part by LEI, in part by 2001 West 60th Street, LLC, and in part by the Pension Plan." (Declr Elster, ¶ 4) | 1. Prejudicial. Evidence code 352 - misleading, marginal relevance. 2. Hearsay without an exception. Ev. Code §§1200. 3. Lacks Foundation. Evid. Code §403 4. Not relevant. not probative of any issue before the court. Ev Code §350. 5. Violates CCP §437 - Outside four corners of First Amended Complaint. | Sustained: _____ Overruled: _____ |

-2-

Plaintiff's General and Evidentiary Objections; [proposed] Order

EXHIBIT A

| | | |
|---|---|---|
| 3. "Filed concurrently with this declaration as Exhibit 5 is a true and correct copy of the title report dated August 9, 2021, showing that the Pension Plans owns an undivided 50% interest in the 2001 West 60th Street, Los Angeles, property and LEI owns an undivided 20% interest in the 2001 West 60th Street, Los Angeles, property." (Declr Elster, ¶ 4) | 1. Prejudicial. Evidence code 352 - misleading, marginal relevance.<br>2. Hearsay without an exception. <u>Ev. Code</u> §§1200.<br>3. Lacks Foundation. Evid. Code §403<br>4. Not relevant. not probative of any issue before the court. Ev Code §350.<br>5. Violates CCP §437 - Outside four corners of First Amended Complaint. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 4. "... the Pension Plan continues to own a 50% interest in the 2001 West 60th Street property." (Declr Elster, ¶ 4) | 1. Prejudicial. Evidence code 352 - misleading, marginal relevance.<br>2. Hearsay without an exception. <u>Ev. Code</u> §§1200.<br>3. Lacks Foundation. Evid. Code §403<br>4. Not relevant. not probative of any issue before the court. Ev Code §350.<br>5. Violates CCP §437 - Outside four corners of First Amended Complaint. | Sustained:<br>_____<br><br>Overruled:<br>_____ |

Date:   June 16, 2022

LAW OFFICES OF DAVID GLAUBIGER

_____
David Glaubiger
Attorneys for Plaintiff

**SO ORDERED.**

Dated _____          _____

JUDGE OF THE SUPERIOR COURT

-3-

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

    On June 16, 2022, I served the following documents described as: EVIDENTIARY OBJECTIONS on the interested parties in this action as follows:

    [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

    [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

    [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    Executed on June 16, 2022 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____

-4-

Plaintiff's General and Evidentiary Objections; [proposed] Order

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

Craig R. Bockman, Esq
JONESBELL LLP
601 S. Figueroa Street, Ste 3460
Los Angeles, California 90017
Telephone: (213) 485-1555
Facsimile: (213) 689-1004
email: crbockman@jonesbell.com

Attorney for Leon Elster, Inc., Stuart Elster
and Aaron Elster

-5-

Plaintiff's General and Evidentiary Objections; [proposed] Order

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/05/2022 11:30 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

1    **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Craig R. Bockman (State Bar No. 105485)
2    Fredrick A. Rafeedie (State Bar No.138422)
601 South Figueroa Street, Suite 3460
3    Los Angeles, California 90017-5759
Telephone:    (213) 485-1555
4    Facsimile:    (213) 689-1004

5    Attorneys for Defendants Stuart Elster,
Aaron Elster, Leon Elster, Inc., 8615
6    Long Beach Blvd., LLC, 7607 St. Bernard, LLC,
1132 West Edgeware, LLC, and
7    2001 West 60th Street, LLC

8

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **COUNTY OF LOS ANGELES**

11

12   LEON ELSTER, an individual, on behalf of          **Case No.   21STCV25835**
     himself and of all other  shareholders of the
13   LEON ELSTER, INC., a California Corporation
                                                        **DEFENDANTS' REPLY IN SUPPORT OF**
14                  Plaintiff,                           **MOTION TO STRIKE PLAINTIFF'S**
                                                        **FIRST AMENDED COMPLAINT**
15          v.
                                                        **Judge:    Monica Bachner**
16   STUART ELSTER, in individual; AARON
     ELSTER, an individual; LEON ELSTER, INC., a       **Date:     July 12, 2022**
17   California corporation; 8615 LONG BEACH            **Time:     9:30 a.m.**
     BLVD, LLC, a California limited liability          **Dept.     71**
18   company; 7607 ST. BERNARD, LLC, a California
     limited liability company; 1132 WEST              **Complaint Filed:   July 14, 2021**
19   EDGEWARE, LLC, a California limited liability      **Trial Date:         December 5, 2022**
     company; 2001 WEST 6OTH ST, LLC, a
20   California limited liability company  and ALL
     PERSONS UNKNOWN, CLAIMING ANY
21   LEGAL OR EQUITABLE RIGHT, TITLE,
     ESTATE, LIEN, OR INTEREST IN THE
22   PROPERTY DESCRIBED IN THE COMPLAINT
     ADVERSE TO LEON ELSTER, INC'S TITLE,
23   OR ANY CLOUD ON LEON ELSTER, INC'S
     TITLE THERETO; and DOES 1-100,
24                  Defendants.

25

26

27

28

                                    – 1 –
                DEFENDANTS' REPLY ISO MOTION TO STRIKE FIRST AMENDED COMPLAINT

                            EXHIBIT A

# I.   INTRODUCTION

Plaintiff makes three arguments in opposition to Defendant's motion to strike the First Amended Complaint (FAC).  None of the arguments has merit.

## II.  THE FIRST AMENDED COMPLAINT DOES NOT CHANGE THE FACT THAT THE PENSION PLAN HOLDS AN INTEREST IN THE SUBJECT REAL PROPERTY AND FOR THAT REASON ALONE THE PENSON PLAN IS A NECESSARY PARTY

Plaintiff first contends that in filing the FAC he has "clarified" his "position" that it is "only" the 20% ownership interest of the corporation, Leon Elster, Inc. (LEI), in the subject property that is at issue in the case (Opp'n 5:18), and so the Pension Plan "is no longer implicated."  (Opp'n 6:5.)  Plaintiff is incorrect for two reasons.

First, by including the W. 60th Street property as being at issue in the case and alleging claims as to the ownership of that property, the FAC continues to make the Pension Plan's ownership interest in that property the subject of the Plaintiff's causes of action as a matter of law, thereby making the Pension Plan a necessary party.   The fact that the FAC asserts that "only" the 20% interest in the real property that is owned by LEI is purportedly at issue does not avoid the requirement that the Pension Plan be named as a party due to the fact that it is an owner of the property.  Because the Pension Plan owns an interest in the real property that is at issue, its interests are affected by the Plaintiff's complaint and, therefore, it must be named as indispensable party. *See, Patrick v. Alacer Corp*., 167 Cal. App. 4th 995, 1015 (2008).

Second, Plaintiff's argument that the FAC now "clarifies" the Plaintiff's claims so as to plead around the effect of the court's order requiring him to name the Pension Plan as a defendant is also incorrect.  In previously granting Defendant's joinder motion, the court specifically rejected the same contention that Plaintiff now makes.  Plaintiff previously asserted in opposition to the joinder motion, and has similarly alleged now in the FAC, that "only" the specific 20% of the W. 60th Street property that is owned by LEI is at issue in the case and for that reason the partial ownership interest that the Pension Plan holds in that real property is not at issue.  The court expressly rejected that argument in granting the joinder motion.  For the same reasons that the court previously required the

1  Penson Plan to be name, the Penson Plan is a necessary party.

2

3              **III.    THE PARTIES MET AND CONFERRED BEFORE**

4                      **DEFENDANTS FILED THE MOTION TO STRIKE**

5              Plaintiff's contention that the parties did not sufficiently meet and confer before the

6  motion to strike was filed has no merit.  As demonstrated by the five emails exchanged by the parties

7  that are attached to Plaintiff's motion, the parties did meet and confer not only sufficiently, but also

8  significantly.  Defendants' position that the FAC did not comply with the court's previous order and

9  that the Pension Plan is still a necessary party because of its ownership interest in the subject property

10  was fully explained  in the meet and confer process.

11

12              **IV.    DEFENDANTS' MOTION DOES NOT RELY ON**

13                    **IMPERMISSIBLE OR INADMISSIBLE EVIDENCE**

14              Plaintiff's argument that the motion should be denied because the declaration of Stuart

15  Elster includes matter that does not appear on the face of the FAC has no merit.

16              The Elster declaration includes the same information that Defendants provided to the

17  court with their joinder motion.  Defendants provided that information again with the motion to strike

18  for the convenience of the court so that the court would not need to review the papers that Defendants

19  submitted in support of their joinder motion.  No facts have changed since Defendants filed the joinder

20  motion, either with regard to the Pension Plan's ownership interest in the W. 60th Street property or

21  with regard to the court's ruling on the joinder motion.  Plaintiff has not offered any evidence to suggest

22  that the facts have changed.  The Elster declaration merely reiterates that LEI, along with the others,

23  holds an ownership interest in the W. 60th Street property.  That fact has not changed.

24              The fact that LEI holds an ownership interest in the W. 60th Street property is not

25  disputed.   That fact is established by the Plaintiff's judicial admissions in the FAC.  *See, e.g.*, "how

26  the Pension Plan obtained its interest in the 2001 W. 60th Street Property. . . ," (Opp'n 3:6); the property

27  ownership interest of "the Pension Plan has been withdrawn from the case," (Opp'n 3:9); "the Pension

28  Plan's interest in the property is somehow implicated. . . ," (Opp'n 3:12); "the Court held that the

                                     – 3 –

                                  EXHIBIT A

1  Pension Plan had an interest in the" W. 60th Street property.  (Opp'n 5:2-7).

2          For all the foregoing reasons, Defendants Stuart Elster, Aaron Elster, and Leon Elster,

3  Inc. request that the court strike Plaintiff's First Amended Complaint in its entirety and order Plaintiff

4  to file an amended complaint that adds the Leon Elster, Inc. Defined Benefit Pension Plan as a named

5  defendant in this action.

6

7  Dated:  July 5, 2022                    **Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**
                                           Craig R. Bockman
8                                          Fredrick A. Rafeedie

9

10                                         By:  _____
                                                CRAIG R. BOCKMAN
11                                         Attorneys for Defendants Stuart Elster, Aaron Elster,
                                           Leon Elster, Inc., 8615 Long Beach Blvd., LLC, 7607 St.
12                                         Bernard, LLC, 1132 West Edgeware, LLC, and 2001
                                           West 60th Street, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 4 –

DEFENDANTS' REPLY ISO MOTION TO STRIKE FIRST AMENDED COMPLAINT

EXHIBIT A

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

On July 5, 2022, I served the foregoing document(s) described as:  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

    ☐ by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

    ☐ by placing a true copy thereof in sealed envelope(s) addressed as follows:

☐ BY FAX:   by transmitting a true and correct copy of the above-referenced document(s) at _____ AM/PM to the persons listed on the attached "SERVICE MAILING LIST" at the facsimile numbers reflected on the "SERVICE MAILING LIST."  The phone number for the sending facsimile machine is (213) 689-1004.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☒ BY ELECTRONIC MAIL:  I caused such document(s) to be delivered by electronic mail to the e-mail addressee(s) as indicated below.

    David Glaubiger, Esq.        *d.chats@hotmail.com*

☐ BY OVERNIGHT MAIL:   I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

    ☐ the person(s) listed on the attached "SERVICE MAILING LIST."

    ☐ the following persons:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on July 5, 2022, at Los Angeles, California.

*[signature]*
CRAIG R. BOCKMAN

- 1 -

PROOF OF SERVICE

EXHIBIT A

1

### SERVICE MAILING LIST
*Leon Elster, et al., v. Stuart Elster, et al.*
*L.A.S.C. Case No. 21STCV25835*

2

3

David Glaubiger, Esq.

4

Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112

5

Chatsworth, CA 91311
Tel:  (818) 725-9711

6

*Attorney for Plaintiff Leon Elster*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE

EXHIBIT A

7/12/22, 9:41 AM                                    Tentative Rulings - Online Services - LA Court

Español   Tiếng Việt   한국어   中文   հայերեն

THE SUPERIOR COURT OF CALIFORNIA
**COUNTY OF LOS ANGELES**

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|----------------|------------------------|-----------|-----------|------|--------------|
|      | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

## Tentative Rulings

### DEPARTMENT 71 LAW AND MOTION RULINGS

Department 71: Attorneys who elect to submit on these published tentative rulings, without making an appearance at the hearing, may so notify the Court by communicating this to the Department's staff at (213) 830-0771 before the set hearing time.  See, e.g., CRC Rule 324(b).   All parties are otherwise encouraged to appear by Court Call for all matters.

**Case Number:** 21STCV25835    **Hearing Date:** July 12, 2022    **Dept:** 71

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

DEPARTMENT 71

TENTATIVE RULING

LEON ELSTER,                           Case No.:  21STCV25835

         vs.

EXHIBIT A

1132 WEST EDGEWARE, LLC., et al. | Hearing Date:  July 12, 2022

**Defendants' motion to strike Plaintiff's first amended complaint is granted with leave to amend to name Leon Elster, Inc. Defined Benefit Pension Plan as a defendant, within 10 days.**

Defendants Stuart Elster ("Stuart"), Aaron Elster ("Aaron"), and Leon Elster, Inc. ("LEI") ("Defendants") move for an order striking the first amended complaint ("FAC") of Plaintiff Leon Elster on behalf of himself and other shareholders of Leon Inc. ("Plaintiff") in its entirety based on Plaintiff's failure to comply with the Court's January 7, 2022 ruling compelling Plaintiff to add indispensable party Leon Elster, Inc. Defined Benefit Pension Plan ("Pension Plan") as a defendant within 10 days.

Defendants' 2/8/22 request for judicial notice of its January 7, 2022 ruling ("January Ruling") is denied, as there is no need to take judicial notice since the Court can review the records of the case at hand. (RJN, Exh. 1.)

Plaintiff's 6/16/22 evidentiary objection to the Declaration of Stuart are sustained.

*Background*

On July 13, 2021, Plaintiff filed his initial complaint against Defendants for causes of action including breach of fiduciary duty, unjust enrichment, conversion, and quiet title. Plaintiff alleged that Defendants utilized their roles as agents at LEI to improperly obtain property for themselves at the expense of Plaintiff and other LEI shareholders.

On January 7, 2022, the Court granted Defendants' motion to compel joinder of the Pension Plan as an indispensable party pursuant to C.C.P. §389 and ordered Plaintiff to name Pension Plan as a defendant within ten (10) days.  On January 19, 2022, Plaintiff filed his FAC, in which the Pension Plan *is not* named as a defendant, and withdraws all claims related to the PHRL stock (in which Pension Plan has an ownership interest) and clarified Plaintiff's challenge to the W. 60th Street property ("Property") to only contend the 20% interest which Plaintiff himself owns.

On February 7, 2022, the Court denied Plaintiff's *ex parte* application to amend the Court's January Ruling on the grounds the amended FAC removed from controversy any stake the Pension Plan had in the case, such that the Pension Plan was no longer an indispensable party. On July 12, 2022, Defendants filed the instant motion.

EXHIBIT A

7/12/22, 9:41 AM                                    Tentative Rulings - Online Services - LA Court

*Motion to Strike Whole or Part of Complaint*

The Court may, upon a motion made pursuant to § 435, or at any time in its discretion, and upon terms it deems proper, strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court. (C.C.P. §436(b).) This provision is for "the striking of a pleading due to improprieties in its *form* or in the *procedures* pursuant to which it was filed," and "is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court." (*Ferraro v. Camarlinghi* (2008) 161 Cal. App. 4th 509, 528 (emphasis in original).)  Additionally, "when the defect which justifies striking a complaint is capable of cure, the court should allow leave to amend." (*Vaccaro v. Kaiman* (1998) 63 Cal. App. 4th 761, 768.)

Defendants argue that the FAC does not comply with the court's January Ruling and fails to allege facts that warrant removal of the Pension Plan's stake in the case failed because (1) the FAC's inclusion of the W. 60th Street property makes the Pension Plan's ownership in that property the subject of the Plaintiff's causes of action, thereby making the Pension Plan a necessary party; and (2) the Court has already rejected the same contentions that Plaintiff alleges in the FAC, that by alleging that only the specific 20% interest of the Property that is owned by LEI is at issue in the case, the partial ownership interest held by the Pension Plan is not at issue. (Motion, pgs. 4-5.)

In opposition, Plaintiff argues the FAC should not be struck for the following reasons: (1) the FAC dropped all claims implicating the Pension Plan; (2) the motion relies on inadmissible evidence; and (3) Defendants failed to meet and confer prior to filing the motion.

Defendants are entitled to an order striking the FAC with leave to amend. The Court ordered Plaintiffs to name the Pension Plan as a defendant; Plaintiff has failed to do so in his FAC. Additionally, the Pension Plan remains a necessary party to this action due to its property ownership.  Even Plaintiff only *personally* claims 20% of the Property, the action is not limited to that ownership share and as such, disposition of this action in the absence of Pension Plan may impair or impede its ability to protect its ownership interest in that Property. The FAC does not comply with the Court's January Ruling in failing to name the Pension Plan as a defendant and it does not cure the issues, since it does not remove the Pension Plan's ownership interest from contention in this case.

The grounds for a motion to strike shall appear on the face of the challenged pleading or from any matter of which the court is required to take judicial notice. (C.C.P. §437.) Plaintiff argues that the Declaration of Stuart includes testimony on extraneous subject matter which should not be admitted or considered by the Court in ruling on the motion. (Opposition, pg. 3.) The allegations of the FAC together with the Court's January Ruling support striking the FAC. Therefore, these evidentiary objections do not defeat defendants' Motion to Strike.

EXHIBIT A

Before filing a motion to strike, the moving party shall meet and confer with the party who filed the pleading, and identify all of the specific allegations that it believes are subject to being stricken and identify with legal support the basis of the deficiencies. (C.C.P. §435.5.) A determination by the court that the meet and confer process was insufficient shall not be grounds to grant or deny the motion to strike. Here, the email correspondence between the parties indicates adequate conference, in which Defendants identified the two primary grounds on which they sought to challenge the FAC and attempted in good faith to confer fully by telephone with the opposition to attempt to resolve the dispute.

In addition to moving to strike the FAC in its entirety, Defendants request the Court to order Plaintiff to file a second amended complaint that adds the Pension Plan as a named defendant. (Motion, pg. 7.)  In opposition, Plaintiff requests that if the Court is inclined to grant the motion, he be given leave to add the Pension Plan as a named defendant. (Opposition, pg. 3.) "Where the defect raised by a motion to strike . . . is reasonably capable of cure, leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question." (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal. App. 4th 1141, 1146.). Here, the defect can be reasonably cured by Plaintiff adding the Pension Plan to the amended complaint as a named defendant.

Based on the foregoing, Defendants' motion to strike Plaintiff's First Amended Complaint is granted with leave to amend to add the Pension Plan as a named defendant, within 10 days.

Dated:  July _____, 2022

_____

Hon. Monica Bachner

Judge of the Superior Court

Privacy Statement    |    Disclaimer    |    Employment    |    ADA    |    Holidays    |    Comment on our Website             Copyright © 2022 Superior Court of California, County of Los Angeles

EXHIBIT A

1  David Glaubiger, Esq. SBN 176019
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire Street, Suite 112
   Chatsworth, CA 91311
3  Tel: (818) 725-9711
   Fax: (818) 725-9712
4
5  Attorneys for plaintiff and Cross-Defendant Leon Elster
6
7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8              **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**
9
10 LEON ELSTER, an individual, on behalf of      ) LASC Case No.  21STCV25835
   himself and of all other shareholders of the  )
11 LEON ELSTER, INC., a California               )
   Corporation,                                  )
12                                               ) NOTICE OF NEW HEARING DATE ON
13              Plaintiff,                        ) MOTION TO BE RELIEVED AS COUNSEL
                                                 )
14 vs.                                           ) **OLD DATE**
                                                 )
15 STUART ELSTER, an individual; AARON           ) Date: January 9, 2023
   ELSTER, an individual; LEON ELSTER,           ) Time: 9:30 am
16 INC., a California corporation; 8615 LONG      ) Dept: 71
   BEACH BLVD, LLC, a California limited          )
17 liability company; 7607 ST. BERNARD, LLC,)
   a California limited liability company; 1132   ) **NEW DATE**
18 WEST EDGEWARE, LLC, a California              )
   limited liability company; 2001 WEST 60TH     ) Date: October 4, 2022
19 ST, LLC, a California limited liability        ) Time: 9:30 am
   company; ADMINISTRATOR FOR LEON               ) Dept: 71
20 ELSTER, INC. DEFINED BENEFIT                   )
   PENSION PLAN; and ALL PERSONS                  )
21 UNKNOWN,  CLAIMING ANY LEGAL OR               ) **Reservation Id: 120045115635**
   EQUITABLE RIGHT, TITLE, ESTATE,               )
22 LIEN, OR INTEREST IN THE PROPERTY              )
   DESCRIBED IN THE COMPLAINT                     )
23 ADVERSE TO LEON ELSTER, INC'S                  )
   TITLE, OR ANY CLOUD ON LEON                    )
24 ELSTER, INC'S TITLE THERETO; and              )
   DOES 1-100.                                    )
25              Defendants.                       )
26                                               )
27
28

-1-

NOTICE OF <u>NEW</u> HEARING DATE re MOTION TO BE RELIEVED AS COUNSEL

EXHIBIT A

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT on June 6, 2022, David Glaubiger, Esq. filed

3  Application to be relieved as counsel for plaintiff and cross-defendant Leon Elster (the

4  "Application"). The court originally scheduled hearing on the Application for January 9, 2023, at

5  9:30 am in Department 71 of the above-entitled court. (see attached Exhibit A).

6      On July 12, 2022, the court advanced the hearing date on the Application from January 9,

7  2023 to October 4, 2022, at 9:30 am, Department 71, of the above-entitled court.

8      Additionally, the Court continued hearing on post mediation status conference to October

9  4, 2022, at 9:30 am, Department 71 of the above-entitled court.

10 Dated: August 4, 2022                    LAW OFFICES OF DAVID GLAUBIGER

11

12

13                                          By
                                            David Glaubiger, Esq., Attorney for Plaintiff and Cross-
14                                          defendant Leon Elster

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF NEW HEARING DATE re MOTION TO BE RELIEVED AS COUNSEL

EXHIBIT A

# EXHIBIT "A"

MC–051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Glaubiger, Esq. (176019)<br>LAW OFFICES OF DAVID GLAUBIGER<br>21000 Devonshire Street, Ste 112<br>Chatsworth, CA 91311 | |

TELEPHONE NO.: 818.725.9711    FAX NO.: 818.725.9712
ATTORNEY FOR *(Name)*: Plaintiff & Cross-Def Leon Elster

NAME OF COURT: Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: LA CA 90012
BRANCH NAME: Central District

| CASE NAME: Leon Elster v. Stuart Elster et al | |
|---|---|

| **NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS<br>COUNSEL—CIVIL** | CASE NUMBER:<br>21STCV25835 |
|---|---|
| | HEARING DATE: 1-9-23 |
| | DEPT.: 71    TIME: 930 am |
| | BEFORE HON.: Monica Bachner |
| | DATE ACTION FILED: 7-14-21 |
| | TRIAL DATE: 12-5-22 |

Reservation Id:120045115635

TO *(name and address of client)*: Plaintiff and Cross-Defendant Leon Elster, 10740 Hulme Ave,
Lynwood, CA 90262; 3387 Moore Street, LA CA 90066

1. **PLEASE TAKE NOTICE** that *(name of withdrawing attorney)*: David Glaubiger, Esq
   moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting
   the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

   | a.   Date: 1-9-23 | Time: 930 am | Dept.: 71 | Room: |
   |---|---|---|---|

   b.   The address of the court:   [X] same as noted above       [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and
   the following additional documents or evidence *(specify)*:   See Attached Memorandum of Points and
   Authorities

   *(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
   a. [X] an individual.                          g. [ ] a trustee.
   b. [ ] a corporation.                          h. [ ] a personal representative.
   c. [ ] a partnership.                          i. [ ] a probate fiduciary.
   d. [ ] an unincorporated association.          j. [ ] a guardian ad litem.
   e. [ ] a guardian.                             k. [ ] other *(specify)*:
   f. [ ] a conservator.

*(Continued on reverse)*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-051 [Rev. January 1, 2007] | **NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS COUNSEL—CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 284;<br>Cal. Rules of Court, rule 3.1362 |
|---|---|---|---|

EXHIBIT A

| CASE NAME: Leon Elster v. Stuart Elster et al | MC–051 |
|---|---|
| | CASE NUMBER: 21STCV25835 |

**NOTICE TO CLIENT**

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

If you are one of these parties, **YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION.** Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

6. If this motion is granted, the client must keep the court informed of the client's current address.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

Date: 6-4-22

David Glaubiger, Esq
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF ATTORNEY)

Attorney for *(name)*: Plaintiff & Cross-Def Leon Elster

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

EXHIBIT A

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff and cross-defendant Leon Elster ("plaintiff") retained the Law Offices of David Glaubiger to represent his interests in the case of *Leon Elster v. Leon Elster, Inc. et al*, LASC Case No. 21STCV25835. Thereafter, a breakdown developed in the relationship.

Trial is set for December 5, 2022 - 6 months from now.

There has been an irreparable breakdown in communication between Mr. Glaubiger and plaintiff. He is no longer able to effectively represent the plaintiff and prepare the case for trial.

There exists between Mr. Glaubiger and plaintiff an inherent disagreement regarding the course and scope of the litigation.  Additionally, Mr. Glaubiger has had great difficulty contacting plaintiff. As such, his ability to prepare the case for trial had been substantially impaired. For these reasons, Mr. Glaubiger does not believe that he can continue to effectively represent plaintiff.

Plaintiff's contact information is as follows: 3387 Moore Street LA CA 90066, 10740 Hulme Ave, Lynwood, CA  90262 , Tel: 562-674-5554, Tel: 310-636-1663; email: leonelster95@gmail.com

On 5-2-22, Mr. Glaubiger informed plaintiff of the disputes that have arisen in the relationship. He provided plaintiff a substitution of attorney form and requested that he sign and return the form. As of this date, plaintiff has not provided a signed substitution of attorney form.

## II.   IT IS THE COURT'S DISCRETION TO PERMIT AN ATTORNEY TO WITHDRAW FROM AN ACTION PRIOR TO JUDGMENT OR FINAL DETERMINATION.

California Code of Civil Procedure Section 284, states in pertinent part herein:

> The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other.

See also *People v. McCraken* (1952) 39 Cal.2d 336, 350, 246 P.2d 913, 921.

## III.   IT IS GENERALLY RECOGNIZED THAT THE FAILURE OR REFUSAL OF A CLIENT TO PAY OR SECURE THE PROPER FEES OR EXPENSES OF THE

-1-

Points and Authorities re Withdrawal

EXHIBIT A

**ATTORNEY AFTER BEING REASONABLY REQUESTED TO DO SO WILL FURNISH GROUNDS FOR THE ATTORNEY TO WITHDRAW FROM THE CASE.**

*People v. Prince* (1968) 268 Cal.App.2d 298, 403-404, 74 Cal.Rptr. 197. See also ABA Code of Professional Responsibility, DR2-11(c)(1)(f), providing that an attorney may be warranted in withdrawing from employment, after notice to the client, if the client deliberately disregards an agreement or obligation as to fees or expenses.

**IV.     WHERE THERE IS NO SHOWING THAT THE WITHDRAWAL OF AN ATTORNEY ON MOTION WILL PREJUDICE THE PARTY, OR THE SMOOTH COURSE OF ADMINISTRATION OF JUSTICE, THE MOTION OF WITHDRAWAL MADE ON VALID GROUNDS SHOULD BE GRANTED.**

*People v. Prince* (1968) 268 Cal.App.2d 298, 403-404, 74 Cal.Rptr. 197. As the *Prince* court remarked, in virtually every case where the court upheld the trial court's denial of the attorney's motion to withdraw, there was a possible prejudice to those entitled to have the case proceed. The typical source of prejudice in these cases was an untimely motion for the withdrawal made after commencement of trial. Thus, in *Prince*, where the motion was made prior to the setting of a trial date, the court quite readily upheld the trial court's order to withdraw.

In this case, trial is scheduled for December 5, 2022 - approximately 6 months from the date of filing this motion. As such, there is ample time for plaintiff to locate new counsel and prepare this case for trial.

**V.     THE FAILURE TO COOPERATE IS GROUNDS FOR ATTORNEY WITHDRAWAL**

A motion to be relieved as counsel may be the only ethical recourse where there is a lack of cooperation between the attorney and client, such that the relationship between the parties has broken down. *Estate of Falco* (1987) 188 Cal.App.3d 1004, 1019-1020.

In the case at bar, while the moving party is constrained from revealing the exact nature of the breakdown of the attorney-client relationship, it is sufficient to state that the client has

-2-

EXHIBIT A

1 refused to communicate and cooperate with its attorney to a sufficient degree to allow the

2 attorney to effectively prepare the case the trial.

3      In light of the differences between attorney and client as substantiated in the attached

4 declaration, and for want of prejudice or detriment to any party entitled to have this action

5 proceed or to the smooth administration of justice, the law offices of David Glaubiger, attorneys

6 for plaintiff, pray that this motion for withdrawal as attorney of record for plaintiff be granted.

7 **VI.**    **THE NOTICE REQUIREMENTS HAVE BEEN SATISFIED.**

8     California Rule of Court Rule 376(d), states in part:

9         The notice of motion and motion and the declaration shall be served on the client
and on all other parties who have appeared in the case. The notice may be by

10         personal service or mail. If the notice is served on the client by mail under Code

11         of Civil Procedure section 1013, it shall be accompanied by a declaration stating

12         facts showing that either (1) the service address is the current residence or
business address of the client or (2) the service address is the last known residence

13         or business address of the client and the attorney has been unable to locate a more

14         current address after making reasonable efforts to do so within 30 days prior to

15         the filing of the motion to be relieved.

16

17     In this case, plaintiff verified its current addresses to Mr. Glaubiger and he was timely

18 served by mail.

19

20 Dated: June 4, 2022         LAW OFFICES OF DAVID GLAUBIGER

21

22         By

23         David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

24

25

26

27

28

-3-

Points and Authorities re Withdrawal

EXHIBIT A

PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

On June 4, 2022, I served the following documents described as: NOTICE OF MOTION AND MOTION TO BE RELIEVED on the interested parties in this action as follows:

[x] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on June 4, 2022, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____

-1-

PROOF OF SERVICE

EXHIBIT A



1
2

**SERVICE LIST**

3      Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5    Craig R. Bockman, Esq
     JONESBELL LLP                          Leon Elster
6    601 S. Figueroa Street, Ste 3460       3387 Moore Street
     Los Angeles, California 90017          LA CA 90066
7    Telephone: (213) 485-1555              10740 Hulme Ave
     Facsimile: (213) 689-1004              Lynwood, CA  90262
8    email: crbockman@jonesbell.com         Tel: 562-674-5554
                                            Tel: 310-636-1663
9    Attorney for ALL DEFENDANTS and        email: leonelster95@gmail.com
     CROSS-COMPLAINANTS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

EXHIBIT A



*Make a Reservation | Journal Technologies Court Portal

**Journal Technologies Court Portal**

https://portal-lasc.journaltech.com/public-portal/?q=calendar/reserve

# Make a Reservation

**LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.**

Case Number: 21STCV25835   Case Type: Civil Unlimited   Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Date Filed: 2021-07-14   Location: Stanley Mosk Courthouse - Department 71

## Reservation

Case Name:
LEON ELSTER vs 1132 WEST EDGEWARE, LLC, et al.

Type:
Motion to Be Relieved as Counsel

Filing Party:
Leon Elster (Plaintiff)

Date/Time:
01/09/2023 9:30 AM

Reservation ID:
120045115635

Case Number:
21STCV25835

Status:
RESERVED

Location:
Stanley Mosk Courthouse - Department 71

Number of Motions:
1

Confirmation Code:
CR-7E95SP7CGTAUTWMMQ

## Fees

| Description | Fee | Qty | Amount |
| --- | --- | --- | --- |
| Motion to Be Relieved as Counsel | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | $61.65 |

## Payment

Amount:
$61.65

Account Number:
XXXX7764

Type:
Visa

Authorization:
025141

🖨 Print Receipt    ➕ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

| of 1



EXHIBIT A

MC-052

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
David Glaubiger, Esq.
LAW OFFICES OF DAVID GLAUBIGER
21000 Devonshire Street, Ste 112
Chatsworth, CA 91311

TELEPHONE NO.: 818.725.9711    FAX NO.: 818.725.9712
ATTORNEY FOR *(Name)*: Plaintiff and Cross-Defendant Leon Elster

NAME OF COURT: LOS ANGELES SUPERIOR COURT
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: LA CA 90012
BRANCH NAME: Central District

FOR COURT USE ONLY

CASE NAME: Leon Elster v. Stuart Elster et al

| | |
|---|---|
| **DECLARATION IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CASE NUMBER: 21STCV25835 |

HEARING DATE: 1-9-23
DEPT.: 71    TIME: 930 am
BEFORE HON.: Monica Bachner
DATE ACTION FILED: 7-14-21
TRIAL DATE: 12-5-22

1. **Attorney and Represented Party.** Attorney *(name)*: David Glaubiger, Esq.
   is presently counsel of record for *(name of party)*: Plaintiff and Cross-Defendant Leon Elster
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1) for the following reasons *(describe)*: See Attached Declaration of David Glaubiger, Esq.

☐ Continued on Attachment 2.

3. **Service**
   a. Attorney has
      (1) ☐ personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service will be filed with the court at least 5 days before the hearing.
      (2) ☒ served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) ☒ confirmed within the past 30 days that the address is current
         (a) ☐ by mail, return receipt requested.
         (b) ☒ by telephone.
         (c) ☒ by conversation.
         (d) ☒ by other means *(specify)*: Attorney sent other mail to Lynwood address and confirmed via telephone that the mail had been received by client.

*(Continued on reverse)*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-052 [Rev. January 1, 2007] | **DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | Page 1 of 2<br>Code of Civil Procedure, § 284;<br>Cal. Rules of Court, rule 3.1362 |

Legal Solutions Plus

EXHIBIT A

MC-052

| CASE NAME: Leon Elster v. Stuart Elster et al | CASE NUMBER:<br>21STCV25835 |
|---|---|

3.  b.  (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

  (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.
  (b) ☐ calling the client's last known telephone number or numbers.
  (c) ☐ contacting persons familiar with the client *(specify):*

  (d) ☐ conducting a search *(describe):*

  (e) ☐ other *(specify):*

  c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record *(explain):*

4. The next hearing scheduled in this action or proceeding
  a. ☐ is not yet set.
  b. ☒ is set as follows *(specify the date, time, and place):*  7-12-22, 930 am, Dept 71, above entitled court
  c. ☒ concerns *(describe the subject matter of the hearing):*  Motion to Strike Complaint

  ☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case *(for each, describe the date, time, place, and subject matter):*
  1. 7-20-22, 830 am, Dept 71 - Post Mediation Status Conference
  2. 11-18-22, 10:00 am, Dept 71, Final Status Conference
  3. 12-5-22, 10:00 am, Dept 71, Trial

  ☐ Continued on Attachment 5.

6. Trial in this action or proceeding
  a. ☐ is not yet set.
  b. ☒ is set as follows *(specify the date, time, and place):*  12-5-22, 10:00 am, Dept 71, Trial

7. **Other.** Other matters that the court should consider in determining whether to grant this motion are the following *(explain):*
  Attorney has been unable to communicate with client and contact client.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 6-4-22

_____
David Glaubiger, Esq
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

8. Number of pages attached: _____

MC-052 [Rev. January 1, 2007]                    **DECLARATION IN SUPPORT OF ATTORNEY'S**                    Page 2 of 2
                                                  **MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

EXHIBIT A

**DECLARATION OF DAVID GLAUBIGER**

I, David Glaubiger, declare as follows:

1.      I have personal knowledge of the following facts, and if called and sworn as a witness, I could and would competently testify thereto.

2.      I am an attorney duly licensed to practice law before all Courts in the State of California, and I am attorney of record for plaintiff and cross-defendant Leon Elster ("plaintiff").

3.      At this time, I feel there has been an irreparable breakdown in communication between myself and plaintiff. I am no longer able to effectively represent the plaintiff and prepare the case for trial. As a result thereof and for the good of the plaintiff, I request that the court grant the instant motion.

4.      There exists between myself and plaintiff an inherent disagreement regarding the course and scope of the litigation. In the event the court requires further information on these issues, I am and will be prepared to provide the court with such information at the time of hearing. Additionally, I have had great difficulty contacting plaintiff. As such, my ability to prepare the case for trial had been substantially impaired.

5.      For these reasons, I do not believe that I can continue to effectively represent the plaintiff. Thus, I request the Court relieve me as plaintiff's attorney of record.

6.      Plaintiff provided to me the following contact information for plaintiff: 3387 Moore Street LA CA 90066, 10740 Hulme Ave, Lynwood, CA  90262 , Tel: 562-674-5554, Tel: 310-636-1663; email: leonelster95@gmail.com

7.      On 5-2-22, I informed plaintiff of the disputes that have arisen in the relationship. I provided plaintiff a substitution of attorney form and requested that he sign and return the form to my offices. As of this date, I have not received a signed substitution of attorney form from plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge. Executed this 4th day of June 2022, at Chatsworth, California.

David Glaubiger, Esq., declarant

-1-

Declaration of David Glaubiger

EXHIBIT A

PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

On June 4, 2022, I served the following documents described as: DECLARATION RE MOTION TO BE RELIEVED on the interested parties in this action as follows:

[x] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on June 4, 2022, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ DAVID GLAUBIGER_____

-1-

PROOF OF SERVICE

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SERVICE LIST

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| | |
|---|---|
| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for ALL DEFENDANTS and<br>CROSS-COMPLAINANTS | Leon Elster<br>3387 Moore Street<br>LA CA 90066<br>10740 Hulme Ave<br>Lynwood, CA  90262<br>Tel: 562-674-5554<br>Tel: 310-636-1663<br>email: leonelster95@gmail.com |

-2-

PROOF OF SERVICE

EXHIBIT A

1

2
PROOF OF SERVICE
[CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4
I am employed in the County of Los Angeles, State of California. I am over the age of

5
18 and not a party to the within action; my business address is 21000 Devonshire Street, Suite 112, Chatsworth, CA 91311.

6

7
On August 4, 2022, I served the following documents described as: NOTICE OF NEW HEARING DATE on the interested parties in this action as follows:

8

9
[x] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's

10
practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on

11
motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13
[] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied

14
with Rule 2003(3) and the transmission was reported as complete and without error. I caused

15
the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

16

17
[] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package provided by Federal Express and addressed to counsel listed on the attached service list. I

18
placed the envelope or package for collection and delivery on the next business day at an office or a regularly utilized drop box of Federal Express or delivered such document(s)

19
to a courier or driver authorized by Federal Express to receive documents.

20

21
[X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be sent to the persons at the email addresses on the attached service list. I did not receive, within

22
a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

23

24
Executed on August 4, 2022, at Los Angeles, California. I declare under penalty of

25
perjury under the laws of the State of California that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was

26
made.

27
_____ DAVID GLAUBIGER_____

28

-3-

NOTICE OF <u>NEW</u> HEARING DATE re MOTION TO BE RELIEVED AS COUNSEL

EXHIBIT A

1

2                            **SERVICE LIST**

3        Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

4

5    Craig R. Bockman, Esq                    Leon Elster
     JONESBELL LLP                            3387 Moore Street
6    601 S. Figueroa Street, Ste 3460         LA CA 90066
     Los Angeles, California 90017
7    Telephone: (213) 485-1555
     Facsimile: (213) 689-1004                Leon Elster
8    email: crbockman@jonesbell.com           10740 Hulme Ave
                                              Lynwood, CA  90262
9    Attorney for ALL DEFENDANTS and
     CROSS-COMPLAINANTS
10                                            Tel: 562-674-5554
                                              Tel: 310-636-1663
11                                            email: leonelster95@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      -4-

     NOTICE OF <u>NEW</u> HEARING DATE re MOTION TO BE RELIEVED AS COUNSEL


                                  EXHIBIT A

SUMMONS Second Amended Complaint
(CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** STUART ELSTER, an individual; AARON ELSTER, an individual;
**(AVISO AL DEMANDADO):** LEON ELSTER, INC., a California corporation; 8615 LONG
BEACH BLVD, LLC, a California limited liability company; 7607 ST. BERNARD, LLC, a California
limited liability company; 1132 WEST EDGEWARE, LLC, a California limited liability company; 2001
WEST 60TH ST, LLC, a California limited liability company; ADMINISTRATOR FOR LEON ELSTER,
INC. DEFINED BENEFIT PENSION PLAN; and ALL PERSONS UNKNOWN, CLAIMING ANY
LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT ADVERSE TO LEON ELSTER, INC'S TITLE, OR ANY CLOUD ON
LEON ELSTER, INC'S TITLE THERETO; and DOES 1-100.
**YOU ARE BEING SUED BY PLAINTIFF:** Leon Elster , , an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual, on
behalf of himself and of all other shareholders of
the LEON ELSTER, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es:)
LOS ANGELES SUPERIOR COURT
111 N. Hill Street
111 N. Hill Street
LA CA 90012

CASE NUMBER:
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David Glaubiger, Esq. (176019)          818.725.9711    818.725.9712
LAW OFFICES OF DAVID GLAUBIGER, 21000 Devonshire Street, Ste 112,
Chatsworth, CA 91311

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
Second Amended Complaint

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

EXHIBIT B

1  David Glaubiger, Esq. SBN 176019
   LAW OFFICES OF DAVID GLAUBIGER
2  21000 Devonshire Street, Suite 112
   Chatsworth, CA 91311
3  Tel: (818) 725-9711
   Fax: (818) 725-9712
4
   Attorneys for plaintiff and Cross-Defendant Leon Elster
5

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  LEON ELSTER, an individual, on behalf of      ) LASC Case No.  21STCV25835
    himself and of all other shareholders of the  )
11  LEON ELSTER, INC., a California               ) [Unlimited Jurisdiction Matter]
    Corporation,                                  )
12                                                ) VERIFIED SECOND AMENDED
                                                  ) COMPLAINT FOR INJUNCTIVE RELIEF
13                 Plaintiff,                      ) AND DAMAGES:
                                                  )
14  vs.                                           ) 1. BREACH OF FIDUCIARY DUTY
                                                  ) 2. BREACH OF FIDUCIARY DUTY
15  STUART ELSTER, an individual; AARON          ) 3. APPOINTMENT OF RECEIVER
    ELSTER, an individual; LEON ELSTER,          ) 4. ACCOUNTING
16  INC., a California corporation; 8615 LONG     ) 5. UNJUST ENRICHMENT
    BEACH BLVD, LLC, a California limited         ) 6. CANCELLATION OF INSTRUMENT
17  liability company; 7607 ST. BERNARD, LLC,     ) 7. INSPECTION OF BOOKS AND
    a California limited liability company; 1132  ) RECORDS
18  WEST EDGEWARE, LLC, a California              ) 8. WASTE OF CORPORATE ASSETS;
    limited liability company; 2001 WEST 60TH     ) 9. QUIET TITLE
19  ST, LLC, a California limited liability        ) 10. CONVERSION
    company; ADMINISTRATOR FOR LEON               ) 11. VIOLATION OF PENAL CODE §496
20  ELSTER, INC. DEFINED BENEFIT                  ) 12. CLAIM AND DELIVERY
    PENSION PLAN; and ALL PERSONS                 )
21  UNKNOWN,  CLAIMING ANY LEGAL OR               )
    EQUITABLE RIGHT, TITLE, ESTATE,               )
22  LIEN, OR INTEREST IN THE PROPERTY             )
    DESCRIBED IN THE COMPLAINT                    )
23  ADVERSE TO LEON ELSTER, INC'S                 )
    TITLE, OR ANY CLOUD ON LEON                   )
24  ELSTER, INC'S TITLE THERETO; and             )
    DOES 1-100.                                   )
25                 Defendants.                     )
                                                  )
26

27

28

---

-1-

Verified Second Amended Complaint

EXHIBIT B

Plaintiff LEON ELSTER on behalf of himself and of all other shareholders of the LEON ELSTER, INC., complains and alleges as follows:

## PARTIES

1.     Plaintiff Leon Elster ("plaintiff") is a resident of the County of Los Angeles, California. Plaintiff is informed and believes that he holds 1.35% of the outstanding shares of Leon Elster, Inc. and is a minority shareholder.

2.     Defendant Leon Elster, Inc. (the Corporation), sued herein as a nominal defendant, is a corporation duly organized and existing under the laws of the State of California, and is engaged in the business of real estate and property management with its principal executive office located in the County of Los Angeles, California. Plaintiff is informed and believes the Corporation has issued 300,000 outstanding shares of common stock that is distributed among its shareholders.

3.     Defendant Stuart Elster (Stuart) is a resident of Los Angeles County, California. According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020, Stuart is Chief Executive Officer and Director of Leon Elster, Inc. On information and belief, plaintiff alleges Stuart, as an individual, holds 11.49% of outstanding shares of Leon Elster, Inc.

4.     Defendant Aaron Elster (Aaron) is a resident of Los Angeles County, California. According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020, Aaron is Secretary, Chief Financial Officer, Agent for Service of Process and Director of Leon Elster, Inc. Aaron is also successor trustee of the Leon Elster Family Trust (the "Trust"). On information and belief, plaintiff alleges the Trust holds 52% of the outstanding shares of Leon Elster, Inc. In addition, on information and belief, plaintiff alleges Aaron holds 2.03% of outstanding shares of Leon Elster, Inc. Thus, Aaron is the majority and controlling shareholder.

5.     According to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed December 22, 2020, there has been no change to Statement of Domestic Stock Corporation of Leon Elster, Inc. filed March 13, 2020.

-2-

Verified Second Amended Complaint

EXHIBIT B

6.     Plaintiff is informed and believes Leon Elster, Inc. has three directors: (1) Stuart, (2) Aaron and (3) Fern Elyse Tobin.

7.     Plaintiff is informed and believes and thereon alleges that Defendants Stuart, Aaron and Leon Elster, Inc. are, and at all times herein mentioned were, the alter egos of each other and that there exists, and at all times here mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and Aaron used assets of Leon Elster, Inc. for their personal uses and caused assets of Leon Elster, Inc. to be transferred between each other without adequate consideration, and withdrew funds from the bank accounts of Leon Elster, Inc. for the indiscriminate use by Stuart and/or Aaron for their personal use. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate existence of Defendants Stuart, Aaron and Leon Elster, Inc. should be disregarded as such adherence would permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8.     Defendant 8615 Long Beach Blvd, LLC ("LBB") is a limited liability company existing under the laws of the State of California with its principal place of business in Los Angeles County. According to state records, Stuart organized and created LBB in July 2020 and is the managing member. Plaintiff has never received an interest of any kind in LBB.

9.     Plaintiff is informed and believes and on said information and belief alleges that Defendants Stuart and LBB are, and at all times herein mentioned were, the alter egos of each other and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness has ceased to exist in that Defendants Stuart and LBB caused assets to be transferred between each other and to themselves without adequate consideration.  Plaintiff is further informed and believes and on said information and belief alleges that there exists, and at all times herein mentioned existed, a unity of interest and ownership between these defendants such that any individuality and separateness between said Defendants has ceased, and Stuart and LBB are the alter egos of each other. Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate

-3-

Verified Second Amended Complaint

EXHIBIT B

1    existence of Stuart and LBB should be disregarded as such adherence would permit an abuse of

2    the corporate privileges and would sanction fraud and promote injustice.

3         10.    Defendant 7607 St. Bernard, LLC ("SBLLC") is a limited liability company

4    existing under the laws of the State of California with its principal place of business in Los

5    Angeles County. According to state records, Stuart organized and created SBLLC in September

6    2017 and is the managing member. Plaintiff has never received an interest of any kind in

7    SBLLC.

8         11.    Plaintiff is informed and believes and on said information and belief alleges that

9    Defendants Stuart and SBLLC are, and at all times herein mentioned were, the alter egos of each

10   other and there exists, and at all times herein mentioned has existed, a unity of interest and

11   ownership between these Defendants such that any separateness has ceased to exist in that

12   Defendants Stuart and SBLLC caused assets to be transferred between each other and to

13   themselves without adequate consideration.  Plaintiff is further informed and believes and on

14   said information and belief alleges that there exists, and at all times herein mentioned existed, a

15   unity of interest and ownership between these defendants such that any individuality and

16   separateness between said Defendants has ceased, and Stuart and SBLLC are the alter egos of

17   each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

18   the separate existence of Stuart and SBLLC should be disregarded as such adherence would

19   permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

20        12.    Defendant 1132 West Edgeware, LLC ("WELLC") is a limited liability company

21   existing under the laws of the State of California with its principal place of business in Los

22   Angeles County. According to state records, Stuart organized and created WELLC in July 2020

23   and is the managing member. Plaintiff has never received an interest of any kind in WELLC.

24        13.    Plaintiff is informed and believes and on said information and belief alleges that

25   Defendants Stuart and WELLC are, and at all times herein mentioned were, the alter egos of

26   each other and there exists, and at all times herein mentioned has existed, a unity of interest and

27   ownership between these Defendants such that any separateness has ceased to exist in that

28   Defendants Stuart and WELLC caused assets to be transferred between each other and to

-4-

Verified Second Amended Complaint

1  themselves without adequate consideration.  Plaintiff is further informed and believes and on

2  said information and belief alleges that there exists, and at all times herein mentioned existed, a

3  unity of interest and ownership between these defendants such that any individuality and

4  separateness between said Defendants has ceased, and Stuart and WELLC are the alter egos of

5  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

6  the separate existence of Stuart and WELLC should be disregarded as such adherence would

7  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

8       14.    Defendant 2001 West 60th St, LLC ("2001 West") is a limited liability company

9  existing under the laws of the State of California with its principal place of business in Los

10  Angeles County. According to state records, Stuart organized and created 2001 West in July

11  2020 and is the managing member. Plaintiff has never received an interest of any kind in 2001

12  West.

13       15.    Plaintiff is informed and believes and on said information and belief alleges that

14  Defendants Stuart and 2001 West are, and at all times herein mentioned were, the alter egos of

15  each other and there exists, and at all times herein mentioned has existed, a unity of interest and

16  ownership between these Defendants such that any separateness has ceased to exist in that

17  Defendants Stuart and 2001 West caused assets to be transferred between each other and to

18  themselves without adequate consideration.  Plaintiff is further informed and believes and on

19  said information and belief alleges that there exists, and at all times herein mentioned existed, a

20  unity of interest and ownership between these defendants such that any individuality and

21  separateness between said Defendants has ceased, and Stuart and 2001 West are the alter egos of

22  each other.  Plaintiff is informed and believes and thereon alleges that adherence to the fiction of

23  the separate existence of Stuart and 2001 West should be disregarded as such adherence would

24  permit an abuse of the corporate privileges and would sanction fraud and promote injustice.

25       16.    Plaintiff is informed and believes Defendant Stuart Elster is a fiduciary of

26  defendant LEON ELSTER, INC. DEFINED BENEFIT PENSION PLAN (the "Plan") within the

27  meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), in that he exercises authority or control

28  respecting management or disposition of the Plan's assets, exercises discretionary authority or

-5-

Verified Second Amended Complaint

1   discretionary control respecting management of the Plan, and/or has discretionary authority or

2   discretionary responsibility in the administration of the Plan. Plaintiff is further informed and

3   believes that Defendant Stuart Elster is the Administrator of the Plan within the meaning of

4   ERISA § 3(16)(a)(i), 29 U.S.C. §1002(16)(a)(i). He is a named fiduciary of the Plan by reason of

5   being the Plan Administrator, and is a fiduciary of the Plan within the meaning of ERISA §

6   3(21), 29 U.S.C. § 1002(21), in that he exercises authority or control respecting management or

7   disposition of the Northrop Plan's assets, it exercises discretionary authority or discretionary

8   control respecting management of the Plan, and/or has discretionary authority or discretionary

9   responsibility in the administration of the Plan. The Administrator's address is located in Los

10  Angeles County, California. (The Plan is named in this lawsuit solely based on its alleged

11  ownership interest in the real property commonly known as 2001 West 60th Street, LA, CA

12  90047 and the PHRL Stock.)

13        17.    Defendants DOES 1 through 100, inclusive, are sued herein under fictitious

14  names. Their true names and capacities, whether individual, corporate, associate or otherwise,

15  are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will

16  amend this complaint by inserting their true names and capacities herein. Plaintiff is informed

17  and believes, and thereon alleges, that each Defendant designated as "DOE" is legally

18  responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as

19  herein alleged were proximately caused by those Defendants. Each reference in this complaint to

20  a specifically named Defendant refers also to all Defendants sued under fictitious names.

21        18.    Plaintiff is informed and believes and thereon alleges that at all times herein

22  mentioned, all Defendants were the agents, employees, representatives, and/or servants of each

23  of the other Defendants, and in doing the things hereafter alleged, were acting within the scope

24  and course of their authority as such agents, employees, servants, and/or representatives, and

25  with the permission and consent of each of the other Defendants.

26        19.    Plaintiff is informed and believes and thereon alleges defendants aided and

27  abetted each other in the commission of the torts alleged herein in that: (a) each knew the others'

28  conduct constituted a breach of duty and gave substantial assistance or encouragement to the

-6-

Verified Second Amended Complaint

EXHIBIT B

1   other to so act and/or (b) each gave substantial assistance to the other in accomplishing a tortious

2   result and that his or her own conduct, separately considered, constituted a breach of duty to

3   Plaintiff and Leon Elster, Inc. Further, Plaintiff is informed and believes that defendants did the

4   things herein alleged pursuant to and in furtherance of a conspiracy to perpetrate a fraud against

5   Plaintiff and Leon Elster, Inc., as alleged herein. In furtherance thereof, defendants, and each,

6   cooperated with one another and/or lent aid and encouragement to one another, and/or ratified

7   and adopted the acts of the other persons and/or entities involved in the conspiracy. Defendants,

8   and each, understood that both their purpose and their methods of achieving this purpose were

9   unlawful and would result in injury to Plaintiff and Leon Elster, Inc., and agreed and understood

10  that each would act in concert with the others to achieve this purpose. Plaintiff is informed and

11  believes that defendants, and each of them, received, accepted, enjoyed and have been unjustly

12  enriched by receiving the benefits provided by plaintiff and Leon Elster, Inc. without paying

13  reasonable value therefore.

14       20.      Jurisdiction is premised on the fact that the harms and obligations sued upon

15  herein were incurred and occurred in the County of Los Angeles.

16       21.      Plaintiff, as a shareholder in Leon Elster, Inc., is compelled to bring this action for

17  the benefit of Leon Elster, Inc. in order to protect the rights of shareholders in the corporation.

18  Plaintiff did not make a demand on Leon Elster, Inc.'s board of directors pursuant to California

19  Corporations Code Section 800 because such demand would have been futile.

20       22.      If plaintiff is successful in the action, the recovery will be of substantial benefit to

21  all shareholders of Leon Elster, Inc., and such action is necessary and proper to protect the

22  interests of Leon Elster, Inc. and its shareholders.

23                                **FACTUAL ALLEGATIONS**

24       23.      Plaintiff is informed and believes that Stuart and Aaron caused Leon Elster, Inc.

25  to convey and dilute Leon Elster, Inc.'s interest in the following properties without adequate

26  consideration:

27  ////

28  ////

-7-

Verified Second Amended Complaint

| | **Property Address** | **Date of Transfer** | **Buyer** |
|---|---|---|---|
| 1. | 2001 West 60th St., LA, CA 90047.[1] | 2-2-21 | 2001 West 60th St, LLC |
| 2. | 8615 Long Beach Blvd., South Gate, CA 90280.[2] | 2-5-21 | 8615 Long Beach Blvd, LLC |
| 3. | 7607 St. Bernard St., Playa Del Rey, CA 90293.[3] | 10-21-17 | 7607 St. Bernard, LLC |
| 4. | 1132 West Edgeware St., LA, CA.[4] | 2-5-21 | 1132 West Edgeware, LLC |

24.     Plaintiff is informed and believes that following the above-identified conveyances, defendants Stuart and Aaron caused notification to be provided to each of the tenants leasing portions of the above-identified properties to stop making their lease payments to Leon Elster, Inc and to begin making their lease payments to the respective new 'buyer entity'. Plaintiff is further informed and believes that all such entities were mere conduits for Stuart and Aaron to funnel monies otherwise belonging to Leon Elster, Inc. Plaintiff is further informed and believes that following the above conveyances defendants provided no accountings of rental income derived from any and/or all of the above properties to Leon Elster Inc. and/or any of the shareholders of Leon Elster, Inc.

25.     As evidenced by the grant deeds by which Stuart and Aaron caused Leon Elster, Inc. to convey its interest in the above-identified properties, Leon Elster, Inc. did not receive any consideration in exchange for such properties.

26.     Plaintiff is informed and believes that, unbeknownst to plaintiff, in or about early February 2021, defendants Stuart Elster and Aaron Elster gained access to plaintiff's offices

---

[1] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit A - Grant Deed).
[2] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit B - Grant Deed).
[3] According to the Grant Deed dated October 21, 2017, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit C - Grant Deed).
[4] According to the Grant Deed dated February 5, 2021, no transfer tax was due because the Grantor and the Grantee are the same parties. Revenue & Tax Code §11923(d). (see Exhibit D - Grant Deed).

Verified Second Amended Complaint

EXHIBIT B

located at 9201 Wilshire Blvd., Suite 109, Beverly Hills, CA 90210. At that time, plaintiff is further informed and believes that these defendants removed from these offices personal records and property belonging to plaintiff. Such personal property is, among other things,

      1.   Bakhu Holdings Corp. original share certificates representing 600,000 shares of Bakhu Stock. At the time of the taking, these shares were valued in excess of $1,500,000. (Copies of the certificates are attached hereto as **Exhibit E**).

      2.   Original Promissory Note and Deed of Trust issued to plaintiff by borrower Mr. Eissa, Harcourt property.

      3.   PRHL original share certificates representing 7,000,000 shares. At the time of the taking, these shares were valued in excess of $30,000.

<div align="center">FIRST CAUSE OF ACTION</div>

<div align="center">(Breach of Fiduciary Duty - As against Stuart and Aaron and Does 1 through 10)</div>

27.   Plaintiff hereby incorporates the preceding paragraphs as though set forth in full herein.

28.   Stuart and Aaron owed a fiduciary duty to Leon Elster, Inc. and its shareholders based upon their positions as directors and officers. Additionally, Aaron, as majority shareholder, owed a fiduciary obligation to minority shareholders, e.g. plaintiff.

29.   In doing the things herein alleged, Stuart and Aaron breached their respective duties.

30.   Leon Elster, Inc. has been damaged in an amount to be determined at the time of trial, but in excess of the jurisdictional limit.

31.   At the time Stuart and Aaron engaged in the offending conduct, as referenced herein, Stuart and Aaron were aware that such conduct constituted a disregard of the rights of Leon Elster, Inc. and the rights of its shareholders. Moreover, the offending conduct as referenced herein was done with oppression and fraud. Plaintiff is informed and believes that Stuart and Aaron failed to make full disclosures to Leon Elster, Inc. and directly deprived Leon Elster, Inc. of revenues and/or forced Leon Elster, Inc. to incur unnecessary expenses to the

<div align="center">-9-</div>

<div align="center">Verified Second Amended Complaint</div>

<div align="center">EXHIBIT B</div>

1  benefit of Stuart and Aaron or companies owned or controlled by Stuart and Aaron, e.g.

2  WELLC, SBLLC, etc., and to the detriment of Leon Elster, Inc and its shareholders. Stuart and

3  Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish

4  and deter Stuart and Aaron from undertaking such conduct in the future.

<p style="text-align:center"><u>SECOND CAUSE OF ACTION</u></p>

<p style="text-align:center">(Breach of Fiduciary Duty -- As against Aaron</p>

<p style="text-align:center">and Does 11 through 20)</p>

8       32.    Plaintiff hereby incorporates the preceding paragraphs as though set forth in full

9  herein.

10       33.    Aaron, as majority shareholder, owed a fiduciary duty to plaintiff as minority

11  shareholder.

12       34.    In doing the things herein alleged, Aaron breached this duty and acted to the

13  detriment of plaintiff as minority shareholder.

14       35.    Plaintiff has been damaged in that Aaron caused Leon Elster, Inc. to be severely

15  mismanaged to the point where Leon Elster, Inc.'s assets have been wasted and, as a result,

16  plaintiff's shares have lost value.

17       36.    Plaintiff is informed and believes that Leon Elster, Inc.'s properties (as identified

18  herein) had values in excess of $5,000,000.00. Plaintiff is further informed that Aaron has and is

19  causing the improper diversion of rents otherwise due to Leon Elster, Inc. to himself, a relative

20  of himself, or to a company owned or controlled by Aaron or a relative.

21       37.    In doing the things herein alleged, Aaron damaged plaintiff in an amount to be

22  determined at the time of trial, but in excess of the jurisdictional limit.

23       38.    At the time Aaron engaged in the offending conduct, as referenced herein, Aaron

24  was aware that such conduct constituted a disregard of plaintiff's rights as minority shareholder.

25  Moreover, the offending conduct as referenced herein was done with oppression and fraud.

26  Aaron should, therefore, be required to pay punitive damages in an amount sufficient to punish

27  and deter Aaron from undertaking such conduct in the future.

28  ////

<p style="text-align:center">-10-</p>

<p style="text-align:center">Verified Second Amended Complaint</p>

<u>THIRD CAUSE OF ACTION</u>

(Appointment of Receiver-- As against Stuart, Leon Elster, Inc., Aaron

and Does 21 through 30)

39.     Plaintiff hereby incorporates paragraphs 1 through 37 as though set forth in full herein.

40.     Unless a Receiver is appointed to take over, preserve and manage the business and affairs of Leon Elster, Inc. and to preserve its property during the pendency of this action, Plaintiff will not receive the full benefit of his interest which Plaintiff believes is currently being wasted by the Defendants.

41.     Therefore, it is imperative this Court appoint a receiver to take over, preserve and manage the business and affairs of Leon Elster, Inc. pending resolution of this action.  By reason of the said facts, Plaintiff prays that this Court appoint a receiver in accordance with Code of Civil Procedure Section 564 to take control of and manage Leon Elster, Inc.

42.     For the foregoing reasons, and in the aid of the receiver, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining Defendants, and DOES 1 through 200 inclusive, and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

(a) Interfering, hindering or molesting, in any manner whatsoever, the receiver in the performance of the receiver's duties;

(b) Demanding, collecting, receiving, or in any other way diverting and using any of the profits, income, issues, inventory, opportunity, payments and/or fixtures, emanating from Leon Elster, Inc. or any portion thereof;

(c) Transferring, concealing, destroying, defacing or altering any of the instruments, fixtures, equipment, inventory, documents, ledger cards, books, records, printouts or other writings relating to LEI, or any portion thereof.

////

////

-11-

Verified Second Amended Complaint

EXHIBIT B

<div align="center">FOURTH CAUSE OF ACTION</div>

<div align="center">(Accounting -- As against Stuart, Aaron, Leon Elster, Inc.</div>

<div align="center">and Does 31 through 40)</div>

43.    Plaintiff hereby incorporates paragraphs 1 through 42 as though set forth in full herein.

44.    Defendants are in possession of Leon Elster, Inc.'s corporate books, records, assets and accounts. The amount of Leon Elster, Inc.'s assets and liabilities are unknown to Plaintiff and cannot be ascertained without an accounting.

45.    Plaintiff cannot determine his rights and obligations until such time as an accounting has been performed.  This court can and should order such accounting.

<div align="center">FIFTH CAUSE OF ACTION</div>

<div align="center">(Unjust Enrichment -- As against Stuart, Aaron, Leon Elster, Inc.</div>

<div align="center">and Does 41 through 50)</div>

46.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

47.    Plaintiff is informed and believes defendants benefited from the conveyance of the above-mentioned properties pursuant to their unlawful and improper activities. Plaintiff is informed and believes defendants continue to benefit from monies received for the rental of these properties, or portions thereof.

48.    By furnishing these properties and rents, plaintiff was not acting as a gift giver and defendants unlawfully accepted the benefits of that which plaintiff furnished.

49.    Plaintiff is informed and believes and thereon alleges that defendants have been unjustly enriched. Therefore, it would be inequitable for defendants to be allowed to retain these properties and monies without being ordered to return these monies to plaintiff, together with interest thereon at the legal rate.

<div align="center">SIXTH CAUSE OF ACTION</div>

<div align="center">(Cancellation of Instrument -</div>

<div align="center">Against Defendants and DOES 51 - 60)</div>

50.    Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

<div align="center">-12-</div>

<div align="center">Verified Second Amended Complaint</div>

<div align="center">EXHIBIT B</div>

51.     Plaintiff is informed and believes that each of the aforementioned properties was improperly and without consideration removed from the inventory of Leon Elster, Inc. and must be returned.

52.     The claims of defendants to these properties are without any right or merit. The claims are based upon false, fraudulent or otherwise defective instruments and recordings.

53.     The estate or interest claimed in the properties by defendants (or by anyone else claiming an interest under these defective instruments) is void. These defective instruments are a cloud on Leon Elster, Inc.'s title to these properties in that it they restrict Leon Elster, Inc.'s use, benefit and enjoyment of these properties, and hinder Leon Elster, Inc.'s right to unrestricted alienation of these properties.  If the defective instruments are not delivered and canceled, serious injury will result to Leon Elster, Inc.

<u>SEVENTH CAUSE OF ACTION</u>

(Inspection of Books and Records - Cal. Corp. Code §1601 -

Against Defendants and DOES 61 - 70)

54.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

55.     As a shareholder of the corporation, Plaintiff is entitled to inspect corporate books and records pursuant to Cal. Corps. Code §1601, including, without limitation, those related to: the transactions which led to the conveyance of the aforementioned properties from Leon Elster, Inc. to the various entities, etc.

56.     Defendants have refused to allow Plaintiff or others to inspect and copy corporate records reasonably related to his interests as a shareholder. Accordingly, Plaintiff requests that defendants be ordered to allow Plaintiff to inspect and copy the corporate books and records.

<u>EIGHTH CAUSE OF ACTION</u>

(Waste of Corporate Assets - Against Stuart and Aaron and DOES 71 - 80)

57.     Plaintiff incorporates the preceding paragraphs as though set forth herein in full.

58.     In their capacities as directors of Leon Elster, Inc., Stuart and Aaron have breached their duties to reasonably manage corporate assets and to avoid their waste and have wasted

-13-

Verified Second Amended Complaint

EXHIBIT B

corporate assets by their actions as alleged above. Such conduct constituted fraudulent or dishonest acts or gross abuse of authority or discretion and waste of corporate assets, justifying removal of Stuart and Aaron as directors and justifying their being barred from reelection as directors for at least 10 years.

<div align="center">NINTH CAUSE OF ACTION</div>

<div align="center">(Quiet Title - As Against All Defendants and DOES 81 - 90)</div>

59.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

60.     Plaintiff asserts that Leon Elster, Inc. is the true owners of the real properties referenced above, not defendants.

61.     Plaintiff is informed and believes and on that basis alleges that there may be claimants in the world alleging an interest adverse to that of Leon Elster, Inc. in addition to defendants. Plaintiff is further informed and believes that these unknown claims are without any right and these claimants have no right, title, estate, lien, or interest in the aforementioned real properties.

62.     Plaintiff seeks a determination of Leon Elster, Inc.'s fee simple title in this action.

<div align="center">TENTH CAUSE OF ACTION</div>

<div align="center">(Conversion - As Against All Defendants and DOES 91 - 100)</div>

63.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

64.     Plaintiff is informed and believes and thereon alleges that Defendants possess property which was fraudulently obtained and/or was converted as described herein.

65.     Defendants have intentionally interfered with and converted property which was rightfully owned by Plaintiff by converting it to their personal use.

66.     Defendants' intentional interference and conversion has deprived Plaintiff of possession and use of the property.

67.     As a direct and proximate result of Defendants' wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be proven at the time of trial.

<div align="center">-14-</div>

<div align="center">Verified Second Amended Complaint</div>

<div align="center">EXHIBIT B</div>

<div align="center">ELEVENTH CAUSE OF ACTION</div>

<div align="center">(Violation of Penal Code §496 - As Against All Defendants and DOES 101 - 110)</div>

68.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

69.     Penal Code Section 496(a) provides, in pertinent part, that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year. .. "

70.     By doing the things herein alleged, Defendants, and each of them, have violated California Penal Code Section 496(a). Per Penal Code §496(b)(c) plaintiff seeks a damage award of three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees.

<div align="center">TWELFTH CAUSE OF ACTION</div>

<div align="center">(Claim and Delivery - As Against All Defendants and DOES 111 - 120)</div>

71.     Plaintiff hereby re-alleges and incorporates each and every allegation contained in the preceding paragraphs as though set forth in full herein.

72.     At all times herein mentioned, Plaintiff was, and still is, entitled to the possession of the property described above.

73.     In or around February 2021, Defendants, and each of them, wrongfully and without Plaintiffs consent, absconded with plaintiff's property.  Since that time, Defendants have been, and now are, in wrongful possession of plaintiff's property in violation of plaintiff's right to possession.

74.     During, and as a proximate result of, Defendants' wrongful possession and retention of plaintiff's property, plaintiff has suffered damages according to proof.

75.     In taking, wrongfully possessing, and retaining plaintiff's property, Plaintiff is informed and believes that the conduct of Defendants, and each of them, was willful and was

<div align="center">-15-</div>

<div align="center">Verified Second Amended Complaint</div>

<div align="center">EXHIBIT B</div>

1  intended to cause injury to Plaintiff in that the activities of the Defendants were fraudulent and

2  committed with malice. Plaintiff is therefore entitled to an award of punitive damages pursuant

3  to California Civil Code Section 3294.

4

5  WHEREFORE, Plaintiff prays for judgment against defendants as follows:

6        1.     For judgment quieting Leon Elster, Inc.'s fee simple title to the above-identified

7  properties and that no other persons or entities have any right, title, or interest in any of those

8  properties, or any improvements thereon.

9        2.     For damages for breach of fiduciary duty, subject to proof, but in an amount in

10  excess of $5,000,000.00.

11        3.     Exemplary damages.

12        4.     For prejudgment interest, subject to proof.

13        5.     For the appointment of a receiver to take possession and charge of Leon Elster,

14  Inc., and to conserve and manage Leon Elster, Inc. pending final adjudication of this action.

15  Pursuant thereto, Plaintiff requests Defendants, and each of them, and anyone holding under said

16  Defendants, be ordered to deliver possession of all business and banking records of Leon Elster,

17  Inc. to the receiver forthwith. Plaintiff further requests this court authorize the receiver to do the

18  following:

19            (a) Exclude said Defendants, and each of them, or anyone claiming under

20            or through said Defendants, from the premises of these entities, or any

21            portion thereof;

22            (b) Use, operate, manage, and control Leon Elster, Inc.;

23            (c) Care for, preserve, maintain and keep Leon Elster, Inc. profitable (asset

24            recovery);

25            (d) Incur all expenses necessary for the care, preservation and maintenance of

26            Leon Elster, Inc.;

27            (e) Demand, collect and receive the accounts of Leon Elster, Inc.;

28

<div align="center">-16-</div>

<div align="center">Verified Second Amended Complaint</div>

<div align="center">EXHIBIT B</div>

(f) Bring and prosecute all proper actions for the collection of accounts due to Leon Elster, Inc., and to bring and prosecute all proper actions for the protection of Leon Elster, Inc.;

(g) Employ agents or employees to operate and manage Leon Elster, Inc., if the Receiver shall deem the same necessary, and to pay the reasonable value of said services out of the receipts;

(h) Open up bank accounts as deemed necessary by the receiver in connection with the above--referenced duties;

(i) All other powers and duties referred to in this complaint, together with all other powers reasonably necessary to carry out the Receiver's duties and responsibilities;

(j) To borrow such funds from a lender or any other suitable bank or other financial institution or lender as may be necessary to satisfy the costs and expenses of the receivership, to the extent that the profits derived from Leon Elster, Inc. are insufficient to satisfy such costs and expenses, issue a Receiver's Certificate of Indebtedness evidencing the obligation of the receivership estate (and not the receiver individually) to repay such sums. The principal sum of each such certificate, together with reasonable interest thereon, shall be payable out of the next available funds that constitute profits.

6.      For costs and expenses incurred by the Receiver in the performance of the Receiver's duties, including, without limitation, Receiver's fees and charges, and reasonable attorneys' fees;

7.      For a temporary restraining order and for preliminary and permanent injunctions restraining and enjoining Defendants, and their servants, agents and employees, and others acting in concert with them, and each of them, from engaging in, or performing, directly or indirectly, any or all of the following acts:

(a) Interfering, hindering, or molesting in any manner whatsoever the Receiver in the performance of the Receiver's duties;

-17-

Verified Second Amended Complaint

EXHIBIT B

1         (b) Demanding, collecting, receiving, or in any other way diverting or using any

2         of the profits, income, issues, and/or payments emanating from or received by

3         Leon Elster, Inc.;

4         (c) Transferring, concealing, destroying or defacing all or altering any of the

5         instruments, documents, ledger parts, books, records, printouts, or any other

6         writings relating to Leon Elster, Inc.

7      8.     For an order requiring Defendants to provide Plaintiff with a full and complete

8  accounting of all financial holdings, assets and liabilities of Leon Elster, Inc., and determining

9  amounts due to shareholders, and that such amounts be paid together with interest thereon.

10     9.     For costs of suit incurred herein;

11    10.    For possession and return of the plaintiff's property identified herein; and,

12    11.    For such other and further relief as the court may deem just.

14  Dated: July 18, 2022             LAW OFFICES OF DAVID GLAUBIGER

By

David Glaubiger, Esq., Attorney for Plaintiff Leon Elster

-18-

Verified Second Amended Complaint

EXHIBIT B

<u>VERIFICATION</u>

I am plaintiff in this action. I have read the foregoing Second Amended Complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe those matters to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   July 16, 2022

_____
Leon Elster

-19-

Verified Second Amended Complaint

EXHIBIT B

# EXHIBIT "A"

RECORDING REQUESTED BY:

PROVIDENT TITLE
AND WHEN RECORDED MAIL TO:

2001 West 60th St LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ -0-
CITY DOCUMENTARY TRANSFER TAX: -0-
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **2001 WEST 60th ST, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

An undivided 20% interest in and to Parcel "B" in the City of Los Angeles, as shown on Parcel Map L.A. No. 2131, filed in Book 31, Page 11 of Parcel Maps, in the office of the County Recorder of said County.

Also Known as: 2001 West 60th Street, Los Angeles, CA
AP#: 6001-013-010

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

**February 5, 2021**

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT B

A.P. # 6001-013-010

**Signature Page**

**DATED: February 5, 2021**

LEON ELSTER, INC., a California corporation

by: _~signature~_

Stuart Elster, Authorized Signer

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA
COUNTY OF     Los Angeles
On    February 5, 2021
before me,    Eric Shewfelt
A Notary Public personally appeared
     Stuart Elster

---

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~signature~_

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

EXHIBIT B

**EXHIBIT "B"**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

8615 Long Beach Blvd LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $ 0
CITY DOCUMENTARY TRANSFER TAX: : 0
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,  **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **8615 Long Beach Blvd LLC, a California limited liability company**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:

An undivided 7/8th interest in and to: Lot 155 and the East 40 feet of Lot 156 of Tract No. 3233, in the City of South Gate, County of Los Angeles, State of California, as per map recorded in Book 36, Page 70 of Maps, in the office of the County Recorder of said County.

Also Known as: 8615 Long Beach Blvd., South Gate, CA  90280
AP#: 6204-018-002

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT B

A.P. # 6204-018-002

DATED: February 5, 2021                              Signature Page


LEON ELSTER, INC., a California corporation

by: _____
Stuart Elster, Authorized Signer


| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

STATE OF CALIFORNIA
COUNTY OF    Los Angeles
On     February 5, 2021
before me,        Eric Shewfelt
A Notary Public personally appeared
    Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)


EXHIBIT B

RECORDING REQUESTED BY:
North American Title Company

AND WHEN RECORDED MAIL TO:

Leon Elster, Inc.
9201 Wilshire Blvd., Suite 109
Beverly Hills, CA 90210



06/15/2017

*20170668962*

2

| Title Order No.: 1495878 | | Escrow No.: 133820-007 |
|---|---|---|
| | THIS SPACE FOR RECORDER'S USE ONLY: | |

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

### DOCUMENTARY TRANSFER TAX is $2,365.00

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of South Gate AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Business Properties, LLC, an Oregon limited liability company**

hereby GRANT(s) to:

**Leon Elster, Inc., a California Corporation, as to an undivided 7/8th interest and Stuart A. Elster and Rachel Cherubin Elster, Trustees, Stuart A. Elster and Rachel Cherubin Elster Revocable 2006 Trust, as to an undivided 1/8th interest**

the real property in the City of South Gate, County of Los Angeles, State of California, described as:
Lot 155 and the East 40 Feet of Lot 156 of Tract 3233, in the City of South Gate, County of Los Angeles, State of California, as per Map recorded in Book 36, Page(s) 70, of Maps, in the Office of the County Recorder of said County.

Also Known as: 8615 Long Beach Blvd., South Gate, CA 90280
AP#: 6204-018-002

<div align="right">

**Signature Page attached hereto
and made a part hereof**

</div>

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

3B

EXHIBIT B

Title Order No.: 1495878
Escrow No.: 133620-007
A.P. # 6204-018-002

*3*

**Signature Page**

**DATED: June 7, 2017**

Business Properties, LLC, an Oregon limited liability
company

By: _____
Piam Amouna, Manager

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On June 7, 2017
before me, Anita Barry,
A Notary Public personally appeared Piam Amouna,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**
WITNESS my hand and official seal.

Signature _____

ANITA BARRY
Notary Public - California
Los Angeles County
Commission # 2152575
My Comm. Expires May 10, 2020

(Seal)

EXHIBIT B

**EXHIBIT "C"**

RECORDING REQUESTED BY:
PROVIDENT TITLE COMPANY

AND WHEN RECORDED MAIL TO:

7007 SAINT BERNARD LLC
11824 S. PARK AVENUE
LOS ANGELES, CA 90066

Order No.: 12374131
Escrow No.: PV12771-MW
A.P.N.: 4118-010-015

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) DOCUMENTARY TRANSFER TAX IS $ 0.00*
[ ]     computed on full value of property conveyed, or
[ ]     computed on full value less value of liens or encumbrances remaining at time of sale.
[ ]     unincorporated area [ X ] City of LOS ANGELES

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
LEON ELSTER, INC., A CALIFORNIA CORPORATION, AS TO AN UNDIVIDED 50% INTEREST AND STUART A. ELSTER AND RACHEL CHERUBIN ELSTER, TRUSTEES OF THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST, AS TO AN UNDIVIDED 50% INTEREST

hereby GRANT(S) to 7007 ST. BERNARD LLC, A California Limited Liability Company

the following described real property in the County of Los Angeles, State of California:

Legal Description as per Exhibit "A" attached hereto and made a part hereof.

~~*This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same and continue to hold the same proportionate interest. R & T 11911*~~

The property more commonly known as: 7007 SAINT BERNARD STREET , PLAYA DEL REY, CA 90293

Dated:  October 19, 2017

LEON ELSTER, INC.

By: _____
STUART ELSTER, VICE PRESIDENT

*The grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property, R & T 11923(d)*

THE STUART A. ELSTER AND RACHEL CHERUBIN ELSTER REVOCABLE 2006 TRUST

_____ trustee
STUART A. ELSTER, TRUSTEE

_____ Trustee
RACHEL CHERUBIN ELSTER, TRUSTEE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                      )
COUNTY OF  LOS ANGELES                   )

On   10-21-17                             before me,
ROLAND AFRICA          , a notary public,
personally appeared STUART ELSTER also STUART A. ELSTER AND RACHEL CHERUBIN ELSTER who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ROLAND AFRICA
COMM. # 2142272
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES MAR. 7, 2020

(Seal)
(This area for official notary seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT B

**EXHIBIT "A"**

LOT 15, TRACT NO. 24036, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 661 PAGE(S) 96 AND 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM SAID LAND, ALL OIL, GAS OTHER HYDROCARBONS AND OTHER MINERALS IN AND UNDER SAID REAL PROPERTY, TOGETHER WITH THE RIGHT, AS HEREINAFTER LIMITED TO DRILL, REDRILL, DEEPEN, COMPLETE, AND MAINTAIN WELL HOLES, UNDER, THROUGH, AND BEYOND, AND TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND REMOVE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND WATER NECESSARY THEREFOR AND OTHER MINERALS FROM AND THROUGH SAID REAL PROPERTY, TOGETHER WITH RIGHTS OF WAY AND EASEMENTS FOR ANY AND ALL OF THE ABOVE MENTIONED PURPOSES, BUT WITH NO RIGHT OF ENTRY UPON OR THROUGH SAID REAL PROPERTY, EXCEPT BENEATH A DEPTH OF 200 FEET BELOW THE PRESENT SURFACE OF SAID REAL PROPERTY, AS RESERVED IN THE DEED FROM FRITZ B. BURNS, A MARRIED MAN, WHO ACQUIRED TITLE AS HIS SEPARATE PROPERTY, RECORDED ON DECEMBER 31, 1958, IN BOOK D-320, PAGE 32, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NUMBER: 4116-010-015

**EXHIBIT "D"**

RECORDING REQUESTED BY:

*PROVIDENT TITLE*

AND WHEN RECORDED MAIL TO:

1132 West Edgeware LLC
c/o 11824 South Park Ave.
Los Angeles, CA  90066

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $ .0**
**CITY TRANSFER TAX: EPT.**

[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   **LEON ELSTER, INC., a California corporation**

hereby GRANT(s) to: **1132 WEST EDGEWARE, LLC, a California limited liability company**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR THE LEGAL DESCRIPTION OF THE REAL PROPERTY CONVEYED BY THIS INSTRUMENT.

Also Known as:  1132 West Edgeware Street, Los Angeles, CA
AP#: 5405-007-030

The Grantor and the Grantee in this conveyance are comprised of the same parties who continue to hold the same proportionate interests in the Property, R & T 11923(d).

*This instrument is filed as an ACCOMMODATION ONLY. It has not been examined as to its effect upon title or its execution.*

February 5, 2021

Signature Page attached hereto
and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT B

A.P. #5405-007-030

Signature Page

DATED:  February 5, 2021

Leon Elster, Inc., a California corporation

by: _____

Stuart Elster, Authorized Signer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF     Los Angeles
On          February 5, 2021
before me,      Eric Shewfelt
A Notary Public personally appeared
        Stuart Elster

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

(Seal)

ERIC SHEWFELT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2195106
MY COMM. EXPIRES MAY 1, 2021

EXHIBIT B

EXHIBIT "A"

THE EASTERLY 111.0 FEET OF LOT 8 IN BLOCK 13 OF ANGELENO HEIGHTS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE(S) 88 AND 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

ASSESSOR'S PARCEL NUMBER: 5405-007-030.

# EXHIBIT "E"

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

NUMBER
2842

**BAKHU**
HOLDINGS, CORP.

SHARES
***40,000***

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT     LEON ELSTER

IS THE RECORD HOLDER OF

*** Forty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:     June 15, 2018

_____
SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
**Seal**
NEVADA
★ ★ ★

_____
PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by     PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT B

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

NUMBER
2843

SHARES
***30,000***

CUSIP#057586208

# BAKHU
## HOLDINGS, CORP.

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT     LEON ELSTER

IS THE RECORD HOLDER OF

*** Thirty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:     June 15, 2018

SECRETARY

Bakhu Holdings Corp.
CORPORATE
Seal
NEVADA

PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by     **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT B



NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER** 2844

# *BAKHU*
## HOLDINGS, CORP.

**SHARES** ***80,000***

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT    LEON ELSTER

IS THE RECORD HOLDER OF

*** Eighty Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada,
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    June 15, 2018

SECRETARY

PRESIDENT

BAKHU HOLDINGS, CORP.
CORPORATE
Seal
NEVADA

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by    PACIFIC STOCK TRANSFER COMPANY
Las Vegas, Nevada

EXHIBIT B



EXHIBIT B

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2840

**SHARES**
***200,000***

# *BAKHU*
## HOLDINGS, CORP.

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT      LEON ELSTER

IS THE RECORD HOLDER OF       *** Two Hundred Thousand ***

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:       June 15, 2018

SECRETARY

BAKHU HOLDINGS, CORP.
CORPORATE
**Seal**
NEVADA
* * * *

PRESIDENT

T VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by      **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT B

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT. INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA.

**NUMBER**
2841

# *BAKHU*
## HOLDINGS, CORP.

**SHARES**
\*\*\*200,000\*\*\*

CUSIP#057586208

SEE LEGEND ON REVERSE SIDE

THIS CERTIFIES THAT        LEON ELSTER

IS THE RECORD HOLDER OF
\*\*\* Two Hundred Thousand \*\*\*

Fully paid and non-assessable shares of **Bakhu Holdings, Corp.** Common Stock
transferable on the books of the Corporation in person or by attorney upon surrender of this certificate duly endorsed or assigned.
This certificate and the shares represented hereby are subject to the laws of the State of Nevada.
and to the Articles of Incorporation and Bylaws of the Corporation, as now or hereafter amended.
This certificate is not valid until countersigned by the Transfer Agent.

WITNESS the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:        June 15, 2018

_____
SECRETARY

BAKHU HOLDINGS CORP.
CORPORATE
Seal
NEVADA

_____
PRESIDENT

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

Countersigned by        **PACIFIC STOCK TRANSFER COMPANY**
Las Vegas, Nevada

EXHIBIT B

1  PROOF OF SERVICE
   [CCP, 1013a(3) CRC Rule 2006 - Revised 03/01/92]
2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3      I am employed in the County of Los Angeles, State of California. I am over the age of
4  18 and not a party to the within action; my business address is 21000 Devonshire Street,
   Suite 112, Chatsworth, CA 91311.
5

6      On July 18, 2022, I served the following documents described as: SECOND
   AMENDED COMPLAINT on the interested parties in this action as follows:
7

8      [] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be
   placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's
9  practice of collection and processing correspondence for mailing. It is deposited with the
   U.S. Postal Service on that same day in the ordinary course of business. I am aware that on
10 motion of a party served, service is presumed invalid if postal cancellation date or postage
11 meter date is more than one day after date of deposit for mailing in affidavit.

12
       [] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted
13 to the addressee(s) facsimile number noted above. The facsimile machine I used complied
14 with Rule 2003(3) and the transmission was reported as complete and without error. I caused
   the machine to print a transmission record of the facsimile transmission, a copy of which
15 is attached to this declaration.

16
       [] (BY OVERNIGHT MAIL) I enclosed said document(s) in an envelope or package
17 provided by Federal Express and addressed to counsel listed on the attached service list. I
   placed the envelope or package for collection and delivery on the next business day at an
18 office or a regularly utilized drop box of Federal Express or delivered such document(s)
19 to a courier or driver authorized by Federal Express to receive documents.

20
       [X] (BY ELECTRONIC MAIL TRANSMISSION): I caused the document(s) to be
21 sent to the persons at the email addresses on the attached service list. I did not receive, within
   a reasonable time after the transmission, any electronic message or other indication that the
22 transmission was unsuccessful.

23
       Executed on July 18, 2022, at Los Angeles, California. I declare under penalty of
24 perjury under the laws of the State of California that the above is true and correct and, that I
25 am employed in the office of a member of the bar of this court at whose direction the service was
   made.
26

27 _____ DAVID GLAUBIGER_____

28

-20-

Verified Second Amended Complaint

1

2

3

4

5

6

7

8

9

10

**SERVICE LIST**

Re: <u>Leon Elster v. Leon Elster, Inc et al</u> Case No. 21STCV25835

| Craig R. Bockman, Esq<br>JONESBELL LLP<br>601 S. Figueroa Street, Ste 3460<br>Los Angeles, California 90017<br>Telephone: (213) 485-1555<br>Facsimile: (213) 689-1004<br>email: crbockman@jonesbell.com<br><br>Attorney for ALL DEFENDANTS and<br>CROSS-COMPLAINANTS | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

Verified Second Amended Complaint

EXHIBIT B

**PROOF OF SERVICE**

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Avenue, Suite 3460, Los Angeles, California 90017-5759.

   On August 12, 2022, I served the foregoing document(s) described as: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)**

☐ **BY MAIL:**  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

  ☐ by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached "SERVICE MAILING LIST."

  ☐ by placing a true copy thereof in sealed envelope(s) addressed as follows:

☒ **BY ELECTRONIC MAIL:**  I caused such document(s) to be delivered by electronic mail to the e-mail addressee(s) as indicated below.

   David Glaubiger, Esq. *d.chats@hotmail.com*

☐ **BY OVERNIGHT MAIL:** I caused to be delivered to an express service carrier courier or driver authorized by said express service carrier, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier for delivery on the next business day with fees for overnight delivery paid or provided to:

  ☐ the person(s) listed on the attached "SERVICE MAILING LIST."

  ☐ the following persons:

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 12, 2022, at Los Angeles, California.

   *Maria M. Diaz*
   MARIA M. DIAZ

**SERVICE MAILING LIST**
*Leon Elster, et al., v. Stuart Elster, et al.*
*L.A.S.C. Case No. 21STCV25835*

David Glaubiger, Esq.
Law Offices of David Glaubiger
21000 Devonshire Street, Suite 112
Chatsworth, CA 91311
Tel:  (818) 725-9711
*Attorney for Plaintiff Leon Elster*

PROOF OF SERVICE